UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

SECURITIES AND EXCHANGE COMMISSION,

                                              Plaintiff,

                          v.                               Civ. No. 15 CV 894 (WHP)

CALEDONIAN BANK LTD.,
CALEDONIAN SECURITIES LTD.,
CLEAR WATER SECURITIES, INC.,
LEGACY GLOBAL MARKETS S.A., and
VERDMONT CAPITAL, S.A.

                                              Defendants.
_____

**NOTICE OF MOTION AND STIPULATED AND
CONSENTED MOTION FOR MODIFICATIONS
TO THE TEMPORARY RESTRAINING ORDER
ENTERED ON FEBRUARY 6, 2015**

      Plaintiff Securities and Exchange Commission (the "Commission") obtained a Temporary Restraining Order *ex parte* on February 6, 2015 (the "TRO") that impacted among other things certain brokerage and financial institution accounts held in the name of Defendants Caledonian Bank Ltd. ("Caledonian Bank") and Caledonian Securities Ltd. ("Caledonian Securities") (collectively, the "Caledonian Defendants").

      On February 8, 2015, in consideration of the severe losses that the clients and customers of the Caledonian Defendants might incur if such clients and customers were unable to order transactions in the normal course of business in certain brokerage and financial institution accounts maintained by the Caledonian Defendants in the United States and which were impacted by the TRO, the Commission and the Caledonian Defendants modified the terms of the

TRO pursuant to a stipulation which was entered as an Order by the Court (the "February 8 Order").

In consideration of additional harm posed to clients or customers of the Caledonian Defendants as a result of the TRO and the February 8 Order, and being cognizant of the Commission's interest in preserving assets in the United States so that such assets will be available to satisfy any final judgment that may be entered in this action in the Commission's favor, the Commission and the Caledonian Defendants hereby stipulate and consent to the following modifications to the TRO.

The entry of this Superseding Stipulation and Consented Modifications to the Temporary Restraining Order (the "Superseding Stipulation and Order") shall supersede the terms contained in the February 8 Order with regard to the Caledonian Defendants. The entry of this Superseding Stipulation and Order is without prejudice to the Commission moving in the future for additional temporary or preliminary relief, to the Caledonian Defendants opposing the preliminary injunction being sought by the Commission, or to further stipulations agreed to by the Commission and the Caledonian Defendants. No issue of fact is finally resolved by the entry of this stipulation. With these understandings, the Commission and the Caledonian Defendants stipulate, agree and consent to the following modifications to the TRO (the "Modifications"):

1. The Commission and the Caledonian Defendants, if they choose and agree, may enter into other stipulations as they deem necessary for their protection, or to a stipulated preliminary injunction.

2. Unless further modified by Court order, all provisions in the TRO not inconsistent with these Modifications shall remain in full force and effect.

3. The deadlines set forth in Section III.C and Section V of the TRO, as they apply to the Caledonian Defendants, shall be modified such that the information requested will be served on counsel for the Commission by email or overnight express on or before February 24, 2015.

4. A total minimum balance in the aggregate amount of $76,677,852.00 shall be maintained by Caledonian Bank in the following manner:

    a. A minimum balance in the amount of $10,000,000.00 shall be maintained in a segregated account, in the name of Caledonian Bank, at The Northern Trust International Banking Corporation in Jersey City, New Jersey. This segregated account shall be separate from account number xxxxxx-x0230, in the name of Caledonian Bank, at The Northern Trust International Banking Corporation in Jersey City, New Jersey; and

    b. A minimum balance in the amount of $66,677,852.00 shall be maintained in securities held in account number xxx-xxxxxx-8771, in the name of Caledonian Bank, at Morgan Stanley Smith Barney LLC in New York, New York.

5. Caledonian Bank shall provide to the Commission a daily statement showing the total positions (cash and securities) in account number xxx-xxxxxx-8771, in the name of Caledonian Bank, at Morgan Stanley Smith Barney LLC in New York, New York.

