UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SECURITIES AND EXCHANGE COMMISSION,

                        Plaintiff,

        v.                            Civ. No.

CALEDONIAN BANK LTD.,
CALEDONIAN SECURITIES LTD.,
CLEAR WATER SECURITIES, INC.,
LEGACY GLOBAL MARKETS S.A., and
VERDMONT CAPITAL, S.A.

                        Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/6/15

## [PROPOSED] TEMPORARY RESTRAINING ORDER FREEZING ASSETS, REPATRIATING ASSETS, EXPEDITING DISCOVERY AND REQUIRING AN ACCOUNTING

## [PROPOSED] ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION FREEZING ASSETS AND OTHER RELIEF SHOULD NOT BE ENTERED

Having considered the *ex parte* application for a temporary restraining order freezing assets, repatriating assets, expediting discovery and requiring an accounting, and for an order to show cause why a preliminary injunction freezing assets and other relief should not be entered, which has been filed by plaintiff Securities and Exchange Commission (the "Commission"), and having considered the Complaint, the Commission's memorandum of law and accompanying evidentiary materials, and having heard oral argument at a hearing, the Court FINDS that the Commission has made a sufficient and proper *prima facie* showing, in support of the relief sought by the Commission and granted herein, as required by Section 20(b) of the Securities Act of 1933 (the "Securities Act")[15 U.S.C. § 77t(b)], that: (a) the Commission is likely to prevail on the merits in proving that Defendants Caledonian Bank Ltd., Caledonian Securities Ltd.,

Clear Water Securities, Inc., Legacy Global Markets S.A. and Verdmont Capital, S.A. have directly or indirectly engaged in violations of Section 5 of the Securities Act [15 U.S.C. § 77e] as alleged in the Complaint; (b) there is good cause to believe that, unless restrained and enjoined by Order of this Court, the Defendants are likely to conceal, dissipate or transfer from the jurisdiction of this Court assets that would be subject to an order of disgorgement, an order of prejudgment interest and an order to pay a civil money penalty in this action; and (c) entry of a temporary restraining order freezing assets and other equitable relief is necessary to preserve the status quo. In consideration of the foregoing, the Court being fully advised in the premises, and pending determination of the Commission's motion for a preliminary injunction, IT IS HEREBY ORDERED as follows:

I.

The application for a temporary restraining order freezing assets and other relief is GRANTED.

II.

Pending further Order of the Court, Defendants Caledonian Bank Ltd., Caledonian Securities Ltd., Clear Water Securities, Inc., Legacy Global Markets S.A. and Verdmont Capital, S.A., and their officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, and each of them, shall hold and retain within their control, and otherwise prevent any direct or indirect assignment, changing, concealment, conversion, disposition, dissipation, encumbrance, hypothecation, pledge, sale, transfer, wasting, withdrawal or other disposal whatsoever of any assets, funds, securities or other real or personal property, located in the United States of America, of the Defendants, and their affiliates and subsidiaries, whether owned by, controlled by, managed

by or in the possession or custody of any of them, including assets held in business, corporate and partnership accounts in which the Defendants have an interest. This Order expressly includes a prohibition on opening or causing to be opened any safe deposit boxes titled in the name of, or subject to access by, the Defendants.

### III.

Pending further Order of the Court, any financial or brokerage institution or other person or entity holding any assets or funds in the name, for the benefit or under the control of Defendants Caledonian Bank Ltd., Caledonian Securities Ltd., Clear Water Securities, Inc., Legacy Global Markets S.A. and Verdmont Capital, S.A., directly or indirectly, individually or jointly, and located in the United States of America, and which receives actual notice of this Order by personal service or otherwise, shall:

   A.  Hold and retain within its control and prohibit Defendants Caledonian Bank Ltd., Caledonian Securities Ltd., Clear Water Securities, Inc., Legacy Global Markets S.A. and Verdmont Capital, S.A. and all other persons from assigning, converting, disbursing, dissipating, encumbering, pledging, removing, selling, transferring, withdrawing, or otherwise disposing of any account or asset.

   B.  Deny Defendants Caledonian Bank Ltd., Caledonian Securities Ltd., Clear Water Securities, Inc., Legacy Global Markets S.A. and Verdmont Capital, S.A., and all other persons access to any safe deposit box that is titled in the name of the Defendants, individually or jointly, or otherwise subject to access by the Defendants.

   C.  Within five calendar days after receipt of this Order, serve on counsel for the Commission a statement of the name and identification number of each and every

account or asset titled in the name, individually or jointly, of, or held on behalf of, or for the benefit of, any of the Defendants. With respect to each such account and asset, the statement shall include the balance in the account or description of the asset as of the close of business on the date of receipt of this Order and, if the account or asset has been closed or removed, the date closed or removed, the total funds removed in order to close the account, and the name of the person or entity to whom such account or asset was remitted. The statement shall include the identification of any safe deposit box that is either titled in the name, individually or jointly, of any of the Defendants or is otherwise subject to access by the Defendants. Service of such statement on counsel for the Commission shall be by email or overnight express addressed to Richard E. Simpson, Securities and Exchange Commission, 100 F Street, N.E., Washington, D.C. 20549-5949, telephone number (202) 551-4492, email address simpsonr@sec.gov.

