# EXHIBIT A

Unified Text,
comprising Decree Law 1 of 1999 and laws amending it,
and Title II of Law 67 of 2011,
(modified by Law No. 12 of the 3rd of April of 2012, and
Law No. 56 of 2nd of October of 2012)
Of the securities market in the Republic of Panama
and the Superintendence of the Securities Market.[1]

THE NATIONAL ASSEMBLY
DECREES:

Preliminary Title
Superintendence of the Securities Market

Chapter I
Establishment, objectives and agencies

**Article 1.** Scope. For the purposes of this Title, it is understood that the Securities Market Law are the provisions contained in this Law concerning the Superintendence of the Securities Market as well as the provisions of Decree Law 1 of the 8th of July 1999 and the regulations thereof.

**Article 2.** Superintendence of the Securities Market. Hereby is established the Superintendence of the Securities Market, hereinafter the Superintendence, as an autonomous government agency, a legal entity with its own patrimony, and with administrative, budgetary and financial independence.

The Superintendence shall be the sole agency authorized to regulate and supervise the issuers, broker-dealer firms, intermediaries and other persons participating in the securities market.

In order to guarantee its autonomy, the Superintendence shall have the following powers and advantages:
1. To act independently in exercising its functions, subject to oversight by the Office of the Comptroller General of the Republic, as stipulated in the Political Constitution of the Republic. Such oversight shall not imply any inherence in the administrative powers of the Superintendence.

---

[1] This Single Text of Decree Law No. 1 of 1999 is a document prepared by the Superintendence of Securities Market, as a working document, and is not an official publication, therefore, if you require an official version, please refer to the Official Gazette No.26979-A.

*This Single Text of Decree Law No. 1 of 1999 is a document prepared by the Superintendence of Securities Market, as a working document, and is not an official publication, therefore, if you require an official version, please refer to the Official Gazette No.26979-A.*

**Article 64.** <u>Investment accounts; handling clients' securities and money</u>. Broker-dealer firms shall keep their clients' securities and money in investment accounts in accordance with the provisions established by the Superintendence. The Superintendence shall issue rules of conduct which broker-dealer firms and securities brokers must comply with in connection with handling and managing clients' investment accounts and money, transfers of investment accounts between broker-dealer firms, guarantees given in connection with clients' securities and money, loans of money or securities granted to clients, and other securities trading operations made with the latter. In the case of a broker-dealer firm or a securities broker having discretionary powers in handling a client's investment accounts, such accounts shall be managed with the diligence and care men usually apply to their own businesses.

Investment accounts may contain securities or cash, provided always that cash is only incidental and not the main purpose of the investment account. Money deposited in investment accounts may earn interest as determined by the regulations of the investment account.

Investment accounts offered by broker-dealer firms shall be subject to the provisions contained in Title X of this Decree-Law.

**Article 65.** <u>Confidentiality of information</u>. Broker-dealer firms and securities brokers may not reveal information about their clients or their investment accounts or transactions in securities carried out by their clients, unless they do so with the client's consent or when the information must be revealed to the Superintendence by virtue of this Decree-Law or the regulations thereof or in the event of an order issued by the proper authority according to the law.

**Article 66.** <u>Ethical standards and conflicts of interests</u>. Broker-dealer firms shall be under the obligation to deal fairly with all of their clients. The Superintendence shall establish standards of conduct, which broker-dealer firms and securities brokers must observe, for the purpose of preventing conflict of interests situations and unfair deals to their clients. In the event that a broker-dealer firm acts in one same transaction both on behalf of a client and on its own behalf or on behalf of a third party, the broker-dealer firm must inform it to the client. The Superintendence may require broker-dealer firms to adopt a code of professional ethics or adhere to one that has been established by a self-regulatory organization or a securities exchange association of renowned prestige.

**Article 67.** <u>Appropriate recommendations</u>. No broker-dealer firm or securities broker may recommend a client to buy, sell or maintain an investment in a given security, unless it has reasonable grounds to believe that such recommendation is appropriate for said client, on the basis of the information provided by the client in an investigation conducted by the broker-dealer firm or by the securities broker in order to determine said client's investment objectives, financial situation and needs, as well as any other information about said client, which may have become known to the broker-dealer firm or to the broker.

The above requirement shall not apply to:
1. Carrying out purchase and sale orders not solicited by either the securities house or the broker.

33

*This Single Text of Decree Law No. 1 of 1999 is a document prepared by the Superintendence of Securities Market, as a working document, and is not an official publication, therefore, if you require an official version, please refer to the Official Gazette No.26979-A.*

activities indicated by the Board of Directors, he shall abide by the criteria established for the amounts of the fines or for imposing other types of penalties.

