

# WORLD CHECK

### REDUCING RISK THROUGH INTELLIGENCE

**Legal notice**

You are strictly prevented from disclosing or copying the content of this service
to third parties excluding regulatory agencies.

| | |
|---|---|
| **Given Name(s):** | CLIFFORD JOHN |
| **Last Name(s):** | WILKINS |
| **Gender:** | Male |
| **Nationality:** | United Kingdom of Great Britain and Northern Ireland |
| **Date of Birth:** | 25/05/1945 |
| **Document Type:** | Passport |
| **Passport/ID #:** | 093042558 |
| **Personal #:** | |
| **Date of Expiry:** | 22/12/2012 |

No resulting match for term in
World-Check: WILKINS, CLIFFORD
JOHN

## Verification Procedure

Please compare the computed results below with the lines of the Machine Readable Zone on the document at hand. In particular pay attention to check control digits (coloured red) in this form for a better readability only.

**Upper Line:** P*GBRWILKINS<<CLIFFORD<JOHN<<<<<<<<<<<<<<<<<

**Lower Line:** 09304 2558GBR4505259M1212226****************

Character marked with * are used at the discretion of the Issuing State and shall be disregarded.

## MRZ Matches document:

(Please tick:)  ☐ YES  ☐ NO

If the machine readable code does not match, the document at hand may be a forgery and enhanced due diligence should be performed.

## Verification Procedure performed by:

Name / Last Name:
Position:
Date & Place:
Signature:

## Verification Procedure performed by:

Name / Last Name:
Position:
Date & Place:
Counter Signature:

**1) General Legal Notice**

* All information identified or correlated in this profile, appears in the listed sources. We are not responsible for the content of third party sites or sources. Information correlated is necessarily brief and should be read by users in the context of the fuller details available in the external sources to which hypertext links are provided. Users should also carry our independent checks in order to verify the information correlated.

Notice: In compliance with International standardization all countries issue Machine Readable Zone passports, however, prior to this standard some older passports may not conform with the standard and therefore may not match the results provided by Passport-Check.

Some countries/states passports may consist of more or less than 9 characters. All characters must be entered except where they contain more than 9, only the first 9 of these characters are required to calculate the results.

Stockpatrol: Results for " CLIFFORD JOHN WILKINS"                    Page 1 of 2



Before you Invest, Investigate™ ...

Investigative Reports  Investor Information  News and Commentary  Investor Resources  About StockPatrol

# Search Results

Your search for "" and "CLIFFORD" and "JOHN" and "WILKINS" returned 0 results.

All content © 2006 StockPatrol.com. All rights reserved.
Privacy Policy | Disclaimer | Contact Us

[                    ]   Search

Search StockPatrol.com
**Subscriber Login**

[                    ] username
[                    ] password
Login  ☐ Remember me
(I forgot my password.)
(Register a new account.)

VPMS : Client

Last Login 10/15/2014 at 12:48 GMT-5 hpsoi1 s [LOG OFF]

ACTIONS   SEARCH   TRADING   REPORTS   CONFIGURATION   VIEW   ABOUT

Yessenia Batista

> Update Client

| Client | L00037H  Lomex Financial Ltd. |

Client Information    Contact Information    Accounts    Signatures    Documents

### Client Information

| Client Information | |
| --- | --- |
| Company | |
| Client Type | ⊙ Corporate  ○ Individual |
| Company Name | Lomex Financial Ltd. |
| Code | |
| Interest Type | No Interest |

| Currency | Rate | Default Rate | |
| --- | --- | --- | --- |
| AUD | 0.00 | 0.00 | [Edit] |
| CAD | 0.00 | 0.00 | [Edit] |
| EUR | 0.00 | 0.00 | [Edit] |
| GBP | 0.00 | 0.00 | [Edit] |
| USD | 0.00 | 0.00 | [Edit] |

| Broker | Conley Forey - VCICF |
| --- | --- |
| Law Firm | - Select - [  ] ADD LAW FIRM |
| Referral Code | |

ADD REFERRAL

| Code | Name | Account | Commission | Spread Share | Workflow | FX Share | |
| --- | --- | --- | --- | --- | --- | --- | --- |
| 6020 | Conley Forey | 172-469761 | 50.00% | 50.00% | 0.00% | 0.00% | [Ed Dele] |

### Client Status

| Status | Closed | | | |
| --- | --- | --- | --- | --- |
| | | Open Date | 11/27/2007 | |
| | | Close Date | 10/16/2014 | [CLEAR] |
| | | Frozen Date | | [CLEAR] |
| | | Special Date | | [CLEAR] |

Client contract cannot be the

---

VERDMONT CAPITAL, SA,
Cuenta Cerrada//Account Closed

Broker's name:  *Conley Forey*

*Conley Forey*

*As per client request*
*Oct. 16, 2014*

*Yessenia Batista*
*Oct. 16, 2014*

DA000092

## Yessenia Batista

| | |
|---|---|
| **From:** | Yessenia Batista |
| **Sent:** | Thursday, October 16, 2014 1:55 PM |
| **To:** | Michelle Peralta |
| **Cc:** | Luis Lasso |
| **Subject:** | RE: Lornex Financial Ltd. |

Closed.

*Our Account Closed on Oct. 16, 2014*
*Yessenia Batista*

Yessenia Batista
Oficial de Cumplimiento
Verdmont Capital, S.A.
Edificio Verdmont
Ave. Aquilino De La Guardia No. 18
Apartado Postal 0823-03017
Ciudad de Panamá, República de Panamá
tel: +507 301 9051
fax: +507 301 9001
www.verdmont.com.pa

Entidad Regulada y Supervisada por la Superintendencia del Mercado de Valores. Licencia para operar como Casa de Valores.

**From:** Michelle Peralta
**Sent:** Thursday, October 16, 2014 12:25 PM
**To:** Yessenia Batista
**Cc:** Luis Lasso
**Subject:** Lornex Financial Ltd.

Good afternoon Yessenia,

Please close this account. Request already approved in WF.

Thank you,

Michelle Peralta
Broker's Assistant
Verdmont Capital, S.A.
Edificio Verdmont
Ave. Aquilino De La Guardia No. 18
Apartado Postal 0823-03017
Ciudad de Panamá, República de Panamá
tel: +507 301 9057
www.verdmont.com.pa

Entidad Regulada y Supervisada por la Superintendencia del Mercado de Valores. Licencia para operar como Casa de Valores.

1

DA000093

**PAGES DA000094-DA0000100
NOT USED**

*Clene Q*
*10/15/2012*

9998107
USD. 0.05

WF

## Verdmont Capital

**PHYSICAL CERTIFICATE DEPOSIT FORM**

Date: 9/28/2012

Company Name: Goff Corp.                     Symbol: GOFF

Registered in the name of: Kornex Financial Ltd.

Deposit to account of: Kornex Financial, Ltd         Broker code CF

Number of Shares: 560,000          Certificate Number: 1316

Free Trading: Yes ✓ No _____      if no — restriction date (CAD): _____

— restriction date (USD): _____

Transfers Docs required for deposit:

PA: ___ Corp. Res: ✓ Form 144: _____ Letter #1: _____ Letter #3: _____

Letter #4. A: _____ Other: _____

Transfer Docs Attached:

PA: ✓ Corp. Res: ✓ Form 144: _____ Letter #1: _____ Letter #3: _____

Letter #4. A: _____ Other: _____

Depository:

DTC*: ✓ CDS: _____ EuroClear: _____ CREST: _____ Other (Specify): _____

How did client acquire shares?

P.P. thru Verdmont _____      Private Acquisition ✓      Purchase in Market _____
Private Placement _____      Warrant _____      Other(Specify) _____

Us Certificates:

Is documentation attached concerning how the shares are registered? Yes: ✓ No: _____

If the shares were acquire from a 3rd party, is the related documentation attached (e.g. Purchase/sale agreement)?          Yes: ✓ No: _____

Please confirm company is current with its SEC filings:     Yes: ✓ No: _____

Are the shares physically settled                Yes: ___ No: ✓

Broker's signature: Morley Darcy

Number of outstanding shares: 11,440,000       % 49%.

Management Approval: _____               Cost Override 0.05

Send to Custodian? Yes ✓   if Restricted send on _____ No _____

Date sent to RBC: _____

DA0000101

# IRREVOCABLE STOCK POWER

FOR VALUE RECEIVED, the undersigned does (do) hereby sells, assigns and transfers to:

_____
(Name of Transferee)

_____

_____

_____

(Transferee's Address)

*560,000* ...shares of the *common* stock of *Hoff, Corp.* ................

represented by Certificate(s) No(s). *136* ......................................

inclusive, standing in the name of the undersigned on the books of the said Company.

The undersigned does (do) hereby irrevocably constitute and appoint........................

.................................................attorney to transfer the said stock on the books of

said Company, with full power of substitution in the premises.

Dated *SEPTEMBER 28th, 2012*

Signature of Transferors

_____

_____

In the presence of

*[signature]*

Signature of Witness

SIGNATURE GUARANTEED BY:

SIGNATURE GUARANTEED
VERDMONT CAPITAL
Edificio Verdmont
Ava. Aquilino De La Guardia No.18,
Panamá Rep. de Panamá
Ruc# 667950/1-462533

Auth. No.
*52*

Authorized Officer

DA0000102

# Corporate Resolution

Resolution of __LORNEX FINANCIAL LTD.__
_(full name of Corporation)_

On motion duly made and seconded, it was unanimously resolved that:

__CLIFFORD WILKINS / PRESIDENT__
_(please print the appropriate names / titles)_

be and they are hereby authorized on behalf of the Company to accept, sell and convey, assign, transfer, or otherwise dispose of all or any shares, stocks, bonds, debentures, debenture stock and other securities of every description now or hereafter registered in the name of the Company or held or owned by the Company and to sign and execute on behalf of the Company all and any instruments of acceptance and transfer and other documents whenever necessary or proper to effectuate the same with full power to appoint any attorney or attorneys with full power of substitution therein, and that any and all instruments of acceptance and transfer and other documents in connection therewith heretofore signed and executed on behalf of the Company in accordance with the authority set out above are hereby ratified and confirmed.

## Certificate

I, the undersigned, Secretary of __LORNEX FINANCIAL LTD.__
_(full name of Corporation)_

incorporated under the laws of the Province / State of __NEVIS__ hereby certify that the foregoing is a true and correct copy of a Resolution duly passed at a meeting of the Directors of said Company on the __28th__ day of __SEPTEMBER__, 20 __12__ and that the said Resolution is still in full force and effect and does not conflict with the by laws of said Company. I further certify that the following is a list together with specimen signatures of all Directors, officers and employees of the Company authorized by this Resolution:

| Print name | Title | Specimen of signature |
|---|---|---|
| CLIFFORD WILKINS | PRESIDENT | |
| | | |
| | | |
| | | |
| | | |

Dated this __28th__ day of __SEPTEMBER__, 20 __12__

SIGNATURE GUARANTEED
VERDMONT CAPITAL
Edificio Verdmont
Ave. Aquilino De La Guardia No.18,
Panamá, Rep. de Panamá
Ruc# 667920-1-462359

Auth. No.

Authorized Officer

Secretary print and sign name __VIRGILIO SANTANA__
Affix Corporate Seal (if no seal exists, certify below)

I hereby certify that there is no corporate seal.

Secretary sign name

Notes:
1. The Secretary who certified the Resolution **must** be an officer OTHER THAN the person(s) authorized to execute the assignment for the securities.
2. This form cannot be used by:
   - an incorporated company which only has a sole officer and sole director
   - sole proprietorship

(02/2004)



NUMBER
136

COMMON STOCK

GOFF, CORP

Par Value 5.001
INCORPORATED UNDER THE LAWS OF THE STATE OF
NEVADA

SHARES
***560,000***

COMMON STOCK
CUSIP 36190U107

SEE REVERSE FOR CERTAIN DEFINITIONS

THIS CERTIFIES THAT

***Lornex Financial Ltd.***

is the Owner of  *** Five Hundred Sixty Thousand ***

FULLY PAID AND NON-ASSESSABLE SHARES OF COMMON STOCK OF
GOFF, CORP

transferable on the books of the Corporation by the holder hereof, in person or by duly authorized attorney, upon surrender of this Certificate properly
endorsed. This Certificate is not valid until countersigned by the Transfer Agent and registered by the Register.

Witness this facsimile seal of said Corporation and the facsimile signatures of its duly authorized officers.

Dated:   September 25, 2012

COUNTERSIGNED AND REGISTERED:
EMPIRE STOCK TRANSFER INC.

By
          AUTHORIZED SIGNATURE

Transfer Agent And Register

CORPORATE
SEAL

DIRECTOR

PRESIDENT

B  27669

DA0000104

The following abbreviations, when used in the inscription of the face of this certificate, shall be construed as though they were written out in full according to applicable laws or regulations:

TEN COM — as tenants in common

TEN ENT — as tenants by the entireties

JT TEN — as joint tenants with right of survivorship and not as tenants in common

UNIF GIFT MIN ACT —_____Custodian_____
                                    (Cust)                    (Minor)
                          under Uniform Gifts to Minors Act

_____
          (State)

Additional abbreviations may also be used though not in the above list.

*For Value Received,*_____*hereby sells, assigns and transfers unto*

PLEASE INSERT SOCIAL SECURITY
OR OTHER IDENTIFYING NUMBER

(PLEASE PRINT OR TYPE NAME AND ADDRESS INCLUDING POSTAL ZIP CODE OF ASSIGNEE)

*Shares*
*of the Capital Stock represented by this Certificate and hereby*
*irrevocably constitutes and appoints*

*Attorney*
*to transfer the said stock on the books of the within-named Corporation*
*with full power of substitution in the premises.*
*Dated* _____

NOTICE    THE SIGNATURE(S) TO THIS ASSIGNMENT MUST CORRESPOND
WITH THE NAME(S) AS WRITTEN UPON THE FACE OF THIS
CERTIFICATE IN EVERY PARTICULAR WITHOUT ALTERATION OR
ENLARGEMENT OR ANY CHANGE WHATSOEVER.

SIGNATURE(S) GUARANTEED

NOTICE   THE SIGNATURE(S) SHOULD BE GUARANTEED BY AN ELIGIBLE
GUARANTOR INSTITUTION, (BANKS, STOCKBROKERS, SAVINGS
AND LOAN ASSOCIATION AND CREDIT UNIONS) WITH MEMBERSHIP
IN AN APPROVED SIGNATURE GUARANTEE MEDALLION PROGRAM
PURSUANT TO S.E.C. RULE 17Ad-15.

