Part 3.   **Treasurer:** The Managing Director or, if there shall be no Managing Director, the Treasurer shall be responsible for the care and custody of the funds, securities, and other valuable effects of the Corporation and shall cause the same to be deposited in the name of the Corporation in such depositories as the Board of Directors may designate. He shall disburse the funds of the Corporation as may be ordered by the Board of Directors, shall have supervision over the accounts and all receipts and disbursements of the Corporation, shall render or cause to be rendered financial statements of the Corporation whenever required by the board, shall have the powers and perform the duties usually incident to the office of Treasurer, and shall have such other powers and perform such other duties as may be assigned to him by the Board of Directors.

Part 4.   **Secretary:** The Secretary shall act as Secretary of all meetings of the shareholders and, if he is a Director, at all meetings of the Board of Directors at which he is present and shall record the minutes of all proceedings in a book kept for that purpose. He shall be the custodian of the corporate records and the corporate seal and shall have all powers and duties usually incident to the office of Secretary and such other powers and duties as may be assigned to him by the Board of Directors. If the Secretary is a Corporation, the duties of the Secretary may be carried out by any duly authorised representative of such corporation.

Part 5.   **Other Officers:** Officers other than those treated in Sections 2 through 4 of this Article shall exercise such powers and perform such duties as may be assigned to them by the Board of Directors.

Part 6.   **Bond:** The Board of Directors shall have power, to the extent permitted by law, to require any officer, agent or employee of the Corporation to give bond for the faithful discharge of his duties in such form and with such surety or sureties as the Board of Directors may deem advisable.

## BY-LAW VII
## SHARE CERTIFICATES

Part 1.   **Form and Issuance:** The shares of the Corporation shall be represented by certificates issued in numerical order and meeting the requirements of the Ordinance and the Articles of Incorporation and approved by the Board of Directors. Certificates shall be signed by (a) the President, Managing Director, or a Vice-Present, and (b) by the Secretary, an Assistant Secretary, the Treasurer or an Assistant Treasurer or Director.

DA0000324

These signatures may be facsimiles if the certificate is countersigned by a transfer agent or registered by a registrar other than the Corporation itself or its employee.

Part 2.  <u>Transfer:</u> The Board of Directors shall have power and authority to make such rules and regulations not inconsistent with the Articles of Incorporation or the Ordinance as they may deem expedient concerning the issuance, registration and transfer of certificates representing shares of the Corporation's stock, and may appoint transfer agents and registrars thereof.

Part 3.  <u>Loss of Stock Certificates:</u> The Board of Directors may direct a new certificate of stock to be issued in place of any certificate theretofore issued by the Corporation which is alleged to have been lost or destroyed, upon the submission of an affidavit to that effect by the person claiming ownership of the lost or destroyed certificate. When authorising such issuance of a new certificate, the Board of Directors may, in its discretion and as a condition precedent to the issuance thereof, require the owner of such lost or destroyed certificate to give the Corporation a bond in such form and for such sum as the Board may direct to indemnify the Corporation against any claim that may be made against the Corporation with respect to the certificate alleged to have been lost or destroyed.

BY-LAW VIII
DIVIDENDS

Part 1.  <u>Declaration and Form:</u> Dividends may be declared in conformity with law by, and at the discretion of, the Board of Directors at any regular or special meeting. Dividends may be declared and paid in cash, stock or other property of the Corporation.

Part 2.  <u>Payment of Dividends to Holders of Bearer Shares:</u> Dividends shall be paid to holders of bearer shares in one of the following manners: (a) by mail to any bearer shareholder whose address is known to the Corporation, or (b) in person to any bearer shareholder who displays or produces the share certificate to an authorised representative of the Corporation, or (c) to any bank, brokerage firm or other financial institution which is known by the Corporation to be a Custodian of bearer certificates, or (d) to any person surrendering to the Corporation bearer coupons, if any, attached to the bearer share certificates, or (e) in any other manner satisfactory to the authorised officers of the Corporation which shall adequately assure payment of the dividends to bearer

DA0000325

shareholders, including but not limited to the establishment of escrow accounts for dividends payable to bearer shareholders whose addresses are unknown.

## BY-LAW IX
## CORPORATE SEAL

Part 1. The seal of the Corporation, if any, shall bear the name of the Corporation and such other appropriate legend as the Board of Directors may from time to time determine. The corporate seal may be affixed by any officer or agent of the Corporation who is properly authorised by the Board of Directors to do so, including any properly authorised member of a committee formed under By-Law V, Part 1 of these by-laws.

## BY-LAW X
## FISCAL MATTERS

Part 1.   **Fiscal Year:** The fiscal year of the Corporation shall be such period of twelve consecutive months as the Board of Directors may by resolution designate.

Part 2.   **Cheques / Drafts:** The Board of Directors may nominate any officer or authorised agent of the Corporation to sign cheques and / or drafts on behalf of the Corporation.

Part 3.   **Loan Agreements:** The Board of Directors may nominate any officer or authorised agent of the Corporation to enter into loan agreements on behalf of the Corporation.

## BY-LAW XI
## AMENDMENTS TO BY-LAWS

Part 1.   **By the Shareholders:** These by-laws may be amended, added to, altered or repealed or new by-laws may be adopted, at any meeting of shareholders of the Corporation at which a quorum is present by the affirmative vote of the holders of a majority of the shares represented at such meetings; provided, however, that notice that an amendment is to be considered and acted upon is inserted in the notice or waiver of notice of said meeting.

**Part 2.   By the Directors:** If the Articles of Incorporation or a by-law adopted by the shareholders so provide, these by-laws may be amended, added to, altered or repealed, or new by-laws may be adopted, at any regular or special meeting of the Board of Directors by the affirmative vote of a majority of the entire Board, subject, however, to the power of the shareholders to alter, amend or repeal any such by-law.

### BY-LAW XII
### INDEMNIFICATION

Part 1.   The Corporation shall indemnify any person serving as a Director or officer of the Corporation to the full extent permitted or required in Section 56(1), (2) or (3) of the Ordinance or any successor to such Section.

Part 2.   No Director or Officer of the Corporation shall be liable to the Corporation for
    a)  acts or defaults of any other director or officer or employee
    b)  any loss or damage incurred by the Corporation through deficiency of title to any property acquired by the Corporation
    c)  any other loss or damage whatsoever which may happen in the execution of his duties of his respective office unless from failure to exercise and discharge his duties honestly and in good faith.

The above By-Laws are hereby approved and adopted by the sole Director of VERVET MANAGEMENT SERVICES LTD, this 19th Day of February 2009.

**DIRECTOR**

MR. VIRGILIO SANTANA RIPOLL

DA0000327

## ISLAND OF NEVIS
## OFFICE OF THE REGISTRAR OF COMPANIES

### *CERTIFICATE OF INCORPORATION*

I HEREBY CERTIFY that

## *VERVET MANAGEMENT SERVICES LTD*

is duly incorporated and has filed articles of incorporation under the provisions of
the Nevis Business Corporation Ordinance 1984, as amended, on

*19th February, 2009*

Given under my Hand & Seal at Charlestown
This *19th* day of *February, 2009*

_____
Registrar of Companies

ctX3cpkU                                    No. C 35364

DA0000328

# VERVET MANAGEMENT SERVICES LTD
## INCORPORATED FEBRUARY 19TH 2009

Minutes of the first meeting of the Incorporator.

The Undersigned, being the Incorporator of VERVET MANAGEMENT SERVICES LTD held a meeting at Charlestown Nevis on February 19th 2009.

The following resolutions were adopted:

**BE IT HEREBY RESOLVED:** that the following be appointed sole Director of the Company:

### Mr. Virgilio Santana Ripoll

**RESOLVED:** that the Articles of Incorporation and By-laws of the Company be and are hereby adopted, ratified and approved in all respects as the Articles of Incorporation and By-laws of this corporation.

There being no further business the meeting was closed.

**Associated Trustees Limited**

Per _____

Kishma Williams
**Authorised Signatory**

DA0000329

# VERVET MANAGEMENT SERVICES LTD

## INCORPORATED FEBRUARY 19TH 2009

DIRECTOR'S RESOLUTIONS consented to in writing by the sole Director of the Company on February 19th 2009.

## 1.  INCORPORATION DOCUMENTS

WHEREAS the Articles of Incorporation of the Company have been filed with the Registrar of Companies, Nevis, West Indies and the Company has been incorporated pursuant to the Nevis Business Corporation Ordinance 1984 as amended;

AND WHEREAS Mr. Virgilio Santana Ripoll has been elected by the Subscriber as the sole Director of the Company pursuant to Section 29 (1) of the Nevis Business Corporation Ordinance 1984 as amended and he has accepted office;

NOW THEREFORE BE IT RESOLVED that the actions of Associated Trustees Limited in subscribing for the incorporation of the Company be and is hereby ratified, confirmed and approved and that the election by the Subscriber of the sole Director of the Company on February 19th 2009 is hereby approved.

## 2.  BUSINESS PURPOSE

The corporation shall have as its principal purpose the right to engage in any lawful act or activity for which corporations may now or hereafter be organised under the Nevis Business Corporation Ordinance 1984 as amended.

## 3.  CORPORATE OFFICE

RESOLVED: that the corporate office of the Company be Henville Building, Prince Charles Street, Charlestown, Nevis, West Indies.

## 4.  REGISTERED AGENT

RESOLVED: that the appointment of Associated Trustees Limited as Registered Agent of the Company be and is hereby approved.

## 5.  SHARE CAPITAL

It was noted that the Authorised Capital of the Company is 1,000 registered and/or bearer shares without par value and each share having the right to one vote.

DA0000330

6.    **CALLS**

**RESOLVED:** that calls be made for 100% of the monies payable in respect of the shares of the Company that are to be issued.

7.    **SHARE ALLOTMENT AND ISSUE**

**RESOLVED:** that pursuant to Section 31 of the Nevis Business Corporation Ordinance of 1984 as amended the Board of Directors be and they are hereby authorised to issue the capital stock of the Company to the full amount or number of shares authorised by the Articles of Incorporation, in such amounts as from time to time shall be determined by the Board and that

**RESOLVED:** that registered share certificate number 0001 be issued to Mr. Virgilio Santana Ripoll for one thousand shares and that issuance be entered in the share register of the Company.

Executed by the sole Director of VERVET MANAGEMENT SERVICES LTD

MR. VIRGILIO SANTANA RIPOLL



Incorporated under the Nevis Business Corporation Ordinance as Amended

## Registered Share Certificate

Certificate Number 0001   Number of Shares 1,000

Authorised Capital US$1,000.00 divided into 1,000

Shares Without Par Value

### VERVET MANAGEMENT SERVICES LTD

*THIS IS TO CERTIFY THAT Mr. Virgilio Santana Ripoll is entitled to one thousand shares in the above named Company, subject to the Articles of Incorporation and By-Laws of the said Company and to the terms and conditions endorsed hereon.*

*This 19th Day of February 2009*

_____
Director / Officer

_____
Director / Officer

DA0000332

*For Value Received* **MR. VIRGILIO SANTANA RIPOLL** *hereby sells, assigns and transfers unto*

_____

_____ *Shares represented by the within Certificate, and do hereby irrevocably constitute and appoint*

_____ *Attorney to transfer the said Shares on the books of the within named Corporation with full power of substitution in the premises.*
*Dated _____*

*In the presence of _____*

DA0000333



# CORPORATE RESOLUTION
## RESOLUCIÓN CORPORATIVA

NAUTILUS GROWTH FUND LTD.

