USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/23/15

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SECURITIES AND EXCHANGE COMMISSION,

                     Plaintiff,

        v.

CALEDONIAN BANK LTD.,
CALEDONIAN SECURITIES LTD.,
CLEAR WATER SECURITIES, INC.,
LEGACY GLOBAL MARKETS S.A., and
VERDMONT CAPITAL, S.A.

                     Defendants.

Case No. 15-cv-894
(WHP)(JLC)

**SO ORDERED:**

_/s/ William H. Pauley_ 3/23/15
**WILLIAM H. PAULEY III U.S.D.J.**

---

## PRELIMINARY INJUNCTION CONSENTED AND STIPULATED TO BY THE SECURITIES AND EXCHANGE COMMISSION AND DEFENDANTS CALEDONIAN BANK LTD. AND CALEDONIAN SECURITIES LTD.

Plaintiff Securities and Exchange Commission (the "SEC") and Defendants Caledonian Bank Ltd. ("CBL") and Caledonian Securities Ltd. ("CSL") (CBL and CSL collectively, "Caledonian") hereby consent and stipulate to the preliminary injunction freezing assets provided for below pursuant to Rule 65(a) of the Federal Rules of Civil Procedure and Section 20(b) of the Securities Act of 1933 (the "Securities Act")[15 U.S.C. § 77t(b)].

WHEREAS, the Court entered a Temporary Restraining Order as to all Defendants in this action on February 6, 2015;

WHEREAS, the SEC and Caledonian entered into a number of stipulated modifications of the Temporary Restraining Order;

WHEREAS, the SEC and Caledonian consolidated all of the stipulated modifications into a Temporary Restraining Order and Stipulated Modifications as to Defendants Caledonian Bank Ltd. and Caledonian Securities Ltd., which was "so ordered" by the Court on February 27, 2015;

WHEREAS, on February 10, 2015, the Cayman Islands Monetary Authority ("CIMA") appointed Mr. Keiran Hutchison and Ms. Claire Loebell of Ernst & Young Ltd., as Caledonian's Joint Controllers (the "Joint Controllers") pursuant to the laws of the Cayman Islands;

WHEREAS, on February 12, the Grand Court of the Cayman Islands (the "Cayman Court") granted the Joint Controllers' application to confirm their powers over Caledonian, and empowered the Joint Controllers to take necessary actions to protect Caledonian's assets;

WHEREAS, on February 16, 2015, on behalf of CBL, the Joint Controllers filed a petition in the United States Bankruptcy Court for the Southern District of New York seeking an order recognizing the Cayman Liquidation Proceeding as a foreign main proceeding pursuant to Section 1517 of Title 11 of the United States Bankruptcy Code (*see* In re Caledonian Bank Ltd., Case No. 15-10324-mg) (the "U.S. Bankruptcy Proceeding");

WHEREAS, on February 17, 2015, CIMA filed a winding up petition with the Cayman Court seeking, among other relief, the appointment of the Joint Controllers (Mr. Keiran Hutchison and Ms. Claire Loebell of Ernst & Young Ltd.) as Joint Official Liquidators of Caledonian ("Joint Liquidators"), who would control the court-supervised liquidation of Caledonian (the "Cayman Liquidation Proceeding");

WHEREAS, on February 23, 2015, the Cayman Court entered an Order appointing the Joint Controllers as Joint Liquidators in the Cayman Liquidation Proceeding;

WHEREAS, on March 17, 2015, the United States Bankruptcy Court entered an order recognizing the Cayman Liquidation Proceeding as a foreign main proceeding pursuant to 11 U.S.C. § 1517(a) and (b) and further ordered that the automatic stay made applicable by 11 U.S.C. § 1520(a)(1) shall: (a) be subject to the Temporary Restraining Order entered on February 6, 2015, as modified on February 27, 2015, and as may be further modified in this

action commenced by the SEC in the United States District Court for the Southern District of New York (Case No. 15-cv-894(WHP)); and (b) not enjoin a police or regulatory act of a governmental unit to the extent provided in 11 U.S.C. § 362(b)(4); and

WHEREAS, the Cayman Court has empowered the Joint Liquidators to take necessary actions to protect Caledonian's assets and prevent any further diminution in value of Caledonian's assets,

IT IS HEREBY ORDERED AS FOLLOWS:

I.

The entry of this Stipulated Preliminary Injunction is without prejudice to the SEC moving in the future for additional preliminary relief, to Caledonian moving in the future to vacate or modify this Stipulated Preliminary Injunction, or to further stipulations of the parties, and supersedes the Temporary Restraining Order, the various stipulated modifications, and the superseding Temporary Restraining Order as to Caledonian. No issue of fact is finally resolved by the entry of this Stipulated Preliminary Injunction, and no wrongdoing is admitted or implied.

