RICHARD E. SIMPSON
A. DAVID WILLIAMS
ERNESTO G. AMPARO
SECURITIES AND EXCHANGE COMMISSION
100 F Street, N.E.
Washington, D.C. 20549
(202) 551-4492 (Simpson)
simpsonr@sec.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

CALEDONIAN BANK LTD.,
CALEDONIAN SECURITIES LTD.,
CLEAR WATER SECURITIES, INC.,
LEGACY GLOBAL MARKETS S.A., and
VERDMONT CAPITAL, S.A.

    Defendants.

Civ. No.

---

### PURSUANT TO RULE 6.1, THE SEC CERTIFIES THE NEED TO FILE AN APPLICATION FOR A TEMPORARY RESTRAINING ORDER *EX PARTE* WITHOUT NOTICE TO THE DEFENDANTS

Plaintiff Securities and Exchange Commission certifies pursuant to Rule 65(b)(1)(B) of the Federal Rules of Civil Procedure and Local Civil Rule 6.1(d) that its Application for a Temporary Restraining Order Freezing The Assets And Other Relief Against Defendants Caledonian Bank Ltd., Caledonian Securities Ltd., Clear Water Securities, Inc., Legacy Global Markets S.A. and Verdmont Capital, S.A., must be filed *ex parte* and that no notice of the Application should be given to the Defendants until the requested Temporary Restraining Order

is entered and served on the Defendants and certain financial institutions and brokerage firms holding funds or assets in the names of the Defendants.

This Certification is based on the Application for a TRO and the supporting declarations and exhibits. The SEC alleges, based on substantial evidence identified in the declarations, that the Defendants violated the registration requirement of Section 5 of the Securities Act of 1933 (the "Securities Act")[15 U.S.C. § 77e] by offering and selling penny stocks into the public markets in unregistered distributions concurrently with aggressive and extensive promotion campaigns for those penny stocks. The evidence shows that the Defendants, foreign entities with their headquarters in the Cayman Islands, Belize or Panama, and with no branches, facilities or offices in the United States, have assets and funds in this country: (1) Caledonian Bank Ltd. maintains a bank account with a balance, as of December 8, 2014, of $71,638,622 at Northern Trust International Banking Corporation in Jersey City, New Jersey; (2) Clear Water Securities, Inc. maintains a brokerage account with a net value, as of November 28, 2014, of $59,405 at Scottsdale Capital Advisors in Scottsdale, Arizona; and (3) Verdmont Capital, S.A. maintains a brokerage account with a net value, as of January 31, 2015, of $17,745,515 at Interactive Brokers LLC in Greenwich, Connecticut.

As of August 14, 2014, Caledonian Bank had an account at Deutsche Bank Trust Company America with a balance of $21,802,576. As a result of transfers made in September 2014, following the announcement of an indictment against Legacy Global and others, Caledonian Bank reduced the account balance to $0, and the account was closed on September 17, 2014. Verdmont had a prime brokerage account at BNP Paribas Brokerage Services, Inc. which, as November 28, 2014, had a portfolio value of $37,279,113. As a result of a number of

securities transfers on January 5 and 6, 2015, Verdmont reduced the account balance to $2,960 as of January 31, 2015.

There is good cause to believe that, if they received notice that the SEC is filing a civil enforcement action and seeking a freeze over their assets in the United States, the Defendants are likely to dissipate, secrete or transfer the assets to foreign locations and beyond the jurisdiction of the Court. The Defendants have the ability promptly to transfer the assets by communicating the necessary instructions to the employees of the banks and brokerage firms who are responsible for administering the Defendants' accounts.

The SEC files the Complaint and papers in support of its Application for a TRO *ex parte* so that the Defendants will not be "tipped off" about this action and be prompted to dissipate, secrete or transfer assets. The present circumstances constitute an emergency requiring *ex parte* entry of the Application for a TRO for the benefit of the investors, as authorized by Rule 65(a).

Dated: Washington, D.C.
       February 6, 2015

Respectfully submitted,

*Richard E. Simpson*
Richard E. Simpson
Attorney for Plaintiff
Securities and Exchange Commission
100 F Street, N.E.
Washington, D.C. 20549
(202) 551-4492 (Simpson)
simpsonr@sec.gov