6. The Caledonian Defendants shall deny any requests seeking to withdraw or transfer any monies or assets from such clients and customers who have accounts with the Caledonian Defendants in the United States and who have traded, in accounts with the Caledonian Defendants, the securities of Swingplane Ventures, Inc., Goff Corp., Norstra Energy Inc., and Xumanii, Inc. at any time since January 1, 2013.

7. Unless mutually agreed to in a further writing signed by the Commission and Defendant Caledonian Bank, no direct or indirect assignment, changing, concealment, conversion, disposition, dissipation, encumbrance, hypothecation, pledge, sale, transfer, wasting, withdrawal or other disposal whatsoever of assets or funds from:

> (1) the segregated account at Northern Trust shall be allowed or made if such an action would reduce the account balance below the $10,000,000.00 minimum balance, and no such action shall be allowed or made in the event that the account balance is below the $10,000,000.00 minimum balance, and
>
> (2) the account at Morgan Stanley Smith Barney LLC shall be allowed or made if such an action would reduce the account balance below the $66,677,852.00 minimum balance, and no such action shall be allowed or made in the event that the account balance is below the $66,677,852.00 minimum balance.

8. So long as (i) the $10,000,000.00 minimum balance in the Northern Trust segregated account and (ii) the $66,677,852 minimum balance for account xxx-xxxxxx-8771at Morgan Stanley Smith Barney LLC are maintained, and subject to limitations described in Paragraph 6 herein, assignments, conversions, dispositions, encumbrances, sales, transfers or withdrawals of assets or funds in the normal course of business shall be allowed pursuant to the orders of clients or customers of the Caledonian Defendants.

9. So long as (i) the $10,000,000.00 minimum balance in the Northern Trust segregated account and (ii) the $66,677,852 minimum balance for account xxx-xxxxxx-8771at Morgan Stanley Smith Barney LLC are maintained, the asset freeze provisions of the TRO shall not apply to any other assets, funds, brokerage accounts or financial institution accounts in the United States in the name of Caledonian Bank or Caledonian Securities.

10. So long as (i) the $10,000,000.00 minimum balance in the Northern Trust segregated account and (ii) the $66,677,852 minimum balance for account xxx-xxxxxx-8771at Morgan Stanley Smith Barney LLC are maintained or unless otherwise agreed to in writing by the Commission and Defendant Caledonian Bank, the requirements of Section IV of the TRO, including but not limited to the requirement of repatriation of the proceeds from the sale of securities in Swingplane Ventures, Inc., Goff Corp., Norstra Energy Inc. and Xumanii, Inc., or an amount equal thereto, shall not apply.

11. The TRO as modified on February 8, 2015, as to Defendant Verdmont Capital, S.A. shall remain in effect.

Dated: February 9, 2015                                          Respectfully submitted,

/s/ *Sigal P. Mandelker*                                         /s/ *Richard E. Simpson*
Sigal P. Mandelker                                               Richard E. Simpson
Margaret A. Dale                                                 Securities and Exchange
Proskauer Rose LLP                                               Commission
Eleven Times Square                                              100 F. Street, N.E.
New York, New York 10036                                         Washington, D.C. 20549
(212) 969-3360                                                   (202) 551-4492
smandelker@proskauer.com                                         simpsonr@sec.gov
mdale@proskauer.com

Attorneys for Defendants Caledonian                              Attorney for Plaintiff Securities
Bank Ltd. and Caledonian Securities Ltd.                         and Exchange Commission


/s/ *Robert A. Zito*
Robert A. Zito
Carter Ledyard Milburn LLP
Two Wall Street
New York, New York 10005
(212) 238-8768
zito@clm.com
Attorney for Defendant Verdmont
Capital, S.A.

SO ORDERED.

DATE:

_____
UNITED STATES DISTRICT JUDGE