D. Upon request by the Commission, promptly provide the Commission with copies of all records or other documents pertaining to such account or asset including, but not limited to, originals or copies of account applications, account statements, checks, credit instruments or slips, currency transaction reports, deposit tickets, drafts, forms 1099, safe deposit box logs, signature cards, and documents relating or referring to transfers to and from the accounts.

IV.

Within five calendar days after receipt of this Order, Defendants Caledonian Bank Ltd., Caledonian Securities Ltd., Clear Water Securities, Inc., Legacy Global Markets S.A. and Verdmont Capital, S.A. shall take all steps necessary to repatriate to the jurisdiction of the United

States of America all proceeds from the sale of securities in Swingplane Ventures, Inc., Goff Corp., Norstra Energy Inc. and Xumanii, Inc., or an amount equal thereto, and, upon repatriation, shall provide the Court and the Commission with a written description of the proceeds so repatriated.

V.

Within five calendar days after receipt of this Order, each of the Defendants Caledonian Bank Ltd., Caledonian Securities Ltd., Clear Water Securities, Inc., Legacy Global Markets S.A. and Verdmont Capital, S.A. shall serve on the Commission a verified, written accounting, signed by an agent or officer of the Defendant under penalty of perjury, of all proceeds from the sale of securities in Swingplane Ventures, Inc., Goff Corp., Norstra Energy Inc. and Xumanii, Inc. including, but not limited to, a description of all transfers and the recipients of all such transfers and the present holders, locations and uses of all proceeds.

VI.

Pending further Order of the Court, commencing with the time and date of this Order, in lieu of the time periods, notice provisions, and other requirements of Rules 26, 30 and 33 of the Federal Rules of Civil Procedure, discovery shall proceed on an expedited basis as follows:

A. The Commission may, at any time after service of this Order, take the deposition of Defendants Caledonian Bank Ltd., Caledonian Securities Ltd., Clear Water Securities Inc., Legacy Global Markets S.A. and Verdmont Capital, S.A. pursuant to Rule 30(b)(6) on three calendar days' notice pursuant to Rule 30(b)(6). The Defendants shall make their designated officers, directors, managing agents or other persons available in the United States of America to testify in the depositions to be taken pursuant to this Order.

B. The depositions taken pursuant to this Order shall not count toward the ten-deposition limit in Rule 30(a)(2)(A) or be governed by the time limit of one day of seven hours in Rule 30(d)(1). The Commission may take a second Rule 30(b)(6) deposition of the Defendants in the discovery period subsequent to the Court's determination whether a preliminary injunction shall be entered.

C. Pursuant to Rule 34(b), the Defendants shall produce all documents requested by the Commission within five calendar days after receipt of such request, with production of the documents to be made by overnight express addressed to Richard E. Simpson, Securities and Exchange Commission, 100 F Street, N.E., Washington, D.C. 20549-5949, telephone number (202) 551-4492, email address simpsonr@sec.gov.

D. Service of discovery requests shall be sufficient if made upon the Defendants by email (if the Defendants consent) or overnight express.

VII.

Defendants Caledonian Bank Ltd., Caledonian Securities Ltd., Clear Water Securities, Inc., Legacy Global Markets S.A. and Verdmont Capital, S.A. shall show cause, if any, to this Court at __10__ o'clock __a__.m. on the __26th__ day of __February__, 2015 in Courtroom __20B__ of the United States District Court for the Southern District of New York, 500 Pearl Street, New York, New York, why this Court should not enter an Order of Preliminary Injunction continuing against the Defendants the relief imposed with respect to them by this Order.

VIII.

The Defendants shall file and serve any opposing papers in response to this Order to Show Cause no later than the 17th day of February, 2015. Service shall be made by delivering the papers by email or overnight express to Richard E. Simpson, Securities and Exchange Commission, 100 F Street, N.E., Washington, D.C. 20549-5949, telephone number (202) 551-4492, email address simpsonr@sec.gov.

The Commission shall file and serve any reply papers pursuant to this Order to Show Cause no later than the 19th day of February, 2015. Service shall be made by delivering the papers by email or overnight express to the Defendants or their counsel.

IX.

Copies of this Order may be served by any means, including email, facsimile and overnight express, upon any entity or person that may have possession, custody or control of any assets or funds of the Defendants in the United States of America, or that may be subject to any provision of this Order. Representatives of the Commission are specially appointed by the Court to effect service of this Order.

X.

Nothing in this Order shall prejudice the Commission against seeking such further relief against the Defendants as it may find necessary because of the discovery of additional evidence or facts.

SO ORDERED.

DATE: February 6, 2015
TIME: 1:30 pm EST

_____
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF NEW YORK

7