The Superintendence shall consider as aggravating circumstances the behavior of the natural person or legal entity that prevent the inspectors and auditors of the Superintendence from carrying out their work of supervision or directly or indirectly hinder said work.

Only the infractions committed in respect of behavior and facts, which are administrative infractions established by the Securities Market Law, may be penalized, and they shall not be applied retroactively.

The penalties shall only be imposed in the way and under the circumstances established in the Securities Market Law.

**Article 266.** Filing of acts committed. When the statute of limitations becomes applicable to the preliminary period that has led to the application of penalizing proceedings, the superintendent shall, by means of resolution, decide that initiating the penalizing proceedings is inappropriate. Similarly, after initiating penalizing proceedings, when the statute of limitations applies, the Superintendence shall decide the end of the proceedings and the filing of the acts committed. In both cases, the parties concerned shall be notified of the situation that has arisen.

**Article 267.** Simplified process. Notwithstanding the provisions contained in Articles 260 and 261 of this Decree-Law, if the offender explicitly recognizes his responsibility after the penalizing proceedings have been initiated, then, with no further steps, it may resolved by imposing the penalty applicable after previously considering the evaluation criteria contemplated in the Securities Market Law or by the Board of Directors. At the time of his statement, the offender may have the company of legal counsel. However, the statement is to be made personally, without the intervention or interruption of the legal counsel during the proceeding.

In addition to the above, whoever recognizes himself in the same proceeding must indicate the specific steps he is going to take in order to rectify the damages caused as a consequence of his conduct.

**Article 268.** Penalties for disclosing confidential information. The broker-dealer firm, investment advisor, investment manager, self-regulatory organization, member of a self-regulatory organization or the director, officer or employee of any of the above, as well as the broker, analyst, superintendent, official or external consultant of the Superintendence who unlawfully discloses confidential or privileged information that has been obtained while discharging its/his functions shall be fined not less than one thousand balboas (B/.1,000.00) and not more than one hundred thousand balboas (B/.100,000.00), without prejudice to the civil and criminal penalties that may be in order. In determining the amount of the penalty, the Superintendence shall take into account *inter alia* the intention of the person who incurred the unlawful conduct, whether or not it is recidivism, the benefit gained and the damage caused. In the event that such person is a superintendent or an official of the Superintendence he shall be removed from office immediately.

*This Single Text of Decree Law No. 1 of 1999 is a document prepared by the Superintendence of Securities Market, as a working document, and is not an official publication, therefore, if you require an official version, please refer to the Official Gazette No.26979-A.*

**Article 28.** Intergovernmental relations. In its relations with the Executive Branch, the Superintendence shall act through the Ministry of Economy and Finances.

**Article 29.** Supervision abroad. Outside of the Republic of Panama's frontiers, only the Superintendence shall conduct the supervision of origin of the intermediaries that hold a license issued by the Superintendence and have branches abroad.

The Superintendence may establish standards, procedures and requirements, which must be complied with in applying this Chapter.

**Article 30.** Understandings with foreign supervisory entities. The Superintendence shall reach bilateral or multilateral understandings with foreign supervisory entities, which may enable it to carry out the supervision abroad, which this Chapter refers to, and a global evaluation of the entities that hold a license issued by the Superintendence and are subject to regulation and supervision according to the Securities Market Law. These understandings shall, inter alia, specify the criteria applicable to inspections, investigations and exchange of information and cooperation between entities.

Cooperation with foreign supervisory entities shall be based on principles of reciprocity and confidentiality, and must strictly abide by the goals of supervision and oversight of the securities market.

The Superintendence may establish standards, procedures and requirements that have to be complied with in order to apply this article.

## Chapter VIII
## Career of official of the securities market

**Article 31.** Creation. The career of Official of the Securities Market is created, and it shall be developed by means of a system of administration of human resources, in order to establish the standards, procedures and the plan of remuneration applicable to public officials working in the Superintendence, on the basis of merit and efficiency.

**Article 32.** Objectives. The main objectives of the career are:
1. To guarantee that the administration of the Superintendence's human resources is strictly based on the official's effective and efficient performance in his overall professional development and an appropriate remuneration according to the needs and the actual financial situation of the Superintendence.
2. To guarantee fair treatment for all officials with no discrimination due to race, birth, disability, social class, sex, religion or political orientation.
3. To guarantee equality of opportunities of advancement.
4. To achieve an increase in the efficiency of the officials and the Superintendence.
5. To guarantee a working environment in the Superintendence free from pressures and from apprehensions due to political reasons.