DA0000105

SELLING SHAREHOLDERS

The selling shareholders named in this prospectus are offering all of the 7,080,000 shares of common stock offered through this prospectus. These shares were acquired from us in private placements that were exempt from registration provided under Regulation S of the Securities Act of 1933. All shares were acquired outside of the United States by non-U.S. persons. The shares include the following:

1. 7,080,000 shares of our common stock that the selling shareholders acquired from us in an offering that was exempt from registration under Regulation S of the Securities Act of 1933 that was completed on March 10, 2010;

9

<PAGE>
The following table provides as of the date of this prospectus, information regarding the beneficial ownership of our common stock held by each of the selling shareholders, including:

1. the number of shares owned by each prior to this offering;
2. the total number of shares that are to be offered for each;
3. the total number of shares that will be owned by each upon completion of the offering; and
4. the percentage owned by each upon completion of the offering.

<TABLE>
<CAPTION>

| Name Of Selling Shareholder | Shares Owned Prior To This Offering | Total Number Of Shares To Be Offered For Selling Shareholders Account | Total Shares to be Owned Upon Completion Of This Offering | Percentage of Shares Owned Upon Completion of This Offering |
|---|---|---|---|---|
| <S> | <C> | <C> | <C> | <C> |
| Stephen Walsh | 350,000 | 350,000 | Nil | Nil |
| Kieran Walsh | 350,000 | 350,000 | Nil | Nil |
| John Hornibrook | 350,000 | 350,000 | Nil | Nil |
| Kevin Crowley | 350,000 | 350,000 | Nil | Nil |
| John Devine | 350,000 | 350,000 | Nil | Nil |
| Patrick Crowley | 350,000 | 350,000 | Nil | Nil |
| Alan Carroll | 350,000 | 350,000 | Nil | Nil |
| Alan Gahan | 350,000 | 350,000 | Nil | Nil |
| Mandy Bullman | 350,000 | 350,000 | Nil | Nil |
| Ciara O'Driscoll | 350,000 | 350,000 | Nil | Nil |
| Tomsy Rodgers | 350,000 | 350,000 | Nil | Nil |
| Frank Twomey | 350,000 | 350,000 | Nil | Nil |
| Brian Twomey | 350,000 | 350,000 | Nil | Nil |
| Donal Twomey | 350,000 | 350,000 | Nil | Nil |
| Joan Twomey | 350,000 | 350,000 | Nil | Nil |
| Cole Norris | 250,000 | 250,000 | Nil | Nil |
| Jeremy O'Leary | 250,000 | 250,000 | Nil | Nil |
| Frances O'Leary | 250,000 | 250,000 | Nil | Nil |
| Mark O'Leary | 250,000 | 250,000 | Nil | Nil |
| Rhona O'Leary | 250,000 | 250,000 | Nil | Nil |
| Annette O'Leary | 150,000 | 150,000 | Nil | Nil |
| Jeremiah Grandon | 150,000 | 160,000 | Nil | Nil |
| Paul Sutton | 45,000 | 45,000 | Nil | Nil |
| Liam Power | 75,000 | 75,000 | Nil | Nil |
| Alex Crean | 75,000 | 75,000 | Nil | Nil |
| Valerie O'Leary | 45,000 | 45,000 | Nil | Nil |
| Michael Walsh | 50,000 | 50,000 | Nil | Nil |

As filed with the Securities and Exchange Commission on November 2, 2011

Registration No. 333-176509

UNITED STATES SECURITIES AND EXCHANGE COMMISSION
Washington, D.C. 20549

FORM S-1/A AMENDMENT NO. 3

REGISTRATION STATEMENT UNDER THE SECURITIES ACT OF 1933

GOFF CORP.
(Exact name of registrant as specified in its charter)

<TABLE>
<CAPTION>
<S>                          <C>                        <C>
     Nevada                       8741                      27-3129919
(State or jurisdiction of   (Primary Standard Industrial  (IRS Employer
incorporation or organization)  Classification Code Number)  Identification Number)

9 HOF Commercial Centre Industrial Park,      Nevada Commercial Registered Agents LC
Old Mallow Rd, Cork City, Ireland                      4231 Dant Blvd
        087-154-7690                                   Reno, Nevada 89509
(Address and telephone number of              (Name, address and telephone
registrant's executive office)                number of agent for service)
</TABLE>

With a Copy to:

Lawrence W. Horwitz Esq.
Horwitz, Cron & Armstrong, LLP 26475 Rancho Parkway South,
Lake Forest, CA 92630 (949) 540-6540
(Name, address, including zip code, and telephone number, including area code,
of agent for service)

From time to time after this Registration Statement is declared effective.
(Approximate date of commencement of proposed sale to the public)

If any of the securities being registered on this Form are to be offered on a
delayed or continuous basis pursuant to Rule 415 under the Securities Act of
1933, check the following box [X]

If this Form is filed to register additional securities for an offering pursuant
to Rule 462(b) under the Securities Act, check the following box and list the
Securities Act registration statement number of the earlier effective
registration statement for the same offering. [ ]

If this Form is a post-effective amendment filed pursuant to Rule 462(c) under
the Securities Act, check the following box and list the Securities Act
registration statement number of the earlier effective registration statement
for the same offering. [ ]

DA0000107

## AGREEMENT FOR THE PURCHASE OF COMMON STOCK

AGREEMENT, made this _8_ day of _August_, 20_12_ by and between _Colin Norris_ ("Seller"), and _Lenox Financial Ltd_ ("Purchaser") is for the purpose of setting forth the terms and conditions upon which Seller will sell to the Purchaser _210,000_ shares of common stock of Goff, Corp. ("Company").

In consideration of the mutual promises, covenants, and representations contained herein, THE PARTIES HERETO AGREE AS FOLLOWS:

1.    Subject to the terms and conditions of this Agreement, Seller agrees to sell, and the Purchaser agrees to purchase _210,000_ shares of common stock of Company for $ _.05_ per share or $ _10,500 USD_.

2.    Seller represents and warrants to the Purchaser that Seller has good and marketable title to all of the securities to be sold to the Purchaser pursuant to this Agreement. The securities to be sold to the Purchaser will be, at closing, free and clear of all liens, security interests or pledges of any kind. None of such shares are or will be subject to any voting trust or agreement. No person holds or has the right to receive any proxy or similar instrument with respect to such Shares.

3.    The closing of this transaction will occur on or before the _8_ day of _August_, 20_12_.

AGREED TO AND ACCEPTED

SELLER

By: _____

PURCHASER

By: _____

DA0000108

118

COMMON STOCK

SHARES
**250,000**

COMMON STOCK
CUSIP 38190U107

SEE REVERSE FOR CERTAIN DEFINITIONS

# GOFF, CORP

Par Value $.001
INCORPORATED UNDER THE LAWS OF THE STATE OF
NEVADA

THIS CERTIFIES THAT

***Colm Norris***

Is the Owner of *** Two Hundred Fifty Thousand ***

FULLY PAID AND NON-ASSESSABLE SHARES OF LIABILITY STOCK OF

GOFF, CORP

transferable on the books of the Corporation by the holder hereof, in person or by duly authorized attorney, upon surrender of this Certificate properly endorsed. This Certificate is not valid until countersigned by the Transfer Agent and registered by the Registrar.

Witness this facsimile seal of said Corporation and the facsimile signatures of its duly authorized officers.

Dated   December 21, 2011

COUNTERSIGNED AND REGISTERED
EMPIRE STOCK TRANSFER INC.
Transfer Agent and Registrar

AUTHORIZED SIGNATURE

XXXXXXXXXX
DIRECTOR

B   10459

# IRREVOCABLE STOCK POWER

**KNOW ALL MEN BY THESE PRESENTS,**

THAT, I, _Cohn Derer_, FOR VALUE RECEIVED have bargained, sold, assigned and transferred by these present unto _See Schedule A attached_, _250,000_ shares of common stock in the capital of GOFF, CORP. standing in my name on the books of the said Company represented by Certificate No. _118_ herewith AND I, do hereby constitute and appoint _____

_____ my true and lawful Attorney, IRREVOCABLY, for me and in my name and stead but to his use, to sell, assign, transfer and make over all or any part of the said stock, and for that purpose to make and execute all necessary acts of assignment and transfer thereof, and to substitute one or more persons with like full power, hereby ratifying and confirming all that my said Attorney or his substitute or substitutes shall lawfully do by virtue hereof.

IN WITNESS WHEREOF, I have hereunto set my hand and seal at _____ this _8_ day of _August_, 20_12_.

SIGNED, SEALED and DELIVERED by:

_Cohn Alors_

Signature Guaranteed by:

_Gary D. Khaus_



SHARES
***350,000***

COMMON STOCK
CUSIP 36190U107

SEE REVERSE FOR CERTAIN DEFINITIONS

GOFF, CORP

Par Value $.001
INCORPORATED UNDER THE LAWS OF THE STATE OF
NEVADA

106

COMMON STOCK

THIS CERTIFIES THAT

***Kevin Crowley***

is the Owner of *** Three Hundred Fifty Thousand ***

FULLY PAID AND NON-ASSESSABLE SHARES OF COMMON STOCK OF

GOFF, CORP

transferable on the books of the Corporation by the holder hereof, in person or by duly authorized attorney, upon surrender of this Certificate properly endorsed. This Certificate is not valid until countersigned by the Transfer Agent and registered by the Registrar.

Witness this facsimile seal of said Corporation and the facsimile signatures of its duly authorized officers.

Dated  December 21, 2011

COUNTERSIGNED AND REGISTERED
EMPIRE STOCK TRANSFER INC.
TRANS. Agent and Registrar

AUTHORIZED SIGNATURE

DIRECTOR

B  10471

Schedule A
Colm Norris

Lornex Financial Ltd.                                      1 X 210,000
Henville Building
Charlestown, Nevis

                                                          1 X 40,000

DA0000112

Schedule A
Colm Norris

Lornex Financial Ltd.                    1 X 210,000
Henville Building
Charlestown, Nevis

                                         1 X 40,000

DA0000113

# IRREVOCABLE STOCK POWER

KNOW ALL MEN BY THESE PRESENTS,

THAT, I, _Kevin Lawrie_ , FOR VALUE RECEIVED have bargained, sold,

assigned and transferred by these present unto _Cornex Financial Ltd._
_Henville Building, Charlestown, Nevis_

_350,000_ shares of common stock in the capital of GOFF, CORP.

standing in my name on the books of the said Company represented by Certificate No. _106_

herewith AND I, do hereby constitute and appoint _____

_____ my true and lawful Attorney, IRREVOCABLY, for me and in my

name and stead but to his use, to sell, assign, transfer and make over all or any part of the said

stock, and for that purpose to make and execute all necessary acts of assignment and transfer

thereof, and to substitute one or more persons with like full power, hereby ratifying and

confirming all that my said Attorney or his substitute or substitutes shall lawfully do by virtue

hereof.

IN WITNESS WHEREOF, I have hereunto set my hand and seal at _____
this _8_ day of _August_ , 20_12_ .

SIGNED, SEALED and DELIVERED by:

_[signature]_

Signature Guaranteed by:

_[signature]_

## AGREEMENT FOR THE PURCHASE OF COMMON STOCK

AGREEMENT, made this _8_ day of _August_, 20_12_ by and between _Kevin Crowder_ ("Seller"), and _Corax Financial Ltd_ ("Purchaser") is for the purpose of setting forth the terms and conditions upon which Seller will sell to the Purchaser _350,000_ shares of common stock of Goff, Corp. ("Company").

In consideration of the mutual promises, covenants, and representations contained herein, THE PARTIES HERETO AGREE AS FOLLOWS:

1.      Subject to the terms and conditions of this Agreement, Seller agrees to sell, and the Purchaser agrees to purchase _350,000_ shares of common stock of Company for $ _.05_ per share or $ _17,500 USD_.

2.      Seller represents and warrants to the Purchaser that Seller has good and marketable title to all of the securities to be sold to the Purchaser pursuant to this Agreement. The securities to be sold to the Purchaser will be, at closing, free and clear of all liens, security interests or pledges of any kind. None of such shares are or will be subject to any voting trust or agreement. No person holds or has the right to receive any proxy or similar instrument with respect to such Shares.

3.      The closing of this transaction will occur on or before the _8_ day of _August_, 20_12_.

AGREED TO AND ACCEPTED

SELLER

By: _____

PURCHASER

By: _____

U.S. SECURITIES AND EXCHANGE COMMISSION
Washington, D.C. 20549

Form 10-Q

Mark One
[X] QUARTERLY REPORT PURSUANT TO SECTION 13 OR 15(d) OF THE SECURITIES EXCHANGE
ACT OF 1934

For the quarterly period ended March 31, 2012

[ ] TRANSITION REPORT PURSUANT TO SECTION 13 OR 15(d) OF THE SECURITIES EXCHANGE
ACT OF 1934

For the transition period from _____ to _____

Commission File No. 333-176509

GOFF CORP.
(Name of small business issuer in its charter)

Nevada
(State or other jurisdiction of incorporation or organization)

9 NOF Commercial Centre Industrial Park
Old Mallow Rd, Cork City, Ireland
(Address of principal executive offices)

(087-154-7690)
(Issuer's telephone number)

Securities registered pursuant                    Name of each exchange
to Section 12(b) of the Act:                      on which registered:
                        None

Securities registered pursuant to Section 12(g) of the Act:
Common Stock, $0.001
(Title of Class)

Indicate by checkmark whether the issuer: (1) has filed all reports required to
be filed by Section 13 or 15(d) of the Exchange Act during the past 12 months
(or for such shorter period that the registrant was required to file such
reports), and (2) has been subject to such filing requirements for the past 90
days. Yes [X] No[ ]

Indicate by check mark whether the registrant has submitted electronically and
posted on its corporate Web site, if any, every Interactive Data File required
to be submitted and posted pursuant to Rule 405 of Regulation S-T (as.232.405 of
this chapter) during the preceding 12 months (or for such shorter period that
the registrant was required to submit and post such files). YES [X] NO [ ]

Indicate by check mark whether the registrant is a large accelerated filed, an
accelerated filer, a non-accelerated filer, or a smaller reporting company.

Large accelerated filer [ ]                       Accelerated filer [ ]
Non-accelerated filer [ ]                          Smaller reporting company [X]

Indicate by checkmark whether the registrant is a shell company (as defined in
Rule 12b-2 of the Exchange Act). Yes [ ] No [X]

Applicable Only to Issuer Involved in Bankruptcy Proceedings During the
Preceding Five Years. N/A

Indicate by checkmark whether the issuer has filed all documents and reports
required to be filed by Section 12, 13 and 15(d) of the Securities Exchange Act
of 1934 after the distribution of securities under a plan confirmed by a court.
Yes[ ] No[ ]

Applicable Only to Corporate Registrants

Indicate the number of shares outstanding of each of the issuer's classes of
common stock, as of the most practicable date:

| Class | Outstanding as of March 31, 2012 |
|-------|-----------------------------------|
| Common Stock, $0.001 | 11,440,000 |

<PAGE>
                        GOFF CORP.