("The Company" / "La Compañía")
*Name of Company / Nombre de la Compañía*

"It is hereby resolved that / Por este medio se resuelve que:

1. The Company do open and maintain an account with **Verdmont Capital**, (hereinafter called the "Brokers") for the purchase and sale of and other dealings with stocks, bonds, debentures, rights, warrants and other securities (hereinafter called "Securities") / *La Compañía abra y mantenga una cuenta con Verdmont Capital, (en adelante denominada los "Corredores") para la compra y venta de y otras transacciones con acciones, bonos, obligaciones, derechos, garantías y otros valores (en adelante denominados "Valores").*

2. Any one of the following officers or employees of the Company be and they are hereby authorized on behalf of the Company to do all acts and things and sign all documents required to operate and deal with the said account of the Company and in particular without limiting the generality of the foregoing / *Cualquiera de los ejecutivos o empleados de la Compañía siguientes esté y por este medio ellos son autorizados en representación de la Compañía para hacer todos los actos y cosas y firmar todos los documentos requeridos para operar y negociar con la mencionada cuenta de la Compañía y en particular sin limitar la generalidad de lo siguiente:*

(a) To give instructions to the Brokers either written, verbal or by telephone or fax to buy or sell or otherwise deal with securities on behalf of the Company and either for immediate or future delivery and to bind the Company in respect of any such transaction / *Para dar instrucciones a los Corredores ya sea escritas o por teléfono o fax para comprar o vender o de otra forma negociar con valores en representación de la Compañía y ya sea para entrega inmediata o futura y para comprometer a la Compañía en relación con cualquiera de esas transacciones;*

(b) To give instructions to the Brokers for the delivery of or to receive delivery of cash and securities from the account of the Company including instructions as to the transfer of any such securities to the name of the Company, to the name of any officer or employee of the Company or to any other person or Company whatsoever / *Para dar instrucciones a los Corredores para la entrega de o el recibo de efectivo y valores de la cuenta de la Compañía incluyendo instrucciones para la transferencia de cualquier de esos valores a nombre de la Compañía, a nombre de cualquier ejecutivo o empleado de la Compañía o a cualquier otra persona o Compañía;*

(c) To make payments to the Brokers for the credit of the Company either through transfer of the Company's funds or in any other manner whatsoever; and to receive from the Brokers and give receipts to the Brokers for any monies from the account of the Company kept with the Brokers and to verify, certify or confirm any statements of the Brokers with respect to the said account / *Para hacer pagos a los Corredores para acreditar a la Compañía ya sea a través de transferencia de fondos de la Compañía o en cualquier otra forma; y para recibir de los Corredores y dar recibos a los Corredores por cualesquiera dineros de la cuenta de la Compañía mantenida con los Corredores y para verificar, certificar y confirmar cualesquiera estados de cuenta de los Corredores en relación con la mencionada cuenta*

The following are the authorized Officers and Employees of the Company:
*Los siguientes son los Ejecutivos y Empleados autorizados de la Compañía:*

Name / *Nombre*                     Title / *Título*

VERVET MANAGEMENT SERVICES LTD      DIRECTOR — *Virgilio Santana Dipold*

_____           _____

_____           _____

_____           _____

1

DA0000334

3. Any and all past transactions heretofore had by the Company or by any officer, employee or any other person acting for the Company with the Brokers be and the same are hereby ratified and confirmed. / Cualquier y todas las transacciones pasadas por la Compañía o por cualquier ejecutivo, empleado o cualquier otra persona actuando por la Compañía con sus Corredores de aquí en adelante han sido y las mismas son por este medio ratificadas y confirmadas.

4. All notices and demands upon the Company in relation to the said account may be delivered by the Brokers to any of the aforesaid officers or employees either verbally, in writing or by telephone or fax and if so delivered shall be deemed to have been received by the Company. / Todas las notificaciones y demanda contra la Compañía en relación con la mencionada cuenta puede ser entregada por los Corredores a cualquiera de los ejecutivos o empleados antes mencionados ya sea verbalmente por escrito o por teléfono o fax y si así entregada será considerado que ha sido recibida por la Compañía.

5. The aforesaid officers be and they are hereby authorized to act upon and to carry out the instructions and orders of the said officers and employees of the Company in relation to the said account. / Los ejecutivos antes mencionados están y por este medio son autorizados para actuar en base a y ejecutar las instrucciones y órdenes de los ejecutivos y empleados mencionados de la Compañía en relación a la mencionada cuenta

6. The Brokers be and they are hereby authorized to act upon and to carry out the instructions and orders of the said officers and employees of the company in relation to the said account. / Los Corredores están y por este medio son autorizados para actuar en base a y ejecutar las instrucciones de los ejecutivos y empleados mencionados de la compañía en relación con la cuenta mencionada

**And it is further resolved that / Y adicionalmente se resuelve que:**

This resolution and all parts thereof shall remain in full force and effect until written notice of revocation of the Resolution or any part thereof shall be delivered to the Brokers. / Esta resolución y todas sus partes permanecerán en vigencia y efectiva hasta que aviso escrito de la revocación de la Resolución o cualquier parte de ella sea entregada a los Corredores*

I, VIRGILIO SANTANA RIPOLL OF VERVET MANAGEMENT SERVICES ___(1) of CHARLESTOWN, NEVIS___ (2) as Secretary, DO HEREBY CERTIFY THAT NAUTILUS GROWTH FUND LTD. (3) is legally entitled to and has taken such steps as are necessary to permit it to establish and operate accounts with Brokers for the sale and purchase of securities that the foregoing Resolutions were duly passed by the Directors of the Company at a meeting duly convened and held on the 16th day of FEBRUARY , 200 10 at which a quorum was present and the said Resolutions are still in full force and effect. DATED at SOSUA, DOMINICAN REPUBLIC this 16th day of FEBRUARY 200 10 .

Yo, _____ (1) de _____ (2) como Secretario, POR ESTE MEDIO CERTIFICO QUE _____ (3) legalmente está facultado para y ha tomado tales acciones como son necesarias para permitirle establecer y operar cuentas con los Corredores para la venta y compra de valores que las Resoluciones anteriores fueron debidamente aprobadas por los Directores de la Compañía en una reunión debidamente convocada y celebrada el ____ de _____ de ____ en la que hubo quórum y las Resoluciones mencionadas todavía están en vigencia y efecto. FECHADO en _____ el _____ de ____ de _____.

I FURTHER CERTIFY THAT THE COMPANY HAS NO CORPORATE SEAL.

SECRETARY / Secretario _____

1 Secretary of Company's full name, printed.
   Nombre completo, impreso del Secretario de la Compañía
2 Secretary's city and country of residence
   Ciudad y país de residencia del Secretario
3 Name of Company (must correspond exactly with name of account).
   Nombre de la Compañía (debe corresponder exactamente con el nombre de la cuenta)

Corporate Seal / Sello Corporativo

2

DA0000335



# CERTIFICATE OF INCUMBENCY
## DECLARACION JURADA

The undersigned, being the duly appointed secretary of <u>NAUTILUS GROWTH FUND LTD</u> (the "Corporation"), a corporation duly organized and existing under the laws of <u>CAYMAN ISLANDS</u> .
HEREBY CERTIFIES that the following is a true and correct listing of the Directors and Officers of the Corporation in full force and effect as of the date hereof:

*El abajo firmante, siendo el secretario debidamente designado de _____ (la "Corporación"), una corporación debidamente organizada y existente bajo las leyes de _____ .*
*MEDIANTE EL PRESENTE DOCUMENTO CERTIFICA que la siguiente es una verdadera y correcta lista de los Directores y Ejecutivos de la Corporación en total ejercicio y efecto a la fecha al respecto:*

**DIRECTORS /** *DIRECTORES:*

| | |
|---|---|
| VERVET MANAGEMENT SERVICES LTD | |
| Print Name / *Nombre en imprenta* | Signature / *Firma* Virgilio Santana Ripoll |
| | |
| Print Name / *Nombre en imprenta* | Signature / *Firma* |
| | |
| Print Name / *Nombre en imprenta* | Signature / *Firma* |
| | |
| Print Name / *Nombre en imprenta* | Signature / *Firma* |
| | |
| Print Name / *Nombre en imprenta* | Signature / *Firma* |

**OFFICERS (indicate titles) /** *EJECUTIVOS (indicar cargos):*

| | |
|---|---|
| Name / *Nombre* | Title / *Cargo* |
| | |
| Name / *Nombre* | Title / *Cargo* |
| | |
| Name / *Nombre* | Title / *Cargo* |
| | |
| Name / *Nombre* | Title / *Cargo* |

IN WITNESS WHEREOF, the undersigned has executed this certificate and duly affixed the Seal of the Corporation this day <u>16th FEBRUARY</u> , 20 <u>10</u> .
*COMO TESTIGO DE ESTO, el abajo firmante ha ejecutado esta certificación y debidamente adjuntado el Sello de la Corporación en el día _____ de 20__*

I FURTHER CERTIFY THAT THE COMPANY HAS NO CORPORATE SEAL.

SIGNATURE OF SECRETARY / *FIRMA DEL SECRETARIO*

No Seal

CORPORATE SEAL / *SELLO DE LA CORPORACION*

DA0000336

# CERTIFICATE OF INCUMBENCY
## DECLARACION JURADA

The undersigned, being the duly appointed secretary of _Vervet Management Services Ltd_ (the "Corporation"), a corporation duly organized and existing under the laws of _Nevis_
HEREBY CERTIFIES that the following is a true and correct listing of the Directors and Officers of the Corporation in full force and effect as of the date hereof:
*El abajo firmante, siendo el secretario debidamente designado de _____ (la "Corporación"), una corporación debidamente organizada y existente bajo las leyes de _____.*
*MEDIANTE EL PRESENTE DOCUMENTO CERTIFICA que la siguiente es una verdadera y correcta lista de los Directores y Ejecutivos de la Corporación en total ejercicio y efecto a la fecha al respecto·*

**DIRECTORS /** *DIRECTORES:*

Virgilio Santana Ripoll
Print Name / *Nombre en Imprenta*                    Signature / *Firma*

Print Name / *Nombre en Imprenta*                    Signature / *Firma*

Print Name / *Nombre en Imprenta*                    Signature / *Firma*

Print Name / *Nombre en Imprenta*                    Signature / *Firma*

Print Name / *Nombre en Imprenta*                    Signature / *Firma*

**OFFICERS (indicate titles) /** *EJECUTIVOS (indicar cargos):*

Name / *Nombre*                    Title / *Cargo*

Name / *Nombre*                    Title / *Cargo*

Name / *Nombre*                    Title / *Cargo*

Name / *Nombre*                    Title / *Cargo*

IN WITNESS WHEREOF, the undersigned has executed this certificate and duly affixed the Seal of the Corporation this day _March 10_ , 20_10_.
*COMO TESTIGO DE ESTO, el abajo firmante ha ejecutado esta certificación y debidamente adjuntado el Sello de la Corporación en el día_____. de 20__*
· I FURTHER CERTIFY THAT THE COMPANY HAS NO CORPORATE SEAL.

SIGNATURE OF SECRETARY / *FIRMA DEL SECRETARIO*

no Seal

CORPORATE SEAL / *SELLO DE LA CORPORACIÓN*



HL–181788

*Certificate Of Good Standing*

*TO WHOM IT MAY CONCERN*

*I DO HEREBY CERTIFY that*

Nautilus Growth Fund Ltd.

*a company duly organized and existing under and by virtue of the Laws of The Cayman Islands is at the date of this certificate in Good Standing with the office, and duly authorized to exercise therein all the powers vested in the company.*

*Given under my hand and Seal at George Town in the Island of Grand Cayman this 10th day of March Two Thousand Ten*



An Authorised Officer,
Registry of Companies,
Cayman Islands.

DA0000338

## ISLAND OF NEVIS
## OFFICE OF THE REGISTRAR OF COMPANIES

### *CERTIFICATE OF GOOD STANDING*

I HEREBY CERTIFY that

## VERVET MANAGEMENT SERVICES LTD

Was·duly incorporated and existence commenced under the provisions of the Nevis Business Corporation Ordinance 1984, as amended, on

*19th February, 2009*

I FURTHER CERTIFY that according to the records of this office the said corporation is in  Good Standing and has a legal corporate existence as of the date below shown.



Given under my Hand & Seal at Charlestown This *10th day of March, 2010*

_____
Registrar of Companies

NO.  C 35364

jNph4ngi

DA0000339

# Verdmont Capital

**KYC**

It is Verdmont Capital's policy to know our clients. A copy of this form must be completed for each beneficial owner and signatory of a Verdmont Capital account, including individuals named on Powers of Attorney and Trading Authorizations. The information requested is required under Panama's Anti-Money Laundering regulations. Please complete this form and provide the below listed documentation for each relevant individual. / La política de Conozca a su Cliente de Verdmont Capital. Una copia de este formulario deberá ser completado por cada beneficiario y cada firmante de una cuenta de Verdmont Capital. Esto incluye a individuos que actúan como Apoderados General y Trading autorizados. La información es requerida bajo las regulaciones contra el Lavado de Dinero de Panamá. Por favor complete este formulario y proporcione la documentación listada más adelante para cada persona relevante.

- ☒ Copy of passport *
  Copia de Pasaporte*
- ☒ Copy of secondary photo ID (eg. Driver's License or government ID) *
  Copia de una segunda identificación (Licencia de Conducir, Carnet del Seguro Social)*
- ☒ Bank reference letter **
  Referencias Bancarias**
- ☒ Personal / Professional reference letter **
  Referencias personales y profesionales**

\* Passports and IDs not presented to Verdmont staff in person are required to be notarized or stamped by an Apostille / Los pasaportes e identificaciones no presentadas al personal de Verdmont en persona requerirán que sean notarizadas y apostilladas

\*\* Reference letters must be originals and on letterhead. Copies of reference letters must be notarized or stamped by an Apostille. Reference letters should attest to the subject's good character and must confirm at least 2 years of satisfactory business and/or personal dealings. Letters must be signed and include a contact name and number. Letters may be addressed "To Whom It May Concern". Verdmont may at its discretion verify references on an anonymous basis. / Las cartas de referencia deben ser en original y en papel membretado. Copia de cartas de referencias deben ser notarizadas o apostilladas. Las cartas de referencias deben atestiguar el carácter del sujeto y deben confirmar por lo menos 2 años de negocios y referencias personales satisfactorias. Las cartas deben estar firmadas e incluir una persona de contacto y un número de teléfono. Las cartas deben ir dirigidas 'A quien concierne'. Verdmont puede a su discreción verificar las referencias anónimamente.