II.

CBL shall maintain a minimum balance in the amount of $7,000,000 in cash and/or securities held in account number xxx-xxxxxx-8771, in the name of Caledonian Bank Ltd., at Morgan Stanley Smith Barney LLC in New York, New York (the "Morgan Stanley Account"). CBL shall prevent any direct or indirect assignment, changing, concealment, conversion, disposition, dissipation, encumbrance, hypothecation, pledge, sale, transfer, wasting, withdrawal or other disposal whatsoever of all or any portion of the $7,000,000 provided for in this Paragraph, if such an action would reduce the account balance below the $7,000,000 minimum balance, or in the event that the account balance is below the $7,000,000 minimum balance.

III.

All other assets maintained in CBL's accounts in the United States that were previously restrained and frozen are hereby subject to the jurisdiction of the United States Bankruptcy Court for the Southern District of New York in the U.S. Bankruptcy Proceeding, and this Court hereby relinquishes all jurisdiction as to such assets.

IV.

Within ten days of the date of this Stipulated Preliminary Injunction, CBL shall serve the SEC with a declaration sworn to under penalty of perjury by one of the Joint Liquidators to the effect that, to the best of the Joint Liquidators' knowledge and belief: (a) all of the funds and securities in the Morgan Stanley Account and in CBL's account at Northern Trust International Bank Corporation in Jersey City, comprise monies required to meet the claims of CBL's creditors (including customer depositors of CBL) and which the Joint Liquidators intend to use substantially for the benefit of CBL's creditors (including customer depositors of CBL); and (b) none of the current customer depositors of CBL effected trades through CSL in the securities of Swingplane Ventures, Inc., Goff Corp., Norstra Energy Inc. or Xumanii, Inc. (collectively, the "Subject Securities") at any time following January 1, 2013. For the avoidance of doubt, "customer depositors of CBL" means the legal entity or person who holds a deposit account with CBL and does not include any legal entity or person who holds any beneficial interest in any deposit account.

V.

Caledonian shall make its reasonable efforts to respond to any request made by CIMA (pursuant to any inter-agency request made by the SEC) to: (a) produce the customer files of the persons and entities that sold the Subject Securities including, but not limited to, account opening

documents, Know-Your-Customer documents, documents relating or referring to the deposit of funds or securities, account statements, buy and sell orders, wire transfer instructions, correspondence, emails and all written records of communications between employees of Caledonian and the persons and entities that sold the Subject Securities; and (b) identify all proceeds from the sale of the Subject Securities including, but not limited to, the identification of all transfers and the recipients of all such transfers as can be ascertained from the records of CBL (collectively, the "Information"). If the SEC makes any direct request for the Information from Caledonian, Caledonian shall make its reasonable efforts to respond to any such request. For the avoidance of doubt, if compliance with a direct request from the SEC should require Caledonian and/or the Joint Liquidators to make application/s to the Cayman Court seeking directions as to whether they may provide the Information, then Caledonian and/or the Joint Liquidators agree to make such application/s. The SEC shall keep confidential any Information produced or provided by Caledonian to CIMA (which is then received by the SEC) or the SEC pursuant to this paragraph. In addition, Caledonian and the Joint Liquidators shall not object in the event that the SEC seeks access to any depositor identification documents or other information filed under seal or otherwise in the U.S. Bankruptcy Proceeding.

VI.

Caledonian shall take all reasonable measures to secure and preserve all electronic and hard-copy documents that the Joint Liquidators have identified as belonging to CBL that are described in Paragraph V above.

Dated: March 20, 2015

/s/ Margaret A. Dale
Sigal P. Mandelker
Margaret A. Dale
Proskauer Rose LLP

Respectfully submitted,

/s/ Richard E. Simpson
Richard E. Simpson
Securities and Exchange Commission
100 F Street, N.E.

5

Eleven Times Square  
New York, New York 10036  
(212) 969-3360  
smandelker@proskauer.com  
mdale@proskauer.com  
Attorneys for Defendants  
Caledonian Bank Ltd. and  
Caledonian Securities Ltd.

Washington, D.C. 20549  
(202) 551-4492  
simpsonr@sec.gov  
Attorney for Plaintiff Securities  
and Exchange Commission

SO ORDERED.  
DATE:

_____  
HON. WILLIAM H. PAULEY  
UNITED STATES DISTRICT JUDGE