Cleared 04/09/2013
990009
USD 0.43

WF

# Verdmont Capital

## PHYSICAL CERTIFICATE DEPOSIT FORM

Date: 03/22/2013

Company Name: Noralse Energy Inc.                Symbol: NORX

Registered in the name of: Lornex Financial Ltd.

Deposit to account of: Lornex Financial Ltd.          Broker code: CF

Number of Shares: 1,840,000          Certificate Number: 157

Free Trading: Yes ✓ No ____          if no: – restriction date (CAD): _____

– restriction date (USD): _____

Transfers Docs required for deposit:

PA: ✓     Corp. Res: ✓     Form 144: ____     Letter #1: ____     Letter #3: ____
Letter #4: __   A: __   Other: ____

Transfer Docs Attached:

PA: ✓     Corp. Res: ✓     Form 144: ____     Letter #1: ____     Letter #3: ____
Letter #4: __   A: __   Other: ____

Depository:

DTC: ✓   CDS: ____   EuroClear: ____   CREST: ____   Other (Specify): ____

How did client acquire shares?

P.P. thru Verdmont: ____          Private Acquisition ✓          Purchase in Market ____
Private Placement: ____          Warrant ____          Other(Specify) ____

Us Certificates:

Is documentation attached concerning how the shares are registered? Yes ✓   No: ____
If the shares were acquire from a 3ʳᵈ party, is the related documentation attached (e.g. Purchase/sale agreement)?          Yes: ____   No: ✓
Please confirm company is current with its SEC filings:   Yes: ✓   No: ____
Are the shares physically settled:   Yes: ____   No: ✓

Broker's signature: Conley Torey

Number of outstanding shares: 73,762,100          % 2.49%

Management Approval: ____          Cost Override 0.43

Send to Custodian?   Yes ✓   if Restricted send on _____   No: ____

Date sent to RBC: _____

DA0000117

# IRREVOCABLE STOCK POWER

FOR VALUE RECEIVED, the undersigned does (do) hereby sells, assigns and transfers to:

_____
(Name of Transferee)

_____

_____

_____

(Transferee's Address)

*1,840,000* shares of the *COMMON* stock of *Nexstra Energy Inc.*

represented by Certificate(s) No(s) *157* ..............................................

inclusive, standing in the name of the undersigned on the books of the said Company.

The undersigned does (do) hereby irrevocably constitute and appoint *BRANT*

*INVESTMENT Limited* attorney to transfer the said stock on the books of

said Company, with full power of substitution in the premises.

Dated *March 22nd, 2013*

Signature of Transferors

_____

_____

In the presence of:

_____
Signature of Witness

SIGNATURE GUARANTEED BY:

SIGNATURE GUARANTEED
VERDMONT CAPITAL
Edificio Verdmont
Ave: Aquilino De La Guardia No.18,
Forming Name de Panama
Ruc # 1574-115-385889
Auth. No.
036
Authorized Officer

DA0000118

# Corporate Resolution

Resolution of     LORNEX FINANCIAL LTD.
                  (full name of Corporation)

On motion duly made and seconded, it was unanimously resolved that:

       CLIFFORD WILKINS / PRESIDENT
       (please print the appropriate names / titles)

be and they are hereby authorized on behalf of the Company to accept, sell and convey, assign, transfer, or otherwise dispose of all or any shares, stocks, bonds, debentures, debenture stock and other securities of every description now or hereafter registered in the name of the Company or held or owned by the Company and to sign and execute on behalf of the Company all and any instruments of acceptance and transfer and other documents whenever necessary or proper to effectuate the same with full power to appoint any attorney or attorneys with full power of substitution therein, and that any and all instruments of acceptance and transfer and other documents in connection therewith heretofore signed and executed on behalf of the Company in accordance with the authority set out above are hereby ratified and confirmed.

## Certificate

I, the undersigned, Secretary of   LORNEX FINANCIAL LTD.
                                   (full name of Corporation)
incorporated under the laws of the Province / State of    NEVIS    , hereby certify that the foregoing is a true and correct copy of a Resolution duly passed at a meeting of the Directors of said Company on the   22nd   day of   MARCH   , 20 13 and that the said Resolution is still in full force and effect and does not conflict with the by laws of said Company.  I further certify that the following is a list together with specimen signatures of all Directors, officers and employees of the Company authorized by this Resolution:

| Print name | Title | Specimen of signature |
|---|---|---|
| CLIFFORD WILKINS | PRESIDENT | |
| | | |
| | | |
| | | |
| | | |

Dated this   22nd   day of   MARCH   , 20 13

SIGNATURE GUARANTEED
VERDMONT CAPITAL
Edificio Verdmont
Ave: Aquilino De La Guardia No.18,
Panama Rep. de Panama
[illegible]
Auth. No.
026
Authorized Officer

Secretary print and sign name   VIRGILIO SANTANA
Affix Corporate Seal (if no seal exists, certify below)

I hereby certify that there is no corporate seal.

Secretary sign name

Notes:
1.  The Secretary who certified the Resolution **must** be an officer OTHER THAN the person(s) authorized to execute the assignment for the securities.
2.  This form cannot be used by:
    - an incorporated company which only has a sole officer and sole director
    - sole proprietorship

(02/2004)



COMMON STOCK

NUMBER
157

NORSTRA ENERGY INC.

INCORPORATED UNDER THE LAWS OF THE STATE OF NEVADA

SHARES
***1,840,000***

COMMON STOCK
CUSIP 65654V103

SEE REVERSE FOR CERTAIN DEFINITIONS

THIS CERTIFIES THAT

***Lornex Financial Ltd.***

is the Owner of*** One Million Eight Hundred Forty Thousand ***

FULLY PAID AND NON-ASSESSABLE SHARES OF COMMON STOCK OF
NORSTRA ENERGY INC.

transferable on the books of the Corporation by the holder hereof, in person or by duly authorized attorney, upon surrender of this Certificate properly endorsed. This Certificate is not valid until countersigned by the Transfer Agent and registered by the Registrar.

Witness this facsimile seal of said Corporation and the facsimile signatures of its duly authorized officers.

Dated: March 20, 2013

COUNTERSIGNED AND REGISTERED
EMPIRE STOCK TRANSFER INC.
Transfer Agent and Registrar

By
AUTHORIZED SIGNATURE

PRESIDENT

DIRECTOR

CORPORATE SEAL

B 24664

DA0000120

The following abbreviations, when used in the inscription of the face of this certificate, shall be construed as though they were written out in full according to applicable laws or regulations:

TEN COM — as tenants in common

TEN ENT — as tenants by the entireties

JT TEN — as joint tenants with right of survivorship and not as tenants in common

UNIF GIFT MIN ACT — _____ Custodian _____
(Cust)                    (Minor)
under Uniform Gifts to Minors Act

_____
(State)

Additional abbreviations may also be used though not in the above list.

*For Value Received,* _____ *hereby sells, assigns and transfers unto*

PLEASE INSERT SOCIAL SECURITY
OR OTHER IDENTIFYING NUMBER

_____

(PLEASE PRINT OR TYPE NAME AND ADDRESS INCLUDING POSTAL ZIP CODE OF ASSIGNEE)

_____ *Shares*

*of the Capital Stock represented by this Certificate and hereby*

*irrevocably constitutes and appoints*

_____ *Attorney*

*to transfer the said stock on the books of the within-named Corporation*

*with full power of substitution in the premises.*

*Dated* _____

NOTICE   THE SIGNATURE(S) TO THIS ASSIGNMENT MUST CORRESPOND
WITH THE NAME(S) AS WRITTEN UPON THE FACE OF THIS
CERTIFICATE IN EVERY PARTICULAR WITHOUT ALTERATION OR
ENLARGEMENT OR ANY CHANGE WHATSOEVER.

SIGNATURE(S) GUARANTEED

NOTICE   THE SIGNATURE(S) SHOULD BE GUARANTEED BY AN ELIGIBLE
GUARANTOR INSTITUTION, (BANKS, STOCKBROKERS, SAVINGS
AND LOAN ASSOCIATION AND CREDIT UNIONS) WITH MEMBERSHIP
IN AN APPROVED SIGNATURE GUARANTEE MEDALLION PROGRAM
PURSUANT TO S.E.C. RULE 17Ad-15.

**Michelle Peralta**

**From:** Brian Barthlow <brian@empirestock.com>
**Sent:** Friday, March 22, 2013 12:56 PM
**To:** Michella Peralta
**Subject:** RE: Norstra Energy Inc. (NORX) #157

correct

Best Regards
BRIAN BARTHLOW
Empire Stock Transfer
1859 Whitney Mesa Dr.
Henderson, NV 89014
Telephone (702) 818-5898
Facsimile (702) 974-1444

Please Take Our Customer Satisfaction Survey
http://empirestock.com/survey.html

Empire Stock Transfer Inc.
1859 Whitney Mesa Dr.
Henderson, Nevada 89014
(702) 818-5898



CONFIDENTIALITY NOTICE: This e-mail and any attached documents contain information which is PRIVILEGED, PROPRIETARY and CONFIDENTIAL, are protected by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510-2521, Federal and State copyright laws, and are intended only for the use of the recipient(s) named herein. No part of this document or any attachments may be reproduced or transmitted without permission from Empire Stock Transfer Inc.. If you are not the intended recipient, you are hereby notified that any disclosure, distribution, or the taking of any action in reliance upon the contents of this communication is strictly prohibited. If you have received this transmission in error, please notify us immediately.

**From:** Michelle Peralta [mailto:Michelle.Peralta@verdmont.com.pa]
**Sent:** Friday, March 22, 2013 10:20 AM
**To:** Brian Barthlow
**Subject:** RE: Norstra Energy Inc. (NORX) #157

Thank you. And there are no stops, holds, or restrictions on it, correct?

Regards,

Michelle Peralta
Broker's Assistant
**Verdmont Capital, S.A.**
Edificio Verdmont
Ave., Aquilino De La Guardia No. 18
Apartado Postal 0823-03017
Ciudad de Panamá, República de Panamá
tel: +507 301 9057

1

DA0000122

www.verdmont.com.pa

Entidad Regulada y Supervisada por la Superintendencia del Mercado de Valores. Licencia para operar como Casa de Valores.

---

**From:** Brian Barthlow [mailto:brian@empirestock.com]
**Sent:** Friday, March 22, 2013 12:19 PM
**To:** Michelle Peralta
**Subject:** RE: Norstra Energy Inc. (NORX) #157

Good Morning

Confirmed that certificate 157 tacks back to shares issued under the S1...

Best Regards
BRIAN BARTHLOW
Empire Stock Transfer
1859 Whitney Mesa Dr.
Henderson, NV 89014
Telephone (702) 818-5898
Facsimile (702) 974-1444

Please Take Our Customer Satisfaction Survey
http://empirestock.com/survey.html

Empire Stock Transfer Inc.
1859 Whitney Mesa Dr.
Henderson, Nevada 89014
(702) 818-5898

  

CONFIDENTIALITY NOTICE: This e-mail and any attached documents contain information which is PRIVILEGED, PROPRIETARY and CONFIDENTIAL, are protected by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510-2521, Federal and State copyright laws, and are intended only for the use of the recipient(s) named herein.  No part of this document or any attachments may be reproduced or transmitted without permission from Empire Stock Transfer Inc.  If you are not the intended recipient, you are hereby notified that any disclosure, distribution, or the taking of any action in reliance upon the contents of this communication is strictly prohibited.  If you have received this transmission in error, please notify us immediately.

---

**From:** Michelle Peralta [mailto:Michelle.Peralta@verdmont.com.pa]
**Sent:** Friday, March 22, 2013 10:02 AM
**To:** Brian Barthlow
**Subject:** Norstra Energy Inc. (NORX) #157

Good morning Mr. Brian,

We just received the attached certificate for Lornex Financial Ltd. Could you please confirm if the shares of this certificate tack back to ones issued under an S1 registration and that this is a valid certificate, free trading; there are no stops, holds, or restrictions on it?

Thank you,

Michelle Peralta
Broker's Assistant
Verdmont Capital, S.A.

2

DA0000123

## PURCHASE AND SALE AGREEMENT

This agreement dated the 18 day of March, 2013

BETWEEN:

      ISLA INVESCO LTD.

      (hereinafter referred to as the "Transferor")

AND:

      LORNEX FINANCIAL LTD.

      (hereinafter referred to as the "Transferee")

      **THIS AGREEMENT WITNESSETH THAT** in consideration of the purchase price of $791,200 USD ($.43 per share), the receipt and sufficiency of which is hereby acknowledged, and in reliance on the agreements, representations and warranties of the Transferor, the Transferee hereby agrees to purchase 1,840,000 shares (the "Shares") of Norstra Energy Inc. (the "Company") from the Transferor free and clear of all liens, charges and encumbrances.

      The Transferee represents and warrants to the Transferor that:

      (1)    the Transferee is acquiring the Shares for his own account for investment purposes; and

      (2)    the Transferee possesses the financial and business experience to make an informed decision to acquire the Shares, and has had access to all information relating to the Company and its business operations which would be necessary to make an informed decision to purchase the Shares.

      The Transferor represents and warrants to the Transferee that:

      (1)    the Transferor is not an affiliate of the Corporation and did not acquire the Shares from an affiliate of the Corporation; and

      (2)    the Transferor is the beneficial owner of the Shares and has the right to dispose of them in the manner contemplated by this agreement.

      This Agreement may be executed in one or more counter-parts, each which so executed, whether in original or facsimile form, shall constitute one and the same agreement and be considered an original.

      **IN WITNESS WHEREOF**, the parties have executed the Agreement effective as of the date of this Agreement.

_____
TRANSFEROR

_____
TRANSFEREE



NUMBER
141

COMMON STOCK

SHARES
***3,680,000***

COMMON STOCK
CUSIP 66554V103

SEE REVERSE FOR CERTAIN DEFINITIONS

*NORSTRA ENERGY INC.*

INCORPORATED UNDER THE LAWS OF THE STATE OF
NEVADA

THIS CERTIFIES THAT

***Isla Invesco Ltd***

Is the Owner of*** Three Million Six Hundred Eighty Thousand ***

FULLY PAID AND NON-ASSESSABLE SHARES OF COMMON STOCK OF
NORSTRA ENERGY INC.