If reference does not confirm residential address, please also provide a utility bill, phone bill or other acceptable verification of address. / Si las referencias no confirman la dirección residencial por favor proporcione un recibo de servicios, teléfono u otra referencia aceptada de dirección

| Full Name / Nombre Completo | | Nationality or Citizenship / Nacionalidad | |
|---|---|---|---|
| VIRGILIO  SANTANA  RIPOLL | | DOMINICAN REPUBLIC | |
| Residential Address / Dirección Residencial | | | |
| CALLE #7, CASA #25, TORRE ALTA  IV | | | |
| City / Ciudad | State or Province / Estado o Provincia | Country | Postal Code |
| PUERTO PLATA | | DOMINICAN REPUBLIC | don't have one |
| Home Phone / Teléfono Residencial | Mobile Phone / Celular | Fax | Email |
| (809) 223-2353 | (809) 223-2353 | don't have one | VSANTANA@STEALTHPORT.COM |
| Date of Birth / Fecha de Nacimiento | Marital Status / Estado Civil | | Passport or ID No / Cédula o Pasaporte |
| 21 AUGUST 1975 | MARRIED | | 2499944 |
| **Employment Information / Información Laboral** | | | |
| Occupation or Position / Ocupación o Posición | | Length of Employment / Años de Laborar en la empresa | |
| SELF-EMPLOYED | | | |
| Employer's Name (if self employed describe the nature of your business) / Nombre de la empresa (si es independiente describa el tipo de negocio) | | | |
| ACCOUNTING | | | |
| Employer's Address / Dirección de la empresa | | | |
| SAME   AS   ABOVE | | | |
| City / Ciudad | State or Province / Estado/Provincia | Country / País | Postal Code / Apartado Postal |
| | | | |
| Business Phone / Teléfono de oficina | | Business Fax / Fax de la oficina | |
| | | | |

Edificio Hi-Tech Plaza, Penthouse·Calle 53, Obarrio·Ciudad de Panama, Republica de Panama
T: +507 301 9000 or +800 VERDMONT·F: +507 301 9001·www.verdmont.com.pa

1

DA0000340

# Verdmont Capital

Are you a director, officer or a controlling share holder of a public company?  ☒ No      ☐ Yes / Si
*Es usted director, ejecutivo o accionista mayoritario de una compañía pública?*

If yes, I hereby acknowledge that any filing requirements are solely my responsibility and I am not relying on Verdmont Capital for any assistance or advice in regards to regulatory filings I may be required to undertake in a foreign jurisdiction. / *Si la respuesta es afirmativa, Yo certifico que cualquier documento requerido es bajo mi responsabilidad. No dependo de Verdmont Capital para cualquier asistencia o asesoría con respecto a documentos regulatorios que puedan requerirse para llevar a cabo en una jurisdicción extranjera.*



Initial / *Inicial*

I hereby acknowledge that any tax obligations I may have are solely my responsibility, that I have sought professional tax counsel and that I am not relying on Verdmont Capital for taxation advice. / *Por esta medio yo reconozco que, cuando sea necesario, yo he buscado asesoría fiscal profesional y que cualesquiera obligaciones fiscales que yo pudiera tener son solamente mi responsabilidad. Yo no estoy dependiendo de Verdmont Capital para consejo o asistencia fiscal.*

Initial / *Inicial*

I certify that the information provided by me in this document is true and correct, and I agree to advise Verdmont Capital, SA immediately of any changes to this information. / *Certifico que la información plasmada por mí en este documento es veraz y correcta, y me comprometo a informar a Verdmont Capital SA inmediatamente de cualquier cambio en esta información.*

Signed / *Firma* _____        Date / *Fecha* ____25 OCTOBER 2007____

Edificio Hi-Tech Plaza, Penthouse · Calle 53, Obarrio · Ciudad de Panama, Republica de Panama
T: +507 301 9000 or +800 VERDMONT · F: +507 301 9001 · www.verdmont.com.pa

2

DA0000341

# Verdmont Capital 

**KYC**

It is Verdmont Capital's policy to know our clients. A copy of this form must be completed for each beneficial owner and signatory of a Verdmont Capital account. This includes individuals named on Powers of Attorney and Trading Authorizations. The information requested is required under Panama's Anti-Money Laundering regulations. Please complete this form and provide the below listed documentation for each relevant individual. / *Es política de Verdmont Capital conocer a su cliente. Una copia de este formulario deberá ser completado por cada propietario efectivo y firmantes de una cuenta de Verdmont Capital. Esto incluye a individuos que actúan como Apoderados Generales y corredores autorizados. La información es requerida bajo las regulaciones contra el Lavado de Dinero de Panamá. Por favor complete este formulario y proporcione la documentación listada más adelante para cada persona relevante*

- ☐ Certified Copy of photo page of passport or other official identification document*
  *Copia Certificada del pasaporte o cédula u otro documento oficial de identidad de origen**
- ☐ Copy of secondary photo ID (eg. Driver's License or government ID)
  *Copia de una segunda identificación (Licencia de Conducir, Carné del Seguro Social)*
- ☐ One Bank reference letter and one Commercial reference letter or two of either**
  *Una carta de referencia bancaria y una carta de referencia comercial o dos referencias comerciales o dos referencias bancarias **

If reference letters or secondary photo ID does not confirm residential address, please also provide a utility bill, phone bill or other acceptable verification of address. / *Si las cartas de referencia o segunda identificación no confirman la dirección residencial por favor proporcione un recibo de servicios, teléfono u otra referencia aceptada de dirección*

* Passports or personal ID or any other identification document not presented to Verdmont staff in person in Panama are required to be notarized or stamped by an Apostille. *Los pasaportes o cédulas u otro documento de identidad de origen no presentados a personas en Verdmont en persona en Panamá requieren que sean notarizados o apostillados*

** Reference letters must be originals and on letterhead. Copies of reference letters must be notarized or stamped by an Apostille. Reference letters should attest to the subject's good character and must confirm at least 2 years of satisfactory business. Letters must be signed and include a contact name and number. Letters may be addressed "To Whom it May Concern". Verdmont may at its discretion verify references on an anonymous basis. *Las cartas de referencia deben ser originales y en papel membretado. Copia de cartas de referencia deben ser notarizados o apostillados. Las cartas de referencia deben atestiguar el carácter del sujeto y deben confirmar por lo menos 2 años de negocios satisfactorios. Las cartas deben estar firmadas e incluir una persona de contacto y un número de teléfono. Las cartas pueden ser dirigidas "A quien corresponda". Verdmont puede a su discreción verificar referencias*

| Full Name / *Nombre Completo* | | | Nationality or Citizenship / *Nacionalidad* | | |
|---|---|---|---|---|---|
| Virgilio Santana Ripoll | | | DOMINICAN | | |
| Residential Address / *Dirección Residencial* | | | | | |
| 25 - 7th Street, Torre Alta 1V | | | | | |
| City / *Ciudad* | State or Province *Estado o Provincia* | | Country / *País* | | Postal Code *Apartado Postal* |
| PUERTO PLATA | | | DOMINICAN REPUBLIC | | |
| Home Phone *Teléfono Residencial* | Mobile Phone / *Celular* | | Fax | Email *Correo electrónico* | |
| (809) 571-4008 | (809) 233-2353 | | don't have one | vsantanaripoll@hecapital.com | |
| Date of Birth - *Fecha de Nacimiento* | | Marital Status - *Estado Civil* | | Passport or ID No / *Cédula o Pasaporte* | |
| 21ST AUGUST 1975 | | MARRIED | | SG0645045 | |
| Employment Information / *Información Laboral* | | | | | |
| College Degree *Profesión* | Current Occupation or Position / *Ocupación o Posición actual* | | | Length of Employment *Años de Ocupación en la empresa* | |
| Accountancy- Summa Cum Laude | ACCOUNTANT | | | 10 YEARS | |
| Employer's Name (If self employed describe the nature of your business) *Nombre de su empresa, si es self employed describir la naturaleza o tipo de negocio* | | | | | |
| SELF EMPLOYED - ACCOUNTANT | | | | | |
| Employer's Address *Dirección de la empresa* | | | | | |
| | | | | | |
| City / *Ciudad* | State or Province *Estado o Provincia* | | Country / *País* | | Postal Code *Apartado Postal* |
| | | | | | |
| Business Phone *Teléfono de la Oficina* | | | Business Fax *Fax de Oficina* | | |
| | | | | | |

*Written note in left margin:* Home *(arrow pointing to Residential Address)*

DA0000342

# Verdmont Capital

Are you a director, officer or a controlling shareholder of a public company?
*Es usted director, ejecutivo o accionista mayoritario de una compañía pública?*

[X] No        [ ] Yes / Si    If yes, please attach details. / *En caso afirmativo, por favor adjuntar detalles.*

I hereby acknowledge that any regulatory filing requirements are solely my responsibility and I am not relying on Verdmont Capital for any assistance or advice in regards to regulatory filings I may be required to undertake in a foreign jurisdiction. / *Yo certifico que cualquier documento reglamentario requerido es bajo mi responsabilidad. No dependo de Verdmont Capital para cualquier asistencia o asesoría con respecto a documentos reglamentarios que puedan requerirse para llevar a cabo en una jurisdicción extranjera.*

Initial / *Inicial*

I hereby acknowledge that any tax obligations I may have are solely my responsibility, that I have sought professional tax counsel and that I am not relying on Verdmont Capital for taxation advice. / *Por este medio yo reconozco que, cuando sea necesario, yo he buscado asesoría fiscal profesional y que cualesquiera obligaciones fiscales que yo pudiera tener son solamente mi responsabilidad. Yo no estoy dependiendo de Verdmont Capital para consejo o asistencia fiscal.*

Initial / *Inicial*

Have you been politically exposed? (if the response is affirmative please complete the PEP form). / *Ha estado políticamente expuesto? (Si la respuesta es afirmativa por favor completar el formulario PEP).*

[ ] Yes / Si    [X] No

I certify that the information provided by me in this document is true and correct, and I agree to advise Verdmont Capital, SA immediately of any changes to this information. / *Certifico que la información plasmada por mi en este documento es veraz y correcta, y me comprometo a informar a Verdmont Capital SA inmediatamente de cualquier cambio en esta información.*

Signed / *Firma* _____        Date / *Fecha*  16th FEBRUARY 2010

Edificio Hi-Tech Plaza, Penthouse-Calle 53, Obarrio-Apartado Postal 0823-03017 - Ciudad de Panamá, República de Panamá
T: +507 301 9000 or +800 VERDMONT- F: 507 301 9001- www.verdmont.com.pa

2

DA0000343





**ADVERTENCIAS:**

1. Este pasaporte tendrá validez sólo si está firmado por la persona a quién le fue expedido.

2. Todo pasaporte que presente señales de haber sido alterado carece de validez.

3. Este pasaporte sólo es válido para la persona en cuyo favor se ha expedido, según consta en la página 2.

4. Las expediciones y renovaciones de pasaportes serán hechas por los funcionarios competentes de la Secretaría de Estado de Relaciones Exteriores. Las renovaciones podrán hacerse en el exterior por los funcionarios competentes de Embajadas y Consulados rentados de la República.

5. Este pasaporte contiene 48 páginas con numeración original sucesiva.

0332701 z

Yo, **LICDO. MOISES NUÑEZ**, Notario Público de los del Número para el Municipio de Puerto Plata, Provisto del Carnet número 3628 del Colegio Dominicano de Notarios, Inc., dominicano, mayor de edad, soltero, portador de la cédula de identidad personal número 037-0033870-4, con estudio profesional abierto en la calle 3 número 49 del Barrio Invi de esta Ciudad de San Felipe de Puerto Plata, R.D. **CERTIFICO**: Que la copia que se encuentra al dorso de este documento, es fiel y conforme al original del pasaporte número SG0645045, el cual he tenido a la vista, y que corresponde a la identidad del señor **VIRGILIO SANTANA RIPOLL**, según he podido comprobar al compararlo con otro documento que me ha presentado:

En la ciudad de San Felipe de Puerto Plata, a los Tres (03) días del mes de Marzo del año Dos.Diez (2010); ————————————————————————————

LIC. MOISES NUÑEZ
Notario Público 3628

DA0000344



Oct. 19, 07

DA0000345







DA0000347



| | |
|---|---|
| Cédula | : 037-0030969-7 |
| Nombre(s) | : VIRGILIO |
| Apellido(s) | : SANTANA RIPOLL |
| Fecha Nac. | : 21/08/1975 |
| Sexo | : MASCULINO |
| Municipio/Ciudad | : 037-PUERTO PLATA |
| Recinto Actual | : 00002-CASA ALBERGUE DE MARTINA AV. ISABEL DE TORRES |
| Circunscripción | : 01 |
| Colegio de Votación | : 0050 |
| | VISITE SU RECINTO DE VOTACION |
| Estatus | : TERMINADA |
| Posición Pag | : 0 |





*El valor de la eficiencia
en un mercado competitivo*

Puerto Plata, Rep. Dom.
Oficina Camino Real
03 de marzo de 2010

Señor
Virgilio Santana Ripóll
Sus Manos

Para los fines que correspondan, le certificamos que usted posee cuentas corrientes, de ahorros y certificados financieros con nuestra Institución.