*transferable on the books of the Corporation by the holder hereof in person or by duly authorized attorney, upon surrender of this Certificate properly endorsed. This Certificate is not valid until countersigned by the Transfer Agent and registered by the Registrar.*

*Witness this facsimile seal of said Corporation and the facsimile signatures of its duly authorized officers.*

Dated: **February 8, 2013**

COUNTERSIGNED AND REGISTERED
EMPIRE STOCK TRANSFER INC.
Transfer Agent and Registrar

By
AUTHORIZED SIGNATURE

DIRECTOR

PRESIDENT

CORPORATE
SEAL

24633

DA0000125

## POWER OF ATTORNEY TO TRANSFER SECURITIES

FOR VALUE RECEIVED the undersigned hereby sells, assigns and transfers to _See Schedule A_

_(name and address of transferee)_

_3,680,000 Shares of Nostra Energy Inc_

_(description of securities and name of corporation)_

represented by certificate number _141_, and hereby irrevocably constitutes and appoints _____

the attorney of the undersigned to transfer the said shares on the books of the said corporation with full power of substitution in the premises.

Dated: _March 18, 2013_

ISLA INVESCO LTD.

_____          _____
Witness                          Authorized Signatory (Richard Smith)

Signature of transferor guaranteed by:          SIGNATURE GUARANTEE
                                                EN TRUST COMPANY

                                                _____
                                                Authorized Signatory

DA0000126

## RESOLUTION TO TRANSFER SECURITIES

**RESOLVED THAT RICHARD SMITH** be and is hereby authorized on behalf of the Company to accept and convey, assign, transfer or otherwise dispose of all or any shares, stock, bonds, debenture stock and other securities of every description now or hereafter registered in the name of the Company or held or owned by the Company and to sign and execute on behalf of the Company all and any instruments of acceptance and transfer and other documents whenever necessary or proper to effectuate the same with full power to appoint any attorney or attorneys with full power of substitution thereof, and that any and all instruments of acceptance and transfer and other documents in connection therewith heretofore signed and executed on behalf of the Company in accordance with the authority set out above are hereby ratified and confirmed

### CERTIFICATE

I hereby certify that the foregoing is a true and correct copy of a resolution duly passed at a meeting of the Directors of ISLA INVESCO LTD regularly held on 18/03/2013, and that the said resolution is now in full force and effect. I further certify that the following is a list of all directors, officers and employees of the Company authorized by this resolution to do any act or thing:

RICHARD SMITH
(Name)

(1) _____
Specimen Signature

I further certify the company has no corporate seal and I am the sole signing officer.

(2) _____
Secretary (Richard Smith)

Schedule A

Lomex Financial Ltd.                    1 X 1,840,000
Henville Building
Charlestown, Nevis

                     1 X 1,840,000

DA0000128

U.S. SECURITIES AND EXCHANGE COMMISSION
Washington, D.C. 20549
FORM 10-Q

Mark One

[X] QUARTERLY REPORT PURSUANT TO SECTION 13 OR 15(d) OF THE SECURITIES EXCHANGE ACT OF 1934

For the quarterly period ended November 30, 2012

[ ] TRANSITION REPORT PURSUANT TO SECTION 13 OR 15(d) OF THE SECURITIES EXCHANGE ACT OF 1934

For the transition period from _____ to _____

Commission File No. 333-181042

NORSTRA ENERGY, INC.
(Name of registrant in its charter)

Nevada                                                    27-1838279
(State or other jurisdiction                            (IRS Employer
of incorporation or organization)                   Identification Number)

414 Manor Road,
Laredo Texas, 78041
1-888-474-8077 (TEL)

Indicate by checkmark whether the issuer: (1) has filed all reports required to be filed by Section 13 or 15(d) of the Exchange Act during the past 12 months (or for such shorter period that the registrant was required to file such reports), and (2) has been subject to such filing requirements for the past 90 days. Yes [X] No [ ]

Indicate by check mark whether the registrant has submitted electronically and posted on its corporate Web site, if any, every Interactive Data File required to be submitted and posted pursuant to Rule 405 of Regulation S-T (232.405 of this chapter) during the preceding 12 months (or for such shorter period that the registrant was required to submit and post such files) Yes [X] No[ ]

Indicate by check mark whether the registrant is a large accelerated filed, an accelerated filer, a non-accelerated filer, or a smaller reporting company.

Large accelerated filer [ ]                          Accelerated filer [ ]
Non-accelerated filer [ ]                            Smaller reporting company [X]

Indicate by check mark whether the registrant is a shell company (as defined in Rule 12b-2 of the Exchange Act). Yes [ ] No [X]

Applicable Only to Issuer Involved in Bankruptcy Proceedings During the Preceding Five Years. N/A.

Indicate by checkmark whether the issuer has filed all documents and reports required to be filed by Section 12, 13 and 15(d) of the Securities Exchange Act of, 1934 after the distribution of securities under a plan confirmed by a court. Yes [ ] No [ ]

Applicable Only to Corporate Registrants

Indicate the number of shares outstanding of each of the issuer's classes of common stock, as of the most practicable date:

| Class | Outstanding as of November 30, 2012 |
|-------|-------------------------------------|
| Common Stock, $0.001 | 73,763,100 |

DA0000129

*WF*

## Verdmont Capital

### PHYSICAL CERTIFICATE DEPOSIT FORM

Date: 02|19|2013

Company Name: Norstra Energy Inc.           Symbol: NORX

Registered in the name of: Lornex Financial Ltd.

Deposit to account of: Lornex Financial Ltd.           Broker code: CF

Number of Shares: 31,687,000           Certificate Number: 139

Free Trading: Yes ✓ No: ____     if no — restriction date (CAD)? _____

— restriction date (USD)? _____

Transfers Docs required for deposit:

PA: ✓   Corp. Res: ✓   Form 144: ____   Letter #1: ____   Letter #3: ____
Letter #4. A: ____   Other: ____

Transfer Docs Attached: ✓

PA: ✓   Corp. Res: ✓   Form 144: ____   Letter #1: ____   Letter #3: ____
Letter #4. A: ____   Other: ____

Depository: ✓

DTC: ____ ✓ CDS: ____   EuroClear: ____   CREST: ____   Other (Specify): ____

How did client acquire shares?

P.P. thru Verdmont ____       Private Acquisition ✓       Purchase in Market ____
Private Placement ____       Warrant ____       Other(Specify) ____

Us Certificates:

Is documentation attached concerning how the shares are registered? Yes: ✓   No: ____
If the shares were acquire from a 3rd party, is the related documentation attached (e.g. Purchase/sale
agreement)?                                        Yes: ✓   No: ____
Please confirm company is current with its SEC filings.   Yes: ____   No: ____
Are the shares physically settled                         Yes: ____   No: ✓

Broker's signature: Conley Darcy

Number of outstanding shares: 673,763,100           % 4.9984 %

Management Approval: ____           Cost Override 0.05

Send to Custodian?      Yes: ____       if Restricted send on _____   No: ✓

Date sent to RBC: _____

*Certificate was sent to the client on Feb - 22, 2013*

DA0000130

Lourdes Jaen

| | |
|---|---|
| **From:** | Maggie Ortega |
| **Sent:** | Friday, February 22, 2013 11:17 AM |
| **To:** | Michelle Peralta |
| **Subject:** | RE: Fedex |

Trk#:794813214717

**From:** Michelle Peralta
**Sent:** Friday, February 22, 2013 10:51 AM
**To:** Maggie Ortega
**Subject:** Fedex

Hi Maggie,

Could you please schedule a Fedex pick up and create a label for:

Attn: Lornex Financial Ltd.
Henville Building
Prince Charles Street
Charlestown, Nevis.
T: 604-575-8189

You can send it on my behalf. Could you please send me the Fedex tracking number once you have it?

Thank you.

Michelle Peralta
Broker's Assistant
Verdmont Capital, S.A.
Edificio Verdmont
Ave. Aquilino De La Guardia No. 18
Apartado Postal 0823-03017
Ciudad de Panamá, República de Panamá
tel: +507 301 9057
www.verdmont.com.pa

Entidad Regulada y Supervisada por la Superintendencia del Mercado de Valores. Licencia para operar como Casa de Valores.

1

DA0000131



NUMBER
139

COMMON STOCK

SHARES
***3,687,000***

COMMON STOCK
CUSIP 65564V103

SEE REVERSE FOR CERTAIN DEFINITIONS

NORSTRA ENERGY INC.

INCORPORATED UNDER THE LAWS OF THE STATE OF
NEVADA

THIS CERTIFIES THAT

***Lornex Financial Ltd. ***

is the Owner of*** Three Million Six Hundred Eighty-Seven Thousand ***

FULLY PAID AND NON-ASSESSABLE SHARES OF COMMON STOCK OF
NORSTRA ENERGY INC.

transferable on the books of the Corporation by the holder hereof, in person or by duly authorized attorney, upon surrender of this Certificate properly
endorsed. This Certificate is not valid until countersigned by the Transfer Agent and registered by the Registrar.

Witness this facsimile seal of said Corporation and the facsimile signatures of its duly authorized officers.

Dated:   February 7, 2013

COUNTERSIGNED AND REGISTERED:
EMPIRE STOCK TRANSFER INC.,
Transfer Agent and Registar

By
AUTHORIZED SIGNATURE

CORPORATE
SEAL

PRESIDENT

DIRECTOR

B 24630

or survivorship and not as
tenants in common

(State)

Additional abbreviations may also be used though not in the above list.

*For Value Received,* _____ *hereby sells, assigns and transfers unto*

PLEASE INSERT SOCIAL SECURITY
OR OTHER IDENTIFYING NUMBER

(PLEASE PRINT OR TYPE NAME AND ADDRESS INCLUDING POSTAL ZIP CODE OF ASSIGNEE)

*Shares*

*of the Capital Stock represented by this Certificate and hereby*

*irrevocably constitutes and appoints*

*Attorney*

*to transfer the said stock on the books of the within-named Corporation*

*with full power of substitution in the premises.*

*Dated* _____

NOTICE   THE SIGNATURE(S) TO THIS ASSIGNMENT MUST CORRESPOND
WITH THE NAME(S) AS WRITTEN UPON THE FACE OF THIS
CERTIFICATE IN EVERY PARTICULAR WITHOUT ALTERATION OR
ENLARGEMENT OR ANY CHANGE WHATSOEVER.

SIGNATURE(S) GUARANTEED

NOTICE   THE SIGNATURE(S) SHOULD BE GUARANTEED BY AN ELIGIBLE
GUARANTOR INSTITUTION, (BANKS, STOCKBROKERS, SAVINGS
AND LOAN ASSOCIATION AND CREDIT UNIONS) WITH MEMBERSHIP
IN AN APPROVED SIGNATURE GUARANTEE MEDALLION PROGRAM
PURSUANT TO S.E.C. RULE 17AD-15.

DA0000133

# IRREVOCABLE STOCK POWER

FOR VALUE RECEIVED, the undersigned does (do) hereby sells, assigns and transfers to:

_____
(Name of Transferee)

_____

_____

_____
(Transferee's Address)

*3,687,000* shares of the *common* stock of *Norstra Energy Inc.*

represented by Certificate(s) No(s) *139* ...........................................................

inclusive, standing in the name of the undersigned on the books of the said Company.

The undersigned does (do) hereby irrevocably constitute and appoint..........................

...............................................attorney to transfer the said stock on the books of

said Company, with full power of substitution in the premises.

Dated........................................

Signature of Transferors

_____

_____

_____

In the presence of:

_____
Signature of Witness

SIGNATURE GUARANTEED BY:

DA0000134

# Corporate Resolution

Resolution of ___LORNEX FINANCIAL LTD._____
(full name of Corporation)

On motion duly made and seconded, it was unanimously resolved that:

___CLIFFORD WILKINS / PRESIDENT_____
(please print the appropriate names / titles)

be and they are hereby authorized on behalf of the Company to accept, sell and convey, assign, transfer, or otherwise dispose of all or any shares, stocks, bonds, debentures, debenture stock and other securities of every description now or hereafter registered in the name of the Company or held or owned by the Company and to sign and execute on behalf of the Company all and any instruments of acceptance and transfer and other documents whenever necessary or proper to effectuate the same with full power to appoint any attorney or attorneys with full power of substitution therein, and that any and all instruments of acceptance and transfer and other documents in connection therewith heretofore signed and executed on behalf of the Company in accordance with the authority set out above are hereby ratified and confirmed.

## Certificate

I, the undersigned, Secretary of ___LORNEX FINANCIAL LTD._____
(full name of Corporation)
Incorporated under the laws of the Province / State of ___NEVIS_____ hereby certify that the foregoing is a true and correct copy of a Resolution duly passed at a meeting of the Directors of said Company on the _____ day of _____, 20_____ and that the said Resolution is still in full force and effect and does not conflict with the by laws of said Company.  I further certify that the following is a list together with specimen signatures of all Directors, officers and employees of the Company authorized by this Resolution:

| Print name | Title | Specimen of signature |
|---|---|---|
| CLIFFORD WILKINS | PRESIDENT | |
| | | |
| | | |
| | | |
| | | |

Dated this _____ day of _____, 20_____

Secretary print and sign name   VIRGILIO SANTANA
Affix Corporate Seal (if no seal exists, certify below)

I hereby certify that there is no corporate seal.

Secretary sign name

Notes:
1.  The Secretary who certified the Resolution **must** be an officer OTHER THAN the person(s) authorized to execute the assignment for the securities.
2.  This form cannot be used by:
    ▪ an incorporated company which only has a sole officer and sole director
    ▪ sole proprietorship

(02/2004)

DA0000135

Michelle Peralta

**From:** Brian Barthlow <brian@empirestock.com>
**Sent:** Thursday, February 14, 2013 12:33 PM
**To:** Michelle Peralta
**Subject:** RE: Norstra Energy Inc. (NORX)

Good Morning Michelle

Confirmed, not stops or restrictions on certificate 139 and it tacks back to shares issued under the S1.

Best Regards
BRIAN BARTHLOW

Please Take Our Customer Satisfaction Survey
http://empirestock.com/survey.html

Empire Stock Transfer Inc.
1859 Whitney Mesa Dr.
Henderson, Nevada 89014
(702) 818-5898



CONFIDENTIALITY NOTICE: This e-mail and any attached documents contain information which is PRIVILEGED, PROPRIETARY and CONFIDENTIAL, are protected by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510-2521, Federal and State copyright laws, and are intended only for the use of the recipient(s) named herein. No part of this document or any attachments may be reproduced or transmitted without permission from Empire Stock Transfer Inc. If you are not the intended recipient, you are hereby notified that any disclosure, distribution, or the taking of any action in reliance upon the contents of this communication is strictly prohibited. If you have received this transmission, in error, please notify us immediately.