Facilitamos estos datos a solicitud de nuestro cliente, bajo estricta confidencia y sin responsabilidad de nuestra parte.

Sin otro particular y quedando a su disposición para cualquier información adicional, se despide.

Atentamente,

Keila Pascual Reynose
Gerente

DA0000349



**BanReservas**

*El valor de la eficiencia
en un mercado competitivo*

*Puerto Plata, Rep. Dom.
08 Octubre 2007*

*Señores:*
~~H. E. Capital~~
*Distinguidos señores:*

*Por medio de la presente, certificamos que el Sr. Virgilio Santana Ripoll
Ced. 037-0030969-7 es cliente nuestro con varias cuentas desde el año
2003.*

*Facilitamos estos datos a solicitud de nuestro cliente, bajo estricta
confidencia y sin responsabilidad de nuestra parte.*

*Hacemos esta constancia a solicitud de la parte interesada, en la ciudad de
San Felipe de Puerto plata, a los (08 días del mes de Octubre 2007).*

*Atentamente*

*Pablo Minte Hernández
Gerente
Ofic. Ferretería El Muelle*

Oct. 19, 07

*Lic. GUIDO LUIS PERDOMO M.*

RNC: 401010062    www.banreservas.com

DA0000350

## A QUIEN PUEDA INTERESAR

Hago constar por la presente, que el SR. VIRGILIO SANTANA RIPOLL de nacionalidad dominicano, mayor de edad, casado, contador, portador de la cédula de identidad personal número 037-0030969-7, domiciliado y residente en esta ciudad de San Felipe de Puerto Plata, República Dominicana, es persona ampliamente conocida por mí, LIC. EDDY BONIFACIO, dominicano, mayor de edad, casado, abogado de los Tribunales de la República Dominicana, con Matrícula del Colegio de Abogado número 25708-950-02, portador de la cédula de identidad y electoral número 037-0031140-4, con estudio profesional abierto en la calle DR. Zafra esquina Antera Mota, en el Edificio Abreu (El Frutal), Segundo Nivel, Suite B, de esta ciudad de Puerto Plata, República Dominicana, que ha demostrado ser una persona seria y responsable en todos los aspectos de su vida pública y privada en los que he tenido la oportunidad de tratar con él, por un período de más de Veinte (20) años.

En la ciudad de San Felipe de Puerto Plata, R. D. a los Tres (3) días del mes de Marzo del año Dos Mil Diez (2010).-

LIC. EDDY BONIFACIO

Yo, LICDO. MOISES NÚÑEZ, Notario Público de los del Número para el Municipio de Puerto Plata, Provisto del Carnet número 3628 del Colegio Dominicano de Notarios, Inc., dominicano, mayor de edad, soltero, portador de la cédula de identidad personal número 037-0033870-4, con estudio profesional abierto en la calle 3 número 49 del Barrio Invi de esta Ciudad de San Felipe de Puerto Plata; CERTIFICO: Que la firma que antecede ha sido puesta libre y voluntariamente en mí presencia por el LIC. EDDY BONIFACIO, cuyas demás generales constan, persona que me manifestó que esa es la firma que acostumbra a usar en todos los actos de su vida, tanto públicos como privados. En la ciudad de San Felipe de Puerto Plata, a los Tres (03) días del mes de Marzo del año Dos Mil Diez (2010).-

LIC. MOISES NÚÑEZ
Notario Público 3628

DA0000351



### Lic. Guido Luis Perdomo Montalvo
Abogado – Notario Público

Calle Pedro Clisante, No. 73, 2ª Planta
Plaza Perdomo, El Batey, Sosúa, Rep. Dom.
Tel.: (809) 571-1950 y 571- 3274
Fax: (809) 571-2766
guidoperdomo@yahoo.com

U.S. Mailing Address
EPS – G 165.
P.O. Box 02-5553
Miami, Florida, 33102

Sosua, Dominican Republic:

October 18, 2007

To whom it may concern:

I am familiar with Mr. Virgilio Santana Ripoll, passport # 2499944 and cedula # 037-0030969-7, who has been known to me on a professional basis for several years, and can confirm that he has always conducted himself in a professional, diligent, conscientious and trustworthy manner.

I can also confirm that Mr. Virgilio Santana currently resides at:

Calle #7 Casa #25
Torre Alta IV
Puerto Plata
Dominican Republic

Yours sincerely,

Lic. Guido Luis Perdomo Montalvo
Notary Public & Lawyer

DA0000352



Id Cliente: 407
Nombre: [ilegible]
Dirección: Calle Monte Adentro Puerto Plata
Referencia:
No. Contrato: 274
RNC: 037-00208988-7

Fecha de: 26/05/2009   Moneda: RD

Fecha: 05/02/2004   Tarifa: R   BT I

Número de Factura: 50901
Período de Facturación Itbi: 25/04/2009 al 25/05/2009
Fecha Límite de Pago: 10/06/2009
Días Facturados: 31

Atraso: $0.00
Facturado en el Mes: $1,552.38
Total de Factura: $1,552.38

Estimado usuario, si su factura presenta algún tipo de anomalía, favor de presentarse en nuestras oficinas

| No. Contador-Lectura | Tipo Lectura | Lectura Anterior | Lectura Actual | Múltiplo | Consumo | Cantidad | Tarifa | Valor $ |
|---|---|---|---|---|---|---|---|---|
| 22-964-653 | 2. Cargo Fijo | | | | | | | $81.40 |
| | 3. Activa | 16,627.0000 | 16,640.0000 | 1.0000 | 213.0000 | <200.00  200.00 | 6.870000 | $1,374.00 |
| | 4. Activa | | | | | >200.00  13.00 | 7.460000 | $96.98 |
| 23-964-653 | | | | | | | | $1,552.38 |

Factura del Mes: $1,552.38

Atraso: $0.00
Total de Factura: $1,552.38

Puerto Plata Electricidad, Carretera Puerto Plata-Sosúa frente a Playa Dorada   RNC-10154552   Teléfonos: 809-586-4007, 809-261-011, 809-2...

DA0000353

BELIZE

THE INTERNATIONAL BUSINESS COMPANIES ACT
CHAPTER 270 OF THE LAWS OF BELIZE

MEMORANDUM OF ASSOCIATION

AND

ARTICLES OF ASSOCIATION

OF

Keyse Management Ltd.

IBC NO. 54,994

INCORPORATED THE

18th DAY OF September, 2006.

REGISTERED AGENT:

The Belize Bank Limited
60 Market Square
PO Box 364
Belize City
Belize
Central America

Telephone: 501 22 77132/3/4/5
Fax: 501 22 77018
Telefax: 158 BZE BANK BZ

CERTIFIED TO BE A TRUE COPY
OF THE ORIGINAL

KATHERINE HAYLOCK, DEPUTY
OF INTERNATIONAL BUSINESS
COMPANIES REGISTRY

# THE INTERNATIONAL BUSINESS COMPANIES ACT
## CHAPTER 270 OF THE LAWS OF BELIZE

### INDEX

### MEMORANDUM OF ASSOCIATION

**CLAUSE**

| | | |
|---|---|---|
| 1 | NAME | 1 |
| 2 | REGISTERED OFFICE | 1 |
| 3 | REGISTERED AGENT | 1 |
| 4 | GENERAL OBJECTS AND POWERS | 1 |
| 5 | EXCLUSIONS | 5 |
| 6 | SHARE CAPITAL | 5 |
| 7 | AMENDMENTS | 7 |

### ARTICLES OF ASSOCIATION

**ARTICLE**

| | | |
|---|---|---|
| 1 | PRELIMINARY | 8 |
| 2 | OFFICES | 9 |
| 3 | REGISTERED SHARES | 9 |
| 4 | BEARER SHARES | 9 |
| 5 | SHARES - ISSUE, TRANSFER AND TRANSMISSION | 12 |
| 6 | MEETINGS OF MEMBERS | 13 |
| 7 | VOTING AND PROXIES | 16 |
| 8 | DIRECTORS | 17 |
| 9 | POWERS OF DIRECTORS | 18 |
| 10 | PROCEEDINGS OF DIRECTORS | 18 |
| 11 | OFFICERS | 20 |
| 12 | SEAL | 20 |
| 13 | DIVIDENDS | 21 |
| 14 | AUDIT | 22 |
| 15 | NOTICES | 22 |
| 16 | AMENDMENTS | 24 |

DA0000355

BELIZE

## THE INTERNATIONAL BUSINESS COMPANIES ACT
### CHAPTER 270 OF THE LAWS OF BELIZE

MEMORANDUM OF ASSOCIATION

OF

### Keyse Management Ltd.

1.    **NAME**

   The name of the Company is Keyse Management Ltd.

2.    **REGISTERED OFFICE**

   The Registered Office of the Company is 60 Market Square, PO Box 364, Belize City or such other place within Belize as the Company may from time to time by a resolution of the members determine.

3.    **REGISTERED AGENT**

   The Registered Agent of the Company is The Belize Bank Limited of 60 Market Square, PO Box 364, Belize City or such other person qualified under the International Business Companies Act Chapter 270 of the Laws of Belize (including any Statutory modification or re-enactment thereof for the time being in force) (the "Act") as the Company may from time to time by a resolution of the members determine.

4.    **GENERAL OBJECTS AND POWERS**

   The objects of the Company are to engage in any act or activity that is not prohibited under any law for the time being in force in Belize including, but not limited to, the following:

   4.1    to carry on the business of an investment company and for that purpose to acquire and hold either in the name of the Company or in that of any nominee shares, stocks, debentures, debenture stock, scrip, bonds, notes, obligations, investments and securities and warrants or options in respect of any shares, stocks, debentures, debenture stock, scrip, bonds, notes, obligations, investments or securities;

   4.2    to acquire such shares, stocks, debentures, debenture stocks, scrip, bonds, notes, obligations, investments or securities or warrants or options therein by original subscription, contract, tender, purchase, exchange, underwriting, participation in syndicates or otherwise, and whether or not fully paid up, and to subscribe for the same subject to such terms and conditions (if any) as may be thought fit;

DA0000356

2

4.3    to exercise and enforce all rights and powers conferred by or incident to the ownership of any such shares, stock, obligations or other securities including without prejudice to the generality of the foregoing all such powers of veto or control as may be conferred by virtue of the holding by the Company of some special proportion of the issued or nominal amount thereof and to provide managerial and other executive supervisory and consultancy services for or in relation to any company in which the Company is interested upon such terms as may be thought fit;

4.4    to acquire and hold either in the name of the Company or in that of any nominee and whether as principal or broker or agent any currency in any form in any part of the world and any commodity and to enter into any contract of purchase, sale or option to purchase or sell in respect of any such currency or commodity;

4.5    to offer for public subscription any shares or stocks in the capital of or debentures or debenture stock or other securities of or otherwise to establish or promote or concur in establishing or promoting, any company, societe anonyme, association, undertaking or public or private body;

4.6    to carry on business as capitalists, financiers, concessionaires and merchants and to undertake and carry on and execute any other business which may seem to be capable of being conveniently carried on in connection with any of these objects or calculated directly or indirectly to enhance the value of or facilitate the realisation of, or render profitable, any of the Company's property or rights;

4.7    to carry on the business of a property investment and holding company and for that purpose to purchase, take on lease, or in exchange, or otherwise acquire, hold, undertake or direct the management of work, develop the resources of, and turn to account any estates, lands, buildings, tenements, and other real property and property of every description, whether of freehold, leasehold, or other tenure, and wheresoever situate, and any interests therein, rights and powers conferred by, or incident to, the ownership of any such property;

4.8    to sell, lease, let, mortgage, or otherwise dispose of, grant rights over or otherwise provide any such property of the Company without seeking rental or consideration for such disposal or provision, or otherwise upon such terms as the Company shall determine;

4.9    to acquire and assume for any estate or interest and to take options over, construct, develop or exploit any property, real or personal or movable or immovable and rights of any kind and the whole or any part of the undertaking assets and liabilities of any person and to act and carry on business as a holding company;

3

4.10    to acquire, trade and deal with, or hold stocks, shares, bonds, debentures, scrip, investments and securities of all kinds issued in any country in any part of the world;

4.11    to raise and borrow money by the issue of shares, stock, debentures, bonds, obligations, deposit notes and otherwise howsoever and to underwrite any such issue and without limiting the generality of the foregoing to secure or discharge any debt or obligation of or binding on the Company in any manner and in particular by the issue of debentures (perpetual or otherwise) and to secure the repayment of any money borrowed raised or owing by mortgage, charge, or lien upon the whole or any part of the Company's property or assets (whether present or future);