**From:** Michelle Peralta [mailto:Michelle.Peralta@verdmont.com.pa]
**Sent:** Thursday, February 14, 2013 9:11 AM
**To:** Brian Barthlow
**Subject:** Norstra Energy Inc. (NORX)

Good afternoon,

We received the attached certificate for Lornex Financial Ltd. They advised:

"Please inform your compliance the S1 filed reflects the president and secretary as owning 100% of the stock. They can call the transfer agent, Empire Stock Transfer, 702-818-5898 to verify authenticity.

Could you please confirm the shares of this certificate tack back to ones issued under an S1 registration, the certificate is free trading, there are no stops/restrictions.?"

Thank you,

Michelle Peralta

1

DA0000136

## AGREEMENT FOR THE PURCHASE OF COMMON STOCK

**AGREEMENT,** made this _5_ day of _FEBRUARY_, 20_13_, by and between _BUXEN PALMER_ ("Seller"), and _LORNEX FINANCIAL LTD._ ("Purchaser") is for the purpose of setting forth the terms and conditions upon which Seller will sell to the Purchaser _687,000_ shares of common stock of Norstra Energy Inc. ("Company").

In consideration of the mutual promises, covenants, and representations contained herein, **THE PARTIES HERETO AGREE AS FOLLOWS:**

1.    Subject to the terms and conditions of this Agreement, Seller agrees to sell, and the Purchaser agrees to purchase _687,000_ shares of common stock of Company for $._05_ per share or $ _34,350 USD_.

2.    Seller represents and warrants to the Purchaser that Seller has good and marketable title to all of the securities to be sold to the Purchaser pursuant to this Agreement.  The securities to be sold to the Purchaser will be, at closing, free and clear of all liens, security interests or pledges of any kind.  None of such shares are or will be subject to any voting trust or agreement.  No person holds or has the right to receive any proxy or similar instrument with respect to such Shares.

3.    The closing of this transaction will occur on or before the _5_ day of _FEBRUARY_, 20_13_

AGREED TO AND ACCEPTED

SELLER :

By: _Bleixon Palmer_

PURCHASER

By: _____

DA0000137

## AGREEMENT FOR THE PURCHASE OF COMMON STOCK

AGREEMENT, made this _5_ day of _FEBRUARY_, 20_13_, by and between _MARIA GARPENFELDT_ ("Seller"), and _LORNEX FINANCIAL LTD._ ("Purchaser") is for the purpose of setting forth the terms and conditions upon which Seller will sell to the Purchaser _2,000,000_ shares of common stock of NORSTRA ENERGY INC. ("Company").

In consideration of the mutual promises, covenants, and representations contained herein, THE PARTIES HERETO AGREE AS FOLLOWS:

1.      Subject to the terms and conditions of this Agreement, Seller agrees to sell, and the Purchaser agrees to purchase _2,000,000_ shares of common stock of Company for $_.05_ per share or $_100,000 USD_.

2.      Seller represents and warrants to the Purchaser that Seller has good and marketable title to all of the securities to be sold to the Purchaser pursuant to this Agreement. The securities to be sold to the Purchaser will be, at closing, free and clear of all liens, security interests or pledges of any kind. None of such shares are or will be subject to any voting trust or agreement. No person holds or has the right to receive any proxy or similar instrument with respect to such Shares.

3.      The closing of this transaction will occur on or before the _5_ day of _FEBRUARY_, 20_13_.

AGREED TO AND ACCEPTED

SELLER

By: _____

PURCHASER

By: _____

DA0000138

## AGREEMENT FOR THE PURCHASE OF COMMON STOCK

AGREEMENT, made this _5_ day of _FEBRUARY_, 20_13_, by and between _KATHERINE SANCHEZ_ ("Seller"), and _LORNEX FINANCIAL LTD._ ("Purchaser") is for the purpose of setting forth the terms and conditions upon which Seller will sell to the Purchaser _1,000,000_ shares of common stock of Norstra Energy Inc. ("Company").

In consideration of the mutual promises, covenants, and representations contained herein, THE PARTIES HERETO AGREE AS FOLLOWS:

1.    Subject to the terms and conditions of this Agreement, Seller agrees to sell, and the Purchaser agrees to purchase _1,000,000_ shares of common stock of Company for $._05_ per share or $_50,000 USD_.

2.    Seller represents and warrants to the Purchaser that Seller has good and marketable title to all of the securities to be sold to the Purchaser pursuant to this Agreement. The securities to be sold to the Purchaser will be, at closing, free and clear of all liens, security interests or pledges of any kind. None of such shares are or will be subject to any voting trust or agreement. No person holds or has the right to receive any proxy or similar instrument with respect to such Shares.

3.    The closing of this transaction will occur on or before the _5_ day of _FEBRUARY_, 20_13_

AGREED TO AND ACCEPTED

SELLER

By: _Katherine E Sánchez A._

PURCHASER

By: _____

DA0000139

Schedule A
Bunker Palmer

5,000 MT

Ludwig Financial Ltd., 1 % of ,459 MT
Hervilve Building
Charlestown, Nevis

NUMBER
115

COMMON STOCK

SHARES
***1,000,000***

COMMON STOCK
CUSIP 65654V103

SEE REVERSE FOR CERTAIN DEFINITIONS

NORSTRA ENERGY INC.

INCORPORATED UNDER THE LAWS OF THE STATE OF
NEVADA

THIS CERTIFIES THAT

***Katherine Sanchez***

Is the Owner of *** One Million ***

FULLY PAID AND NON-ASSESSABLE SHARES OF COMMON STOCK OF
NORSTRA ENERGY INC.

transferable on the books of the Corporation by the holder hereof, in person or by duly authorized attorney, upon surrender of this Certificate properly endorsed. This Certificate is not valid until countersigned by the Transfer Agent and registered by the Registrar.

Witness this facsimile seal of said Corporation and the facsimile signatures of its duly authorized officers.

Dated.   September 7, 2012

COUNTERSIGNED AND REGISTERED
EMPIRE STOCK TRANSFER INC.,
Transfer Agent and Registrar

By
AUTHORIZED SIGNATURE

CORPORATE
SEAL

DIRECTOR

PRESIDENT

B 24466

# IRREVOCABLE STOCK POWER

## KNOW ALL MEN BY THESE PRESENTS,

THAT, I, _Matthew Starky II_, FOR VALUE RECEIVED have bargained, sold,

assigned and transferred by these present unto _LORNEX FINANCIAL LTD._ _HENVILLE BUILDING, CHARLESTOWN, NEVIS._

_____ . ____1,000,000_____ . shares of common stock in the capital of NORSTRA

ENERGY INC. standing in my name on the books of the said Company represented by

Certificate No. _115_ herewith AND I, do hereby constitute and appoint _____

_____ my true and lawful Attorney,

IRREVOCABLY, for me and in my name and stead but to his use, to sell, assign, transfer and

make over all or any part of the said stock, and for that purpose to make and execute all

necessary acts of assignment and transfer thereof, and to substitute one or more persons with like

full power, hereby ratifying and confirming all that my said Attorney or his substitute or

substitutes shall lawfully do by virtue hereof.

IN WITNESS WHEREOF, I have hereunto set my hand and seal at _____

this _5_ day of _February_ , 20_13_ .

SIGNED, SEALED and DELIVERED by:


_Mathew E Starky II_


Signature Guaranteed by:

_____

_____



NUMBER
112

COMMON STOCK

SHARES
****2,000,000****

COMMON STOCK
CUSIP 66664V103

SEE REVERSE FOR CERTAIN DEFINITIONS

NORSTRA ENERGY INC.

INCORPORATED UNDER THE LAWS OF THE STATE OF
NEVADA

THIS CERTIFIES THAT

***Maria Garpenfeldt***

Is the Owner of *** Two Million ***

FULLY PAID AND NON-ASSESSABLE SHARES OF COMMON STOCK OF
NORSTRA ENERGY INC.

transferable on the books of the Corporation by the holder hereof, in person or by duly authorized attorney, upon surrender of this Certificate properly endorsed. This Certificate is not valid until countersigned by the Transfer Agent and registered by the Registrar.

Witness this facsimile seal of said Corporation and the facsimile signatures of its duly authorized officers.

Dated:  September 7, 2012

COUNTERSIGNED AND REGISTERED
EMPIRE STOCK TRANSFER INC.,
Transfer Agent and Registrar

By

AUTHORIZED SIGNATURE

CORPORATE SEAL

PRESIDENT

DIRECTOR

B 24471

DA0000143

# IRREVOCABLE STOCK POWER

**KNOW ALL MEN BY THESE PRESENTS,**

THAT, I, _MANJU GARHWAL JI_, FOR VALUE RECEIVED have bargained, sold,

assigned and transferred by these present unto _LORNEX FINANCIAL LTD._
_HEMVILLE BUILDING, CHARLESTOWN, NEVIS_

_2,000,000_ shares of common stock in the capital of NORSTRA

ENERGY INC. standing in my name on the books of the said Company represented by

Certificate No. _112_ herewith AND I, do hereby constitute and appoint _____

_____ my true and lawful Attorney,

IRREVOCABLY, for me and in my name and stead but to his use, to sell, assign, transfer and

make over all or any part of the said stock, and for that purpose to make and execute all

necessary acts of assignment and transfer thereof, and to substitute one or more persons with like

full power, hereby ratifying and confirming all that my said Attorney or his substitute or

substitutes shall lawfully do by virtue hereof.

IN WITNESS WHEREOF, I have hereunto set my hand and seal at _____

this _5_ day of _February_ , 20 _15_ .

SIGNED, SEALED and DELIVERED by:

Signature Guaranteed by:

DA0000144



NUMBER
125

COMMON STOCK

THIS CERTIFIES THAT

***Blixen Palmer***

Is the Owner of *** One Million ***

SHARES
***1,000,000***

COMMON STOCK
CUSIP 65654V103

SEE REVERSE FOR CERTAIN DEFINITIONS

NORSTRA ENERGY INC.

INCORPORATED UNDER THE LAWS OF THE STATE OF
NEVADA

FULLY PAID AND NON-ASSESSABLE SHARES OF COMMON STOCK OF
NORSTRA ENERGY INC.

*transferable on the books of the Corporation by the holder hereof, in person or by duly authorized attorney, upon surrender of this Certificate properly endorsed. This Certificate is not valid until countersigned by the Transfer Agent and registered by the Registrar.*

*Witness this facsimile seal of said Corporation and the facsimile signatures of its duly authorized officers.*

Dated:    September 7, 2012

COUNTERSIGNED AND REGISTERED
EMPIRE STOCK TRANSFER INC.
Las Vegas, Nevada

By
AUTHORIZED SIGNATURE

DIRECTOR

PRESIDENT

CORPORATE SEAL

B 24458

DA0000145

# IRREVOCABLE STOCK POWER

**KNOW ALL MEN BY THESE PRESENTS,**

THAT, I, _Bluxen Palmer_, FOR VALUE RECEIVED have bargained, sold, assigned and transferred by these present unto _SEE SCHEDULE A_ _____ . _____ _1,000,000_ shares of common stock in the capital of NORSTRA ENERGY INC. standing in my name on the books of the said Company represented by Certificate No. _125_ herewith AND I do hereby constitute and appoint _____ _____ my true and lawful Attorney, IRREVOCABLY, for me and in my name and stead but to his use, to sell, assign, transfer and make over all or any part of the said stock, and for that purpose to make and execute all necessary acts of assignment and transfer thereof, and to substitute one or more persons with like full power, hereby ratifying and confirming all that my said Attorney or his substitute or substitutes shall lawfully do by virtue hereof.

IN WITNESS WHEREOF, I have hereunto set my hand and seal at _____ this _5_ day of _FEBRUARY_ , 20_13_ .

SIGNED, SEALED and DELIVERED by:

_Bluxen Palmer_

Signature Guaranteed by:

_____

_____

DA0000146

U.S. SECURITIES AND EXCHANGE COMMISSION
Washington, D.C. 20549

Form 10-Q

Mark One

[X] QUARTERLY REPORT PURSUANT TO SECTION 13 OR 15(d) OF THE SECURITIES EXCHANGE
ACT OF 1934

For the quarterly period ended November 30, 2012

[ ] TRANSITION REPORT PURSUANT TO SECTION 13 OR 15(d) OF THE SECURITIES EXCHANGE
ACT OF 1934

For the transition period from _____ to _____

Commission File No. 333-181042

NORSTRA ENERGY, INC.
(Name of registrant in its charter)

Nevada                                      27-1838279
(State or other jurisdiction               (IRS Employer
of incorporation or organization)          Identification Number)

414 Manor Road
Laredo Texas, 78041
1-888-473-8977 (TEL)

Indicate by checkmark whether the issuer (1) has filed all reports required to
be filed by Section 13 or 15(d) of the Exchange Act during the past 12 months
(or for such shorter period that the registrant was required to file such
reports), and (2) has been subject to such filing requirements for the past 90
days. Yes [X] No [ ]

Indicate by check mark whether the registrant has submitted electronically and
posted on its corporate Web site, if any, every Interactive Data File required
to be submitted and posted pursuant to Rule 405 of Regulation S-T (232.405 of
this chapter) during the preceding 12 months (or for such shorter period that
the registrant was required to submit and post such files) Yes [X] No[ ]

Indicate by check mark whether the registrant is a large accelerated filed, an
accelerated filer, a non-accelerated filer, or a smaller reporting company.

Large accelerated filer [ ]                  Accelerated filer [ ]
Non-accelerated filer [ ]                    Smaller reporting company [X]

Indicate by check mark whether the registrant is a shell company (as defined in
Rule 12b-2 of the Exchange Act). Yes [ ] No [X]

Applicable Only to Issuer Involved in Bankruptcy Proceedings During the
Preceding Five Years, N/A

Indicate by checkmark whether the issuer has filed all documents and reports
required to be filed by Section 12, 13 and 15(d) of the Securities Exchange Act
of 1934 after the distribution of securities under a plan confirmed by a court,
Yes [ ] No [ ]

Applicable Only to Corporate Registrants

Indicate the number of shares outstanding of each of the issuer's classes of
common stock, as of the most practicable date:

Class                                      Outstanding as of November 30, 2012
-----                                      -----------------------------------
Common Stock, $0.001                               73,763,100

Closed 04/ '2012

999023S
USD. 0.50

# Verdmont Capital

## PHYSICAL CERTIFICATE DEPOSIT FORM

Date: 03/05/2012

Company Name: Medara Corp.           Symbol: MORA

Registered in the name of: Lornex Financial Ltd.