4.12    to deposit the monies of the Company with any company or person and to advance and lend money upon such terms as may be arranged and with or without security and to guarantee the performance of any contract or obligation and the payment of money of or by any person or company, and generally to give guarantees and indemnities including guarantees and indemnities in respect of the liabilities of persons whether or not associated with the Company and whether or not the Company receives any consideration therefor and to secure any such guarantee or indemnity by the grant of charges, mortgages or liens on the whole or any part of the Company's property or assets present or future;

4.13    to apply for, purchase or by other means acquire and protect, prolong and renew any patents, patent rights, brevets d'invention, licences, trade marks, protections and concessions or other rights which may appear likely to be advantageous or useful to the Company;

4.14    to acquire and undertake, on any terms and subject to any conditions, the whole or any part of the business, property and liabilities of any person or company carrying on any business which the Company is authorised to carry on, or possessed of property suitable for the purposes of the Company;

4.15    to amalgamate with or enter into partnership or any joint purpose or profit-sharing arrangement with or to co-operate in any way with, or assist or subsidise any company, firm or person carrying on, or proposing to carry on, any business within the objects of the Company;

4.16    to purchase with a view to closing or reselling in whole or in part any business or properties which may seem or be deemed likely to injure by competition or otherwise any business or branch of business which the Company is authorised to carry on, and to close, abandon and give up any works or businesses at any time acquired by the Company;

4.17    to act as directors or managers or to appoint directors or managers of any subsidiary company or of any other company in which this Company is or may be interested;

DA0000358

4

4.18   to make, draw, accept, endorse, discount, negotiate, execute and issue and to buy, sell and deal in promissory notes, bills of exchange, cheques, bills of lading, shipping documents, dock and warehouse warrants and other instruments negotiable or transferable or otherwise;

4.19   to lend money with or without security and to subsidise, assist and guarantee the payment of money by or the performance of any contract, engagement or obligation by any persons or companies;

4.20   to constitute any trusts with a view to the issue of preferred or deferred or any other special stocks or securities based on or representing any shares, stocks, or other assets specifically appropriated for the purposes of any such trusts, and to settle and regulate and, if thought fit, to undertake and execute any such trusts and to issue, dispose of or hold any such preferred, deferred or other special stocks or securities;

4.21   to pay all preliminary expenses of the Company and any company promoted by the Company or any company in which this Company is or may contemplate being interested including in such preliminary expenses all or any part of the costs and expenses of owners of any business or property acquired by the Company;

4.22   to enter into any arrangements with any Government or authority, imperial, supreme, municipal, local or otherwise, or company that seems conducive to the Company's objects or any of them and to obtain from any such Government, authority, or company any charters, contracts, decrees, rights, grants, loans, privileges or concessions which the Company may think it desirable to obtain and to carry out, exercise and comply with others;

4.23   to vest any real or personal property, rights or interest, acquired by or belonging to the Company in any person or company on behalf or for the benefit of the Company, with or without any declared trust in favour of the Company;

4.24   to undertake and perform sub-contracts and to act through or by means of agents, brokers, sub-contractors or others;

4.25   to remunerate any person or company rendering services to the Company, whether by cash payment or by the allotment to him or them of shares, stocks, debentures, bonds or other securities of the Company credited as paid up in full or in part or otherwise;

4.26   to procure the Company to be registered or recognised in any part of the world outside Belize;

4.27   to distribute among the members of the Company in kind any property of the Company (whether by way of dividend or otherwise) and in particular any shares, stocks, debentures, bonds or other securities belonging to or at the disposal of the Company;

5

4.28     to do all or any of the above things in any part of the world, and either as principals, agents, trustees, contractors or otherwise and either alone or in conjunction with others, and either by or through agents, sub-contractors, trustees or otherwise;

4.29     to accept payment for any property or rights sold or otherwise disposed of or dealt with by the Company either in cash, by instalments or otherwise, or in fully or partly paid up shares of any company or corporation, with or without deferred or preferred rights in respect of dividend or repayment of capital or otherwise or in debentures or mortgage debentures or debenture stock, mortgages or other securities of any company or corporation, or partly in one mode and partly in another and to hold, dispose of or otherwise deal with any shares, stock or securities so acquired;

4.30     to have the power exercisable solely by resolution of the directors to vest the corpus or the income of any trust in itself and to do all such things as may be conducive to the attainment of such objects; and

4.31     to make such gifts of the Company's property as all members of the Company in general meeting shall decide including, without limiting the generality thereof, the power to vest all or any part of the Company's property, revocable or irrevocable, in the name of trustees for the benefit of such person or persons including the Company on such terms as all the members of the Company in general meeting shall decide.

The Company shall have all such powers as are permitted by law for the time being in force in Belize which are necessary or conducive to the conduct, promotion or attainment of the objects of the Company.

5.    **EXCLUSIONS**

The Company shall not carry on any business or engage in any activity contrary to Section 5 of the Act.

6.    **SHARE CAPITAL**

6.1     Shares in the Company shall be issued in the currency of The United States of America.

6.2     The authorised capital of the Company is fifty thousand dollars ($50,000) divided into fifty thousand (50,000) shares of one dollar ($1.00) par value.

6.3     The authorised share capital of the Company is made up of one class of share divided into fifty thousand (50,000) shares of one dollar ($1.00) par value with one (1) vote for each share.

6.4     The designations, powers, preferences, rights, qualifications, limitations and restrictions of each class and series of shares that the Company is authorised to issue, including, but not limited to, the allocation of different rights as to voting, dividends, redemption or distribution on liquidation, shall be fixed by resolution of the directors of the Company unless such designations, powers, preferences, rights, qualifications, limitations and restrictions are fixed by this Memorandum of Association or the Articles of Association of the Company.

DA0000360

6

6.5   Registered or Bearer Shares:

6.5.1   the Company may issue all or part of its authorised shares either as registered shares or as shares issued to bearer and the directors of the Company shall be empowered to determine by resolution of the directors which of such authorised shares shall be issued as registered shares and which as shares issued to bearer unless such determination is fixed by this Memorandum of Association or the Articles of Association of the Company;

6.5.2   shares issued as registered shares may be exchanged for shares issued to bearer; shares issued to bearer may be exchanged for registered shares;

6.5.3   notice to the holders of shares issued to bearer shall be sent by prepaid registered post addressed to the addressee to which the original bearer share certificates were despatched and/or in the manner set out in the Articles of Association of the Company and compliance with the foregoing shall constitute proper service of any notice upon the bearer of such shares.

6.6   Registered shares in the Company may be transferred, subject to compliance with the requirements of the Act and of this Memorandum of Association and the Articles of Association of the Company.

7

7. **AMENDMENTS**

The Company may amend this Memorandum of Association by a resolution of its members.

DA0000362

8

**BELIZE**

**THE INTERNATIONAL BUSINESS COMPANIES ACT**
**CHAPTER 270 OF THE LAWS OF BELIZE**

**ARTICLES OF ASSOCIATION**
**OF**

**Keyse Management Ltd.**

1. PRELIMINARY

In these Articles, if not inconsistent with the subject or context, the words and expressions standing in the first column of the following table shall bear the meanings set opposite them respectively in the second column thereof:

| Words | Meanings |
|---|---|
| the Memorandum | the Memorandum of Association of the Company as originally framed or as from time to time amended; |
| the Act | the International Business Companies Act, Chapter 270 of the Laws of Belize including any statutory modification or re-enactment thereof for the time being in force; |
| the Seal | the Common Seal of the Company, any Overseas Seal or any Securities Seal authorised in accordance with Article 12; |
| Articles | these Articles of Association as originally framed or as from time to time amended. |

"Written" or any term of like import includes words typewritten, printed, painted, engraved, lithographed, photographed or represented or reproduced by any mode of representing or reproducing words in a visible form, including telex, telegram, cable or other form of writing produced by electronic communication.

Save as aforesaid, words or expressions contained in these Articles shall bear the same meanings as in the Act but excluding any statutory modification thereof not in force when these Articles become binding on the Company.

Words importing the singular number shall include the plural number and vice versa; words importing the masculine gender shall include the feminine and neuter genders respectively; words importing persons shall include bodies corporate and unincorporated associations of persons.

DA0000363

9

A reference to money in these Articles is a reference to the currency of the United States of America unless otherwise stated.

## 2. OFFICES

The Company shall at all times have a registered office in Belize. The Company may have an office or offices at such other place or places within or outside Belize as the directors may from time to time by resolution of the directors appoint or the business of the Company may require.

## 3. REGISTERED SHARES

### SECTION 1

The Company shall issue to every member holding registered shares in the Company a certificate signed by a director or officer of the Company and under the Seal specifying the share or shares held by him.

### SECTION 2

Any member receiving a share certificate for registered shares shall indemnify and hold the Company and its directors and officers harmless from any loss or liability which it or they may incur by reason of the wrongful or fraudulent use made by any person by virtue of the possession thereof. If a share certificate for registered shares is worn out or lost it may be renewed on production of the worn out certificate or on satisfactory proof of its loss together with such indemnity as may be required by a resolution of the directors.

### SECTION 3

If several persons are registered as joint holders of any shares, any one of such persons may give an effectual receipt for any dividend payable in respect of such shares.

## 4. BEARER SHARES

### SECTION 1

Subject to a request for the issue of bearer shares and to the payment of the appropriate consideration for the shares to be issued, the Company may, to the extent authorised by the Memorandum, issue bearer shares to, and at the expense of, such person as shall be specified in the request. The Company may also, upon receiving a request in writing accompanied by the share certificate for the shares in question, exchange registered shares for bearer shares or may exchange bearer shares for registered shares. Such request served on the Company by the holder of bearer shares shall specify the name and address of the person to be registered and unless the request is delivered in person by the bearer shall be authenticated as hereinafter provided. Such request served on the Company by the holder of bearer shares shall also be accompanied by any coupons or talons which at the date of such delivery have not become due for payment of dividends or any other distribution by the Company to the holders of such shares. Following such exchange the share certificate relating to the exchanged shares shall be delivered as directed by the member requesting the exchange.

DA0000364

10

SECTION 2

Bearer share certificates shall be under the Seal and shall state that the bearer is entitled to the shares therein specified, and may provide by coupons, talons, or otherwise for the payment of dividends or other monies on the shares included therein.

SECTION 3

Subject to the provisions of the Act, the Memorandum and of these Articles the bearer of a bearer share certificate shall be deemed to be a member of the Company and shall be entitled to the same rights and privileges as he would have had if his name had been included in the share register of the Company as the holder of the shares.

SECTION 4

Subject to any specific provisions in these Articles, in order to exercise his rights as a member of the Company, the bearer of a bearer share certificate shall produce the bearer share certificate as evidence of his membership of the Company. Without prejudice to the generality of the foregoing, the following rights may be exercised in the following manner:

(a)     for the purpose of exercising his voting rights at a meeting, the bearer of a bearer share certificate shall produce such certificate to the chairman of the meeting;

(b)     for the purpose of exercising his vote on a resolution in writing, the bearer of a bearer share certificate shall cause his signature to any such resolution to be authenticated as hereinafter provided;

(c)     for the purpose of requisitioning a meeting of members, the bearer of a bearer share certificate shall address his requisition to the directors and his signature thereon shall be duly authenticated as hereinafter provided; and

(d)     for the purpose of receiving dividends, the bearer of a bearer share certificate shall present at such places as may be designated by the directors any coupons or talons issued for such purpose, or shall present the bearer share certificate to any paying agent authorised to pay dividends.

SECTION 5

The signature of a bearer of a bearer share certificate shall be deemed to be duly authenticated if the bearer of the bearer share certificate shall produce such certificate to a notary public or a bank manager or a director or officer of the Company (herein referred to as an "authorised person") and if the authorised person shall endorse the document bearing such signature with a statement;

DA0000365

11

(a)    identifying the bearer share certificate produced to him by number and date and specifying the number of shares and the class of shares (if appropriate) comprised therein;

(b)    confirming that the signature of the bearer of the bearer share certificate was subscribed in his presence and that if the bearer is representing a body corporate he has so acknowledged and has produced satisfactory evidence thereof; and

(c)    specifying the capacity in which he is qualified as an authorised person and, if a notary public, affixing his seal thereto or, if a bank manager, attaching an identifying stamp of the bank of which he is a manager.

SECTION 6

Notwithstanding any other provisions of these Articles, at any time, the bearer of a bearer share certificate may deliver the certificate for such shares into the custody of the Company at its registered office, whereupon the Company shall issue a receipt therefor under the Seal signed by a director or officer identifying by name and address the person delivering such certificate and specifying the date and number of the bearer share certificate so deposited and the number of shares comprised therein. Any such receipt may be used by the person named therein for the purpose of exercising the rights vested in the shares represented by the bearer share certificate so deposited including the right to appoint a proxy. Any bearer share certificate so deposited shall be returned to the person named in the receipt or his personal representative (if such person be dead) and thereupon the receipt issued therefor shall be of no further effect whatsoever and shall be returned to the Company for cancellation or, if it has been lost or mislaid, such indemnity as may be required by resolution of the directors shall be given to the Company.