Deposit to account of: Lornex Financial, Ltd. 172-469761 Broker code: CF

Number of Shares: 3,100,000           Certificate Number: 159

Free Trading: Yes ✓ No _____      if no – restriction date (CAD): _____

– restriction date (USD): _____

Transfers Docs required for deposit:

PA: ✓   Corp. Res: ✓   Form 144: _____   Letter #1: _____   Letter #3: _____
Letter #4: A: _____   Other: _____

Transfer Docs Attached:

PA: ✓   Corp. Res: ✓   Form 144: _____   Letter #1: _____   Letter #3: _____
Letter #4: A: _____   Other: _____

Depository:

DTC*: ✓ CDS: _____ EuroClear: _____ CREST: _____ Other (Specify): _____

How did client acquire shares?

P.P. thru Verdmont: _____      Private Acquisition ✓      Purchase in Market _____
Private Placement: _____      Warrant: _____              Other(Specify) _____

Us Certificates:

Is documentation attached concerning how the shares are registered? Yes ✓   No: _____
If the shares were acquire from a 3rd party, is the related documentation attached (e.g. Purchase/sale agreement)?   Yes: _____   No: _____

Please confirm company is current with its SEC filings:   Yes: ✓   No: _____

Broker's signature: Conley Morey

Number of outstanding shares: 62,055           % 4.995 %.

Management Approval: _____

Send to Custodian?   Yes ✓   if Restricted send on _____   No _____

Date sent to RBC: _____

DA0000148

# IRREVOCABLE STOCK POWER

FOR VALUE RECEIVED, the undersigned does (do) hereby sells, assigns and transfers to:

_____
(Name of Transferee)

_____

_____

(Transferee's Address)

_3,100,000_ shares of the _COMMON_ stock of _Medora Corp._

represented by Certificate(s) No(s) _159_

inclusive, standing in the name of the undersigned on the books of the said Company.

The undersigned does (do) hereby irrevocably constitute and appoint........................

...............................................attorney to transfer the said stock on the books of

said Company, with full power of substitution in the premises.

Dated _March 06th, 2012_

Signature of Transferors                    In the presence of:

_____        _____
                                              Signature of Witness

SIGNATURE GUARANTEED
VERDMONT CAPITAL
Edif. High-Tech Plaza
Calle 53, Obarrio Panamá, Panamá
Ruc# 667950-1-562359
Auth. No.
_77_                        Authorized Officer

SIGNATURE GUARANTEED BY:

DA0000149

# Corporate Resolution

Resolution of     LORNEX FINANCIAL LTD.
                  _____
                  (full name of Corporation)

On motion duly made and seconded, it was unanimously resolved that:

        CLIFFORD WILKINS / PRESIDENT
_____
                  (please print the appropriate names / titles)

be and they are hereby authorized on behalf of the Company to accept, sell and convey, assign, transfer, or otherwise dispose of all or any shares, stocks, bonds, debentures, debenture stock and other securities of every description now or hereafter registered in the name of the Company or held or owned by the Company and to sign and execute on behalf of the Company all and any instruments of acceptance and transfer and other documents whenever necessary or proper to effectuate the same with full power to appoint any attorney or attorneys with full power of substitution therein, and that any and all instruments of acceptance and transfer and other documents in connection therewith heretofore signed and executed on behalf of the Company in accordance with the authority set out above are hereby ratified and confirmed.

## Certificate

I, the undersigned, Secretary of   LORNEX FINANCIAL LTD.
                                   _____
                                   (full name of Corporation)

incorporated under the laws of the Province / State of _____ NEVIS _____ hereby certify that the foregoing is a true and correct copy of a Resolution duly passed at a meeting of the Directors of said Company on the ___00th___ day of _March_ , 20_12_ and that the said Resolution is still in full force and effect and does not conflict with the by laws of said Company. I further certify that the following is a list together with specimen signatures of all Directors, officers and employees of the Company authorized by this Resolution:

| Print name | Title | Specimen of signature |
|---|---|---|
| CLIFFORD WILKINS | PRESIDENT | |
| | | |
| | | |
| | | |
| | | |

Dated this ___00th___ day of _March_ , 20_12_

SIGNATURE GUARANTEED
**VERDMONT CAPITAL**
Edif. High-Tech Plaza
Calle 53, Obarrio Panamá, Panamá
Ruc# 667950-1-662359

Auth. No.

_____
Authorized Officer

Secretary print and sign name  VIRGILIO SANTANA
Affix Corporate Seal (if no seal exists, certify below)

I hereby certify that there is no corporate seal.

_____
Secretary sign name

Notes:
1.  The Secretary who certified the Resolution **must** be an officer OTHER THAN the person(s) authorized to execute the assignment for the securities.
2.  This form cannot be used by:
    - an incorporated company which only has a sole officer and sole director
    - sole proprietorship

(02/2004)

DA0000150



The following abbreviations, when used in the inscription of the face of this certificate, shall be construed as though they were written out in full according to applicable laws or regulations:

TEN COM — as tenants in common

TEN ENT — as tenants by the entireties

JT TEN — as joint tenants with right
of survivorship and not as
tenants in common

UNIF GIFT MIN ACT —_____Custodian_____
                          (Cust)              (Minor)
                    under Uniform Gifts to Minors Act

_____
                          (State)

Additional abbreviations may also be used though not in the above list.

*For Value Received,*_____*hereby sells, assigns and transfers unto*

PLEASE INSERT SOCIAL SECURITY
OR OTHER IDENTIFYING NUMBER

(PLEASE PRINT OR TYPE NAME AND ADDRESS INCLUDING POSTAL ZIP CODE OF ASSIGNEE)

*Shares*

*of the Common Stock represented by this Certificate and hereby
irrevocably constitues and appoints*

*Attorney*

*to transfer the said stock on the books of the within-named Corporation
with full power of substitution in the premises.*

*Dated* _____

NOTICE   THE SIGNATURE(S) TO THIS ASSIGNMENT MUST CORRESPOND
WITH THE NAME(S) AS WRITTEN UPON THE FACE OF THIS
CERTIFICATE IN EVERY PARTICULAR WITHOUT ALTERATION OR
ENLARGEMENT OR ANY CHANGE WHATSOEVER.

SIGNATURE(S) GUARANTEED

NOTICE   THE SIGNATURE(S) SHOULD BE GUARANTEED BY AN ELIGIBLE
GUARANTOR INSTITUTION, (BANKS, STOCKBROKERS, SAVINGS
AND LOAN ASSOCIATION AND CREDIT UNIONS) WITH MEMBERSHIP
IN AN APPROVED SIGNATURE GUARANTEE MEDALLION PROGRAM
PURSUANT TO S.E.C. RULE 17AD-15.

DA0000152

MEDORA CORP. AMENDMENT NO. 5 TO THE FORM S-1                    Page 1 of 1

## Selling Shareholders

The following table sets forth the name of each selling shareholder, the total number of shares owned prior to the offering, the percentage of shares owned prior to the offering, the number of shares offered, and the percentage of shares owned after the offering, assuming the selling shareholder sells all of his shares and we sell the maximum number of shares.

| Name | Total number of shares owned prior to offering | Percentage of shares owned prior to offering | Number of shares being offered | Percentage of shares owned after the offering assuming all of the shares are sold in the offering |
|---|---|---|---|---|
| Bernard, Randy [3] | 650,000 | 1.05% | 650,000 | 0% |
| Boswell, Alciann | 650,000 | 1.05% | 650,000 | 0% |
| Brackenridge, Jason [1] | 650,000 | 1.05% | 650,000 | 0% |
| Brackenridge, Noel [2] | 690,000 | 1.11% | 690,000 | 0% |
| Brown, Dwight | 633,333 | 1.01% | 633,333 | 0% |
| Brown, Dale | 650,000 | 1.05% | 650,000 | 0% |
| Brown, Thromo | 650,000 | 1.05% | 650,000 | 0% |
| Brown, Shane | 650,000 | 1.05% | 650,000 | 0% |
| Clarke, Karen | 650,000 | 1.05% | 650,000 | 0% |
| Crooks, Teika | 650,000 | 1.05% | 650,000 | 0% |
| Daye, Kenisha | 616,667 | 0.99% | 616,667 | 0% |
| Dickenson, Jermaine | 650,000 | 1.05% | 650,000 | 0% |
| Eubank, Sanake | 650,000 | 1.05% | 650,000 | 0% |
| Francis, Claudine | 650,000 | 1.05% | 650,000 | 0% |
| Goulbourne, Herman | 650,000 | 1.05% | 650,000 | 0% |
| Gunter,, Jamar | 650,000 | 1.05% | 650,000 | 0% |
| Hanson, Audrey | 562,000 | 0.91% | 562,000 | 0% |
| Harris, Garfield | 650,000 | 1.05% | 650,000 | 0% |
| Heath, Valentine | 650,000 | 1.05% | 650,000 | 0% |
| Hemmings,Chrisie | 652,000 | 1.05% | 650,000 | 0% |
| Henry, Devene | 650,000 | 1.05% | 652,000 | 0% |
| Henry, Damian | 650,600 | 1.05% | 650,600 | 0% |
| Henry, Harvey | 650,000 | 1.05% | 650,000 | 0% |
| Hunter, Glenda | 650,000 | 1.05% | 650,000 | 0% |
| Hunter, Kerene | 650,000 | 1.05% | 650,000 | 0% |
| James, Cahunda | 650,000 | 1.05% | 650,000 | 0% |
| Lawrence, Rene | 650,000 | 1.05% | 650,000 | 0% |
| Livingston, Ricardo [5] | 633,333 | 1.01% | 633,333 | 0% |
| Livingston, Wayne [6] | 633,333 | 1.01% | 633,333 | 0% |
| Nagheer, Brenton | 650,000 | 1.05% | 650,000 | 0% |
| Ormsby, Garon | 650,000 | 1.05% | 650,000 | 0% |
| Reid, Anthony | 650,000 | 1.05% | 650,000 | 0% |
| Richards, Rupert | 650,000 | 1.05% | 650,000 | 0% |
| Robinson, Chadwin | 633,333 | 1.01% | 633,333 | 0% |
| Rose, Jenifer | 650,000 | 1.05% | 650,000 | 0% |
| Rose, Petula | 650,000 | 1.05% | 650,000 | 0% |
| Rottingham, Semone | 650,000 | 1.05% | 650,000 | 0% |
| Singh, Veeoth | 566,668 | 0.91% | 566,668 | 0% |
| Taylor, , Debbian [4] | 650,000 | 1.05% | 650,000 | 0% |
| Taylor, Lafane | 650,000 | 1.05% | 650,000 | 0% |
| Taylor, Abigail | 650,000 | 1.05% | 650,000 | 0% |
| Williams, Jodi-Kae | 633,333 | 1.01% | 633,333 | 0% |
| Total | 27,054,600 | 43.62% | 27,054,600 | 0% |

41

MEDORA CORP. AMENDMENT NO. 5 TO THE FORM S-1                          Page 1 of 1

S-1/A 1 medoras1a5.htm MEDORA CORP. AMENDMENT NO. 5 TO THE FORM S-1

*2011/02/17*

Registration No. 333-169280

UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
Washington, D.C. 20549

FORM S-1/A-5
REGISTRATION STATEMENT
UNDER THE SECURITIES ACT OF 1933

## MEDORA CORP.
(Name of small business issuer in its charter)

| Nevada | 5900 | 90-0582397 |
|---|---|---|
| (State or jurisdiction of incorporation or organization) | (Primary Standard Industrial Classification Code Number) | (I.R.S. Employer Identification Number) |

7 Wareham Road
Kingston, Jamaica, WI
(876) 775-6074
(telephone number)
(Address and telephone number of principal executive offices and principal place of business)

National Registered Agents, Inc. of Nevada
1000 East William Street, Suite 204
Carson City, Nevada 89701
(800) 550-6724
(Name, address and telephone number of agent for service)

Copies to:
Gregg E. Jaclin, Esq.
Anslow & Jaclin, LLP
195 Route 9 South, Suite 204
Manalapan, NJ 07726
Tel: (732) 409-1212
Fax: (732) 577-1188

Approximate date of proposed sale to public: From time to time after the effective date of this Registration Statement.

If any securities being registered on this Form are to be offered on a delayed or continuous basis pursuant to Rule 415 under the Securities Act of 1933 check the following box: ☒

If this Form is filed to register additional securities for an offering pursuant to Rule 462(b) under the Securities Act, please check the following box and list the Securities Act registration statement number of the earlier effective registration statement for the same offering. ☐

If this Form is a post-effective amendment filed pursuant to Rule 462(c) under the Securities Act, check the following box and list the Securities Act registration statement number of the earlier effective registration statement for the same offering. ☐

If this Form is a post effective amendment filed pursuant to Rule 462(d) under the Securities Act, check the following box and list the Securities Act registration statement number of the earlier effective registration statement for the same offering. ☐

DA0000154

medoracorp10-qfor10312011fin.htm - Generated by SEC Publisher for SEC Filing          Page 1 of 1

**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
Washington, D.C. 20549

## FORM 10-Q

[x]   QUARTERLY REPORT PURSUANT TO SECTION 13 OR 15(d) OF THE SECURITIES
      EXCHANGE ACT OF 1934
      FOR THE QUARTERLY PERIOD ENDED October 31, 2011

OR

[ ]   TRANSITION REPORT PURSUANT TO SECTION 13 OR 15(d) OF THE SECURITIES
      EXCHANGE ACT OF 1934

Commission file number 333-169280

# MEDORA CORP.
*(Exact name of registrant as specified in its charter)*

**NEVADA**
*(State or other jurisdiction of incorporation or organization)*

7 Wareham Road
Kingston, Jamaica, WI
*(Address of principal executive offices, including zip code.)*

(876) 775-6074
*(registrant's telephone number, including area code)*

Check whether the issuer (1) filed all reports required to be filed by Section 13 or 15(d) of the Exchange Act during the past 12 months (or for such shorter period that the registrant was required to file such reports), and (2) has been subject to such filing requirements for the last 90 days.
YES [ X ] NO [ ]

Indicate by check mark whether the registrant has submitted electronically and posted on its corporate Web site, if any, every Interactive Data File required to be submitted and posted pursuant to Rule 405 of Regulation S-T (Section 232.405 of this chapter) during the preceding 12 months (or for such shorter period that the registrant was required to submit and post such files).
YES [ ] NO [ X ]

DA0000155



NUMBER
128

COMMON STOCK

THIS CERTIFIES THAT

***Rene Lawrence***

is the Owner of *** Six Hundred Fifty Thousand ***

SHARES

***650,000***

COMMON STOCK

CUSIP 58503H102

MEDORA CORP.

INCORPORATED UNDER THE LAWS OF THE STATE OF

NEVADA

FULLY PAID AND NON-ASSESSABLE SHARES OF COMMON STOCK OF

MEDORA CORP.