SECTION 7

The bearer of a bearer share certificate shall for all purposes be deemed to be the owner of the shares comprised in such certificate and in no circumstances shall the Company or the chairman of any meeting of members or the Company's registrars or any director or officer of the Company or any authorised person be obliged to enquire into the circumstances whereby a bearer share certificate came into the hands of the bearer thereof, or to question the validity or authenticity of any action taken by the bearer of a bearer share certificate whose signature has been authenticated as provided in Section 5 above.

SECTION 8

If the bearer of a bearer share certificate shall be a company, then all the rights exercisable by virtue of such shareholding may be exercised by an individual duly authorised to represent the company but unless such individual shall acknowledge that he is representing a company and shall produce upon request satisfactory evidence that he is duly authorised to represent the company, the individual shall for all purposes hereof be regarded as the holder of the shares in any bearer share certificate held by him.

12

## SECTION 9

The directors may provide for payment of dividends to the holders of bearer shares by coupons or talons and in such event the coupons or talons shall be in such form and payable at such time and in such place or places as the directors shall resolve. The Company shall be entitled to recognise the absolute right of the bearer of any coupon or talon issued as aforesaid to payment of the dividend to which it relates and delivery of the coupon or talon to the Company or its agents shall constitute in all respects a good and final discharge of the Company in respect of such dividend.

## SECTION 10

If any bearer share certificate, coupon or talon be worn out or defaced, the directors may, upon the surrender thereof for cancellation, issue a new one in its stead, and if any bearer share certificate, coupon or talon be lost or destroyed, the directors may upon the loss or destruction being established to their satisfaction, and upon such indemnity being given to the Company as it shall by resolution of the directors determine, issue a new bearer share certificate in its stead, and in either case on payment of such sum as the Company may from time to time by resolution of the directors require. In case of loss or destruction the person to whom such new bearer share certificate, coupon or talon is issued shall also bear and pay to the Company all expenses incidental to the investigation by the Company of the evidence of such loss or destruction and to such indemnity.

## 5. SHARES – ISSUE, TRANSFER AND TRANSMISSION

## SECTION 1

Subject to the provisions of the Act, the Memorandum, these Articles and any resolution of the members of the Company any unissued shares of the Company shall be at the disposal of the directors who may, without prejudice to any rights previously conferred on the holders of any existing shares or class or series of shares, offer, allot, grant options over or otherwise dispose of the shares to such persons, at such times and upon such terms and conditions as the directors may determine.

## SECTION 2

The Company shall issue certificates in respect of its shares, whether registered shares or bearer shares. No notice of a trust, whether expressed, implied or constructive, shall be entered in the share register of the Company.

## SECTION 3

The directors may refuse to register any transfer of shares in favour of more than four persons jointly.

DA0000367

13

### SECTION 4

The registration of transfers of shares may be suspended and the share register closed at such times and for such periods as the Company may from time to time by resolution of the directors determine provided always that such registration shall not be suspended and the share register closed for more than 60 days in any period of 12 months.

### SECTION 5

The executor or administrator of a deceased member, the guardian of an incompetent member or the trustee of a bankrupt member shall be the only person recognised by the Company as having any title to his shares but they shall not be entitled to exercise any rights as a member of the Company until they have proceeded as set forth in the Act and in Section 6 below.

### SECTION 6

Any person becoming entitled by operation of law or otherwise to a share or shares in consequence of the death, incompetence or bankruptcy of any member may be registered as a member upon such evidence being produced as may reasonably be required by the directors. An application by any such person to be registered as a member shall be deemed to be a transfer of shares of the deceased, incompetent or bankrupt member and the directors shall treat it as such.

### SECTION 7

The directors may make such rules and regulations as are in accordance with the Act, the Memorandum and these Articles and as they may deem expedient concerning the issuance and transfer of certificates representing shares of the Company and may appoint transfer agents or registrars, or both, and may require all share certificates to bear the signature of either or both of the foregoing. Nothing herein shall be construed to prohibit the Company from acting as its own transfer agent at any of its offices.

### 6. MEETINGS OF MEMBERS

### SECTION 1

The Company may hold once in every calendar year an annual meeting at such time and place as may be designated in the notice of meeting.

### SECTION 2

All meetings of members other than annual meetings shall be called special meetings. The directors may call special meetings and, on the requisition of members pursuant to the provisions of the Act, shall forthwith proceed to call a special meeting for a date not later than eight weeks after receipt of the requisition.

DA0000368

14

### SECTION 3

Meetings of the members shall be held at such place either within or without Belize as may be fixed from time to time by the directors or if no such place has been fixed, such place as shall be stated in the notice of any such meeting.

### SECTION 4

Written notice of the time, place and, as far as practicable, purposes of each meeting of the members shall be given by any director or by the Secretary and shall be served in the manner required by Article 15 Section 1 to each member entitled to vote at such meeting.

### SECTION 5

Each meeting of the members shall be presided over by the Chairman of the board of directors (if any) or, in his absence, by such person as may be designated from time to time by the board of directors or, in the absence of such person or if there shall be no such designation, by a chairman to be chosen at the meeting. The Secretary shall act as secretary of each meeting of the members or, if he shall not be present, such person as may be designated by the board of directors shall act as such secretary or, in the absence of such person or if there shall be no such designation, a secretary shall be chosen at the meeting.

### SECTION 6

Without prejudice to Section 17 below, at all meetings of the members two persons entitled to vote upon the business to be transacted, each being a member or a proxy for a member or a duly authorised representative of a corporation, shall be necessary and sufficient to constitute a quorum for the transaction of business, except as otherwise provided by the Act, by the Memorandum or by these Articles.

### SECTION 7

No business shall be transacted at any meeting of the members unless a quorum is present. If such quorum is not present within half an hour from the time appointed for the meeting, or if during a meeting such a quorum ceases to be present, the meeting shall stand adjourned from time to time until a quorum shall attend or to such time and place as the directors may determine.

### SECTION 8

The chairman may, with the consent of a meeting at which a quorum is present (and shall if so directed by the meeting), adjourn the meeting from time to time and from place to place, but no business shall be transacted at an adjourned meeting other than business which might properly have been transacted at the meeting had the adjournment not taken place. When a meeting is adjourned for fourteen days or more notice shall be given of the adjourned meeting in accordance with Section 4 above. Otherwise it shall not be necessary to give such notice.

DA0000369

15

## SECTION 9

A director shall, notwithstanding that he is not a member, be entitled to attend and speak at any meeting of the members and at any separate meeting of the holders of any class of shares in the Company.

## SECTION 10

A resolution put to the vote of the meeting of the members shall be decided on a show of hands unless before, or on the declaration of the result of, the show of hands a poll is duly demanded.   Subject to the provisions of the Act or the Memorandum, a poll may be demanded –

(1)       by the chairman of the meeting; or

(2)       by at least two members having the right to vote at the meeting; or

(3)       by a member or members representing not less than 10 per cent. of the total voting rights of all the members having the right to vote at the meeting;

and a demand by a person as proxy for a member shall be the same as a demand by the member.

## SECTION 11

Unless a poll is duly demanded a declaration by the chairman that a resolution has been carried or carried unanimously, or by a particular majority, or lost, or not carried by a particular majority and an entry to that effect in the minutes of the meeting shall be conclusive evidence of the fact without proof of the number or proportion of the votes recorded in favour of or against the resolution.

## SECTION 12

The demand for a poll may, before the poll is taken, be withdrawn but only with the consent of the chairman and a demand so withdrawn shall not be taken to have invalidated the result of a show of hands declared before the demand was made.

## SECTION 13

A poll shall be taken as the chairman directs and he may appoint scrutineers (who need not be members) and fix a time and place for declaring the result of the poll.  The result of the poll shall be deemed to be the resolution of the meeting at which the poll was demanded.

## SECTION 14

In the case of an equality of votes, whether on a show of hands or on a poll, the chairman shall be entitled to a casting vote in addition to any other vote he may have.

16

## SECTION 15

A poll demanded on the election of a chairman or on a question of adjournment shall be taken forthwith. A poll demanded on any other question shall be taken either forthwith or at such time and place as the chairman directs not being more than thirty days after the poll is demanded. The demand for a poll shall not prevent the continuance of a meeting for the transaction of any business other than the question on which the poll was demanded. If a poll is demanded before the declaration of the result of a show of hands and the demand is duly withdrawn, the meeting shall continue as if the demand had not been made.

## SECTION 16

No notice need be given of a poll not taken forthwith if the time and place at which it is to be taken are announced at the meeting at which it is demanded. In any other case at least seven days' notice shall be given specifying the time and place at which the poll is to be taken.

## SECTION 17

If the Company shall have only one member then, provided that such member represents, in person or by proxy, a majority of the shares of the Company issued and outstanding, that member shall have full power to represent and act on behalf of the members of the Company and the provisions herein contained for meetings of the members shall not apply. A member as aforesaid shall record in writing by signing a note or memorandum all matters requiring a resolution of members of the Company and such act shall be deemed a resolution that has been carried unanimously by the members of the Company having the right to vote upon the matter in question. Such a note or memorandum shall be in lieu of minutes of a meeting and shall constitute sufficient evidence of such resolution for all purposes.

## 7. VOTING AND PROXIES

## SECTION 1

At each meeting of the members, if there shall be a quorum, a majority of the votes cast at such meeting by the holders of shares entitled to vote thereon, and present in person or by proxy, shall decide all matters brought before such meeting, except as otherwise provided by the Act, by the Memorandum or by these Articles.

## SECTION 2

Subject to any rights or restrictions attached to any class of shares and to any provisions of the Act regarding joint ownership of shares, at any meeting of the Company each member present in person shall be entitled to one vote on any question to be decided on a show of hands and each member present in person or by proxy shall be entitled on a poll to one vote for each share held by him. A member shall be deemed to be present if he participates by telephone or other electronic means in the manner required by the Act in which event he shall be deemed to have raised or failed to raise his hand on a show of hands and to have voted either for, against or abstained on a poll as communicated by the participant by telephone or other electronic means, as appropriate, at the time of the vote in question. Any failure so to communicate by the participant shall be deemed to be a failure to raise his hand on a show of hands and an abstention on a poll on the vote in question.

DA0000371

17

## SECTION 3

No objection shall be raised to the qualification of any vote except at the meeting at which the vote objected to is tendered. Any objection made in due time shall be referred to the chairman of the meeting whose decision shall be final and conclusive.

## SECTION 4

The instrument appointing a proxy shall be in writing under the hand of the appointer or of his attorney, or, if such appointer is a company, either under the hand of any duly appointed director or officer of such company or under its common seal. The instrument appointing a proxy shall be in any usual or common form or any other form which the directors shall from time to time approve or accept. No person shall be appointed a proxy who is not a member.

## SECTION 5

The provisions of Section 4 above are in addition to and not in derogation of any other statutory or other provision enabling a company (wherever incorporated) which is a member of this Company to authorise a person to act as its representative at a meeting of the members of the Company.

## SECTION 6

An instrument either appointing a proxy or evidencing an authorisation made in the manner referred to in Section 4 above shall be left with the Secretary not less than 24 hours, or such shorter time as may be stated in the form of proxy circulated with the notice of the meeting, before the holding of the meeting or adjourned meeting, as the case may be, at which the person named in such instrument proposes to vote.

## 8. DIRECTORS

## SECTION 1

The first directors of the Company shall be elected by the subscribers to the Memorandum; and thereafter, new directors shall be elected by the members or by the existing directors for such term as the members or the directors, respectively, shall determine.

## SECTION 2

The minimum number of directors shall be one and the maximum number shall be ten.

## SECTION 3

Each director shall hold office for the term, if any, fixed by the resolution of the members or directors, as appropriate, or until his earlier death, resignation or removal.

DA0000372

18

## SECTION 4

Any director may be removed from office, with or without cause, by a resolution of the members or a resolution of the directors.

## 9. POWERS OF DIRECTORS

### SECTION 1

The business and affairs of the Company shall be managed by a board of directors which shall consist of one or more persons who may be individuals or companies. The directors may pay all expenses incurred preliminary to and in connection with the formation, incorporation and registration of the Company and may exercise all such powers of the Company as are not by the Act or by the Memorandum or by these Articles required to be exercised by the members or any other person, subject to any delegation of such powers as may be authorised by these Articles and to such requirements as may be prescribed by a resolution of members; but no requirement made by a resolution of members shall prevail if it be inconsistent with the Act, the Memorandum or these Articles nor shall such requirement invalidate any prior act of the directors which would have been valid if such requirement had not been made.

### SECTION 2

Any director which is a body corporate may appoint any person its duly authorised representative for the purpose of representing it at meetings of the board of directors or with respect to written consents of the directors.

### SECTION 3

The continuing directors may act notwithstanding any vacancy in their body.

### SECTION 4

All cheques, promissory notes, drafts, bills of exchange and other negotiable instruments, and all receipts for monies paid to the Company, shall be signed, drawn, accepted, endorsed or otherwise executed, as the case may be, in such manner as shall from time to time be determined by resolution of the directors.