Dated   May 4, 2011

A 61819

## POWER OF ATTORNEY TO TRANSFER BONDS OR SHARES

FOR VALUE RECEIVED the undersigned, _____ hereby sells, assigns and transfers unto _Cornet Financial Ltd._ ✻ _100,000_ common shares standing in the name of the undersigned on the books of Medora Corp. (the "Company") represented by certificate no. _188_ _____ and hereby irrevocably constitutes and appoints _____ (the "Transfer Agent") the attorney of the undersigned to transfer the said shares on the books of the Company with full power of substitution in the premises.

DATED at _____ , this _22_ day of _Feb_ , 2012.

Signed in the presence of:                    )
                                              )
                                              )
                                              )
_____             )     _____
                                                    *Signature of person executing this power*
Sig._____ ___O
MERCANTILE TRUST LIMITED
FIRST FLOOR HENVILLE BUILDING
CHARLESTOWN, NEVIS, B.W.I.                          Signature of transferor guaranteed by:

_____                                              L
**Authorized Signatory**

*✻ Henville Building*
*Charlestown, Nevis*

DA0000157

# STOCK PURCHASE AGREEMENT

THIS Stock Purchase Agreement (this "Agreement" dated _February 22_, _2012_ is made by and among _Loma ix Financial Ltd._ the "Purchaser", and the undersigned shareholder (the "Seller"). _Rene Lawrence_

The purpose of this AGREEMENT is to set forth the terms whereby the Purchaser will buy _650,000_ shares of Medora Corp., (the "Company") common stock (the "Shares") from the Seller.

The following numbered paragraphs reflect the entire understanding of the arrangement between Purchaser and Seller.

1. **Terms of Conditions of Purchase**

The Purchaser agrees to buy the Shares.

2. **Terms of Settlement**

Purchase price for the Shares shall be $ _375,000  ($.50 per share)_

3. **Representations and Warranties of Seller**

   Seller represents and warrants that:

   (a) immediately prior to and at the Closing, the Seller shall be the legal and beneficial owner of the Shares and the Seller shall transfer to the Purchaser the Shares free and clear of all liens, restrictions, covenants or adverse claims of any kind or character;

   (b) the Seller has the legal power and authority to execute and deliver this Agreement and all other documents required to be executed and delivered by the Seller hereunder and to consummate the transactions contemplated hereby;

   (c) the Seller is not, and has not been during the past ninety (90) days, an officer, director, 10% or greater shareholder or "affiliate" of the Company, as that term is defined in Rule 144 promulgated under the United States Securities Act of 1933, is amended (the "Securities Act");

   (d) there are no investigations, actions, suits or proceedings, threatened pending or otherwise, threatened or pending to the knowledge of the Seller that affect each Seller's right to their respective Shares or the sale of their respective Shares;

   (e) the warranties and representations of the Seller and the provisions hereof shall survive the date hereof, and the consummation of the transactions contemplated herein;

   (f) the Seller shall indemnify, defend and hold harmless Purchaser from and against all liabilities incurred by Purchaser, directly or indirectly, including without limitation, all reasonable attorney's fees and court costs, arising out of or in connection with the purchase of the each of the Seller's respective Shares set forth in this Agreement, except where fraud, intent to defraud or default of payment evolves on the part of Purchaser; and

   (g) such Seller is not insolvent, is not in receivership, nor is any application for receivership pending; no proceedings are pending by or against it in bankruptcy or reorganization in any State or Federal court, nor has it committed any act of bankruptcy.

4. **Entire Agreement.**

This Agreement sets forth the entire understanding and agreement between the parties with reference to the subject matter hereof, and there are no other agreements, inducements, understandings, restrictions, warranties or other representations verbal or otherwise between the parties other than those set forth herein.

5. **Legal Agreement.**

DA0000158

By the signatures of their appointed representatives appearing below, the Purchaser and Seller will have duly executed and delivered this agreement, constituting a legal, valid and binding agreement enforceable under the laws of the State of Nevada in accordance with its terms.

1.   **Further Acts.**

Each party to this Agreement agrees to perform any further acts and execute and deliver any documents that may be reasonably necessary to carry out the provisions of this Agreement.

2.   **Survival**

This Agreement shall be binding on, and shall inure to the benefit of, the parties and their respective heirs, legal representatives, successors and assigns.

3.   **Notice**

All notices, requests, demands and other communications required or permitted under this Agreement shall be in writing, and shall be deemed to have been duly given (1) on the date of delivery, if delivered personally, or sent by facsimile by 3.00 p.m. local time at the place of delivery on such date, followed by an original delivered by first class mail, registered or certified, return receipt requested, postage prepaid, to the party to whom notice is to be given, (2) within 72 hours after mailing, if mailed to the party to whom notice is to be given, by first class mail, registered or certified mail, return receipt requested, postage prepaid, or (3) on the following day if sent by a nationally recognized overnight delivery services, in each case, properly addressed to the party at his address set forth on the signature page of this Agreement or any other address that any party may designate by written notice to the others.

4.   **Assignment and Termination**

No party may assign either this Agreement or any of its rights, interests, or obligations hereunder without the prior written approval of the other party.

5.   **Counterparts**

This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.


PURCHASER:                              SELLER:

_Lonex Financial Ltd._                  _Benc Lernecessi_

_[signature]_                           _[signature]_
Sign:                                   Sign:

_Feb 22, 12_                            _Feb 22, 12_
Date:                                   Date:


DA0000159



NUMBER
131

COMMON STOCK

SHARES

***650,000***

COMMON STOCK

CUSIP 56353H102

*MEDORA CORP.*

INCORPORATED UNDER THE LAWS OF THE STATE OF

NEVADA

THIS CERTIFIES THAT

***Brenton Nagheer***

is the Owner of *** Six Hundred Fifty Thousand ***

FULLY PAID AND NON-ASSESSABLE SHARES OF COMMON STOCK OF

MEDORA CORP,

transferable on the books of the Corporation by the holder hereof, in person or by duly authorized attorney, upon surrender of this Certificate properly endorsed. This Certificate is not valid until countersigned by the Transfer Agent and registered by the Registrar.

Witness this facsimile seal of said Corporation and the facsimile signatures of its duly authorized officers.

Dated   May 4, 2011

COUNTERSIGNED AND REGISTERED:
EMPIRE STOCK TRANSFER AG

By

AUTHORIZED SIGNATURE

CORPORATE SEAL

A 61816

DA0000160

## POWER OF ATTORNEY TO TRANSFER BONDS OR SHARES

FOR VALUE RECEIVED the undersigned,
hereby sells, assigns and transfers unto _Lynex Financial Ltd. ✱ 100,000_
common shares standing in the name of the undersigned on the books of Medora Corp. (the
"Company") represented by certificate no. _131_ and hereby irrevocably
constitutes and appoints _____ (the "Transfer Agent") the
attorney of the undersigned to transfer the said shares on the books of the Company with full
power of substitution in the premises.

DATED at _____ _ , this _22_ day of _Feb_ 2012 .

Signed in the presence of:                    )
                                              )
                                              )
                                              )
_____             )
                                              _____
                                              *(Signature of person executing this power)*

SIG: . . . . . . . FD
MERCANTILE TRUST LIMITED
FIRST FLOOR HENVILLE BUILDING
CHARLESTOWN, NEVIS, B.W.I.                     Signature of transferor guaranteed by:

.......................................
Authorized Signatory

✱ _Henville Building_
_Charlestown, Nevis_

DA0000161

## STOCK PURCHASE AGREEMENT

THIS Stock Purchase Agreement (the "Agreement") dated *february 23, 2012* is made by and among *Lornix Financial Ltd.* ("the Purchaser") and Medora Corp. shareholder (the "Seller"). *Brenton Nagheer*

The purpose of this AGREEMENT is to set forth the terms whereby the Purchaser will buy *630,000* shares of Medora Corp. (the "Company") common stock (the "Shares") from the Seller.

The following numbered paragraphs reflect the entire understanding of the arrangement between Purchaser and Seller

### 1.   Terms of Conditions of Purchase

The Purchaser agrees to buy the Shares

### 2.   Terms of Settlement

Purchase price for the Shares shall be $ *375,000*   (*$.50 per Share*).

### 3.   Representations and Warranties of Seller

Seller represents and warrants that:

(a)  immediately prior to and at the Closing, the Seller shall be the legal and beneficial owner of the Shares and the Seller shall transfer to the Purchaser the Shares free and clear of all liens, restrictions, covenants or adverse claims of any kind or character;

(b)  the Seller has the legal power and authority to execute and deliver this Agreement and all other documents required to be executed and delivered by the Seller hereunder and to consummate the transactions contemplated hereby;

(c)  the Seller is not, and has not been during the past ninety (90) days, an officer, director, 10% or greater shareholder or "affiliate" of the Company, as that term is defined in Rule 144 promulgated under the United States Securities Act of 1933, as amended (the "Securities Act");

(d)  there are no negotiations, actions, suits or proceedings, claims or any other suits threatened or pending to the knowledge of the Seller that affect such Seller's right to their respective Shares or the title of their respective Shares;

(e)  the warranties and representations of the seller and the provisions hereof shall be true as of the date hereof, and the consummation of the transactions contemplated herein;

(f)  the Seller shall indemnify, defend and hold harmless Purchaser from and against all liabilities incurred by Purchaser, directly or indirectly, including without limitation, all reasonable attorney's fees and court costs, arising out of or in connection with the purchase of the each of the Seller's respective Shares set forth in this Agreement, except where fraud, intent to defraud or default of payment evolves on the part of Purchaser, and

(g)  such Seller is not insolvent, is not in receivership, nor is any application for receivership pending; no proceedings are pending by or against it in bankruptcy or reorganization in any State or Federal court, nor has it committed any act of bankruptcy.

### 4.   Entire Agreement.

This Agreement sets forth the entire understanding and agreement between the parties with reference to the subject matter hereof, and there are no other agreements, inducements, understandings, restrictions, warranties or other representations verbal or otherwise between the parties other than those set forth herein.

### 5.   Legal Agreement.

DA0000162

By the signatures of their appointed representatives appearing below, the Purchaser and Seller will have duly executed and delivered this Agreement, constituting a legal, valid and binding agreement enforceable under the laws of the State of Nevada in accordance with its terms.

1   **Further Acts.**

Each party to this Agreement agrees to perform any further acts and execute and deliver any documents that may be reasonably necessary to carry out the provisions of this Agreement.

2.   **Survival**

This Agreement shall be binding on, and shall inure to the benefit of, the parties and their respective heirs, legal representatives, successors and assigns.

3.   **Notice**

All notices, requests, demands and other communications required or permitted under this Agreement shall be in writing, and shall be deemed to have been duly given (1) on the date of delivery, if delivered personally, or sent by facsimile by 5:00 p.m. local time at the place of delivery on such date, followed by an original delivered by first class mail, registered or certified, return receipt requested, postage prepaid, to the party to whom notice is to be given, (2) within 72 hours after mailing, if mailed to the party to whom notice is to be given, by first class mail, registered or certified mail, return receipt requested, postage prepaid, or (3) on the following day if sent by a nationally recognized overnight delivery services, in each case, properly addressed to the party at his address set forth on the signature page of this Agreement or any other address that any party may designate by written notice to the others.

4.   **Assignment and Termination**

No party may assign either this Agreement or any of its rights, interests, or obligations hereunder without the prior written approval of the other party

5.   **Counterparts**

This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

PURCHASER:                                    SELLER:

_Loinix Financial Ltd_

Sign:                                         Sign:

_Feb 22, 12_                                  _Feb 22, 12_
Date:                                         Date:

DA0000163



NUMBER

133

COMMON STOCK

SHARES

***650,000***

COMMON STOCK

CUSIP 58503H102

*MEDORA CORP.*

INCORPORATED UNDER THE LAWS OF THE STATE OF

NEVADA

THIS CERTIFIES THAT

***Anthony Reid***

is the Owner of *** Six Hundred Fifty Thousand ***

FULLY PAID AND NON-ASSESSABLE SHARES OF COMMON STOCK OF

MEDORA CORP.

Dated May 4, 2011

COUNTERSIGNED AND REGISTERED
EMPIRE STOCK TRANSFER INC.

CORPORATE SEAL

A 61814

## POWER OF ATTORNEY TO TRANSFER BONDS OR SHARES

FOR VALUE RECEIVED the undersigned, *Amroah Reid* hereby sells, assigns and transfers unto *Lomix Financial Ltd.* ✳ *60,000* common shares standing in the name of the undersigned on the books of Medora Corp. (the "Company") represented by certificate no. *133* _____ and hereby irrevocably constitutes and appoints _____ (the "Transfer Agent") the attorney of the undersigned to transfer the said shares on the books of the Company with full power of substitution in the premises.

DATED at _____, this *22* day of *Feb*, 2012.

Signed in the presence of:        )
                                 )
                                 )
                                 )

_____    )    *A. Reid*
                                        *(Signature of person executing this power)*

Signed, Sealed & DELIVERED
MERCANTILE TRUST LIMITED
FIRST FLOOR HENVILLE BUILDING
CHARLESTOWN, NEVIS, B.W.I.

Signature of transferor guaranteed by:

_____
Authorized Signatory

✳ *Henville Building*
*Charlestown, Nevis*

## STOCK PURCHASE AGREEMENT

THIS Stock Purchase Agreement (this "Agreement") dated *February 22*, 2012 is made by and among *Cantor Brauser LLC* (the "Purchaser"), and the undersigned shareholder (the "Seller") *Anthony Reid*.

The purpose of this AGREEMENT is to set forth the terms whereby the Purchaser will buy *62,000* shares of Medora Corp., (the "Company", common stock (the "Shares") from the Seller.

The following numbered paragraphs reflect the entire understanding of the arrangement between Purchaser and Seller.

1. **Terms of Conditions of Purchase**

The Purchaser agrees to buy the Shares.

2. **Terms of Settlement**

Purchase price for the Shares shall be $ *325,000* (*$.50 per Share*)

3. **Representations and Warranties of Seller**

   Seller represents and warrants that:

   (a) immediately prior to and at the Closing, the Seller shall be the legal and beneficial owner of the Shares and the Seller shall transfer to the Purchaser the Shares free and clear of all liens, restrictions, covenants or adverse claims of any kind or character;

   (b) the Seller has the legal power and authority to execute and deliver this Agreement and all other documents required to be executed and delivered by the Seller hereunder and to consummate the transactions contemplated hereby;

   (c) the Seller is not, and has not been during the past ninety (90) days, an officer, director, 10% or greater shareholder or "affiliate" of the Company, as that term is defined in Rule 144 promulgated under the United States Securities Act of 1933, as amended (the "Securities Act");

   (d) there are no investigations, actions, suits or proceedings, administrative or otherwise, threatened or pending to the knowledge of the Seller that affect such Party's rights to their respective Shares or the sale of their respective Shares.