## 10. PROCEEDINGS OF DIRECTORS

### SECTION 1

The directors of the Company or any committee thereof may meet at such times and in such manner and places within or outside Belize as the directors may determine to be necessary or desirable.

DA0000373

19

### SECTION 2

A director shall be given not less than 1 day's notice of meetings of directors, but a meeting of directors held without 1 day's notice having been given to all directors shall be valid if a majority of the directors entitled to vote at the meeting waive notice of the meeting; and for this purpose, the presence of a director at the meeting shall be deemed to constitute a waiver on his part.

### SECTION 3

Without prejudice to Section 4 below, a meeting of directors is properly constituted for all purposes if at the commencement of the meeting there are present in person or by alternate not less than one half of the total number of directors, unless there are only two directors in which case the quorum shall be two.

### SECTION 4

If the Company shall have only one director the provisions herein contained for meetings of the directors shall not apply but such sole director shall have full power to represent and act for the Company in all matters as are not by the Act or the Memorandum or these Articles required to be exercised by the members of the Company and in lieu of minutes of a meeting shall record in writing and sign a note or memorandum of all matters requiring a resolution of directors. Such a note or memorandum shall constitute a resolution of the directors and shall constitute sufficient evidence of such resolution for all purposes.

### SECTION 5

At every meeting of the board of directors the Chairman of the board of directors shall preside as chairman of the meeting. If there is no Chairman of the board of directors or if the Chairman of the board of directors is not present at the meeting the vice-chairman of the board of directors shall preside. If there is no vice-chairman of the board of directors or if the vice-chairman of the board of directors is not present at the meeting the directors present shall choose someone of their number to be chairman of the meeting.

### SECTION 6

The meetings and proceedings of any committee of directors shall be governed mutatis mutandis by the provisions of these Articles regulating the proceedings of directors so far as the same are not superseded by any provisions in the resolution establishing the committee.

DA0000374

20

## 11. OFFICERS

SECTION 1

The Company may by resolution of the directors appoint officers of the Company at such times as shall be considered necessary or expedient.  Such officers may consist of a Chairman of the board of directors, a vice-chairman of the board of directors, President and one or more vice-presidents, Secretary and Treasurer and such other officers as may from time to time be deemed desirable.  Any number of offices may be held by the same person.

SECTION 2

The emoluments of all the officers shall be fixed by resolution of the directors.  Subject to the Act, the Memorandum and these Articles, the officers shall perform such duties as shall be prescribed at the time of their appointment subject to any modification in such duties as may be prescribed thereafter by resolution of the directors or resolution of the members, but in the absence of any specific allocation of duties it shall be the responsibility of the Chairman of the board of directors to preside at meetings of directors and members, the vice-chairman to act in the absence of the Chairman, the President to manage the day to day affairs of the Company, the vice-presidents to act in order of seniority but otherwise to perform such duties as may be delegated to them by the President, the Secretary to maintain the share register, minute books and records (other than financial records) of the Company and to ensure compliance with all procedural requirements imposed on the Company by applicable law, and the Treasurer to be responsible for the financial affairs of the Company.

SECTION 3

The officers of the Company shall hold office until their successors are duly elected and qualified, but any officer elected or appointed by the directors may be removed at any time, with or without cause, by resolution of the directors.  Any vacancy occurring in any office of the Company may be filled by resolution of the directors.

## 12. SEAL

SECTION 1

The directors shall provide for the safe custody of the Seal.  The Seal when affixed to any written instrument shall be witnessed by a director or any other person so authorised from time to time by resolution of the directors.  The directors may provide for a facsimile of the Seal and of the signature of any director or authorised person which may be reproduced by printing or other means on any instrument and it shall have the same force and validity as if the Seal had been affixed to such instrument and the same had been signed as hereinbefore described.

DA0000375

21

## SECTION 2

The Company may have for use in any territory, district or place elsewhere than in Belize an official seal (the "Overseas Seal"), which seal shall be a facsimile of its common seal. A deed or other document to which the Overseas Seal is duly affixed shall bind the Company as if it had been sealed with the common seal of the Company.

## SECTION 3

The Company may have for use for sealing securities issued by the Company and for sealing documents creating or evidencing securities so issued an official seal (the "Securities Seal") which is a facsimile of the common seal of the Company with the addition on its face of the word "Securities". Each certificate to which the Securities Seal shall be affixed need not bear any signature.

## 13. DIVIDENDS

## SECTION 1

The Company may by a resolution of the directors declare and pay dividends in money, shares, or other property but dividends shall only be declared and paid out of surplus. In the event that dividends are paid in specie the directors shall have responsibility for establishing and recording in the resolution of directors authorising the dividends, a fair and proper value for the assets to be so distributed.

## SECTION 2

The directors may from time to time pay to the members such interim dividends as appear to the directors to be justified by the profits of the Company.

## SECTION 3

The directors may, before declaring any dividend, set aside out of the profits of the Company such sum as they think proper as a reserve fund, and may invest the sum so set apart as a reserve fund upon such securities as they may select.

## SECTION 4

Notice of any dividend that may have been declared shall be given to each member in the manner mentioned in Article 15 Section 1 and all dividends unclaimed for three years after having been declared may be forfeited by resolution of the directors for the benefit of the Company.

## SECTION 5

No dividend shall bear interest as against the Company.

DA0000376

22

## 14. AUDIT

SECTION 1

The Company may by resolution of the members call for any accounts of the Company to be examined by auditors.

SECTION 2

The first auditors shall be appointed by resolution of the directors; subsequent auditors shall be appointed by a resolution of the members.

SECTION 3

The auditors may be members of the Company but no director or other officer shall be eligible to be an auditor of the Company during his continuance in office.

SECTION 4

The remuneration of the auditors of the Company:

(a)     in the case of auditors appointed by the directors, may be fixed by resolution of the directors;

(b)     subject to the foregoing, shall be fixed by resolution of the members or in such manner as the Company may by resolution of the members determine.

SECTION 5

Every auditor of the Company shall have a right of access at all times to the books of account and vouchers of the Company, and shall be entitled to require from the directors and officers of the Company such information and explanations as he thinks necessary for the performance of the duties of the auditors.

SECTION 6

The auditors of the Company shall be entitled to receive notice of, and to attend any meetings of members of the Company at which the Company's profit and loss accounts and balance sheet are to be presented.

## 15. NOTICES

SECTION 1

Any notice, information or written statement to be given by the Company to members must be served, in the case of members holding registered shares, personally or sent by mail or by telegraph, cable, telex, facsimile transmission or similar communications equipment. If served other than in person, such notice shall be directed to each member at his address as it appears on the share register of the Company unless he shall have filed with the Secretary prior to such service a written request that notices intended for him be served at some other address, in which case it shall be directed to the address designated in such request. In the

DA0000377



23

case of members holding shares issued to bearer, any such notice, information or written statement must be served in the manner required by the Memorandum and/or by publication in a newspaper in Belize, in such other newspapers (if any) as the directors consider to be appropriate and in a newspaper in the place where the Company has its principal office, if different.

SECTION 2

Any summons, notice, order, document, process, information or written statement to be served on the Company may be served by leaving it, or by sending it by registered mail addressed to the Company, at its registered office, or by leaving it with, or by sending it by registered mail to, the registered agent of the Company.

SECTION 3

Service of any summons, notice, order, document, process, information or written statement to be served on the Company may be proved by showing that the summons, notice, order, document, process, information or written statement was mailed in such time as to admit to its being delivered in the normal course of delivery within the period prescribed for service and was correctly addressed and the postage prepaid.

DA0000378

24

### 16. AMENDMENTS

These Articles may only be altered, repealed or replaced by resolution of the members of the Company.

DA0000379

# CERTIFICATE OF INCUMBENCY
## DECLARACION JURADA

The undersigned, being the duly appointed secretary of Keyse Management Ltd _____ (the "Corporation"), a corporation duly organized and existing under the laws of Belize
HEREBY CERTIFIES that the following is a true and correct listing of the Directors and Officers of the Corporation in full force and effect as of the date hereof:
*El abajo firmante, siendo el secretario debidamente designado de _____ (la "Corporación"), una corporación debidamente organizada y existente bajo las leyes de _____*
*MEDIANTE EL PRESENTE DOCUMENTO CERTIFICA que la siguiente es una verdadera y correcta lista de los Directores y Ejecutivos de la Corporación en total ejercicio y efecto a la fecha al respecto:*

**DIRECTORS / DIRECTORES:**

François Lambercy
_____
Print Name / Nombre en Imprenta                    Signature / Firma

_____
Print Name / Nombre en Imprenta                    Signature / Firma

_____
Print Name / Nombre en Imprenta                    Signature / Firma

_____
Print Name / Nombre en Imprenta                    Signature / Firma

_____
Print Name / Nombre en Imprenta                    Signature / Firma

**OFFICERS (indicate titles) / EJECUTIVOS (Indicar cargos):**

_____
Name / Nombre:                    Title / Cargo

_____
Name / Nombre                    Title / Cargo

_____
Name / Nombre                    Title / Cargo

_____
Name / Nombre                    Title / Cargo

IN WITNESS WHEREOF, the undersigned has executed this certificate and duly affixed the Seal of the Corporation this day  March 10 _____ , 20 10 .
*COMO TESTIGO DE ESTO, el abajo firmante ha ejecutado esta certificación y debidamente adjuntado el Sello de la Corporación en el día_____, de 20_.*
I FURTHER CERTIFY THAT THE COMPANY HAS NO CORPORATE SEAL.

_____
SIGNATURE OF SECRETARY / FIRMA DEL SECRETARIO

CORPORATE SEAL / SELLO DE LA CORPORACIÓN

Version 1.1 – Sept.24, 2005

DA0000380



BELIZE CITY, BELIZE

THE INTERNATIONAL BUSINESS COMPANIES ACT,

Chapter 270 of the Laws of Belize, Revised Edition 2000

## Certificate of Good Standing

*The undersigned, Registrar of International Business Companies, HEREBY*

*C E R T I F I E S, pursuant to Sections 136 (1) of The International Business Companies Act, that*

Keyse Management Ltd.                    No. 54,994

(A company incorporated under said Act) is of good standing
as of the date set out below

This certifies that the above-named company as of the date hereof:
(a) has not submitted to the Registrar articles of merger or consolidation that have not yet become
effective; (b) the company has not submitted to the Registrar articles of arrangement that have not yet
become active; (c) the company is not in the process of being wound up and dissolved;
(d) proceedings to strike the name of the company off the Register have not been instituted.

GIVEN under my hand and seal in Belize City, Belize

this ___ 10th ___ day of ___ March ___, two thousand ___ ten ___

DEPUTY REGISTRAR OF INTERNATIONAL
BUSINESS COMPANIES

DA0000381



**Verdmont Capital**

**KYC**

It is Verdmont Capital's policy to know our clients. A copy of this form must be completed for each beneficial owner and signatory of a Verdmont Capital account. This includes individuals named on Powers of Attorney and Trading Authorizations. The information requested is required under Panama's Anti-Money Laundering regulations. Please complete this form and provide the below-listed documentation for each relevant individual. / Es política de Verdmont Capital conocer a su cliente. Una copia de este formulario deberá ser completado por cada propietario efectivo y firmantes de una cuenta de Verdmont Capital. Esto incluye a individuos que actúan como Apoderados Generales y corredores autorizados. La información es requerida bajo las regulaciones contra el Lavado de Dinero de Panamá. Por favor complete este formulario y proporcione la documentación listada más adelante para cada persona relevante.

- ☒ Certified Copy of photo page of passport or other official identification document*
  Copia Certificada del pasaporte o cédula u otro documento oficial de identidad de origen*
- ☒ Copy of secondary photo ID (eg. Driver's License or government ID)
  Copia de una segunda identificación (Licencia de Conducir, Carné del Seguro Social)
- ☒ One Bank reference letter and one Commercial reference letter or two of either**
  Una carta de referencia bancaria y una carta de referencia comercial o dos referencias comerciales o dos referencias bancarias **

If reference letters or secondary photo ID does not confirm residential address, please also provide a utility bill, phone bill or other acceptable verification of address. / Si las cartas de referencia o segunda identificación no confirman la dirección residencial por favor proporcione un recibo de servicios, teléfono u otra referencia aceptada de dirección.

* Passports or personal ID or any other identification document not presented to Verdmont staff in person in Panama are required to be notarized or stamped by an Apostille. / Los pasaportes o cédulas u otro documento de identidad de origen no presentados al personal de Verdmont en persona en Panamá requerirán que sean notariados o apostillados.