   (e) the warranties and representations of the Seller and the provisions hereof shall survive the date hereof, and the consummation of the transactions contemplated herein;

   (f) the Seller shall indemnify, defend and hold harmless Purchaser from and against all liabilities incurred by Purchaser, directly or indirectly, including without limitation, all reasonable attorney's fees and court costs, arising out of or in connection with the purchase of the each of the Seller's respective Shares set forth in this Agreement, except where fraud, intent to defraud or default of payment evolves on the part of Purchaser, and

   (g) such Seller is not insolvent, is not in receivership, nor is any application for receivership pending; no proceedings are pending by or against it in bankruptcy or reorganization in any State or Federal court, nor has it committed any act of bankruptcy.

4. **Entire Agreement.**

This Agreement sets forth the entire understanding and agreement between the parties with reference to the subject matter hereof, and there are no other agreements, inducements, understandings, restrictions, warranties or other representations verbal or otherwise between the parties other than those set forth herein.

5. **Legal Agreement.**

DA0000166

By the signatures of their appointed representatives appearing below, the Purchaser and Seller will have duly executed and delivered this agreement, constituting a legal, valid and binding agreement enforceable under the laws of the State of Nevada in accordance with its terms.

1.   **Further Acts.**

Each party to this Agreement agrees to perform any further acts and execute and deliver any documents that may be reasonably necessary to carry out the provisions of this Agreement.

2.   **Survival**

This Agreement shall be binding on, and shall inure to the benefit of, the parties and their respective heirs, legal representatives, successors and assigns.

3.   **Notice**

All notices, requests, demands and other communications required or permitted under this Agreement shall be in writing, and shall be deemed to have been duly given (1) on the date of delivery, if delivered personally, or sent by facsimile by 5:00 p.m. local time at the place of delivery on such date, followed by an original delivered by first class mail, registered or certified, return receipt requested, postage prepaid, to the party to whom notice is to be given, (2) within 72 hours after mailing, if mailed to the party to whom notice is to be given, by first class mail, registered or certified mail, return receipt requested, postage prepaid, or (3) on the following day if sent by a nationally recognized overnight delivery services, in each case, properly addressed to the party at his address set forth on the signature page of this Agreement or any other address that any party may designate by written notice to the others.

4.   **Assignment and Termination**

No party may assign either this Agreement or any of its rights, interests, or obligations hereunder without the prior written approval of the other party.

5.   **Counterparts**

This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

PURCHASER:                                SELLER:

_Comex Financial Ltd._                    _Anthony Rein_

_[signature]_                             _A. Rein_
Sign:                                     Sign:

_Feb 22, 12_                              _Feb 22, 12_
Date:                                     Date:

DA0000167



NUMBER

136

COMMON STOCK

SHARES

***650,000***

COMMON STOCK

CUSIP 58503H102

SEE REVERSE FOR CERTAIN DEFINITIONS

MEDORA CORP.

INCORPORATED UNDER THE LAWS OF THE STATE OF

NEVADA

THIS CERTIFIES THAT

***Jenifer Rose***

Is the Owner of ***Six Hundred Fifty Thousand***

FULLY PAID AND NON-ASSESSABLE SHARES OF COMMON STOCK OF

MEDORA CORP.

transferable on the books of the Corporation by the holder hereof, in person or by duly authorized attorney upon surrender of this certificate properly endorsed. This Certificate is not valid until countersigned by the Transfer Agent and registered by the Registrar.

Witness this facsimile seal of said Corporation and the facsimile signatures of its duly authorized officers.

Dated: May 4, 2011

COUNTERSIGNED AND REGISTERED
EMPIRE STOCK TRANSFER INC.

By _____
AUTHORIZED SIGNATURE

CORPORATE SEAL

A 61811

DA0000168

## POWER OF ATTORNEY TO TRANSFER BONDS OR SHARES

FOR VALUE RECEIVED the undersigned, _____
hereby sells, assigns and transfers unto _Comex Financial Ltd_ _*_ _60,000_
common shares standing in the name of the undersigned on the books of Medora Corp. (the
"Company") represented by certificate no. ___136___ and hereby irrevocably
constitutes and appoints _____ (the "Transfer Agent") the
attorney of the undersigned to transfer the said shares on the books of the Company with full
power of substitution in the premises.

DATED at _____, this _22_ day of _Feb_, 20_12_.

Signed in the presence of:                          )
                                                    )
                                                    )
                                                    )
_____                   )   _____
                                                        (Signature of person executing this power)

SIGNATURE GUARANTEED
MERCANTILE TRUST LIMITED
FIRST FLOOR HENVILLE BUILDING
CHARLESTOWN, NEVIS, B.W.I.                           Signature of transferor guaranteed by:

...........................................
Authorized Signatory

*\* Henville Building
Charlestown, Nevis*

DA0000169

## STOCK PURCHASE AGREEMENT

THIS Stock Purchase Agreement (this "Agreement") dated *February 20* 2012, is made by and between *Cornex Financial Ltd.* (the "Purchaser"), and the undersigned shareholder (the "Seller") *Jenifer Rose*

The purpose of this AGREEMENT is to set forth the terms whereby the Purchaser will buy *650,000* shares of Medora Corp., (the "Company") common stock (the "Shares") from the Seller.

The following numbered paragraphs reflect the entire understanding of the arrangement between Purchaser and Seller

### 1.   Terms of Conditions of Purchase

The Purchaser agrees to buy the Shares.

### 2.   Terms of Settlement

Purchase price for the Shares shall be *325,000* (*$.50 per Share*)

### 3.   Representations and Warranties of Seller

Seller represents and warrants that:

(a)  immediately prior to and at the Closing, the Seller shall be the legal and beneficial owner of the Shares and the Seller shall transfer to the Purchaser the Shares free and clear of all liens, restrictions, covenants or adverse claims of any kind or character;

(b)  the Seller has the legal power and authority to execute and deliver this Agreement and all other documents required to be executed and delivered by the Seller hereunder and to consummate the transactions contemplated hereby;

(c)  the Seller is not, and has not been during the past ninety (90) days, an officer, director, 10% or greater shareholder or "affiliate" of the Company, as that term is defined in Rule 144 promulgated under the United States Securities Act of 1933, as amended (the "Securities Act");

(d)  there are no investigations, actions, suits or proceedings, administrative or otherwise threatened or pending, to the knowledge of the Seller that affect each Seller's right to their respective Shares or the Shares of their respective Shares;

(e)  systematic and a presentation of the seller and the provisions hereof shall survive the date hereof, and the consummation of the transactions contemplated hereof;

(f)  the Seller shall indemnify, defend and hold harmless Purchaser from and against all liabilities incurred by Purchaser, directly or indirectly, including without limitation, all reasonable attorney's fees and court costs, arising out of or in connection with the purchase or the each of the Seller's respective Shares set forth in this Agreement, except where fraud, intent to defraud or default of payment evolves on the part of Purchaser; and

(g)  such Seller is not insolvent, is not in receivership, nor is any application for receivership pending, no proceedings are pending by or against it in bankruptcy or reorganization in any State or Federal court, nor has it committed any act of bankruptcy.

### 4.   Entire Agreement.

This Agreement sets forth the entire understanding and agreement between the parties with reference to the subject matter hereof, and there are no other agreements, inducements, understandings, restrictions, warranties or other representations verbal or otherwise between the parties other than those set forth herein

### 5.   Legal Agreement.

DA0000170

By the signatures of their appointed representatives appearing below, the Purchaser and Seller will have duly executed and delivered this Agreement, constituting a legal, valid and binding Agreement enforceable under the laws of the State of Nevada in accordance with its terms.

1   **Further Acts.**

Each party to this Agreement agrees to perform any further acts and execute and deliver any documents that may be reasonably necessary to carry out the provisions of this Agreement.

2.   **Survival**

This Agreement shall be binding on, and shall inure to the benefit of, the parties and their respective heirs, legal representatives, successors and assigns

3.   **Notice**

All notices, requests, demands and other communications required or permitted under this Agreement shall be in writing, and shall be deemed to have been duly given (1) on the date of delivery, if delivered personally, or sent by facsimile by 5:00 p.m. local time at the place of delivery on such date, followed by an original delivered by first class mail, registered or certified, return receipt requested, postage prepaid, to the party to whom notice is to be given, (2) within 72 hours after mailing, if mailed to the party to whom notice is to be given, by first class mail, registered or certified mail, return receipt requested, postage prepaid, or (3) on the following day if sent by a nationally recognized overnight delivery services, in each case, properly addressed to the party at his address set forth on the signature page of this Agreement or any other address that any party may designate by written notice to the others.

4.   **Assignment and Termination**

No party may assign either this Agreement or any of its rights, interests, or obligations hereunder without the prior written approval of the other party.

5.   **Counterparts**

This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

PURCHASER:                                SELLER:

*Lomex Financial Ltd.*                    _____

_____                _____
Sign:                                     Sign:

*Feb 22/12*                               *Feb 22/12*
_____                _____
Date:                                     Date:

DA0000171



DA0000172

## POWER OF ATTORNEY TO TRANSFER BONDS OR SHARES

FOR VALUE RECEIVED the undersigned, _Dwight Brown_, hereby sells, assigns and transfers unto _the Schedule of B (attached), 633,333_ common shares standing in the name of the undersigned on the books of Medora Corp. (the "Company") represented by certificate no. _106_ and hereby irrevocably constitutes and appoints _____ (the "Transfer Agent") the attorney of the undersigned to transfer the said shares on the books of the Company with full power of substitution in the premises.

DATED at _____, this _22_ day of _Feb_, 20_13_.

Signed in the presence of:                    )
                                              )
                                              )
                                              )
_____             )   _Brown_
                                                  *(Signature of person executing this power)*
**SIGNATURE GUARANTEED**                           DWIGHT BROWN
**MERCANTILE TRUST LIMITED**
**FIRST FLOOR HENVILLE BUILDING**
**CHARLESTOWN, NEVIS, B.W.I.**
                                              Signature of transferor guaranteed by:

**Authorized Signatory**

DA0000173

# STOCK PURCHASE AGREEMENT

THIS Stock Purchase Agreement (the "Agreement") dated *February 22* , 2012, is made by and between *Lenox Financial Ltd.* , the "Purchaser", and the undersigned shareholder, the "Seller", *Dwight Brown*

The purpose of this AGREEMENT is to set forth the terms whereby the Purchaser will buy *500,000* shares of Medora Corp, (the "Company") common stock (the "Shares") from the Seller.

The following numbered paragraphs reflect the entire understanding of the arrangement between Purchaser and Seller

### 1.    Terms of Conditions of Purchase

The Purchaser agrees to buy the Shares.

### 2.    Terms of Settlement

Purchase price for the Shares shall be *$250,000* (*$.50 per Share.*)

### 3.    Representations and Warranties of Seller

Seller represents and warrants that:

(a)    immediately prior to and at the Closing, the Seller shall be the legal and beneficial owner of the Shares and the Seller shall transfer to the Purchaser the Shares free and clear of all liens, restrictions, covenants or adverse claims of any kind or character;

(b)    the Seller has the legal power and authority to execute and deliver this Agreement and all other documents required to be executed and delivered by the Seller hereunder and to consummate the transactions contemplated hereby;

(c)    the Seller is not, and has not been during the past ninety (90) days, an officer, director, 10% or greater shareholder or "affiliate" of the Company, as that term is defined in Rule 144 promulgated under the United States Securities Act of 1933, as amended (the "Securities Act");

(d)    there are no investigations, actions, suits or proceedings, administrative or otherwise, threatened or pending, to the knowledge of the Seller that affect such Seller's rights to their respective Shares or the deed thereto to purchase Shares ;

(e)    the warranties and representations of the Seller and the provisions hereof shall survive the date hereof, and the consummation of the transactions contemplated herein;

(f)    the Seller shall indemnify, defend and hold harmless Purchaser from and against all liabilities incurred by Purchaser, directly or indirectly, including without limitation, all reasonable attorney's fees and court costs, arising out of or in connection with the purchase of the each of the Shares respective Shares set forth in this Agreement, except where fraud, intent to defraud or default of payment evolves on the part of Purchaser; and

(g)    such Seller is not insolvent, is not in receivership, nor is any application for receivership pending, no proceedings are pending by or against it in bankruptcy or reorganization in any State or Federal court, nor has it committed any act of bankruptcy.

### 4.    Entire Agreement.

This Agreement sets forth the entire understanding and agreement between the parties with reference to the subject matter hereof, and there are no other agreements, inducements, understandings, restrictions, warranties or other representations verbal or otherwise between the parties other than those set forth herein

### 5.    Legal Agreement.

DA0000174

By the signatures of their appointed representatives appearing below, the Purchaser and Seller will have duly executed and delivered this Agreement, constituting a legal, valid and binding agreement enforceable under the laws of the State of Nevada in accordance with its terms.

1.  **Further Acts.**

Each party to this Agreement agrees to perform any further acts and execute and deliver any documents that may be reasonably necessary to carry out the provisions of this Agreement.

2.  **Survival**

This Agreement shall be binding on, and shall inure to the benefit of, the parties and their respective heirs, legal representatives, successors and assigns.

3.  **Notice**

All notices, requests, demands and other communications required or permitted under this Agreement shall be in writing, and shall be deemed to have been duly given (1) on the date of delivery, if delivered personally, or sent by facsimile by 4:00 pm local time at the place of delivery on such date, followed by an original delivered by first class mail, registered or certified, return receipt requested, postage prepaid, to the party to whom notice is to be given, (2) within 72 hours after mailing, if mailed to the party to whom notice is to be given, by first class mail, registered or certified mail, return receipt requested, postage prepaid, or (3) on the following day if sent by a nationally recognized overnight delivery services, in each case, properly addressed to the party at his address set forth on the signature page of this Agreement or any other address that any party may designate by written notice to the others.

4.  **Assignment and Termination**

No party may assign either this Agreement or any of its rights, interests, or obligations hereunder without the prior written approval of the other party.

5.  **Counterparts**

This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.


PURCHASER:                                    SELLER:

_Lorux Financial Ltd._                        _DWIGHT BROWN_

_[signature]_                                 _[signature]_
Sign:                                         Sign:

_Feb 22/12_                                   _Feb 22/12_
Date:                                         Date:


DA0000175

SCHEDULE _B_

Lornex Financial Ltd.                          1 X 500,000
Henville Building
Charlestown, Nevis

                                               1 X 133,333

DA0000176