** Reference letters must be originals and on letterhead. Copies of reference letters must be notarized or stamped by an Apostille. Reference letters should attest to the subject's good character and must confirm at least 2 years of satisfactory business letters must be signed and include a contact name and number. Letters may be addressed "To Whom it May Concern." Verdmont may, at its discretion, verify references on an anonymous basis. / Las cartas de referencia deben ser en original y en papel membretado. Copia de cartas de referencias deben ser notariadas o apostilladas. Las cartas de referencias deben atestiguar el carácter del sujeto y deben confirmar por lo menos 2 años de negocios con referencias satisfactorias. Las cartas deben estar firmadas e incluir una persona de contacto y un número de teléfono. Las cartas deben ir dirigidas "A quien concierne." Verdmont puede, a su discreción verificar las referencias anónimamente.

| Full Name / Nombre Completo | | Nationality or Citizenship / Nacionalidad |
|---|---|---|
| LAMBERCY Francois | | SWISS |
| Residential Address / Dirección Residencial | | |
| 10 Rte Bullens | | |
| City / Ciudad | State or Province / Estado o Provincia | Country / País | Postal Code / Apartado Postal |
| Villars-Ste-Croix | VD | Switzerland | 1029 |
| Home Phone / Teléfono Residencial | Mobile Phone / Celular | Fax | Email / Correo electrónico |
| +41 21 329 0710 | +41 76 370 6070 | +41 22 5457699 | eja@worldcom.ch |
| Date of Birth / Fecha de Nacimiento | Marital Status / Estado Civil | Passport or ID No / Cédula o Pasaporte |
| 29.04.1955 | Sep. | F0589514 |

**Employment Information / Información Laboral**

| College Degree / Profesión | Current Occupation or Position / Ocupación o Posición actual | Length of Employment / Años de labores en la empresa |
|---|---|---|
| Lawyer | self employed | D3A. |
| Employer's Name (if self employed describe the nature of your business) / Nombre de la empresa (si es independiente describa el tipo de negocio) | | |
| self empl. | | |
| Employer's Address / Dirección de la empresa | | |
| 28 Rte Prilly, 1023 Crissier, Switzerland | | |
| City / Ciudad | State or Province / Estado/Provincia | Country / País | Postal Code / Apartado Postal |
| Crissier | VD | Switzerland | 1023 |
| Business Phone / Teléfono de Oficina | | Business Fax / Fax de Oficina |
| +41 21 3290710 | | +41 22 545 7699 |

Edificio Hi-Tech Plaza, Penúltimo Calle 53; Obarrio Apartado Postal 0823-03017 • Ciudad de Panamá, República de Panamá
T:+507 301.9000 or +800 VERDMONT- F:507 301 9001- www.verdmont.com.pa

Versión 12- Sep. 102007

1

DA0000382

## Verdmont Capital

Are you a director, officer, or a controlling shareholder of a public company?
*Es usted director, ejecutivo, o accionista mayoritario de una compañía pública?*

☑ No   ☐ Yes / Sí   If yes, please attach details / *En caso afirmativo, por favor adjuntar detalles.*

I hereby acknowledge that any regulatory filing requirements are solely my responsibility and I am not relying on Verdmont Capital for any assistance or advice in regards to regulatory filings. I may be required to undertake in a foreign jurisdiction. / *Yo certifico que cualquier documento reglamentario requerido es bajo mi responsabilidad. No dependo de Verdmont Capital para cualquier asistencia o asesoría con respecto a documentos reglamentarios que puedan requerirse para llevar a cabo en una jurisdicción extranjera.*

Initial / Inicial

I hereby acknowledge that any tax obligations I may have are solely my responsibility, that I have sought professional tax counsel and that I am not relying on Verdmont Capital for taxation advice. / *Por este medio yo reconozco que, cuando sea necesario, yo he buscado asesoría fiscal profesional y que cualesquiera obligaciones fiscales que yo pudiera tener son solamente mi responsabilidad. Yo no estoy dependiendo de Verdmont Capital para consejo o asistencia fiscal.*

Initial / Inicial

Have you been politically exposed? (If the response is affirmative please complete the PEP form). / *Ha estado políticamente expuesto? (Si la respuesta es afirmativa por favor complete el formulario PEP).*

☐ Yes / Sí   ☑ No

I certify that the information provided by me in this document is true and correct, and I agree to advise Verdmont Capital, SA immediately of any changes to this information. / *Certifico que la información plasmada por mí en este documento es veraz y correcta, y me comprometo a informar a Verdmont Capital SA inmediatamente de cualquier cambio en esta información.*

Signed / Firma _____   Date / Fecha __10.03. 2010__

Edificio Hi-Tech Plaza, Penthouse-Calle 53, Obarrio-Apartado Postal 0823-03017 - Ciudad de Panamá, República de Panamá.
T:+507 301 9000 or +800 VERDMONT - F: 507 301 9001- www.verdmont.com.pa

2

Versión 1.3 - Sep. 31 2009

DA0000383



PACHELAMBERCY<<FRANCOIS<THIERRY<RAYMOND<<<<<
F0584514<2CHE5504293M1310225<<<<<<<<<<<<<<<2

DA0000384

--- **VIDIMUS** ---

Je soussigné, Christophe Fischer, notaire à Lausanne (Vaud, Suisse) certifie que la présente photocopie est en tous points conforme à l'original du document qui m'a été produit. _____
Lausanne, le dix-sept mars deux mille dix. _____



Translation

I, the undersigned Christophe Fischer, Notary Public in Lausanne (Vaud, Switzerland), certify that this document is a true copy of the original document, which has been produced. _____
Lausanne, the seventeenth day of March two thousand and ten. _____



APOSTILLE
(Convention de La Haye du 5 octobre 1961)

1. Pays: SUISSE
   Le présent acte public
2. a été signé par Christophe Fischer
3. agissant en qualité de notaire à Lausanne
4. est revêtu du sceau/timbre de C. FISCHER - NOTAIRE

Attesté

5. à Lausanne      6. le 18 mars 2010
7. par la Chancellerie d'Etat du Canton de Vaud
8. sous No 3'496
9. Sceau/timbre:           10. Signature
                           pr le Chancelier d'Etat:

                           Christophe CHEVALLEY

DA0000385





BIU782F<<
FACHE005068868004<<550429<<<<<
LAMBERCY<<FRANCOIS<THIERRY<RAY

Acte en brevet numero 2'740.-

--- VIDIMUS ---

Je soussigné, Christophe Fischer, notaire à Lausanne (Vaud, Suisse) certifie que la présente photocopie est en tous points conforme à l'original du document qui m'a été produit. _____
Lausanne, le dix-sept mars deux mille dix. _____

Translation

I, the undersigned Christophe Fischer, Notary Public in Lausanne (Vaud, Switzerland), certify that this document is a true copy of the original document, which has been produced. _____
Lausanne, the seventeenth day of March two thousand and ten. _____

APOSTILLE
(Convention de La Haye du 5 octobre 1961)

1. Pays: SUISSE
    Le présent acte public
2. a été signé par Christophe Fischer
3. agissant en qualité de notaire à Lausanne
4. est revêtu du sceau/timbre de C. FISCHER - NOTAIRE

Attesté
5. à Lausanne       6. le 18 mars 2010
7. par la Chancellerie d'Etat du Canton de Vaud
8. sous No 3'497
9. Sceau/timbre:
                          10. Signature
                          pr le Chancelier d'Etat:

                          Christophe CHEVALLEY

DA0000387



**Commune de Villars-Ste-Croix**
Contrôle des Habitants
1029 Villars-Ste-Croix
021 701 16 10
controle.habitants@villars-sainte-croix.ch

## Attestation d'établissement

| | | |
|---|---|---|
| Nom | : | Lambercy |
| Prénom(s) | : | François Thierry Raymond |
| Sexe | : | Masculin |
| Originaire de | : | Valeyres-sous-Rances/VD |
| Nationalité | : | Suisse |
| Né(e) le | : | 29.04.1955 |
| Lieu de naissance | : | Lausanne / Suisse |
| N° A.V.S. | : | 756.1062.6566.26 |
| Fils / Fille de | : | Lambercy Raymond |
| et de | : | Lambercy Pierrette Alicia |
| Etat civil | : | Marié(e) : séparation légale le 10.06.2009 à Lausanne. |
| Enfant(s) | : | |
| | | |
| Etabli(e) depuis le | : | 01.01.2010  à Villars-Ste-Croix |
| Adresse actuelle | : | Rte de Sullens 10 |
| | | 1029 Villars-Ste-Croix |
| Type de résidence | : | Principale |
| N° du contribuable | : | N° Registre fiscal  : 328951 |

CONTRÔLE DES HABITANTS
1029 VILLARS-STE-CROIX

Emolument : Fr. 10.—
Avec les compliments du contrôle des habitants

Villars-Ste-Croix, le 18.03.2010

DA0000388



# GERALD LARPIN

EXPERT-COMPTABLE
MEMBRE DE LA SECTION GENEVOISE
DE FIDUCIAIRE] SUISSE
Register Number Fiduciaire 3364/1969, Geneva.

VERDMONT CAPITAL
Hi-Tech Plaza
Penthouse-calle 53
Panama City, Republic of Panama

March 17, 2010

Dear Sirs

It is my pleasure to confirm that I have known Mr. François LAMBERCY, LL.B.,Legal Advisor, born on April 29, 1955, domiciled at 10 rte de Sulleris, 1029 Villars-Ste-Croix - (Switzerland) in excess of ten years.

Our business relationship has always been managed to my entire satisfaction.

To the best of my knowledge, Mr. François LAMBERCY is an honest, ethical and upright professional person who enjoys an excellent reputation within the community.

Yours faithfully,

Fiduciaire Gérald Larpin

.............................................
(Gérald Larpin, Chartered Accountant)

DA0000389



**ASSOCIATED TRUSTEES LIMITED**

*Registered Agents under the Authority of the Nevis Island Government*

17 March 2010

Verdmont Capital, S.A.
Edificio Hi-Tech Plaza, Penthouse
Calle 53, Obarrio
Ciudad de Panama, Republica de Panama

Dear Sir or Madam,

Re: Francois Thierry Raymond Lamberey

The above mentioned gentleman has been known to Associated Trustees Limited in a professional capacity for several years.

Mr. Lambercy is a resident of 10 rte de Sullens, 1029 Villars, Ste-Croix, Switzerland, where he works with Fiduciaries, Attorneys and Banks, amongst others and by whom he is held in high esteem.

Our firm considers him to be knowledgeable in his field as well as being trustworthy and reliable.

Respectfully yours,

Debra A. Dixon
For and on behalf of Associated Trustees Limited

DA0000390

DA0000391

Client Standing Data - 199/NAUTILUS GROWTH FUND L

**Client Standing Data - 199/NAUTILUS GROWTH FUND LTD.**                                    _ |□| X |

Client Code [N0002BF ▼] ⊕ ✧   Account Title [NAUTILUS GROWTH FUND LTD.]

Client Ledger [AAA1]

| Base | Adr | Post.Adr | Div.Adr | Cert.Adr | Notes | Misc | Cntr/Agents | Output Routing | Registration | Bespoke |

✿ CREST/SWIFT | Personal Profile | Money Profile 📷 | Services | Related/Sigs | Client Settlement | Letters

Service Code [EXEC ▼]  Short Title [Execution]                               Delete

Fee Exclusions/Holidays | Settlement | Bespoke | Dates | DRIPs
Base | Misc | Address | Accounts | Reg./CREST | History | Last Night

Currency [USD ▼] [US DOLLAR]                                    Default Service ☑

Include Money ☐   Mandate Preference ☐   WEB Viewable ☑   Client Prefers To Take Income ☐
Suppress From Side Bar ☐   Collateral Usage ☑   WEB Trading ☑

Formal Title [ ]

Note [ ]

Start Date [5/5/2010]   Commencement Reason [ ▼]

Closed Date [ ]   Closure Reason [ ▼]

Service Status [ ▼]   Transferee Reference [ ]

Strategy [ ]

Management Level [ ▼]

Perf. Family [ ▼]   Account ID [172470083]

Scratch Pad [▼]   Edit   Delete   More [▼]   Link Address   Enquire   Close

DA0000392

# Verdmont Capital                    Corporate Account Form

Date: _March 3, 2010_

Account Name: _Nautilus Growth Fund Ltd_

Contact: _Virgilio Santana Ripoll_

Broker: _Conley, Hosey_

Checklist: Corporate

☐ Investment Account Application    Corporate
☑ Sealed corporate resolution authorizing the opening of the account and specifying the authorized signatories
☑ Certified copy of certificate of incorporation or Articles of incorporation
☐ Certificate of incumbency
☑ Certificate of good standing
☐ KYC forms for all beneficial owners and signatories
☐ Certified Copy of photo page of passport or other official identification documentation
☑ Copy of secondary photo ID
☑ One bank reference letter and one commercial reference letter or two of either

Missing:

_____
_____
_____
_____

Advisor Comments:

_____
_____
_____
_____

☐ Opening pending receipt of missing papers required by: _____
☐ Compliance Approval to open: _____
☐ Missing documents received. _____
☐ Comments by compliance Officer: 
_The due diligence of Virgilio Santana Ripoll can be found at the master file._
_The due diligence of the ultimate beneficiary can be found at Kleyo Management Ltd. file._

☑ Final Account approval: _Yessenia Batista_

Account number: _1724 10 083_

DA0000393