As for customers, the company will rely on the following channels:

- **Traditional Advertising** - Billboards, magazine, and newspaper advertisement will be a popular way of "getting the world out" to the public

- **Google Ads** - This is a very effective way of advertising on the internet

- **Word of Mouth** - This is the most important channel to ensure survival of the company. If people are satisfied with the products, prices, values, companies they deal with, and customer service, then they are likely to tell other people about it.

- **Facebook** and **Twitter** - We will try to forge relationships with social networking websites and try to spread the world through this method. Additionally, the company can advertise through these websites.

- **Viral Marketing** - This is an effective way of getting the company's brand name out, and ensuring people will tell their friends about it. The company may use a marketing agency specifically designed in brand awareness to help accomplish this goal.

**Pricing Strategies**

At the launch of our website, traffic may be very low, so discounted offers will likely be at least maintained for example at 50% off the original price. As the site grows and word of mouth spreads about group buying, the company may be able to get higher discounts larger, than 50%. In order for that to happen, there must be traffic of several thousand customers a day, where a percentage of those will actually purchase the item being offered.

At the beginning, we intend to set a low commission taken by sales from our website, in order to get businesses to post offers on our website. The standard commission in this industry in the U.S. is 50% of the price of the deal after the discount. For example, if the original price of an item is $100, and the discount is $50, then the group buying website's cut is a negotiated percentage of that amount, which may be as high as half of the discounted price. In order for the business to make any profit from this, they have to sell a very large quantity of items. Additionally, the business must realize that it had widened its customer base, and if the registered members are satisfied, they may be repeat customers.

**Tourism Deals**

We recognize that one of Jamaica's largest industries is tourism from North America, South America, and Europe. Therefore, we plan to form partner alliances with travel agencies in Jamaica that offer deals to the island. In order for us to do this, we may have to also find partners with other group buying websites in the U.S. to market the deals to customers that we find. In the future, we will try to achieve the status of a "deal of the day website" of travel packages to Jamaica.

**Free Link Strategy**

The company intends to employ the strategy of "free links" to its website. Under this strategy, we will allow customers who notify several of their friends about the deal to receive the deal for a huge discount or even possibly free. For our website, if three or more customers arrive at the website through the link of their friend, they will receive the

A0709

deal for free. We intend to use this strategy from the beginning. This is an aggressive marketing tactic that will encourage buyers to notify their friends of the deal, and will possibly help secure hundreds upon hundreds of customers each day. Under this strategy, customers with more social capital will be able to capitalize on many free or heavily discounted deals.

**Frequent Loyalty Card**

We also intend to use the strategy of a "frequent loyalty card" in our marketing program. This will be similar to a frequent flyer card program for an airline. Under this approach, anytime a customer purchases items on our website they will gather points. When the customer accumulates a certain amount of points, they will be able to redeem the points for certain gifts, discounted deals, or even deals for free. The more the customer spends on purchases, the more points they will accumulate. Also, if they link their friends to the website, they will accumulate even more points. A number will be attached to the card, and the card number will be saved on the website when the user is logged in. With the use of a frequent loyalty card, customers with larger social networks will be able to capitalize on more great deals.

**Company Goals**

We have a number of goals for our short term and long term future. Since we are entering the market with limited competition in Kingston and other cities in Jamaica, we believe we will have a huge branding advantage to any other competitor who plans to enter the market afterward. If we become successful, we anticipate that Medora could become synonymous with group buying just as Groupon is in the U.S. If the concept of group buying is successful and sustains itself well in Jamaica, then we may enjoy similar advantages that Groupon has, and may achieve the status of "household name" in Kingston and possibly throughout Jamaica.

35

**Competitive Advantages**

We believe we have a number of competitive advantages in the Jamaican market. First and foremost, there are few websites of our kind focusing on deals of the day in the aforementioned cities. Since the concepts of group buying and deals of the day are relatively new in the western hemisphere, it may take a while for any competitor to try and play catch up. We believe another major competitive advantage of ours is going to be its aggressive marketing and sales strategy. We plan to use everything in our power and most of our resources towards building our brand image through word of mouth, social networks, and other forms of advertising. We believe the use of Facebook and Twitter links will also be a large aid to our success.

MANAGEMENT

Our sole officer and director serve until his successor is elected and qualified. Our officer is elected by the board of directors to a term of one (1) year and serves until his or her successor is duly elected and qualified, or until he or she is removed from office. The board of directors has no nominating, auditing or compensation committees.

The name, age and position of our sole officer and director is set forth below:

| Name and Address | Age | Position(s) |
|---|---|---|
| Craig McKenzie | 29 | President, Principal Executive Officer, Principal |

A0710

7 Wareham Road
Kingston, Jamaica, W.I.

Financial Officer, Principal Accounting Officer
Secretary, Treasurer and sole member of the
Board of Directors

All directors have a term of office expiring at the next annual general meeting of our company, unless re-elected or earlier vacated in accordance with our Bylaws. All officers have a term of office lasting until their removal or replacement by the board of directors.

### Background of Our Sole Officer and Director

On June 10, 2010, Mr. Craig McKenzie was appointed president, principal accounting officer, principal executive officer, principal financial officer, secretary, treasurer and sole member of our board of directors. From February 2003 to present, Mr. McKenzie has served as a Level 3 and Level 4 Technical Assistant with The Ministry of Health / National Blood Transfusion Service, of Kingston, Jamaica. His responsibilities include Blood component preparation, distribution, inventory, preparation of daily and monthly statistics, and to assist Medical Technologists.

None of the companies referred to above are parents, subsidiary corporations or other affiliates of Medora Corp.

36

During the past ten years, Mr. McKenzie has not been the subject of the following events:

1. A petition under the Federal bankruptcy laws or any state insolvency law was filed by or against, or a receiver, fiscal agent or similar officer was appointed by a court for the business or property of such person, or any partnership in which he was a general partner at or within two years before the time of such filing, or any corporation or business association of which he was an executive officer at or within two years before the time of such filing;

2. Convicted in a criminal proceeding or is a named subject of a pending criminal proceeding (excluding traffic violations and other minor offenses);

3. The subject of any order, judgment, or decree, not subsequently reversed, suspended or vacated, of any court of competent jurisdiction, permanently or temporarily enjoining him from, or otherwise limiting, the following activities;

i) Acting as a futures commission merchant, introducing broker, commodity trading advisor, commodity pool operator, floor broker, leverage transaction merchant, any other person regulated by the Commodity Futures Trading Commission, or an associated person of any of the foregoing, or as an investment adviser, underwriter, broker or dealer in securities, or as an affiliated person, director or employee of any investment company, bank, savings and loan association or insurance company, or engaging in or continuing any conduct or practice in connection with such activity;

ii) Engaging in any type of business practice; or

iii) Engaging in any activity in connection with the purchase or sale of any security or commodity or in

A0711

connection with any violation of Federal or State securities laws or Federal commodities laws;

4. The subject of any order, judgment or decree, not subsequently reversed, suspended or vacated, of any Federal or State authority barring, suspending or otherwise limiting for more than 60 days the right of such person to engage in any activity described in paragraph 3.i in the preceding paragraph or to be associated with persons engaged in any such activity;

5. Was found by a court of competent jurisdiction in a civil action or by the Commission to have violated any Federal or State securities law, and the judgment in such civil action or finding by the Commission has not been subsequently reversed, suspended, or vacated;

6. Was found by a court of competent jurisdiction in a civil action or by the Commodity Futures Trading Commission to have violated any Federal commodities law, and the judgment in such civil action or finding by th Commodity Futures Trading Commission has not been subsequently reversed, suspended or vacated;

7. Was the subject of, or a party to, any Federal or State judicial or administrative order, judgment, decree, or finding, not subsequently reversed, suspended or vacated, relating to an alleged violation of:

37

i) Any Federal or State securities or commodities law or regulation; or

ii) Any law or regulation respecting financial institutions or insurance companies including, but not limited to, a temporary or permanent injunction, order of disgorgement or restitution, civil money penalty or temporary or permanent cease-and-desist order, or removal or prohibition order, or

iii) Any law or regulation prohibiting mail or wire fraud or fraud in connection with any business entity; or

8. Was the subject of, or a party to, any sanction or order, not subsequently reversed, suspended or vacated, of any self-regulatory organization (as defined in Section 3(a)(26) of the Exchange Act (15 U.S.C. 78c(a)(26))), any registered entity (as defined in Section 1(a)(29) of the Commodity Exchange Act (7 U.S.C. 1(a)(29))), or any equivalent exchange, association, entity or organization that has disciplinary authority over its members or person associated with a member.

## Audit Committee Financial Expert

We do not have an audit committee financial expert. We do not have an audit committee financial expert because we believe the cost related to retaining a financial expert at this time is prohibitive. Further, because we have just started ou operations and have yet to generate any revenues, at the present time, we believe the services of a financial expert are not warranted.

## EXECUTIVE COMPENSATION

The following table sets forth the compensation paid by us from May 6, 2010 (inception) through July 31, 2010 for

A0712

our sole officer. This information includes the dollar value of base salaries, bonus awards and number of stock options granted, and certain other compensation, if any. The compensation discussed addresses all compensation awarded to, earned by, or paid or named executive officers.

## EXECUTIVE OFFICER COMPENSATION TABLE

| Name and Principal Position (a) | Year (b) | Salary (US$) (c) | Bonus (US$) (d) | Stock Awards (US$) (e) | Option Awards (US$) (f) | Non-Equity Incentive Plan Compensation (US$) (g) | Nonqualified Deferred Compensation Earnings (US$) (h) | All Other Compensation (US$) (i) | Total (US$) (j) |
|---|---|---|---|---|---|---|---|---|---|
| Craig McKenzie President and Director | 2010 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| | 2009 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| | 2008 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |

We have no employment agreements with our sole officer. We do not contemplate entering into any employment agreements until such time as we begin profitable operations and generate revenue.

38

The compensation discussed herein addresses all compensation awarded to, earned by, or paid to our named executive officers.

There are no other stock option plans, retirement, pension, or profit sharing plans for the benefit of our officers and directors other than as described herein.

## Compensation of Directors

The member of our board of directors is not compensated for his services as a director. The board has not implemented a plan to award options to any directors. There are no contractual arrangements with any member of the board of directors. We have no director's service contracts.

## DIRECTOR'S COMPENSATION TABLE

| Name (a) | | Fees Earned or Paid in Cash (US$) (b) | Stock Awards (US$) (c) | Option Awards (US$) (d) | Non-Equity Incentive Plan Compensation (US$) (e) | Nonqualified Deferred Compensation Earnings (US$) (f) | All Other Compensation (US$) (g) | Total (US$) (h) |
|---|---|---|---|---|---|---|---|---|
| Craig McKenzie President and Director | 2010 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |

## Employment Contracts

We have no employment contracts with any of our officers.

## Long-Term Incentive Plan Awards

We do not have any long-term incentive plans.

## Compensation of Directors

We do not pay our directors any money and we have no plans to pay our directors any money in the future.

## Indemnification

Under our Articles of Incorporation and Bylaws of the corporation, we may indemnify an officer or director who is made a party to any proceeding, including a law suit, because of his position, if he acted in good faith and in a manner h reasonably believed to be in our best interest. We may advance expenses incurred in defending a proceeding. To the extent that the officer or director is successful on the merits in a proceeding as to which he is to be indemnified, we mus indemnify him against all expenses incurred, including attorney's fees. With respect to a derivative action, indemnity may be made only for expenses actually and reasonably incurred in defending the proceeding, and if the officer or director is judged liable, only by a court order. The indemnification is intended to be to the fullest extent permitted by the laws of the State of Nevada.

39

Regarding indemnification for liabilities arising under the Securities Act of 1933, which may be permitted to directors or officers under Nevada law, we are informed that, in the opinion of the Securities and Exchange Commission, indemnification is against public policy, as expressed in the Act and is, therefore, unenforceable.

## PRINCIPAL AND SELLING SHAREHOLDERS

The following table sets forth, as of the date of this prospectus, the total number of shares owned beneficially by our sole director, officer and key employee, individually and as a group, and the present owners of 5% or more of our total outstanding shares. The table also reflects what their ownership will be assuming completion of the sale of all shares in this offering. The stockholder listed below has direct ownership of her shares and possess sole voting and dispositive power with respect to the shares.

| Name and Address Beneficial Owner | Number of Shares Before the Offering | Percentage of Ownership Before the Offering | Number of Shares After Offering Assuming all of the Shares are Sold | Percentage of Ownership After the Offering Assuming all of the Shares are Sold |
|---|---|---|---|---|
| Craig McKenzie [1] 7 Wareham Road Kingston, Jamaica, W.I. | 35,000,000 | 56.38% | 35,000,000 | 56.38% |

A0714

| | | | | |
|---|---|---|---|---|
| All Officers and Directors as a Group (1 person) | 35,000,000 | 56.38% | 35,000,000 | 56.38% |

[1]    The person named above may be deemed to be a "parent" and "promoter" of our company, within the meaning of such terms under the Securities Act of 1933, as amended, by virtue of his stock holdings. Mr. McKenzie is our only "promoter".

40

---

## Selling Shareholders

The following table sets forth the name of each selling shareholder, the total number of shares owned prior to the offering, the percentage of shares owned prior to the offering, the number of shares offered, and the percentage of shares owned after the offering, assuming the selling shareholder sells all of his shares and we sell the maximum number of shares.

| Name | Total number of shares owned prior to offering | Percentage of shares owned prior to offering | Number of shares being offered | Percentage of shares owned after the offering assuming all of the shares are sold in the offering |
|---|---|---|---|---|
| Bernard, Randy [3] | 650,000 | 1.05% | 650,000 | 0% |
| Boswell, Alciann | 650,000 | 1.05% | 650,000 | 0% |
| Brackenridge, Jason [1] | 650,000 | 1.05% | 650,000 | 0% |

| | | | | |
|---|---|---|---|---|
| Brackenridge, Noel [2] | 690,000 | 1.11% | 690,000 | 0% |
| Brown, Dwight | 633,333 | 1.01% | 633,333 | 0% |
| Brown, Dale | 650,000 | 1.05% | 650,000 | 0% |
| Brown, Thromo | 650,000 | 1.05% | 650,000 | 0% |
| Brown, Shane | 650,000 | 1.05% | 650,000 | 0% |
| Clarke, Karen | 650,000 | 1.05% | 650,000 | 0% |
| Crooks, Teika | 650,000 | 1.05% | 650,000 | 0% |
| Daye, Kenisha | 616,667 | 0.99% | 616,667 | 0% |
| Dickenson, Jermaine | 650,000 | 1.05% | 650,000 | 0% |
| Eubank, Sanake | 650,000 | 1.05% | 650,000 | 0% |
| Francis, Claudine | 650,000 | 1.05% | 650,000 | 0% |
| Goulbourne, Herman | 650,000 | 1.05% | 650,000 | 0% |
| Gunter,, Jamar | 650,000 | 1.05% | 650,000 | 0% |
| Hanson, Audrey | 562,000 | 0.91% | 562,000 | 0% |
| Harris, Garfield | 650,000 | 1.05% | 650,000 | 0% |
| Heath, Valentine | 650,000 | 1.05% | 650,000 | 0% |
| Hemmings,Chrisie | 652,000 | 1.05% | 650,000 | 0% |
| Henry, Devene | 650,000 | 1.05% | 652,000 | 0% |
| Henry, Damian | 650,600 | 1.05% | 650,600 | 0% |
| Henry, Harvey | 650,000 | 1.05% | 650,000 | 0% |
| Hunter, Glenda | 650,000 | 1.05% | 650,000 | 0% |
| Hunter, Kerene | 650,000 | 1.05% | 650,000 | 0% |
| James, Cahunda | 650,000 | 1.05% | 650,000 | 0% |
| Lawrence, Rene | 650,000 | 1.05% | 650,000 | 0% |
| Livingston, Ricardo [5] | 633,333 | 1.01% | 633,333 | 0% |
| Livingston, Wayne [6] | 633,333 | 1.01% | 633,333 | 0% |
| Nagheer, Brenton | 650,000 | 1.05% | 650,000 | 0% |
| Ormsby, Garon | 650,000 | 1.05% | 650,000 | 0% |
| Reid, Anthony | 650,000 | 1.05% | 650,000 | 0% |
| Richards, Rupert | 650,000 | 1.05% | 650,000 | 0% |
| Robinson, Chadwin | 633,333 | 1.01% | 633,333 | 0% |
| Rose, Jenifer | 650,000 | 1.05% | 650,000 | 0% |
| Rose, Petula | 650,000 | 1.05% | 650,000 | 0% |
| Rottingham, Semone | 650,000 | 1.05% | 650,000 | 0% |
| Singh, Vecoth | 566,668 | 0.91% | 566,668 | 0% |
| Taylor, , Debbian [4] | 650,000 | 1.05% | 650,000 | 0% |
| Taylor, Lafane | 650,000 | 1.05% | 650,000 | 0% |
| Taylor, Abigail | 650,000 | 1.05% | 650,000 | 0% |
| Williams, Jodi-Kae | 633,333 | 1.01% | 633,333 | 0% |
| | | | | |
| Total | 27,054,600 | 43.62% | 27,054,600 | 0% |

41

[1]   Jason Brackenridge is the uncle of Noel Brakenridge
[2]   Noel Brackenridge is the nephew of Jason Brakenridge
[3]   Randy Bernard is the son of Debbian Taylor
[4]   Debbian Taylor is the mother of Randy Bernard
[5]   Ricardo Livingston is the son of Wayne Livingston
[6]   Wayne Livingston is the father of Ricardo Livingston

Each individual named exercised voting and/or dispositive control powers with respect to the shares owned by him.

We issued these shares in reliance on the safe harbor provided by Regulation S promulgated under the Securities Act

A0716

## NOTE 1.    BASIS OF PRESENTATION

The accompanying unaudited interim financial statements of Medora Corp. ("Medora" or "Company"), have been prepared in accordance with accounting principles generally accepted in the United States of America and the rules of the Securities and Exchange Commissions, and should be read in conjunction with the audited financial statements and notes thereto contained in Medora's Annual Report filed with the SEC on Form S-1. In the opinion of management, all adjustments, consisting of normal recurring adjustments, necessary for a fair presentation of financial position and the results of operations for the interim periods presented have been reflected herein. The results of operations for interim periods are not necessarily indicative of the results to be expected for the full year. Notes to the financial statements which would substantially duplicate the disclosures required in Medora's fiscal 2010 financial statements have been omitted.

## NOTE 2.    GOING CONCERN

These financial statements have been prepared on a going concern basis, which implies Medora will continue to meet its obligations and continue its operations for the next fiscal year. Realization value may be substantially different from carrying values as shown and these financial statements do not include any adjustments to the recoverability and classification of recorded asset amounts and classification of liabilities that might be necessary should Medora be unable to continue as a going concern. As of October 31, 2010, Medora has not generated revenues and has accumulated losses of $20,663 since inception. The continuation of Medora as a going concern is dependent upon the continued financial support from its shareholders, the ability of Medora to obtain necessary equity financing to continue operations, and the attainment of profitable operations. These factors raise substantial doubt regarding the Medora's ability to continue as going concern.

## NOTE 3.    STOCKHOLDERS' EQUITY

During August 2010, Medora issued an additional 13,008,667 shares for gross proceeds of $19,513 cash. In conjunction with the issuance of the shares, Medora incurred incremental direct costs of $6,631 which were netted against the portion of the gross proceeds included in additional paid in capital on the accompanying balance sheet.

## NOTE 4.    SUBSEQUENT EVENTS

The Company has evaluated subsequent events through January 31, 2011, the date these financial statements were available to be issued, and has determined that there were no subsequent events to recognize or disclose in these financial statements.

F-4

49

---

## REPORT OF INDEPENDENT REGISTERED PUBLIC ACCOUNTING FIRM

To the Board of Directors
Medora Corp. (A Development Stage Company)

Kingston, Jamaica, West Indies

We have audited the accompanying balance sheet of Medora Corp. (A Development Stage Company) as of July 31 2010 and the related statements of expenses, stockholders' equity, and cash flows for the period from May 6, 201 (inception) to July 31, 2010. These financial statements are the responsibility of the Company's management. Ou responsibility is to express an opinion on these financial statements based on our audit.

We conducted our audit in accordance with the standards of the Public Company Accounting Oversight Board (Unite States). Those standards require that we plan and perform the audit to obtain reasonable assurance whether the financia statements are free of material misstatement. The Company is not required to have, nor were we engaged to perform, a audit of its internal control over financial reporting. Our audit included consideration of internal control over financia reporting as a basis for designing audit procedures that are appropriate in the circumstances, but not for the purpose c expressing an opinion on the effectiveness of the Company's internal control over financial reporting. Accordingly, w express no such opinion. An audit includes examining, on a test basis, evidence supporting the amounts and disclosure in the financial statements. An audit also includes assessing the accounting principles used and significant estimate made by management, as well as evaluating the overall financial statement presentation. We believe that our audi provides a reasonable basis for our opinion.

In our opinion, the financial statements referred to above present fairly, in all material respects the financial position c Medora Corp. as of July 31, 2010, and the results of its operations and its cash flows for the period from May 6, 201 (inception) through July 31, 2010 in conformity with accounting principles generally accepted in the United States c America.

The accompanying financial statements have been prepared assuming that the Company will continue as a goin concern. As discussed in Note 2 to the financial statements, as of July 31, 2010, the Company has an accumulate deficit, limited liquidity and has not completed its efforts to establish a stabilized source of revenues sufficient to cove operating costs for the next twelve month period, which raise substantial doubt about its ability to continue as a goin concern. Management's plans concerning these matters are also described in Note 2. The financial statements do nc include any adjustments that might result from the outcome of this uncertainty.

/s/ GBH CPAs, PC

GBH CPAs, PC
www.gbhcpas.com
Houston, Texas
September 2, 2010

F-5

50

---

**MEDORA CORP.**
**(A Development Stage Company)**
**BALANCE SHEET**
**July 31, 2010**

---

**ASSETS**

CURRENT ASSETS
  Cash and cash equivalents                                          $             23,259
  Prepaid expenses                                                                  5,000

**TOTAL CURRENT ASSETS**                                                          28,259

**TOTAL ASSETS**                                                   $              28,259

**LIABILITIES AND STOCKHOLDERS' EQUITY**

CURRENT LIABILITIES
  Accounts payable                                                  $               4,275

**TOTAL CURRENT LIABILITIES**                                                      4,275

COMMITMENTS AND CONTINGENCIES                                                          -

STOCKHOLDERS' EQUITY
  Preferred stock, 100,000,000 shares authorized, $0.00001 par value;
  0 shares issued and outstanding                                                      -
  Common stock, 100,000,000 shares authorized, $0.00001 par value;
  49,045,933 shares issued and outstanding                                           490
  Additional paid-in capital                                                      27,604
  Deficit accumulated during the development stage                               (4,110)
**TOTAL STOCKHOLDERS' EQUITY**                                                    23,984

**TOTAL LIABILITIES AND STOCKHOLDERS' EQUITY**                     $              28,259

The accompanying notes are an integral part of these financial statements.

F-6

51

---

**MEDORA CORP.**
**(A Development Stage Company)**
**Statement of Expenses**
**For the period from May 6, 2010 (inception) to July 31, 2010**

EXPENSES
  Consulting fees                                                    $               3,000

| | | |
|---|---|---:|
| Bank service charges | | 335 |
| General and administrative | | 775 |
| **Total Expenses** | $ | 4,110 |
| **NET LOSS** | $ | (4,110) |
| NET LOSS PER COMMON SHARE, BASIC AND DILUTED | $ | (0.00) |
| WEIGHTED AVERAGE NUMBER OF COMMON SHARES OUTSTANDING, BASIC AND DILUTED | | 36,465,752 |

The accompanying notes are an integral part of these financial statements.

F-7

52

---

**MEDORA CORP.**
**(A Development Stage Company)**
**Statement of Stockholders' Equity**
**For the period from May 6, 2010 (inception) to July 31, 2010**

| | Common Stock | | Additional Paid-in | Deficit Accumulated during the | Total Stockholder's |
|---|---|---|---|---|---|
| | Shares | Amount | Capital | Development Stage | Equity |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Stock issued for cash on May 6, 2010 | 35,000,000 | $ | 350 | $ | 6,675 | $ | - | $ | 7,025 |
| Stock issued for cash | 14,045,933 | | 140 | | 20,929 | | - | | 21,069 |
| Net loss for the period ended July 31, 2010 | - | $ | - | $ | - | $ | (4,110) | $ | (4,110) |
| Balance, July 31, 2010 | 49,045,933 | $ | 490 | $ | 27,604 | $ | (4,110) | $ | 23,984 |

The accompanying notes are an integral part of these financial statements.

F-8

53

---

**MEDORA CORP.**
**(A Development Stage Company)**
**Statement of Cash Flows**
**For the period from May 6, 2010 (inception) to July 31, 2010**

| | | |
|---|---|---|
| CASH FLOWS FROM OPERATING ACTIVITIES | | |
| Net loss | $ | (4,110) |
| Adjustments to reconcile net loss to net cash used in operating activities: | | |
| Prepaid expenses | | (5,000) |
| Accounts payable | | 4,275 |
| Net cash used in operating activities | | (4,835) |

A0721

CASH FLOWS FROM FINANCING ACTIVITIES

| | |
|---|---:|
| Proceeds from issuance of common stock | 28,094 |
| Net cash provided by financing activities | 28,094 |
| | |
| Increase in cash and cash equivalents | 23,259 |
| | |
| Cash and cash equivalents, beginning of period | - |
| | |
| Cash and cash equivalents, end of period | $ 23,259 |

SUPPLEMENTAL CASH FLOW DISCLOSURES

| | |
|---|---:|
| Interest paid | $ - |
| Income taxes paid | $ - |

The accompanying notes are an integral part of these financial statements.

F-9

54

**MEDORA CORP.**
**(A Development Stage Company)**
**Notes to the Financial Statements**
**Period From May 6, 2010 (Inception)**
**Through July 31, 2010**

**Note 1 - Nature of Operations and Summary of Significant Accounting Policies**

***Nature of Business.*** Medora Corp. (referred to as the "Company", "Medora") was incorporated in Nevada on May 6, 2010, for the purpose of engaging in ecommerce through our planned website, which will be a group coupon buying

A0722

website.

***Use of Estimates.*** The preparation of financial statements in conformity with U.S. generally accepted accounting principles requires management to make estimates and assumptions that affect the reported amounts of assets and liabilities and disclosure of contingent assets and liabilities at the date of the financial statements and the reported amounts of revenues and expenses during the reporting period. Actual results could differ from those estimates.

***Basic and Diluted Earnings (Loss) Per Share.*** The basic net loss per common share is computed by dividing the net loss by the weighted average number of common shares outstanding. Diluted net loss per common share is computed by dividing the net loss adjusted on an "as if converted" basis, by the weighted average number of common shares outstanding plus potential dilutive securities. For the period ended July 31, 2010, there were no potentially dilutive securities outstanding.

***Cash and Cash Equivalents.*** Medora considers all highly liquid investments purchased with an original maturity of three months or less to be cash equivalents.

***Income Taxes***: Potential benefits of income tax losses are not recognized in the accounts until realization is more likely than not. The Company computes a deferred tax asset for net operating losses carried forward. The potential benefit of net operating losses have not been recognized in these financial statements because the Company cannot be assured it is more likely than not it will utilize the net operating losses carried forward in future years.

***Recently Issued Accounting Pronouncements.*** Medora Design does not expect the adoption of recently issued accounting pronouncements to have a significant impact on its results of operations, financial position or cash flow.

## Note 2. - Going Concern

These financial statements have been prepared on a going concern basis, which implies Medora will continue to meet its obligations and continue its operations for the next fiscal year. As of July 31, 2010, the Company has an accumulated deficit of $4,110, limited liquidity and has not completed its efforts to establish a stabilized source of revenues sufficient to cover operating costs for the next twelve month period.

F-10

55

---

**MEDORA CORP.**
**(A Development Stage Company)**
**Notes to the Financial Statements**
**Period From May 6, 2010 (Inception)**
**Through July 31, 2010**

## Note 2. - Going Concern (continued)

The Company's sole officer and director is unwilling to loan or advance any additional capital to the Company, except for the costs associated with the preparation and filing of reports with the Securities and Exchange Commission ("SEC"). These factors raise substantial doubt regarding the Company's ability to continue as a going concern. The continuation of Medora as a going concern is dependent upon financial support from its stockholders, the ability of Medora to obtain necessary equity financing to continue operations, and the attainment of profitable operations. Realization value may be substantially different from carrying values as shown and these financial statements do not include any adjustments to

http://www.sec.gov/Archives/edgar/data/1499274/000129460611000026/medoras1a5.htm    10/20/2014    A0723

the recoverability and classification of recorded asset amounts and classification of liabilities that might be necessary should Medora be unable to continue as a going concern.

## Note 3. - Stockholders' Equity

On May 6, 2010, Medora issued 35,000,000 common stock shares to its president at $0.0002 per share for approximately $7,000 cash.

During July 2010, Medora issued an additional 14,045,933 shares for a total of $21,069 cash.

## Note 4 - Income Taxes

Medora uses the liability method, where deferred tax assets and liabilities are determined based on the expected future tax consequences of temporary differences between the carrying amounts of assets and liabilities for financial and income tax reporting purposes. Since inception, Medora incurred net losses and, therefore, has no tax liability. The net deferred tax asset generated by the loss carry-forward has been fully reserved. The cumulative net operating loss carry-forward is $4,110 at July 31, 2010, and will expire in the year 2030.

At July 31, 2010, deferred tax assets consisted of the following:

| | |
|---|---|
| Deferred tax assets (net operating loss carry-forwards) | $    617 |
| Less: valuation allowance | (617) |
| Net deferred tax asset | $    - |

F-11

56

---

**MEDORA CORP.**
**(A Development Stage Company)**
**Notes to the Financial Statements**
**Period From May 6, 2010 (Inception)**
**Through July 31, 2010**

## Note 5 - Commitments and Contingencies

In May 2010, Medora executed a consulting agreement to pay Executive Consulting Services ("ECS") Group $1,000 per month for the next year. ECS advises Medora on matters relating to administrative and operational matters.

## Note 6 - Related Party Transactions

Office services and office space are provided without charge by the sole officer and director of the Company. Such costs

A0724

62

## SIGNATURES

Pursuant to the requirements of the Securities Act of 1933, the registrant certifies that it has reasonable grounds to believe that it meets all of the requirements for filing of this Form S-1/A-5 Registration Statement and has duly caused this Form S-1/A-5 Registration Statement to be signed on its behalf by the undersigned, thereunto duly authorized, in Kingston, Jamaica this 14th day of March, 2011.

### MEDORA CORP.

BY:    <u>CRAIG MCKENZIE</u>
        Craig McKenzie
        President, Principal Executive Officer,
        Principal Financial Officer, Principal
        Accounting Officer, Secretary/Treasurer and
        sole member of the Board of Directors

KNOW ALL MEN BY THESE PRESENT, that each person whose signature appears below constitutes and appoints Craig McKenzie, as true and lawful attorney-in-fact and agent, with full power of substitution, for him and in his name, place and stead, in any and all capacities, to sign any and all amendment (including post-effective amendments) to this registration statement, and to file the same, therewith, with the Securities and Exchange Commission, and to make any and all state securities law or blue sky filings, granting unto said attorney-in-fact and agent, full power and authority to do and perform each and every act and thing requisite or necessary to be done in about the premises, as fully to all intents and purposes as he might or could do in person, hereby ratifying the confirming all that said attorney-in-fact and agent, or any substitute or substitutes, may lawfully do or cause to be done by virtue hereof.

Pursuant to the requirements of the Securities Act of 1933, this Form S-1/A-5 Registration Statement has been signed by the following persons in the capacities and on the dates indicated:

| Signature | Title | Date |
|---|---|---|
| <u>CRAIG MCKENZIE</u><br>Craig McKenzie | President, Principal Executive Officer, Principal Financial Officer, Principal Accounting Officer, Secretary/Treasurer and sole member of the Board of Directors | March 14, 2011 |

# MEDO  - Medora Corp.
## Stock Transfer  - Final

Control Ticket Number:                               Transaction Number:    1

Type of Stock being Transferred: CS1             Transfer Date: 05/04/2011
Number of paper certificates being Transferred from: 0      Total Shares: 62,054,599
Number of paper certificates being Transferred to: 43     Received From: Medora Corp
Sale Amt. (per share) : $0.15000
Received 05/04/2011 at 14:54            Tran Type: Not an Item
Item Count: 0           How Rcvd.: E-Mail

—— Transfer From ——              —— Transfer To ——

| Line # | Shareholder | Certificate Number | Number of Shares | Line # | Shareholder | Number of New Certifs | Shares per Certif |
|---|---|---|---|---|---|---|---|
| | | | | 22 | 22 Devene Henry | 1 | 650,000 |
| | | | | 23 | 23 Damian Henry | 1 | 650,600 |
| | | | | 24 | 24 Harvey Henry | 1 | 650,000 |
| | | | | 25 | 25 Glenda Hunter | 1 | 650,000 |
| | | | | 26 | 26 Kerene Hunter | 1 | 650,000 |
| | | | | 27 | 27 Cahunda James | 1 | 650,000 |
| | | | | 28 | 28 Rene Lawrence | 1 | 650,000 |
| | | | | 29 | 29 Ricardo  Livingston | 1 | 633,333 |
| | | | | 30 | 30 Wayne Livingston | 1 | 633,333 |
| | | | | 31 | 31 Brenton Nagheer | 1 | 650,000 |
| | | | | 32 | 32 Garon Ormsby | 1 | 650,000 |
| | | | | 33 | 33 Anthony Reid | 1 | 650,000 |
| | | | | 34 | 34 Rupert Richards | 1 | 650,000 |
| | | | | 35 | 35 Chadwin Robinson | 1 | 633,333 |
| | | | | 36 | 36 Jenifer Rose | 1 | 650,000 |
| | | | | 37 | 37 Petula Rose | 1 | 650,000 |
| | | | | 38 | 38 Semone Rottingham | 1 | 650,000 |
| | | | | 39 | 39 Vecoth Singh | 1 | 566,667 |
| | | | | 40 | 40 Debbian Taylor | 1 | 650,000 |
| | | | | 41 | 41 Lafane Taylor | 1 | 650,000 |
| | | | | 42 | 42 Abigail Taylor | 1 | 650,000 |

# MEDO  - Medora Corp.
## Stock Transfer - Final

Control Ticket Number:                                Transaction Number:     1

Type of Stock being Transferred: CS1                  Transfer Date: 05/04/2011
Number of paper certificates being Transferred from: 0    Total Shares: 62,054,599
Number of paper certificates being Transferred to: 43    Received From: Medora Corp
Sale Amt. (per share) : $0.15000
Received 05/04/2011 at 14:54                           Tran Type: Not an Item
Item Count: 0                                          How Rcvd.: E-Mail

—— Transfer From ——                                  —— Transfer To ——

| Line # | Shareholder | Certificate Number | Number of Shares | Line # | Shareholder | Number of New Certifs | Shares per Certif |
|---|---|---|---|---|---|---|---|
| | | | | 1 | 1 Craig McKenzie | 1 | 35,000,000 |
| | | | | 2 | 2 Randy Bernard | 1 | 650,000 |
| | | | | 3 | 3 Alciann Boswell | 1 | 650,000 |
| | | | | 4 | 4 Jason Brackenridge | 1 | 650,000 |
| | | | | 5 | 5 Noel  Brackenridge | 1 | 690,000 |
| | | | | 6 | 6 Dwight Brown | 1 | 633,333 |
| | | | | 7 | 7 Dale Brown | 1 | 650,000 |
| | | | | 8 | 8 Thromo Brown | 1 | 650,000 |
| | | | | 9 | 9 Shane Brown | 1 | 650,000 |
| | | | | 10 | 10 Karen Clarke | 1 | 650,000 |
| | | | | 11 | 11 Teika Crooks | 1 | 650,000 |
| | | | | 12 | 12 Kenisha Daye | 1 | 616,667 |
| | | | | 13 | 13 Jermaine Dickenson | 1 | 650,000 |
| | | | | 14 | 14 Sanake Eubanks | 1 | 650,000 |
| | | | | 15 | 15 Claudine Francis | 1 | 650,000 |
| | | | | 16 | 16 Herman Goulbourne | 1 | 650,000 |
| | | | | 17 | 17 Jamar Gunter | 1 | 650,000 |
| | | | | 18 | 18 Audrey  Hanson | 1 | 562,000 |
| | | | | 19 | 19 Garfield Harris | 1 | 650,000 |
| | | | | 20 | 20 Valentine Heath | 1 | 650,000 |
| | | | | 21 | 21 Chrisle Hemmings | 1 | 652,000 |

A0727

**EDO  - Medora Corp.**
Stock Transfer  - Final

05/04/2011 03:33:15 PM
Page 3

Control Ticket Number:

Transaction Number:     1

Type of Stock being Transferred: CS1
Number of paper certificates being Transferred from: 0
Number of paper certificates being Transferred to: 43
Sale Amt (per share) : $0.15000
Received 05/04/2011 at 14:54

Transfer Date: 05/04/2011
Total Shares: 62,054,599
Received From: Medora Corp

Tran Type: Not an Item
How Rcvd.: E-Mail

Item Q

—— Transfer From ——

—— Transfer To ——

| Line # | Shareholder | Certificate Number | Number of Shares | Line # | Shareholder | Number of New Certifs | Shares per Certif |
|--------|-------------|--------------------|------------------|--------|-------------|------------------------|-------------------|
|        |             |                    |                  | 43     | 43 Jodi-Kae Williams | 1 | 633,333 |

101 - 143

A0728

**Subject:** Certificates
**From:** Craig McKenzie <medoracorp@gmail.com>
**Date:** Tue, 3 May 2011 23:22:09 -0700
**To:** patrick@empirestock.com

Dear Mr. Patrick,

I write to you today to find out if the certificates have been printed?  If so, can you please Fedex them to the following address:

Medora Corp.
c/o Curtis Daye
Lot 118 Greenwich Acres
Mammee Bay, St Ann
Jamaica, West Indies
Tel: (876) 366-7378 or (876) 310-6194

Many thanks,

Craig McKenzie

5/4/2011 3:54 PM

A0729

## MEDARO CORP.

### MINUTES OF A MEETING OF THE DIRECTORS OF THE COMPANY HELD ON AUGUST 30TH 2010 AT KINGSTON, JAMAICA.

Present:   **CRAIG McKENZIE**

Craig McKenzie the sole officer and director took the chair and acted as the Recording Secretary of the Meeting.

### ISSUANCE OF SHARES

**WHEREAS** various subscribers totalling 42 individuals have agreed to subscribe for and have paid for shares of common stock in the capital of the Company;

**UPON MOTION, IT WAS RESOLVED** that 27,054,600 shares of common stock in the capital of the Company subscribed for as follows at a price of $0.0015 per share be issued as fully paid and non-assessable to the various subscribers:

| No. | Name of Subscriber First | Last | Amount Per Subscriber (USD) | | Price Per Share | | Number of Shares Per Shareholder |
|-----|------|------|------|------|------|------|------|
| 1 | Randy | Bernard | $ | 975.00 | $ | 0.0015 | 650,000 |
| 2 | Alciann | Boswell | $ | 975.00 | $ | 0.0015 | 650,000 |
| 3 | Jason | Brackenridge | $ | 975.00 | $ | 0.0015 | 650,000 |
| 4 | Noel | Brackenridge | $ | 1,035.00 | $ | 0.0015 | 690,000 |
| 5 | Dwight | Brown | $ | 950.00 | $ | 0.0015 | 633,333 |
| 6 | Dale | Brown | $ | 975.00 | $ | 0.0015 | 650,000 |
| 7 | Thromo | Brown | $ | 975.00 | $ | 0.0015 | 650,000 |
| 8 | Shane | Brown | $ | 975.00 | $ | 0.0015 | 650,000 |
| 9 | Karen | Clarke | $ | 975.00 | $ | 0.0015 | 650,000 |
| 10 | Teika | Crooks | $ | 975.00 | $ | 0.0015 | 650,000 |
| 11 | Kenisha | Daye | $ | 925.00 | $ | 0.0015 | 616,667 |
| 12 | Jermaine | Dickenson | $ | 975.00 | $ | 0.0015 | 650,000 |
| 13 | Sanake | Eubanks | $ | 975.00 | $ | 0.0015 | 650,000 |
| 14 | Claudine | Francis | $ | 975.00 | $ | 0.0015 | 650,000 |
| 15 | Herman | Goulbourne | $ | 975.00 | $ | 0.0015 | 650,000 |
| 16 | Jamar | Gunter | $ | 975.00 | $ | 0.0015 | 650,000 |
| 17 | Audrey | Hanson | $ | 843.00 | $ | 0.0015 | 562,000 |
| 18 | Garfield | Harris | $ | 975.00 | $ | 0.0015 | 650,000 |
| 19 | Valentine | Heath | $ | 975.00 | $ | 0.0015 | 650,000 |
| 20 | Chrisie | Hemmings | $ | 978.00 | $ | 0.0015 | 652,000 |
| 21 | Devene | Henry | $ | 975.00 | $ | 0.0015 | 650,000 |
| 22 | Damian | Henry | $ | 975.90 | $ | 0.0015 | 650,600 |
| 23 | Harvey | Henry | $ | 975.00 | $ | 0.0015 | 650,000 |
| 24 | Glenda | Hunter | $ | 975.00 | $ | 0.0015 | 650,000 |
| 25 | Kerene | Hunter | $ | 975.00 | $ | 0.0015 | 650,000 |
| 26 | Cahunda | James | $ | 975.00 | $ | 0.0015 | 650,000 |
| 27 | Rene | Lawrence | $ | 975.00 | $ | 0.0015 | 650,000 |
| 28 | Ricardo | Livingston | $ | 950.00 | $ | 0.0015 | 633,333 |
| 29 | Wayne | Livingston | $ | 950.00 | $ | 0.0015 | 633,333 |
| 30 | Brenton | Nagheer | $ | 975.00 | $ | 0.0015 | 650,000 |

2

| 31 | Garon | Ormsby | $ | 975.00 | $ | 0.0015 | 650,000 |
| 32 | Anthony | Reid | $ | 975.00 | $ | 0.0015 | 650,000 |
| 33 | Rupert | Richards | $ | 975.00 | $ | 0.0015 | 650,000 |
| 34 | Chadwin | Robinson | $ | 950.00 | $ | 0.0015 | 633,333 |
| 35 | Jenifer | Rose | $ | 975.00 | $ | 0.0015 | 650,000 |
| 36 | Petula | Rose | $ | 975.00 | $ | 0.0015 | 650,000 |
| 37 | Semone | Rottingham | $ | 975.00 | $ | 0.0015 | 650,000 |
| 38 | Vecoth | Singh | $ | 850.00 | $ | 0.0015 | 566,667 |
| 39 | Debbian | Taylor | $ | 975.00 | $ | 0.0015 | 650,000 |
| 40 | Lafane | Taylor | $ | 975.00 | $ | 0.0015 | 650,000 |
| 41 | Abigail | Taylor | $ | 975.00 | $ | 0.0015 | 650,000 |
| 42 | Jodi-Kae | Williams | $ | 950.00 | $ | 0.0015 | 633,333 |

## TERMINATION OF MEETING

UPON MOTION, IT WAS RESOLVED that the Meeting terminate.

CRAIG MARIO MCKENZIE

Craig McKenzie / Sole Director

# Log Sheet

Printed   05/04/11
3:57 pm

Issue:   **MEDO-Medora Corp.**

Received:  5/4/2011       How Received: E-Mail

From: Medora Corp                                    ID/SCL#:

Tracking Number In:  N/A

Contents:

Control Ticket:                          Transaction No: 1

SEC Item Count:  0

Completed: 5/4/2011      How Sent:  FedEx

Tracking Number Out:   794724427978

Sent To:

Certificate(s) sent:       CS1-101,CS1-102,CS1-103,CS1-104,CS1-105,CS1-106,CS1-107,CS1-108,CS1
(or book entries confirmed)  -109,CS1-110,CS1-111,CS1-112,CS1-113,CS1-114,CS1-115,CS1-116,CS1-117
,CS1-118,CS1-119,CS1-120,CS1-121,CS1-122,CS1-123,CS1-124,CS1-125,CS
1-126,CS1-127,CS1-128,CS1-129,CS1-130,CS1-131,CS1-132,CS1-133,CS1-13
4,CS1-135,CS1-136,CS1-137,CS1-138,CS1-139,CS1-140,CS1-141,CS1-142,C
S1-143

Comments:

A0732

From: (702) 818-5896
Patrick Mokros
Empire Stock Transfer Inc.
1859 Whitney Mesa

Henderson, NV 89014
UNITED STATES

Origin ID: LASA


FedEx
Express

E

Ship Date: 04MAY11
ActWgt: 1.0 LB
CAD: 5040518/INET3130

REF: MEDO 101-143
DESC-1: Legal Documents
DESC-2:
DESC-3:
DESC-4:
EEI: NO EEI 30.37(a)
COUNTRY MFG: US
CARRIAGE VALUE: 1.00 USD
CUSTOMS VALUE: 1.00 USD
T/C: S 304351560        D/T: R
SIGN: Patrick Mokros
EIN/VAT:
PKG TYPE: ENV

SHIP TO: 8763667378        BILL SENDER

c/o Curtis Dye
Medora Corp.
Lot 118 Greenwich Acres
Mammee Bay

St Ann,
JM

PM
INTL PRIORITY

TRK# 7947 2442 7978
0430

XH MBJA

431
JM
MIA

These commodities, technology, or software were exported from the United States in accordance with the export administration regulations. Diversion contrary to United States law prohibited.

The Warsaw Convention may apply and will govern and in most cases limit the liability of Federal Express for loss or delay of or damage to your shipment. Subject to the conditions of the contract

CONSIGNEE COPY - PLEASE PLACE IN POUCH

500GI/1577//EFB

**After printing this label:**
1. Use the 'Print' button on this page to print your label to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

**Warning:** Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.

LEGAL TERMS AND CONDITIONS OF FEDEX SHIPPING DEFINITIONS. On this Air Waybill, "we", "our", "us", and "FedEx" refer to Federal Express Corporation, its subsidiaries and branches and their respective employees, agents, and independent contractors. The terms "you" and "your" refer to the shipper, its employees, principals and agents. If your shipment originates outside the United States, your contract of carriage is with the FedEx subsidiary, branch or independent contractor who originally accepts the shipment from you. The term "package" means any container or envelope that is accepted by us for delivery, including any such items tendered by you utilizing our automated systems, meters, manifests or airwaybills. The term "shipment" means all packages which are tendered to and accepted by us on a single Air Waybill. AIR CARRIAGE NOTICE. For any international shipments by air, the Warsaw Convention, as amended, may be applicable. The Warsaw Convention, as amended, will then govern and in most cases limit FedEx's liability for loss, delay of, or damage to your shipment. The Warsaw Convention, as amended, limits FedEx's liability. For example in the U.S. liability is limited to $9.07 per pound (20$ per kilogram), unless a higher value for carriage is declared as described below and you pay any applicable supplementary charges. The interpretation and operation of the Warsaw Convention's liability limits may vary in each country. There are no specific stopping places which are agreed to and FedEx reserves the right to route the shipment in any way FedEx deems appropriate. ROAD TRANSPORT NOTICE. Shipments transported solely by road to or from a country which is a party to the Warsaw Convention or the Contract for the International Carriage of Goods by Road (the "CMR") are subject to the terms and conditions of the CMR, notwithstanding any other provision of this Air Waybill to the contrary. For those shipments transported solely by road, if a conflict arises between the provisions of the CMR and the Air Waybill, the terms of the CMR shall prevail. LIMITATION OF LIABILITY. If not governed by the Warsaw Convention, the CMR, or other international treaties, laws, other government regulations, orders, or requirements, FedEx's maximum liability for damage, loss, delay, shortage, mis-delivery, nondelivery, misinformation or failure to provide information in connection with your shipment is limited by this Agreement and as set out in the terms and conditions of the contract of carriage. Please refer to the contract of carriage set forth in the applicable FedEx Service Guide or its equivalent to determine the contractual limitation. FedEx does not provide cargo liability or all-risk insurance, but you may pay an additional charge for each additional U.S. $100 (or equivalent local currency for the country of origin) of declared value for carriage. If a higher value for carriage is declared and the additional charge is paid, FedEx's maximum liability will be the lesser of the declared value for carriage or your actual damages. LIABILITIES NOT ASSUMED. IN ANY EVENT, FEDEX WON'T BE LIABLE FOR ANY DAMAGES, WHETHER DIRECT, INDIRECT, INCIDENTAL, SPECIAL OR CONSEQUENTIAL IN EXCESS OF THE DECLARED VALUE FOR CARRIAGE (INCLUDING BUT NOT LIMITED TO LOSS OF INCOME OR PROFITS) OR THE ACTUAL VALUE OF THE SHIPMENT, IF LOWER, WHETHER OR NOT FEDEX HAD ANY KNOWLEDGE THAT SUCH DAMAGES MIGHT BE INCURRED. FedEx won't be liable for your acts or omissions, including but not limited to incorrect declaration of cargo, improper or insufficient packaging, securing, marking or addressing of the shipment, or for the acts or omissions of the recipient or anyone else with an interest in the shipment or violations by any party of the terms of this agreement. FedEx won't be liable for damage, loss, delay, shortage, mis-delivery, non-delivery, misinformation or failure to provide information in connection with shipments of cash, currency or other prohibited items or in instances beyond our control, such as acts of God, perils of the air, weather conditions, mechanical delays, acts of public enemies, war, strike, civil commotion, or acts or omissions of public authorities(including customs and health officials) with actual or apparent authority. NO WARRANTY. We make no warranties, express or implied. CLAIMS FOR LOSS, DAMAGE OR DELAY. ALL CLAIMS MUST BE MADE IN WRITING AND WITHIN STRICT TIME LIMITS. SEE OUR TARIFF, APPLICABLE FEDEX SERVICE GUIDE, OR STANDARD CONDITIONS OF CARRIAGE FOR DETAILS. The Warsaw Convention provides specific written claims procedures for damage, delay or non-delivery of your shipment. Moreover, the interpretation and operation of the Warsaw Convention's claims provisions may vary in each country. Refer to the Convention to determine the claims period for your shipment. The right to damages against us shall be extinguished unless an action is brought within two years. As set forth in the Convention. FedEx is not obligated to act on any claim until all transportation charges have been paid. The claim amount may not be deducted from the transportation charges. If the recipient accepts the shipment without noting any damage on the delivery record, FedEx will assume the shipment was delivered in good condition. In order for us to consider a claim for damage, the contents, original shipping carton and packing must be made available to us for inspection. MANDATORY LAW. Insofar as any provision contained or referred to in this Air Waybill may be contrary to any applicable international treaties, laws, government regulations, orders or requirements such provisions shall remain in effect as a part of our agreement to the extent that it is not overridden. The invalidity or unenforceability of any provisions shall not affect any other part of this Air Waybill. Unless otherwise indicated, FEDERAL EXPRESS CORPORATION. 2005 Corporate Avenue, Memphis, TN 38132, USA, is the first carrier of this shipment. Email address located at www.fedex.com

1 of 2

5/4/2011 3:56 PM

A0733

**Empire Stock Transfer**

**IMER - Imerjn, Inc.**

**Shareholders with Certificate Detail**
Active Certificates through 05/04/11

12/10/2014
12:29 pm
Page 1 of 4

| Name/Address | Shares | Certificate | Issued | Active Shares |
|---|---|---|---|---|
| Randy Bernard<br>Dunnsville Ocho Rios, P.O<br>St. Ann<br>Jamaica | 650,000 | CS1- 102 | 05/04/11 | 650,000 |
| Alciann Boswell<br>12 King Street, St. Ann's Bay P.O<br>St. Ann<br>Jamaica | 650,000 | CS1- 103 | 05/04/11 | 650,000 |
| Jason Brackenridge<br>9 Starfish Drive<br>St. Andrew<br>Jamaica | 650,000 | CS1- 104 | 05/04/11 | 650,000 |
| Noel Brackenridge<br>452 Carlston Crescent<br>St. Catherine<br>Jamaica | 690,000 | CS1- 105 | 05/04/11 | 690,000 |
| Dale Brown<br>224 Covey Ave. Caymonas Garden, Gregory Park P.O.<br>Kingston<br>Jamaica | 650,000 | CS1- 107 | 05/04/11 | 650,000 |
| Dwight Brown<br>Mammee Bay, P.O<br>St. Ann<br>Jamaica | 633,333 | CS1- 106 | 05/04/11 | 633,333 |
| Shane Brown<br>Rhoomstown Pratville P.O<br>Manchester<br>Jamaica | 650,000 | CS1- 109 | 05/04/11 | 650,000 |
| Thromo Brown<br>Lot 184 6 East Greater Portmore<br>St. Catherine<br>Jamaica | 650,000 | CS1- 108 | 05/04/11 | 650,000 |
| Karen Clarke<br>Apt. 121, 2 Worthington Terrace<br>Kingston<br>Jamaica | 650,000 | CS1- 110 | 05/04/11 | 650,000 |
| Teika Crooks<br>Cheltenham District, New Market P.O<br>St. Elizabeth<br>Jamaica | 650,000 | CS1- 111 | 05/04/11 | 650,000 |
| Kenisha Daye<br>Chalky Hill P.O<br>St. Ann<br>Jamaica | 650,000 | CS1- 112 | 05/04/11 | 650,000 |
| Jermaine Dickenson<br>Grass Piece, Steer Town, P.O<br>St. Ann<br>Jamaica | 616,667 | CS1- 113 | 05/04/11 | 616,667 |
| Sanake Eubanks<br>Steer Town, P.O<br>St. Ann<br>Jamaica | 650,000 | CS1- 114 | 05/04/11 | 650,000 |
| Claudine Francis<br>Old Folly, Discovery Bay<br>St. Ann<br>Jamaica | 650,000 | CS1- 115 | 05/04/11 | 650,000 |

A0734

# Empire Stock Transfer
## IMER - Imerjn, Inc.
### Shareholders with Certificate Detail
**Active Certificates through 05/04/11**

12/10/2014
12:29 pm
Page 2 of 4

| Name/Address | Shares | Certificate | Issued | Active Shares |
|---|---|---|---|---|
| Herman Goulbourne<br>Esher Albany P.O<br>St. Ann<br>Jamaica | | | | |
| Jamar Gunter<br>10 Sheridon Drive, Fairbanks<br>Mandeville<br>Jamaica | 650,000 | CS1- 116 | 05/04/11 | 650,000 |
| Audrey Hanson<br>Bamboo District<br>St. Ann<br>Jamaica | 650,000 | CS1- 117 | 05/04/11 | 650,000 |
| Garfield Harris<br>Mines District, Mount Zion<br>St. Ann<br>Jamaica | 562,000 | CS1- 118 | 05/04/11 | 562,000 |
| Valentine Heath<br>Standfast District, Browns Town<br>St. Ann<br>Jamaica | 650,000 | CS1- 119 | 05/04/11 | 650,000 |
| Chrisie Hemmings<br>Trysee District, Browns Town P.O<br>St. Ann<br>Jamaica | 650,000 | CS1- 120 | 05/04/11 | 650,000 |
| Damian Henry<br>Rickman Drive, Bamboo P.O<br>St. Ann<br>Jamaica | 652,000 | CS1- 121 | 05/04/11 | 652,000 |
| Devene Henry<br>Lime Hall Content<br>St. Ann<br>Jamaica | 650,600 | CS1- 123 | 05/04/11 | 650,600 |
| Harvey Henry<br>59 Bay Farm Road<br>Kingston<br>Jamaica | 650,000 | CS1- 122 | 05/04/11 | 650,000 |
| Glenda Hunter<br>Lickman Dr. Baboo P.O<br>St. Ann<br>Jamaica | 650,000 | CS1- 124 | 05/04/11 | 650,000 |
| Kerene Hunter<br>Eltham, Ocho Rios<br>St. Ann<br>Jamaica | 650,000 | CS1- 125 | 05/04/11 | 650,000 |
| Cahunda James<br>Hampstead District, Runaway Bay P.O<br>St. Ann<br>Jamaica | 650,000 | CS1- 126 | 05/04/11 | 650,000 |
| Rene Lawrence<br>Dunnsville, Ocho Rios<br>St. Ann<br>Jamaica | 650,000 | CS1- 127 | 05/04/11 | 650,000 |
| Ricardo Livingston<br>Rouring River District, Steer Town<br>St. Ann<br>Jamaica | 650,000 | CS1- 128 | 05/04/11 | 650,000 |
| | 633,333 | CS1- 129 | 05/04/11 | 633,333 |

A0735

**Empire Stock Transfer**
**IMER - Imerjn, Inc.**

12/10/2014
12:29 pm
Page 3 of 4

**Shareholders with Certificate Detail**
Active Certificates through 05/04/11

| Name/Address | Shares | Certificate | Issued | Active Shares |
|---|---|---|---|---|
| Wayne Livingston<br>69 Main St. Ocho Rios<br>St. Ann<br>Jamaica | 633,333 | CS1- 130 | 05/04/11 | 633,333 |
| Craig McKenzie<br>7 Wareham Road Kingston<br>Kingston<br>Jamaica | 35,000,000 | CS1- 101 | 05/04/11 | 35,000,000 |
| Brenton Nagheer<br>Bailey's Vale<br>St. Mary<br>Jamaica | 650,000 | CS1- 131 | 05/04/11 | 650,000 |
| Garon Ormsby<br>Rowlands Field District<br>St. Ann<br>Jamaica | 650,000 | CS1- 132 | 05/04/11 | 650,000 |
| Anthony Reid<br>Bailey's Vale<br>St. Mary<br>Jamaica | 650,000 | CS1- 133 | 05/04/11 | 650,000 |
| Rupert Richards<br>Bossbold<br>St. Ann<br>Jamaica | 650,000 | CS1- 134 | 05/04/11 | 650,000 |
| Chadwin Robinson<br>Steer Town, P.O<br>St. Ann<br>Jamaica | 633,333 | CS1- 135 | 05/04/11 | 633,333 |
| Jenifer Rose<br>Shellow Street, Runaway Bay<br>St. Ann<br>Jamaica | 650,000 | CS1- 136 | 05/04/11 | 650,000 |
| Petula Rose<br>Steer Town, P.O<br>St. Ann<br>Jamaica | 650,000 | CS1- 137 | 05/04/11 | 650,000 |
| Semone Rottingham<br>Steer Town, P.O<br>St. Ann<br>Jamaica | 650,000 | CS1- 138 | 05/04/11 | 650,000 |
| Vecoth Singh<br>Mammee Bay, P.O<br>St. Ann<br>Jamaica | 566,667 | CS1- 139 | 05/04/11 | 566,667 |
| Abigail Taylor<br>Exchange District, Lodge P.O<br>St. Ann<br>Jamaica | 650,000 | CS1- 142 | 05/04/11 | 650,000 |
| Debbian Taylor<br>Healthy Hill, Colegate, Ocho Rios P.O<br>St. Ann<br>Jamaica | 650,000 | CS1- 140 | 05/04/11 | 650,000 |
| Lafane Taylor<br>Healthy Hill, Colegate, Ocho Rios P.O<br>St. Ann<br>Jamaica | 650,000 | CS1- 141 | 05/04/11 | 650,000 |

A0736

**Empire Stock Transfer**

**IMER - Imerjn, Inc.**

**Shareholders with Certificate Detail**
**Active Certificates through 05/04/11**

12/10/2014
12:29 pm
Page 4 of 4

| Name/Address | Shares | Certificate | Issued | Active Shares |
|---|---|---|---|---|
| Jodi-Kae Williams<br>Dunnsville, Ocho Rio<br>St. Ann<br>Jamaica | | | | |
| | 633,333 | CS1-  143 | 05/04/11 | 633,333 |

| | | |
|---|---|---|
| Total Outstanding shares in 43 certificates: | | 62,054,599 |
| Total Restricted Shares in 0 certificates: | | 0 |
| Total Non Restricted shares in 43 certificates: | | 62,054,599 |
| Total Active shareholders: | | 43 |
| | | |
| Grand Total by Class: | | |
| | CS1 | 62,054,599 |

A0737

# MEDO - Medora Corp.
## Stock Transfer - Final Transaction Report

3/1/12   3:06 pm

Page 1 of 2

| | |
|---|---|
| Control Ticket Number: STTK000000032989 | Transaction Number: 13     Transfer Date: 03/01/12 |
| Type of Stock being Transferred: CS1 | Total Shares: 12,292,001     Sale Amt/share: $ 0.00000 |
| Paper certifs being Transferred from: 20 | |
| Paper certifs being Transferred to: 4 | Received From: CELTIC CONSULTANTS |
| CB Received: / / | Received: 02/23/12 at 09:47    Tran Type: Non-Routine Item Count: 1 |
| Tax Reason: N/A    Acquired: 03/01/12 | How Received: FEDEX |
| | Sent: 03/01/12 at 15:02     How Sent: fedex |
| | Outgoing Tracking Number: 793292413335 |

| | | | | ----Transfer From---- | | | | | ----Transfer To---- | | |
|---|---|---|---|---|---|---|---|---|---|---|---|

| Line # | Shareholder | | Certificate Number | | Number of Shares | Line # | Shareholder | | Certificate Number | | Shares per Certif |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 4 | Jason Brackenridge | CS1 | 104 | 650,000 | 1 | 50 | Caledonia Partners LLC | CS1 | 157 | 2,992,001 |
| 2 | 5 | Noel Brackenridge | CS1 | 105 | 690,000 | 2 | 51 | Sharma Investments Inc. | CS1 | 158 | 3,100,000 |
| 3 | 6 | Dwight Brown | CS1 | 106 | 633,333 | 3 | 52 | Lornex Financial Ltd. | CS1 | 159 | 3,100,000 |
| 4 | 7 | Dale Brown | CS1 | 107 | 650,000 | 4 | 53 | Gotama Capital SA | CS1 | 160 | 3,100,000 |
| 5 | 11 | Teika Crooks | CS1 | 111 | 650,000 | | | | | | |
| 6 | 14 | Sanake Eubanks | CS1 | 114 | 650,000 | | | | | | |
| 7 | 15 | Claudine Francis | CS1 | 115 | 650,000 | | | | | | |
| 8 | 16 | Herman Goulbourne | CS1 | 116 | 650,000 | | | | | | |
| 9 | 20 | Valentine Heath | CS1 | 120 | 650,000 | | | | | | |
| 10 | 21 | Chrisie Hemmings | CS1 | 121 | 652,000 | | | | | | |
| 11 | 25 | Glenda Hunter | CS1 | 125 | 650,000 | | | | | | |
| 12 | 26 | Kerene Hunter | CS1 | 126 | 650,000 | | | | | | |
| 13 | 27 | Cahunda James | CS1 | 127 | 650,000 | | | | | | |
| 14 | 28 | Rene Lawrence | CS1 | 128 | 650,000 | | | | | | |
| 15 | 31 | Brenton Nagheer | CS1 | 131 | 650,000 | | | | | | |
| 16 | 33 | Anthony Reid | CS1 | 133 | 650,000 | | | | | | |
| 17 | 36 | Jenifer Rose | CS1 | 136 | 650,000 | | | | | | |
| 18 | 37 | Petula Rose | CS1 | 137 | 850,000 | | | | | | |

Completed By: SLN     Report Run By: SLN 03/01/12 3:06:46 pm

A0738

# MEDO  - Medora Corp.

**Stock Transfer - Final Transaction Report**

3/1/12    3:06 pm

Page 2 of 2

| | |
|---|---|
| Control Ticket Number:  STTK000000032989 | Transaction Number:    13          Transfer Date: 03/01/12 |
| Type of Stock being Transferred:    CS1 | Total Shares: 12,292,001          Sale Amt/share: $ 0.00000 |
| Paper certifs being Transferred from: 20 | |
| Paper certifs being Transferred to:    4 | Received From: CELTIC CONSULTANTS |
| CB Received: / / | Received: 02/23/12 at 09:47    Tran Type: Non-Routine Item Count: 1 |
| Tax Reason: N/A      Acquired: 03/01/12 | How Received: FEDEX |
| | Sent: 03/01/12 at 15:02          How Sent:  fedex |
| | Outgoing Tracking Number:  793292413335 |

|  | -----Transfer From----- | | | | -----Transfer To----- | |
|---|---|---|---|---|---|---|

| Line # | Shareholder | Certificate Number | Number of Shares | Line # | Shareholder | Certificate Number | Shares per Certif |
|---|---|---|---|---|---|---|---|
| 19 | 39   Vecoth Singh | CS1   139 | 566,667 | | | | |
| 20 | 39   Vecoth Singh | CS1   153 | 1 | | | | |
| | | | **12,292,001** | | Number of new certs: 4 | | **12,292,001** |

Completed By: SLN        Report Run By: SLN 03/01/12  3:06:46 pm

A0739

# MEDO  - Medora Corp.
## Stock Transfer - Final Transaction Report

3/1/12   3:06 pm

Page 1 of 2

Control Ticket Number:  STTK000000032989
Type of Stock being Transferred:      CS1
Paper certifs being Transferred from: 20
Paper certifs being Transferred to:    4
CB Received: / /
Tax Reason: N/A    Acquired: 03/01/12

Transaction Number:    13
Total Shares: 12,292,001

Transfer Date: 03/01/12
Sale Amt/share: $ 0.0000C

Received From: CELTIC CONSULTANTS
Received: 02/23/12 at 09:47   Tran Type: Non-Routine Item Count: 1
How Received: FEDEX

Sent: 03/01/12 at 15:02        How Sent:  fedex
Outgoing Tracking Number:  793292413335

| Line # | | Shareholder | Certificate Number | | Number of Shares | Line # | | Shareholder | Certificate Number | | Shares per Certif |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 4 | Jason Brackenridge | CS1 | 104 | 650,000 | 1 | 50 | Caledonia Partners LLC | CS1 | 157 | 2,992,001 |
| 2 | 5 | Noel  Brackenridge | CS1 | 105 | 690,000 | 2 | 51 | Sharma Investments Inc. | CS1 | 158 | 3,100,000 |
| 3 | 6 | Dwight Brown | CS1 | 106 | 633,333 | 3 | 52 | Lornex Financial Ltd. | CS1 | 159 | 3,100,000 |
| 4 | 7 | Dale Brown | CS1 | 107 | 650,000 | 4 | 53 | Gotama Capital SA | CS1 | 160 | 3,100,000 |
| 5 | 11 | Telka Crooks | CS1 | 111 | 650,000 | | | | | | |
| 6 | 14 | Sanake Eubanks | CS1 | 114 | 650,000 | | | | | | |
| 7 | 15 | Claudine Francis | CS1 | 115 | 650,000 | | | | | | |
| 8 | 16 | Herman Goulbourne | CS1 | 116 | 650,000 | | | | | | |
| 9 | 20 | Valentine Heath | CS1 | 120 | 650,000 | | | | | | |
| 10 | 21 | Chrisie Hemmings | CS1 | 121 | 652,000 | | | | | | |

----Transfer From---- / ----Transfer To----

0575

CELTIC CONSULTANTS LLC

DATE 2 0 12-02-20
Y Y Y Y  M M  D D

U.S. DOLLAR ACCOUNT

PAY to the order of  *EMPIRE STOCK TRANSFER*    $ 220-

*Two Hundred & Twenty*    DOLLARS
100  U.S. FUNDS

BMO  Bank of Montreal
FIRST BANK TOWER, 595 BURRARD ST.
VANCOUVER,B.C.   V7X 1L7

CELTIC CONSULTANTS LLC

RE MDRA    PER

⑈000575⑈ ⑆00040⑈001⑈   4656⑈107⑈   45

Compiled By: SLN    Report Run By: SLN 03/01/12 3:06:46 pm

A0740

# Memorandum

RECEIVED
FEB 2 3 2012
Empire Stock Transfer

**To:** Empire Stock Transfer

**Date:** 21/02/2012

**Re:** 12,292,001 shares of Medora Corp.

1. Please issue 1 new certificate to Caledonia Partners LLC for 2,992,001 shares of Medora Corp.

2. Please Fed-Ex (using Fed-Ex account #: 4817-3416-9) the new certificate for Caledonia Partners to LGT Bank (Singapore), Suite 4203, Two Exchange Square, 8 Connaught Place, Central Hong Kong, Hong Kong, Ph: 852-219-37130. Attention: Christine Ng

3. Please issue 1 new certificate to Sharma Investments Inc. for 3,100,000 shares of Medora Corp.

4. Please Fed-Ex (using Fed-Ex account #: 4817-3416-9) the new certificate for Sharma Investments to OC Securities, 2782 Gateway Road, Carlsbad, CA 92009, Ph: 760-448-1800. Attention: Andrea Ritchie

5. Please issue 1 new certificate to Lornex Financial Ltd. for 3,100,000 shares of Medora Corp.

6. Please Fed-Ex (using Fed-Ex account #: 4817-3416-9) the new certificate for Lornex Financial to Verdmont Capital SA, Edificio Hi-Tech Plaza, Calle 53, Obarrio, Cuidad de Panama, 0823-03017, Ph: 011-507-301-9000. Attention: Conley Forey

7. Please issue 1 new certificate to Gotama Capital SA for 3,100,000 shares of Medora Corp.

8. Please Fed-Ex (on Fed-Ex account 4817-3416-9) the new certificate for Gotama Capital to Blacklight S.A., Geneva Airpark, 4 Chemin Des Papillions, 1216 Cointrin, Switzerland, Ph: 41-22-761-4488. Attention: Roger Knox

9. Your fee of $220.00 is enclosed. ($120 new cert fees + $100 10 X cancellation fees)

10. **IF THERE ARE ANY PROBLEMS REGARDING THESE INSTRUCTIONS PLEASE CALL COURTNEY KELLN AT 604-788-5126, BEFORE YOU DO ANYTHING ELSE WITH THE CERTIFICATE. EMAIL: CELTIC@CORPTRAX.COM**

[ ] Restricted Email        [X] Indemnity Notice
[X] Indemnity Required     [ ] Transfer Notice
[X] No Medallion             [ ] No Fees
[ ] No Instructions          [X] Indemnity Attached

[ ] Other _____

1



NUMBER

104

SHARES

***650,000***

COMMON STOCK

*MEDORA CORP.*

COMMON STOCK

CUSIP 58503H102

SEE REVERSE FOR CERTAIN DEFINITIONS

INCORPORATED UNDER THE LAWS OF THE STATE OF

NEVADA

THIS CERTIFIES THAT

***Jason Brackenridge***

Is the Owner of   *** Six Hundred Fifty Thousand ***

FULLY PAID AND NON-ASSESSABLE SHARES OF COMMON STOCK OF

MEDORA CORP.

transferable on the books of the Corporation by the holder hereof, in person or by duly authorized attorney, upon surrender of this Certificate properly endorsed. This Certificate is not valid until countersigned by the Transfer Agent and registered by the Registrar.

Witness this facsimile seal of said Corporation and the facsimile signatures of its duly authorized officers.

Dated:   **May 4, 2011**

COUNTERSIGNED AND REGISTERED:
**EMPIRE STOCK TRANSFER INC.**          Transfer Agent and Registrar

By

AUTHORIZED SIGNATURE

CORPORATE SEAL

SECRETARY

PRESIDENT

A 61843

A0742

The following abbreviations, when used in the inscription of the face of this certificate, shall be construed as though they were written out in full according to applicable laws or regulations:

| | |
|---|---|
| TEN COM — as tenants in common | UNIF GIFT MIN ACT — _____ Custodian _____ |
| TEN ENT — as tenants by the entireties | (Cust)                                (Minor) |
| | under Uniform Gifts to Minors Act |
| JT TEN — as joint tenants with right of survivorship and not as tenants in common | _____ |
| | (State) |

Additional abbreviations may also be used though not in the above list.

*For Value Received,* _____ *hereby sells, assigns and transfers unto*

PLEASE INSERT SOCIAL SECURITY
OR OTHER IDENTIFYING NUMBER

(PLEASE PRINT OR TYPE NAME AND ADDRESS INCLUDING POSTAL ZIP CODE OF ASSIGNEE)

*Shares*

*of the Common Stock represented by this Certificate and hereby irrevocably constitues and appoints*

*Attorney*

*to transfer the said stock on the books of the within–named Corporation with full power of substitution in the premises.*

*Dated* _____

NOTICE   THE SIGNATURE(S) TO THIS ASSIGNMENT MUST CORRESPOND WITH THE NAME(S) AS WRITTEN UPON THE FACE OF THIS CERTIFICATE IN EVERY PARTICULAR WITHOUT ALTERATION OR ENLARGEMENT OR ANY CHANGE WHATSOEVER.

SIGNATURE(S) GUARANTEED

NOTICE   THE SIGNATURE(S) SHOULD BE GUARANTEED BY AN ELIGIBLE GUARANTOR INSTITUTION, (BANKS, STOCKBROKERS, SAVINGS AND LOAN ASSOCIATION AND CREDIT UNIONS) WITH MEMBERSHIP IN AN APPROVED SIGNATURE GUARANTEE MEDALLION PROGRAM PURSUANT TO S.E.C. RULE 17AD-15.



NUMBER

105

SHARES

***690,000***

COMMON STOCK

*MEDORA CORP.*

COMMON STOCK

CUSIP 58503H102

INCORPORATED UNDER THE LAWS OF THE STATE OF

NEVADA

SEE REVERSE FOR CERTAIN DEFINITIONS

THIS CERTIFIES THAT

***Noel Brackenridge***

Is the Owner of    *** Six Hundred Ninety Thousand ***

FULLY PAID AND NON-ASSESSABLE SHARES OF COMMON STOCK OF

MEDORA CORP.

transferable on the books of the Corporation by the holder hereof, in person or by duly authorized attorney, upon surrender of this Certificate properly endorsed. This Certificate is not valid until countersigned by the Transfer Agent and registered by the Registrar.

Witness this facsimile seal of said Corporation and the facsimile signatures of its duly authorized officers.

Dated:    **May 4, 2011**

COUNTERSIGNED AND REGISTERED:
EMPIRE STOCK TRANSFER INC.

By

Transfer Agent and Registrar

AUTHORIZED SIGNATURE

CORPORATE
SEAL

SECRETARY

PRESIDENT

A 61842

The following abbreviations, when used in the inscription of the face of this certificate, shall be construed as though they were written out in full according to applicable laws or regulations:

TEN COM — as tenants in common

TEN ENT — as tenants by the entireties

JT TEN — as joint tenants with right of survivorship and not as tenants in common

UNIF GIFT MIN ACT — _____Custodian_____
(Cust)                              (Minor)
under Uniform Gifts to Minors Act

_____
(State)

Additional abbreviations may also be used though not in the above list.

*For Value Received,_____hereby sells, assigns and transfers unto*

PLEASE INSERT SOCIAL SECURITY
OR OTHER IDENTIFYING NUMBER

(PLEASE PRINT OR TYPE NAME AND ADDRESS INCLUDING POSTAL ZIP CODE OF ASSIGNEE)

*Shares*

*of the Common Stock represented by this Certificate and hereby irrevocably constitues and appoints*

*Attorney*

*to transfer the said stock on the books of the within-named Corporation with full power of substitution in the premises.*

*Dated* _____

NOTICE   THE SIGNATURE(S) TO THIS ASSIGNMENT MUST CORRESPOND WITH THE NAME(S) AS WRITTEN UPON THE FACE OF THIS CERTIFICATE IN EVERY PARTICULAR WITHOUT ALTERATION OR ENLARGEMENT OR ANY CHANGE WHATSOEVER.

SIGNATURE(S) GUARANTEED

NOTICE   THE SIGNATURE(S) SHOULD BE GUARANTEED BY AN ELIGIBLE GUARANTOR INSTITUTION, (BANKS, STOCKBROKERS, SAVINGS AND LOAN ASSOCIATION AND CREDIT UNIONS) WITH MEMBERSHIP IN AN APPROVED SIGNATURE GUARANTEE MEDALLION PROGRAM PURSUANT TO S.E.C. RULE 17AD-15.

A0745



NUMBER

139

SHARES

***566,667***

COMMON STOCK

**MEDORA CORP.**

COMMON STOCK

CUSIP 58503H102

INCORPORATED UNDER THE LAWS OF THE STATE OF

NEVADA

SEE REVERSE FOR CERTAIN DEFINITIONS

THIS CERTIFIES THAT

***Vecoth Singh***

is the Owner of *** Five Hundred Sixty-Six Thousand Six Hundred Sixty-Seven ***

FULLY PAID AND NON-ASSESSABLE SHARES OF COMMON STOCK OF

MEDORA CORP.

transferable on the books of the Corporation by the holder hereof, in person or by duly authorized attorney, upon surrender of this Certificate properly endorsed. This Certificate is not valid until countersigned by the Transfer Agent and registered by the Registrar.

Witness this facsimile seal of said Corporation and the facsimile signatures of its duly authorized officers.

Dated: **May 4, 2011**

COUNTERSIGNED AND REGISTERED:
EMPIRE STOCK TRANSFER INC.

By

Transfer Agent and Registrar

AUTHORIZED SIGNATURE

CORPORATE SEAL

SECRETARY

PRESIDENT

A 61808

A0746

The following abbreviations, when used in the inscription of the face of this certificate, shall be construed as though they were written out in full according to applicable laws or regulations:

| | | |
|---|---|---|
| TEN COM | — as tenants in common | |
| TEN ENT | — as tenants by the entireties | |
| JT TEN | — as joint tenants with right of survivorship and not as tenants in common | |

UNIF GIFT MIN ACT — _____Custodian_____
(Cust)                          (Minor)
under Uniform Gifts to Minors Act

_____
(State)

Additional abbreviations may also be used though not in the above list.

*For Value Received,*_____*hereby sells, assigns and transfers unto*

PLEASE INSERT SOCIAL SECURITY
OR OTHER IDENTIFYING NUMBER

_____

(PLEASE PRINT OR TYPE NAME AND ADDRESS INCLUDING POSTAL ZIP CODE OF ASSIGNEE)

_____*Shares*

*of the Common Stock represented by this Certificate and hereby irrevocably constitues and appoints*

_____*Attorney*

*to transfer the said stock on the books of the within–named Corporation with full power of substitution in the premises.*

*Dated* _____

NOTICE   THE SIGNATURE(S) TO THIS ASSIGNMENT MUST CORRESPOND WITH THE NAME(S) AS WRITTEN UPON THE FACE OF THIS CERTIFICATE IN EVERY PARTICULAR WITHOUT ALTERATION OR ENLARGEMENT OR ANY CHANGE WHATSOEVER.

SIGNATURE(S) GUARANTEED

NOTICE   THE SIGNATURE(S) SHOULD BE GUARANTEED BY AN ELIGIBLE GUARANTOR INSTITUTION, (BANKS, STOCKBROKERS, SAVINGS AND LOAN ASSOCIATION AND CREDIT UNIONS) WITH MEMBERSHIP IN AN APPROVED SIGNATURE GUARANTEE MEDALLION PROGRAM PURSUANT TO S.E.C. RULE 17AD-15.



NUMBER
153

SHARES
***1***

COMMON STOCK

*MEDORA CORP.*

COMMON STOCK

CUSIP 58503H102

INCORPORATED UNDER THE LAWS OF THE STATE OF

NEVADA

SEE REVERSE FOR CERTAIN DEFINITIONS

THIS CERTIFIES THAT

***Vecoth Singh***

Is the Owner of  *** One ***

FULLY PAID AND NON-ASSESSABLE SHARES OF COMMON STOCK OF

*MEDORA CORP.*

transferable on the books of the Corporation by the holder hereof, in person or by duly authorized attorney, upon surrender of this Certificate properly endorsed. This Certificate is not valid until countersigned by the Transfer Agent and registered by the Registrar.

Witness this facsimile seal of said Corporation and the facsimile signatures of its duly authorized officers.

Dated:  **July 26, 2011**

COUNTERSIGNED AND REGISTERED:
EMPIRE STOCK TRANSFER INC.
Transfer Agent and Registrar

By

AUTHORIZED SIGNATURE

CORPORATE
SEAL

SECRETARY

PRESIDENT

A 65200

A0748

The following abbreviations, when used in the inscription of the face of this certificate, shall be construed as though they were written out in full according to applicable laws or regulations:

TEN COM — as tenants in common

TEN ENT — as tenants by the entireties

JT TEN — as joint tenants with right of survivorship and not as tenants in common

UNIF GIFT MIN ACT — _____Custodian_____
                           (Cust)               (Minor)

under Uniform Gifts to Minors Act

_____
                    (State)

Additional abbreviations may also be used though not in the above list.

*For Value Received,_____hereby sells, assigns and transfers unto*

PLEASE INSERT SOCIAL SECURITY
OR OTHER IDENTIFYING NUMBER

(PLEASE PRINT OR TYPE NAME AND ADDRESS INCLUDING POSTAL ZIP CODE OF ASSIGNEE)

*Shares*

*of the Common Stock represented by this Certificate and hereby irrevocably constitues and appoints*

*Attorney*

*to transfer the said stock on the books of the within-named Corporation with full power of substitution in the premises.*

*Dated* _____

NOTICE   THE SIGNATURE(S) TO THIS ASSIGNMENT MUST CORRESPOND WITH THE NAME(S) AS WRITTEN UPON THE FACE OF THIS CERTIFICATE IN EVERY PARTICULAR WITHOUT ALTERATION OR ENLARGEMENT OR ANY CHANGE WHATSOEVER.

SIGNATURE(S) GUARANTEED

NOTICE   THE SIGNATURE(S) SHOULD BE GUARANTEED BY AN ELIGIBLE GUARANTOR INSTITUTION, (BANKS, STOCKBROKERS, SAVINGS AND LOAN ASSOCIATION AND CREDIT UNIONS) WITH MEMBERSHIP IN AN APPROVED SIGNATURE GUARANTEE MEDALLION PROGRAM PURSUANT TO S.E.C. RULE 17AD-15.

A0749



NUMBER

107

SHARES

***650,000***

COMMON STOCK

*MEDORA CORP.*

COMMON STOCK

CUSIP 58503H102

INCORPORATED UNDER THE LAWS OF THE STATE OF

NEVADA

SEE REVERSE FOR CERTAIN DEFINITIONS

THIS CERTIFIES THAT

***Dale Brown***

Is the Owner of   *** Six Hundred Fifty Thousand ***

FULLY PAID AND NON-ASSESSABLE SHARES OF COMMON STOCK OF

MEDORA CORP.

transferable on the books of the Corporation by the holder hereof, in person or by duly authorized attorney, upon surrender of this Certificate properly endorsed. This Certificate is not valid until countersigned by the Transfer Agent and registered by the Registrar.

Witness this facsimile seal of said Corporation and the facsimile signatures of its duly authorized officers.

Dated:
   May 4, 2011
COUNTERSIGNED AND REGISTERED:
   EMPIRE STOCK TRANSFER INC.
                                Transfer Agent and Registrar

By

AUTHORIZED SIGNATURE

CORPORATE
SEAL

SECRETARY

PRESIDENT

A 61840

A0750

The following abbreviations, when used in the inscription of the face of this certificate, shall be construed as though they were written out in full according to applicable laws or regulations:

TEN COM — as tenants in common

TEN ENT — as tenants by the entireties

JT TEN — as joint tenants with right of survivorship and not as tenants in common

UNIF GIFT MIN ACT — _____Custodian_____
                       (Cust)                (Minor)
under Uniform Gifts to Minors Act

_____
                    (State)

Additional abbreviations may also be used though not in the above list.

*For Value Received,* _____ *hereby sells, assigns and transfers unto*

PLEASE INSERT SOCIAL SECURITY
OR OTHER IDENTIFYING NUMBER

(PLEASE PRINT OR TYPE NAME AND ADDRESS INCLUDING POSTAL ZIP CODE OF ASSIGNEE)

*Shares*

*of the Common Stock represented by this Certificate and hereby irrevocably constitues and appoints*

*Attorney*

*to transfer the said stock on the books of the within-named Corporation with full power of substitution in the premises.*

*Dated* _____

NOTICE   THE SIGNATURE(S) TO THIS ASSIGNMENT MUST CORRESPOND WITH THE NAME(S) AS WRITTEN UPON THE FACE OF THIS CERTIFICATE IN EVERY PARTICULAR WITHOUT ALTERATION OR ENLARGEMENT OR ANY CHANGE WHATSOEVER.

SIGNATURE(S) GUARANTEED

NOTICE   THE SIGNATURE(S) SHOULD BE GUARANTEED BY AN ELIGIBLE GUARANTOR INSTITUTION, (BANKS, STOCKBROKERS, SAVINGS AND LOAN ASSOCIATION AND CREDIT UNIONS) WITH MEMBERSHIP IN AN APPROVED SIGNATURE GUARANTEE MEDALLION PROGRAM PURSUANT TO S.E.C. RULE 17AD-15.



NUMBER
120

SHARES
***650,000***

COMMON STOCK

*MEDORA CORP.*

COMMON STOCK

CUSIP 58503H102

INCORPORATED UNDER THE LAWS OF THE STATE OF

NEVADA

SEE REVERSE FOR CERTAIN DEFINITIONS

THIS CERTIFIES THAT

***Valentine Heath***

is the Owner of   *** Six Hundred Fifty Thousand ***

FULLY PAID AND NON-ASSESSABLE SHARES OF COMMON STOCK OF

MEDORA CORP.

transferable on the books of the Corporation by the holder hereof, in person or by duly authorized attorney, upon surrender of this Certificate properly endorsed.  This Certificate is not valid until countersigned by the Transfer Agent and registered by the Registrar.

Witness this facsimile seal of said Corporation and the facsimile signatures of its duly authorized officers.

Dated:   May 4, 2011

COUNTERSIGNED AND REGISTERED:
EMPIRE STOCK TRANSFER INC.
Transfer Agent and Registrar

By

AUTHORIZED SIGNATURE

CORPORATE SEAL

SECRETARY

PRESIDENT

A 61827

A0752

The following abbreviations, when used in the inscription of the face of this certificate, shall be construed as though they were written out in full according to applicable laws or regulations:

TEN COM — as tenants in common

TEN ENT — as tenants by the entireties

JT TEN — as joint tenants with right
of survivorship and not as
tenants in common

UNIF GIFT MIN ACT — _____ Custodian _____
(Cust)                              (Minor)
under Uniform Gifts to Minors Act

_____
(State)

Additional abbreviations may also be used though not in the above list.

*For Value Received,* _____ *hereby sells, assigns and transfers unto*

PLEASE INSERT SOCIAL SECURITY
OR OTHER IDENTIFYING NUMBER

_____

_____
(PLEASE PRINT OR TYPE NAME AND ADDRESS INCLUDING POSTAL ZIP CODE OF ASSIGNEE)

_____

_____ *Shares*

*of the Common Stock represented by this Certificate and hereby irrevocably constitues and appoints*

_____ *Attorney*

*to transfer the said stock on the books of the within-named Corporation with full power of substitution in the premises.*

*Dated* _____

NOTICE   THE SIGNATURE(S) TO THIS ASSIGNMENT MUST CORRESPOND
WITH THE NAME(S) AS WRITTEN UPON THE FACE OF THIS
CERTIFICATE IN EVERY PARTICULAR WITHOUT ALTERATION OR
ENLARGEMENT OR ANY CHANGE WHATSOEVER.

SIGNATURE(S) GUARANTEED

NOTICE   THE SIGNATURE(S) SHOULD BE GUARANTEED BY AN ELIGIBLE
GUARANTOR INSTITUTION, (BANKS, STOCKBROKERS, SAVINGS
AND LOAN ASSOCIATION AND CREDIT UNIONS) WITH MEMBERSHIP
IN AN APPROVED SIGNATURE GUARANTEE MEDALLION PROGRAM
PURSUANT TO S.E.C. RULE 17AD-15.



NUMBER
125

SHARES
***650,000***

COMMON STOCK

*MEDORA CORP.*

COMMON STOCK

CUSIP 58503H102

INCORPORATED UNDER THE LAWS OF THE STATE OF

NEVADA

SEE REVERSE FOR CERTAIN DEFINITIONS

THIS CERTIFIES THAT

***Glenda Hunter***

is the Owner of   *** Six Hundred Fifty Thousand ***

FULLY PAID AND NON-ASSESSABLE SHARES OF COMMON STOCK OF

*MEDORA CORP.*

*transferable on the books of the Corporation by the holder hereof, in person or by duly authorized attorney, upon surrender of this Certificate properly endorsed. This Certificate is not valid until countersigned by the Transfer Agent and registered by the Registrar.*

*Witness this facsimile seal of said Corporation and the facsimile signatures of its duly authorized officers.*

Dated:   **May 4, 2011**
COUNTERSIGNED AND REGISTERED:
EMPIRE STOCK TRANSFER INC.
Transfer Agent and Registrar
By
AUTHORIZED SIGNATURE

CORPORATE SEAL

SECRETARY

PRESIDENT

A 61822

The following abbreviations, when used in the inscription of the face of this certificate, shall be construed as though they were written out in full according to applicable laws or regulations:

TEN COM — as tenants in common

TEN ENT — as tenants by the entireties

JT TEN — as joint tenants with right of survivorship and not as tenants in common

UNIF GIFT MIN ACT — _____Custodian_____
(Cust)                                (Minor)
under Uniform Gifts to Minors Act

_____
(State)

Additional abbreviations may also be used though not in the above list.

*For Value Received,*_____*hereby sells, assigns and transfers unto*

PLEASE INSERT SOCIAL SECURITY
OR OTHER IDENTIFYING NUMBER

(PLEASE PRINT OR TYPE NAME AND ADDRESS INCLUDING POSTAL ZIP CODE OF ASSIGNEE)

*Shares*

*of the Common Stock represented by this Certificate and hereby irrevocably constitues and appoints*

*Attorney*

*to transfer the said stock on the books of the within-named Corporation with full power of substitution in the premises.*

*Dated* _____

NOTICE   THE SIGNATURE(S) TO THIS ASSIGNMENT MUST CORRESPOND WITH THE NAME(S) AS WRITTEN UPON THE FACE OF THIS CERTIFICATE IN EVERY PARTICULAR WITHOUT ALTERATION OR ENLARGEMENT OR ANY CHANGE WHATSOEVER.

SIGNATURE(S) GUARANTEED

NOTICE   THE SIGNATURE(S) SHOULD BE GUARANTEED BY AN ELIGIBLE GUARANTOR INSTITUTION, (BANKS, STOCKBROKERS, SAVINGS AND LOAN ASSOCIATION AND CREDIT UNIONS) WITH MEMBERSHIP IN AN APPROVED SIGNATURE GUARANTEE MEDALLION PROGRAM PURSUANT TO S.E.C. RULE 17AD-15.

A0755



NUMBER
126

SHARES
***650,000***

COMMON STOCK

*MEDORA CORP.*

COMMON STOCK

CUSIP 58503H102

INCORPORATED UNDER THE LAWS OF THE STATE OF

NEVADA

SEE REVERSE FOR CERTAIN DEFINITIONS

THIS CERTIFIES THAT

***Kerene Hunter***

Is the Owner of   *** Six Hundred Fifty Thousand ***

FULLY PAID AND NON-ASSESSABLE SHARES OF COMMON STOCK OF

MEDORA CORP.

transferable on the books of the Corporation by the holder hereof, in person or by duly authorized attorney, upon surrender of this Certificate properly endorsed. This Certificate is not valid until countersigned by the Transfer Agent and registered by the Registrar.

Witness this facsimile seal of said Corporation and the facsimile signatures of its duly authorized officers.

Dated:   **May 4, 2011**

COUNTERSIGNED AND REGISTERED:
EMPIRE STOCK TRANSFER INC.

By                          Transfer Agent and Registrar

AUTHORIZED SIGNATURE

CORPORATE SEAL

SECRETARY

PRESIDENT

A 61821

A0756

The following abbreviations, when used in the inscription of the face of this certificate, shall be construed as though they were written out in full according to applicable laws or regulations:

TEN COM — as tenants in common

TEN ENT — as tenants by the entireties

JT TEN — as joint tenants with right of survivorship and not as tenants in common

UNIF GIFT MIN ACT — _____ Custodian _____
(Cust)                                   (Minor)
under Uniform Gifts to Minors Act

_____
(State)

Additional abbreviations may also be used though not in the above list.

*For Value Received,* _____ *hereby sells, assigns and transfers unto*

PLEASE INSERT SOCIAL SECURITY
OR OTHER IDENTIFYING NUMBER

(PLEASE PRINT OR TYPE NAME AND ADDRESS INCLUDING POSTAL ZIP CODE OF ASSIGNEE)

*Shares*

*of the Common Stock represented by this Certificate and hereby irrevocably constitues and appoints*

*Attorney*

*to transfer the said stock on the books of the within-named Corporation with full power of substitution in the premises.*

*Dated* _____

NOTICE   THE SIGNATURE(S) TO THIS ASSIGNMENT MUST CORRESPOND WITH THE NAME(S) AS WRITTEN UPON THE FACE OF THIS CERTIFICATE IN EVERY PARTICULAR WITHOUT ALTERATION OR ENLARGEMENT OR ANY CHANGE WHATSOEVER.

SIGNATURE(S) GUARANTEED

NOTICE   THE SIGNATURE(S) SHOULD BE GUARANTEED BY AN ELIGIBLE GUARANTOR INSTITUTION, (BANKS, STOCKBROKERS, SAVINGS AND LOAN ASSOCIATION AND CREDIT UNIONS) WITH MEMBERSHIP IN AN APPROVED SIGNATURE GUARANTEE MEDALLION PROGRAM PURSUANT TO S.E.C. RULE 17AD-15.

A0757



NUMBER

127

SHARES

***650,000***

COMMON STOCK

**MEDORA CORP.**

COMMON STOCK

CUSIP 58503H102

INCORPORATED UNDER THE LAWS OF THE STATE OF

NEVADA

SEE REVERSE FOR CERTAIN DEFINITIONS

THIS CERTIFIES THAT

***Cahunda James***

Is the Owner of   *** Six Hundred Fifty Thousand ***

FULLY PAID AND NON-ASSESSABLE SHARES OF COMMON STOCK OF

MEDORA CORP.

transferable on the books of the Corporation by the holder hereof, in person or by duly authorized attorney, upon surrender of this Certificate properly endorsed. This Certificate is not valid until countersigned by the Transfer Agent and registered by the Registrar.

Witness this facsimile seal of said Corporation and the facsimile signatures of its duly authorized officers.

Dated:   **May 4, 2011**

COUNTERSIGNED AND REGISTERED:
EMPIRE STOCK TRANSFER INC.
Transfer Agent and Registrar

By

AUTHORIZED SIGNATURE

SECRETARY

PRESIDENT

CORPORATE SEAL

A 61820

A0758

The following abbreviations, when used in the inscription of the face of this certificate, shall be construed as though they were written out in full according to applicable laws or regulations:

TEN COM — as tenants in common

TEN ENT — as tenants by the entireties

JT TEN — as joint tenants with right of survivorship and not as tenants in common

UNIF GIFT MIN ACT — _____Custodian_____
(Cust)              (Minor)
under Uniform Gifts to Minors Act

_____
(State)

Additional abbreviations may also be used though not in the above list.

*For Value Received,_____hereby sells, assigns and transfers unto*

PLEASE INSERT SOCIAL SECURITY
OR OTHER IDENTIFYING NUMBER

(PLEASE PRINT OR TYPE NAME AND ADDRESS INCLUDING POSTAL ZIP CODE OF ASSIGNEE)

*Shares*

*of the Common Stock represented by this Certificate and hereby irrevocably constitues and appoints*

*Attorney*

*to transfer the said stock on the books of the within-named Corporation with full power of substitution in the premises.*

*Dated* _____

NOTICE   THE SIGNATURE(S) TO THIS ASSIGNMENT MUST CORRESPOND WITH THE NAME(S) AS WRITTEN UPON THE FACE OF THIS CERTIFICATE IN EVERY PARTICULAR WITHOUT ALTERATION OR ENLARGEMENT OR ANY CHANGE WHATSOEVER.

SIGNATURE(S) GUARANTEED

NOTICE   THE SIGNATURE(S) SHOULD BE GUARANTEED BY AN ELIGIBLE GUARANTOR INSTITUTION, (BANKS, STOCKBROKERS, SAVINGS AND LOAN ASSOCIATION AND CREDIT UNIONS) WITH MEMBERSHIP IN AN APPROVED SIGNATURE GUARANTEE MEDALLION PROGRAM PURSUANT TO S.E.C. RULE 17AD-15.



NUMBER
121

SHARES
***652,000***

COMMON STOCK

COMMON STOCK

*MEDORA CORP.*

CUSIP 58503H102

INCORPORATED UNDER THE LAWS OF THE STATE OF

NEVADA

SEE REVERSE FOR CERTAIN DEFINITIONS

THIS CERTIFIES THAT

***Chrisie Hemmings***

is the Owner of    *** Six Hundred Fifty-Two Thousand ***

FULLY PAID AND NON-ASSESSABLE SHARES OF COMMON STOCK OF

*MEDORA CORP.*

*transferable on the books of the Corporation by the holder hereof, in person or by duly authorized attorney, upon surrender of this Certificate properly endorsed. This Certificate is not valid until countersigned by the Transfer Agent and registered by the Registrar.*

*Witness this facsimile seal of said Corporation and the facsimile signatures of its duly authorized officers.*

Dated:
May 4, 2011

COUNTERSIGNED AND REGISTERED:
EMPIRE STOCK TRANSFER INC.

By                                    Transfer Agent and Registrar

AUTHORIZED SIGNATURE

CORPORATE SEAL

SECRETARY

PRESIDENT

A 61826

A0760

The following abbreviations, when used in the inscription of the face of this certificate, shall be construed as though they were written out in full according to applicable laws or regulations:

| | | |
|---|---|---|
| TEN COM | — | as tenants in common |
| TEN ENT | — | as tenants by the entireties |
| JT TEN | — | as joint tenants with right of survivorship and not as tenants in common |

UNIF GIFT MIN ACT — _____Custodian_____
(Cust)                              (Minor)
under Uniform Gifts to Minors Act

_____
(State)

Additional abbreviations may also be used though not in the above list.

*For Value Received,*_____*hereby sells, assigns and transfers unto*

PLEASE INSERT SOCIAL SECURITY
OR OTHER IDENTIFYING NUMBER

_____

_____
(PLEASE PRINT OR TYPE NAME AND ADDRESS INCLUDING POSTAL ZIP CODE OF ASSIGNEE)

_____*Shares*

*of the Common Stock represented by this Certificate and hereby irrevocably constitues and appoints*

_____*Attorney*

*to transfer the said stock on the books of the within-named Corporation with full power of substitution in the premises.*

*Dated* _____

NOTICE    THE SIGNATURE(S) TO THIS ASSIGNMENT MUST CORRESPOND WITH THE NAME(S) AS WRITTEN UPON THE FACE OF THIS CERTIFICATE IN EVERY PARTICULAR WITHOUT ALTERATION OR ENLARGEMENT OR ANY CHANGE WHATSOEVER.

SIGNATURE(S) GUARANTEED

NOTICE    THE SIGNATURE(S) SHOULD BE GUARANTEED BY AN ELIGIBLE GUARANTOR INSTITUTION, (BANKS, STOCKBROKERS, SAVINGS AND LOAN ASSOCIATION AND CREDIT UNIONS) WITH MEMBERSHIP IN AN APPROVED SIGNATURE GUARANTEE MEDALLION PROGRAM PURSUANT TO S.E.C. RULE 17AD-15.



NUMBER
128

SHARES
***650,000***

COMMON STOCK

*MEDORA CORP.*

COMMON STOCK

CUSIP 58503H102

INCORPORATED UNDER THE LAWS OF THE STATE OF

NEVADA

SEE REVERSE FOR CERTAIN DEFINITIONS

THIS CERTIFIES THAT

***Rene Lawrence***

Is the Owner of   *** Six Hundred Fifty Thousand ***

FULLY-PAID AND NON-ASSESSABLE SHARES OF COMMON STOCK OF

MEDORA CORP.

transferable on the books of the Corporation by the holder hereof, in person or by duly authorized attorney, upon surrender of this Certificate properly endorsed. This Certificate is not valid until countersigned by the Transfer Agent and registered by the Registrar.

Witness this facsimile seal of said Corporation and the facsimile signatures of its duly authorized officers.

Dated:
May 4, 2011
COUNTERSIGNED AND REGISTERED:
EMPIRE STOCK TRANSFER INC.
Transfer Agent and Registrar

By

AUTHORIZED SIGNATURE

CORPORATE SEAL

SECRETARY

PRESIDENT

A 61819

The following abbreviations, when used in the inscription of the face of this certificate, shall be construed as though they were written out in full according to applicable laws or regulations:

| TEN COM | — as tenants in common |
| TEN ENT | — as tenants by the entireties |
| JT TEN | — as joint tenants with right of survivorship and not as tenants in common |

UNIF GIFT MIN ACT — _____ Custodian_____
                          (Cust)                        (Minor)
                   under Uniform Gifts to Minors Act

_____
                (State)

Additional abbreviations may also be used though not in the above list.

*For Value Received,_____ hereby sells, assigns and transfers unto*

PLEASE INSERT SOCIAL SECURITY
OR OTHER IDENTIFYING NUMBER

(PLEASE PRINT OR TYPE NAME AND ADDRESS INCLUDING POSTAL ZIP CODE OF ASSIGNEE)

_____ *Shares*

*of the Common Stock represented by this Certificate and hereby irrevocably constitues and appoints*

_____ *Attorney*

*to transfer the said stock on the books of the within-named Corporation with full power of substitution in the premises.*

*Dated* _____

NOTICE   THE SIGNATURE(S) TO THIS ASSIGNMENT MUST CORRESPOND WITH THE NAME(S) AS WRITTEN UPON THE FACE OF THIS CERTIFICATE IN EVERY PARTICULAR WITHOUT ALTERATION OR ENLARGEMENT OR ANY CHANGE WHATSOEVER.

SIGNATURE(S) GUARANTEED

NOTICE   THE SIGNATURE(S) SHOULD BE GUARANTEED BY AN ELIGIBLE GUARANTOR INSTITUTION, (BANKS, STOCKBROKERS, SAVINGS AND LOAN ASSOCIATION AND CREDIT UNIONS) WITH MEMBERSHIP IN AN APPROVED SIGNATURE GUARANTEE MEDALLION PROGRAM PURSUANT TO S.E.C. RULE 17AD-15.

A0763



NUMBER

131

COMMON STOCK

SHARES

***650,000***

COMMON STOCK

*MEDORA CORP.*

INCORPORATED UNDER THE LAWS OF THE STATE OF

NEVADA

CUSIP 58503H102

SEE REVERSE FOR CERTAIN DEFINITIONS

THIS CERTIFIES THAT

***Brenton Nagheer***

Is the Owner of  *** Six Hundred Fifty Thousand ***

FULLY PAID AND NON-ASSESSABLE SHARES OF COMMON STOCK OF

*MEDORA CORP.*

*transferable on the books of the Corporation by the holder hereof, in person or by duly authorized attorney, upon surrender of this Certificate properly endorsed. This Certificate is not valid until countersigned by the Transfer Agent and registered by the Registrar.*

*Witness this facsimile seal of said Corporation and the facsimile signatures of its duly authorized officers.*

Dated: **May 4, 2011**
COUNTERSIGNED AND REGISTERED:
EMPIRE STOCK TRANSFER INC.
Transfer Agent and Registrar

By

AUTHORIZED SIGNATURE

CORPORATE SEAL

SECRETARY

PRESIDENT

A 61816

A0764

The following abbreviations, when used in the inscription of the face of this certificate, shall be construed as though they were written out in full according to applicable laws or regulations:

TEN COM — as tenants in common

TEN ENT — as tenants by the entireties

JT TEN — as joint tenants with right
of survivorship and not as
tenants in common

UNIF GIFT MIN ACT — _____Custodian_____
(Cust)                                (Minor)
under Uniform Gifts to Minors Act

_____
(State)

Additional abbreviations may also be used though not in the above list.

*For Value Received,*_____*hereby sells, assigns and transfers unto*

PLEASE INSERT SOCIAL SECURITY
OR OTHER IDENTIFYING NUMBER

_____

(PLEASE PRINT OR TYPE NAME AND ADDRESS INCLUDING POSTAL ZIP CODE OF ASSIGNEE)

_____*Shares*

*of the Common Stock represented by this Certificate and hereby irrevocably constitues and appoints*

_____*Attorney*

*to transfer the said stock on the books of the within-named Corporation with full power of substitution in the premises.*

*Dated*_____

NOTICE    THE SIGNATURE(S) TO THIS ASSIGNMENT MUST CORRESPOND
WITH THE NAME(S) AS WRITTEN UPON THE FACE OF THIS
CERTIFICATE IN EVERY PARTICULAR WITHOUT ALTERATION OR
ENLARGEMENT OR ANY CHANGE WHATSOEVER.

SIGNATURE(S) GUARANTEED

NOTICE    THE SIGNATURE(S) SHOULD BE GUARANTEED BY AN ELIGIBLE
GUARANTOR INSTITUTION, (BANKS, STOCKBROKERS, SAVINGS
AND LOAN ASSOCIATION AND CREDIT UNIONS) WITH MEMBERSHIP
IN AN APPROVED SIGNATURE GUARANTEE MEDALLION PROGRAM
PURSUANT TO S.E.C. RULE 17AD-15.



NUMBER
133

SHARES
***650,000***

COMMON STOCK

*MEDORA CORP.*

COMMON STOCK

CUSIP 58503H102

INCORPORATED UNDER THE LAWS OF THE STATE OF

NEVADA

SEE REVERSE FOR CERTAIN DEFINITIONS

THIS CERTIFIES THAT

***Anthony Reid***

Is the Owner of   *** Six Hundred Fifty Thousand ***

FULLY PAID AND NON-ASSESSABLE SHARES OF COMMON STOCK OF

*MEDORA CORP.*

*transferable on the books of the Corporation by the holder hereof, in person or by duly authorized attorney, upon surrender of this Certificate properly endorsed. This Certificate is not valid until countersigned by the Transfer Agent and registered by the Registrar.*

*Witness this facsimile seal of said Corporation and the facsimile signatures of its duly authorized officers.*

Dated:   May 4, 2011
COUNTERSIGNED AND REGISTERED:
EMPIRE STOCK TRANSFER INC.
By                                          Transfer Agent and Registrar
AUTHORIZED SIGNATURE

CORPORATE SEAL

SECRETARY                        PRESIDENT

A 61814

The following abbreviations, when used in the inscription of the face of this certificate, shall be construed as though they were written out in full according to applicable laws or regulations:

TEN COM — as tenants in common

TEN ENT — as tenants by the entireties

JT TEN — as joint tenants with right of survivorship and not as tenants in common

UNIF GIFT MIN ACT — _____ Custodian _____
(Cust)                        (Minor)
under Uniform Gifts to Minors Act

_____
(State)

Additional abbreviations may also be used though not in the above list.

*For Value Received,* _____ *hereby sells, assigns and transfers unto*

PLEASE INSERT SOCIAL SECURITY
OR OTHER IDENTIFYING NUMBER

(PLEASE PRINT OR TYPE NAME AND ADDRESS INCLUDING POSTAL ZIP CODE OF ASSIGNEE)

*Shares*

*of the Common Stock represented by this Certificate and hereby irrevocably constitues and appoints*

*Attorney*

*to transfer the said stock on the books of the within-named Corporation with full power of substitution in the premises.*

*Dated* _____

NOTICE   THE SIGNATURE(S) TO THIS ASSIGNMENT MUST CORRESPOND WITH THE NAME(S) AS WRITTEN UPON THE FACE OF THIS CERTIFICATE IN EVERY PARTICULAR WITHOUT ALTERATION OR ENLARGEMENT OR ANY CHANGE WHATSOEVER.

SIGNATURE(S) GUARANTEED

NOTICE   THE SIGNATURE(S) SHOULD BE GUARANTEED BY AN ELIGIBLE GUARANTOR INSTITUTION, (BANKS, STOCKBROKERS, SAVINGS AND LOAN ASSOCIATION AND CREDIT UNIONS) WITH MEMBERSHIP IN AN APPROVED SIGNATURE GUARANTEE MEDALLION PROGRAM PURSUANT TO S.E.C. RULE 17AD-15.



NUMBER
136

SHARES
***650,000***

COMMON STOCK

*MEDORA CORP.*

COMMON STOCK

CUSIP 58503H102

INCORPORATED UNDER THE LAWS OF THE STATE OF

NEVADA

SEE REVERSE FOR CERTAIN DEFINITIONS

THIS CERTIFIES THAT

***Jenifer Rose***

is the Owner of   *** Six Hundred Fifty Thousand ***

FULLY PAID AND NON-ASSESSABLE SHARES OF COMMON STOCK OF

MEDORA CORP.

transferable on the books of the Corporation by the holder hereof, in person or by duly authorized attorney, upon surrender of this Certificate properly endorsed. This Certificate is not valid until countersigned by the Transfer Agent and registered by the Registrar.

Witness this facsimile seal of said Corporation and the facsimile signatures of its duly authorized officers.

Dated:   **May 4, 2011**

COUNTERSIGNED AND REGISTERED:
EMPIRE STOCK TRANSFER INC.
Transfer Agent and Registrar

By

AUTHORIZED SIGNATURE

CORPORATE SEAL

SECRETARY

PRESIDENT

A 61811

A0768

The following abbreviations, when used in the inscription of the face of this certificate, shall be construed as though they were written out in full according to applicable laws or regulations:

TEN COM — as tenants in common

TEN ENT — as tenants by the entireties

JT TEN — as joint tenants with right
of survivorship and not as
tenants in common

UNIF GIFT MIN ACT — _____Custodian_____
(Cust)                              (Minor)
under Uniform Gifts to Minors Act

_____
(State)

Additional abbreviations may also be used though not in the above list.

*For Value Received,*_____*hereby sells, assigns and transfers unto*

PLEASE INSERT SOCIAL SECURITY
OR OTHER IDENTIFYING NUMBER

(PLEASE PRINT OR TYPE NAME AND ADDRESS INCLUDING POSTAL ZIP CODE OF ASSIGNEE)

*Shares*

*of the Common Stock represented by this Certificate and hereby irrevocably constitues and appoints*

*Attorney*

*to transfer the said stock on the books of the within-named Corporation with full power of substitution in the premises.*

*Dated* _____

NOTICE    THE SIGNATURE(S) TO THIS ASSIGNMENT MUST CORRESPOND
WITH THE NAME(S) AS WRITTEN UPON THE FACE OF THIS
CERTIFICATE IN EVERY PARTICULAR WITHOUT ALTERATION OR
ENLARGEMENT OR ANY CHANGE WHATSOEVER.

SIGNATURE(S) GUARANTEED

NOTICE    THE SIGNATURE(S) SHOULD BE GUARANTEED BY AN ELIGIBLE
GUARANTOR INSTITUTION, (BANKS, STOCKBROKERS, SAVINGS
AND LOAN ASSOCIATION AND CREDIT UNIONS) WITH MEMBERSHIP
IN AN APPROVED SIGNATURE GUARANTEE MEDALLION PROGRAM
PURSUANT TO S.E.C. RULE 17AD-15.



NUMBER
106

SHARES
\*\*\*633,333\*\*\*

COMMON STOCK

**MEDORA CORP.**

COMMON STOCK

CUSIP 58503H102

INCORPORATED UNDER THE LAWS OF THE STATE OF

NEVADA

SEE REVERSE FOR CERTAIN DEFINITIONS

THIS CERTIFIES THAT

\*\*\*Dwight Brown\*\*\*

Is the Owner of   \*\*\* Six Hundred Thirty-Three Thousand Three Hundred Thirty-Three \*\*\*

FULLY PAID AND NON-ASSESSABLE SHARES OF COMMON STOCK OF

MEDORA CORP.

*transferable on the books of the Corporation by the holder hereof, in person or by duly authorized attorney, upon surrender of this Certificate properly endorsed. This Certificate is not valid until countersigned by the Transfer Agent and registered by the Registrar.*

*Witness this facsimile seal of said Corporation and the facsimile signatures of its duly authorized officers.*

Dated:   **May 4, 2011**
COUNTERSIGNED AND REGISTERED:
EMPIRE STOCK TRANSFER INC.
Transfer Agent and Registrar

By

AUTHORIZED SIGNATURE

CORPORATE
SEAL

SECRETARY

PRESIDENT

A 61841

A0770

The following abbreviations, when used in the inscription of the face of this certificate, shall be construed as though they were written out in full according to applicable laws or regulations:

TEN COM — as tenants in common

TEN ENT — as tenants by the entireties

JT TEN — as joint tenants with right of survivorship and not as tenants in common

UNIF GIFT MIN ACT — _____Custodian_____
(Cust)                              (Minor)
under Uniform Gifts to Minors Act

_____
(State)

Additional abbreviations may also be used though not in the above list.

*For Value Received,_____hereby sells, assigns and transfers unto*

PLEASE INSERT SOCIAL SECURITY
OR OTHER IDENTIFYING NUMBER

_____

(PLEASE PRINT OR TYPE NAME AND ADDRESS INCLUDING POSTAL ZIP CODE OF ASSIGNEE)

_____

_____*Shares*

*of the Common Stock represented by this Certificate and hereby irrevocably constitues and appoints*

_____*Attorney*

*to transfer the said stock on the books of the within-named Corporation with full power of substitution in the premises.*

*Dated _____*

NOTICE   THE SIGNATURE(S) TO THIS ASSIGNMENT MUST CORRESPOND WITH THE NAME(S) AS WRITTEN UPON THE FACE OF THIS CERTIFICATE IN EVERY PARTICULAR WITHOUT ALTERATION OR ENLARGEMENT OR ANY CHANGE WHATSOEVER.

SIGNATURE(S) GUARANTEED

NOTICE   THE SIGNATURE(S) SHOULD BE GUARANTEED BY AN ELIGIBLE GUARANTOR INSTITUTION, (BANKS, STOCKBROKERS, SAVINGS AND LOAN ASSOCIATION AND CREDIT UNIONS) WITH MEMBERSHIP IN AN APPROVED SIGNATURE GUARANTEE MEDALLION PROGRAM PURSUANT TO S.E.C. RULE 17AD-15.



NUMBER

137

SHARES

***650,000***

COMMON STOCK

*MEDORA CORP.*

COMMON STOCK

INCORPORATED UNDER THE LAWS OF THE STATE OF

NEVADA

CUSIP 58503H102

SEE REVERSE FOR CERTAIN DEFINITIONS

THIS CERTIFIES THAT

***Petula Rose***

Is the Owner of *** Six Hundred Fifty Thousand ***

FULLY PAID AND NON-ASSESSABLE SHARES OF COMMON STOCK OF

MEDORA CORP.

*transferable on the books of the Corporation by the holder hereof, in person or by duly authorized attorney, upon surrender of this Certificate properly endorsed. This Certificate is not valid until countersigned by the Transfer Agent and registered by the Registrar.*

*Witness this facsimile seal of said Corporation and the facsimile signatures of its duly authorized officers.*

Dated: **May 4, 2011**

COUNTERSIGNED AND REGISTERED:
EMPIRE STOCK TRANSFER INC.          Transfer Agent and Registrar

By

AUTHORIZED SIGNATURE

CORPORATE SEAL

SECRETARY

PRESIDENT

A 61810

A0772

The following abbreviations, when used in the inscription of the face of this certificate, shall be construed as though they were written out in full according to applicable laws or regulations:

TEN COM — as tenants in common

TEN ENT — as tenants by the entireties

JT TEN — as joint tenants with right of survivorship and not as tenants in common

UNIF GIFT MIN ACT — _____Custodian_____
(Cust)                                    (Minor)
under Uniform Gifts to Minors Act

_____
(State)

Additional abbreviations may also be used though not in the above list.

*For Value Received,*_____*hereby sells, assigns and transfers unto*

PLEASE INSERT SOCIAL SECURITY
OR OTHER IDENTIFYING NUMBER

(PLEASE PRINT OR TYPE NAME AND ADDRESS INCLUDING POSTAL ZIP CODE OF ASSIGNEE)

*Shares*

*of the Common Stock represented by this Certificate and hereby irrevocably constitues and appoints*

*Attorney*

*to transfer the said stock on the books of the within-named Corporation with full power of substitution in the premises.*

*Dated* _____

NOTICE   THE SIGNATURE(S) TO THIS ASSIGNMENT MUST CORRESPOND WITH THE NAME(S) AS WRITTEN UPON THE FACE OF THIS CERTIFICATE IN EVERY PARTICULAR WITHOUT ALTERATION OR ENLARGEMENT OR ANY CHANGE WHATSOEVER.

SIGNATURE(S) GUARANTEED

NOTICE   THE SIGNATURE(S) SHOULD BE GUARANTEED BY AN ELIGIBLE GUARANTOR INSTITUTION, (BANKS, STOCKBROKERS, SAVINGS AND LOAN ASSOCIATION AND CREDIT UNIONS) WITH MEMBERSHIP IN AN APPROVED SIGNATURE GUARANTEE MEDALLION PROGRAM PURSUANT TO S.E.C. RULE 17AD-15.

A0773



NUMBER
111

SHARES
***650,000***

COMMON STOCK

**MEDORA CORP.**

COMMON STOCK

CUSIP 58503H102

INCORPORATED UNDER THE LAWS OF THE STATE OF

NEVADA

SEE REVERSE FOR CERTAIN DEFINITIONS

THIS CERTIFIES THAT

***Teika Crooks***

is the Owner of   *** Six Hundred Fifty Thousand ***

FULLY PAID AND NON-ASSESSABLE SHARES OF COMMON STOCK OF

MEDORA CORP.

transferable on the books of the Corporation by the holder hereof, in person or by duly authorized attorney, upon surrender of this Certificate properly endorsed. This Certificate is not valid until countersigned by the Transfer Agent and registered by the Registrar.

Witness this facsimile seal of said Corporation and the facsimile signatures of its duly authorized officers.

Dated:   **May 4, 2011**
COUNTERSIGNED AND REGISTERED:
EMPIRE STOCK TRANSFER INC.   Transfer Agent and Registrar

By

AUTHORIZED SIGNATURE

CORPORATE SEAL

SECRETARY

PRESIDENT

A 61836

The following abbreviations, when used in the inscription of the face of this certificate, shall be construed as though they were written out in full according to applicable laws or regulations:

TEN COM — as tenants in common

TEN ENT — as tenants by the entireties

JT TEN — as joint tenants with right
of survivorship and not as
tenants in common

UNIF GIFT MIN ACT — _____Custodian_____
(Cust)                                (Minor)
under Uniform Gifts to Minors Act

_____
(State)

Additional abbreviations may also be used though not in the above list.

*For Value Received,*_____*hereby sells, assigns and transfers unto*

PLEASE INSERT SOCIAL SECURITY
OR OTHER IDENTIFYING NUMBER

(PLEASE PRINT OR TYPE NAME AND ADDRESS INCLUDING POSTAL ZIP CODE OF ASSIGNEE)

*Shares*

*of the Common Stock represented by this Certificate and hereby irrevocably constitues and appoints*

*Attorney*

*to transfer the said stock on the books of the within–named Corporation with full power of substitution in the premises.*

*Dated* _____

NOTICE  THE SIGNATURE(S) TO THIS ASSIGNMENT MUST CORRESPOND
WITH THE NAME(S) AS WRITTEN UPON THE FACE OF THIS
CERTIFICATE IN EVERY PARTICULAR WITHOUT ALTERATION OR
ENLARGEMENT OR ANY CHANGE WHATSOEVER.

SIGNATURE(S) GUARANTEED

NOTICE  THE SIGNATURE(S) SHOULD BE GUARANTEED BY AN ELIGIBLE
GUARANTOR INSTITUTION, (BANKS, STOCKBROKERS, SAVINGS
AND LOAN ASSOCIATION AND CREDIT UNIONS) WITH MEMBERSHIP
IN AN APPROVED SIGNATURE GUARANTEE MEDALLION PROGRAM
PURSUANT TO S.E.C. RULE 17AD-15.

A0775



**NUMBER**
114

**SHARES**
***650,000***

COMMON STOCK

*MEDORA CORP.*

COMMON STOCK

CUSIP 58503H102

INCORPORATED UNDER THE LAWS OF THE STATE OF

NEVADA

SEE REVERSE FOR CERTAIN DEFINITIONS

THIS CERTIFIES THAT

***Sanake Eubanks***

Is the Owner of   *** Six Hundred Fifty Thousand ***

FULLY PAID AND NON-ASSESSABLE SHARES OF COMMON STOCK OF

MEDORA CORP.

*transferable on the books of the Corporation by the holder hereof, in person or by duly authorized attorney, upon surrender of this Certificate properly endorsed. This Certificate is not valid until countersigned by the Transfer Agent and registered by the Registrar.*

*Witness this facsimile seal of said Corporation and the facsimile signatures of its duly authorized officers.*

Dated:
**May 4, 2011**
COUNTERSIGNED AND REGISTERED:
EMPIRE STOCK TRANSFER INC.
By
Transfer Agent and Registrar
AUTHORIZED SIGNATURE

CORPORATE SEAL

SECRETARY

PRESIDENT

A 61833

The following abbreviations, when used in the inscription of the face of this certificate, shall be construed as though they were written out in full according to applicable laws or regulations:

TEN COM — as tenants in common

TEN ENT — as tenants by the entireties

JT TEN — as joint tenants with right of survivorship and not as tenants in common

UNIF GIFT MIN ACT — _____ Custodian _____
(Cust)                    (Minor)
under Uniform Gifts to Minors Act

_____
(State)

Additional abbreviations may also be used though not in the above list.

*For Value Received,* _____ *hereby sells, assigns and transfers unto*

PLEASE INSERT SOCIAL SECURITY
OR OTHER IDENTIFYING NUMBER

(PLEASE PRINT OR TYPE NAME AND ADDRESS INCLUDING POSTAL ZIP CODE OF ASSIGNEE)

*Shares*

*of the Common Stock represented by this Certificate and hereby irrevocably constitues and appoints*

*Attorney*

*to transfer the said stock on the books of the within-named Corporation with full power of substitution in the premises.*

*Dated* _____

NOTICE   THE SIGNATURE(S) TO THIS ASSIGNMENT MUST CORRESPOND WITH THE NAME(S) AS WRITTEN UPON THE FACE OF THIS CERTIFICATE IN EVERY PARTICULAR WITHOUT ALTERATION OR ENLARGEMENT OR ANY CHANGE WHATSOEVER.

SIGNATURE(S) GUARANTEED

NOTICE   THE SIGNATURE(S) SHOULD BE GUARANTEED BY AN ELIGIBLE GUARANTOR INSTITUTION, (BANKS, STOCKBROKERS, SAVINGS AND LOAN ASSOCIATION AND CREDIT UNIONS) WITH MEMBERSHIP IN AN APPROVED SIGNATURE GUARANTEE MEDALLION PROGRAM PURSUANT TO S.E.C. RULE 17AD-15.



NUMBER

115

SHARES

***650,000***

COMMON STOCK

*MEDORA CORP.*

COMMON STOCK

CUSIP 58503H102

SEE REVERSE FOR CERTAIN DEFINITIONS

INCORPORATED UNDER THE LAWS OF THE STATE OF

NEVADA

THIS CERTIFIES THAT

***Claudine Francis***

Is the Owner of    *** Six Hundred Fifty Thousand ***

FULLY PAID AND NON-ASSESSABLE SHARES OF COMMON STOCK OF

MEDORA CORP.

*transferable on the books of the Corporation by the holder hereof, in person or by duly authorized attorney, upon surrender of this Certificate properly endorsed. This Certificate is not valid until countersigned by the Transfer Agent and registered by the Registrar.*

*Witness this facsimile seal of said Corporation and the facsimile signatures of its duly authorized officers.*

Dated:

**May 4, 2011**

COUNTERSIGNED AND REGISTERED:

**EMPIRE STOCK TRANSFER INC.**   Transfer Agent and Registrar

By

AUTHORIZED SIGNATURE

CORPORATE SEAL

SECRETARY

PRESIDENT

A  61832

A0778

The following abbreviations, when used in the inscription of the face of this certificate, shall be construed as though they were written out in full according to applicable laws or regulations:

TEN COM — as tenants in common

TEN ENT — as tenants by the entireties

JT TEN — as joint tenants with right
of survivorship and not as
tenants in common

UNIF GIFT MIN ACT — _____ Custodian _____
(Cust)                              (Minor)
under Uniform Gifts to Minors Act

_____
(State)

Additional abbreviations may also be used though not in the above list.

*For Value Received,* _____ *hereby sells, assigns and transfers unto*

PLEASE INSERT SOCIAL SECURITY
OR OTHER IDENTIFYING NUMBER

(PLEASE PRINT OR TYPE NAME AND ADDRESS INCLUDING POSTAL ZIP CODE OF ASSIGNEE)

*Shares*

*of the Common Stock represented by this Certificate and hereby irrevocably constitues and appoints*

*Attorney*

*to transfer the said stock on the books of the within-named Corporation with full power of substitution in the premises.*

*Dated* _____

NOTICE   THE SIGNATURE(S) TO THIS ASSIGNMENT MUST CORRESPOND
WITH THE NAME(S) AS WRITTEN UPON THE FACE OF THIS
CERTIFICATE IN EVERY PARTICULAR WITHOUT ALTERATION OR
ENLARGEMENT OR ANY CHANGE WHATSOEVER.

SIGNATURE(S) GUARANTEED

NOTICE   THE SIGNATURE(S) SHOULD BE GUARANTEED BY AN ELIGIBLE
GUARANTOR INSTITUTION, (BANKS, STOCKBROKERS, SAVINGS
AND LOAN ASSOCIATION AND CREDIT UNIONS) WITH MEMBERSHIP
IN AN APPROVED SIGNATURE GUARANTEE MEDALLION PROGRAM
PURSUANT TO S.E.C. RULE 17AD-15.



NUMBER
116

SHARES
***650,000***

COMMON STOCK

**MEDORA CORP.**

COMMON STOCK

CUSIP 58503H102

SEE REVERSE FOR CERTAIN DEFINITIONS

INCORPORATED UNDER THE LAWS OF THE STATE OF

NEVADA

THIS CERTIFIES THAT

***Herman Goulbourne***

Is the Owner of   *** Six Hundred Fifty Thousand ***

FULLY PAID AND NON-ASSESSABLE SHARES OF COMMON STOCK OF

MEDORA CORP.

transferable on the books of the Corporation by the holder hereof, in person or by duly authorized attorney, upon surrender of this Certificate properly endorsed. This Certificate is not valid until countersigned by the Transfer Agent and registered by the Registrar.

Witness this facsimile seal of said Corporation and the facsimile signatures of its duly authorized officers.

Dated:
May 4, 2011

COUNTERSIGNED AND REGISTERED:
EMPIRE STOCK TRANSFER INC.
Transfer Agent and Registrar

By

AUTHORIZED SIGNATURE

CORPORATE SEAL

SECRETARY

PRESIDENT

A 61831

A0780

The following abbreviations, when used in the inscription of the face of this certificate, shall be construed as though they were written out in full according to applicable laws or regulations:

TEN COM — as tenants in common

TEN ENT — as tenants by the entireties

JT TEN — as joint tenants with right of survivorship and not as tenants in common

UNIF GIFT MIN ACT — _____Custodian_____
(Cust)                         (Minor)
under Uniform Gifts to Minors Act

_____
(State)

Additional abbreviations may also be used though not in the above list.

*For Value Received,*_____*hereby sells, assigns and transfers unto*

PLEASE INSERT SOCIAL SECURITY
OR OTHER IDENTIFYING NUMBER

(PLEASE PRINT OR TYPE NAME AND ADDRESS INCLUDING POSTAL ZIP CODE OF ASSIGNEE)

*Shares*

*of the Common Stock represented by this Certificate and hereby irrevocably constitues and appoints*

*Attorney*

*to transfer the said stock on the books of the within–named Corporation with full power of substitution in the premises.*

*Dated* _____

NOTICE   THE SIGNATURE(S) TO THIS ASSIGNMENT MUST CORRESPOND WITH THE NAME(S) AS WRITTEN UPON THE FACE OF THIS CERTIFICATE IN EVERY PARTICULAR WITHOUT ALTERATION OR ENLARGEMENT OR ANY CHANGE WHATSOEVER.

SIGNATURE(S) GUARANTEED

NOTICE   THE SIGNATURE(S) SHOULD BE GUARANTEED BY AN ELIGIBLE GUARANTOR INSTITUTION. (BANKS, STOCKBROKERS, SAVINGS AND LOAN ASSOCIATION AND CREDIT UNIONS) WITH MEMBERSHIP IN AN APPROVED SIGNATURE GUARANTEE MEDALLION PROGRAM PURSUANT TO S.E.C. RULE 17AD-15.

# Log Sheet

| | |
|---|---|
| Issuer: | MEDO-Medora Corp. |
| Received: | 02/23/12    09:47 AM |
| Received From: | CELTIC CONSULTANTS |
| How Received: | FEDEX |
| Track Number In: | 793256599118 |
| Control Ticket: | STTK000000032989 |
| SEC Item Count: | 1    Non-Routine |
| Contents: | 105...20 VARRIOUS CERTS |

ID/SCL#: 58503H102105

Transaction No.:    13                Completed: 03/01/12

Track Number Out: fedex 793292413335

Sent To:
                    ,

Fees:        Due:                    Rcvd:                Check #:

Assigned To:

Certificate Number(s) or Book Entry ID's:  4

CS1-157,CS1-158,CS1-159,CS1-160

Comments:

Initials      Date

_____  _____  Logged In

_____  _____  Medallion Verified

_____  _____  Review Documents

_____  _____  Processed by

_____  _____  Stamp Certificates as Canceled and Transferred

_____  _____  Final Review/Authentification

_____  _____  Batch Completed and Made Available

_____  _____  Management Review

A0782

## SCHEDULE C

Gotama Capital SA                                              1 X 500,000
Trust Company Complex,
Ajeltake Rd., Ajeltake Island,
Majuro, Marshall Islands, MH96960


Caledonia Partners LLC                                        1 X 150,000
Henville Building
Charlestown, Nevis

## SCHEDULE *B*

Lornex Financial Ltd.                          1 X 500,000
Henville Building
Charlestown, Nevis

Caledonia Partners LLC                         1 X 133,333
Henville Building
Charlestown, Nevis

CERTIFIED RESOLUTIONS ADOPTED BY BOARD OF DIRECTORS OF
MEDORA CORP.
A NEVADA CORPORATION

The undersigned hereby certifies that he is the duly elected, qualified and acting President of the above-named Corporation and in that capacity in charge of its official records including the minute book containing original minutes of meetings of its Board of Directors; and that on the 6TH day of June, 2011, a meeting of said Board of Directors was duly convened and held, with a quorum present throughout the proceedings thereof, at which the following resolutions were duly moved, seconded and carried, said resolutions remaining in full force and effect at the date of this certificate:

BE IT RESOLVED:  That EMPIRE STOCK TRANSFER INC., Transfer Agent for this corporation be, and it hereby is, directed to process the transfer request regarding the shareholders whose shares were registered through the S-1 and solely whose names are listed below in Appendix A, and this Board of Directors does hereby extend this corporation's irrevocable agreement to indemnify said Transfer Agent for all loss, liability or expense in carrying out the authority and direction herein contained on the terms herein set forth. The Transfer Agent shall maintain the right to uphold the transfer in the event of forgery.

IN WITNESS WHEREOF,  the undersigned has set his hand in his capacity above mentioned and affixed the seal of the above named corporation, all this 6th day of June, 2011.

By: CRAIG MARIO MCKENZIE
Craig McKenzie, President

SEE ATTACHED LIST in APPENDIX A

Cups 104 ; 105

A0785

APPENDIX A

S-1 REGISTERED SHAREHOLDER LIST

**Name fo Subsriber**

| First | Last |
|-------|------|
| Craig | McKenzie |
| Randy | Bernard |
| Alciann | Boswell |
| Jason | Brackenridge |
| Noel | Brackenridge |
| Dwight | Brown |
| Dale | Brown |
| Thromo | Brown |
| Shane | Brown |
| Karen | Clarke |
| Teika | Crooks |
| Kenisha | Daye |
| Jermaine | Dickenson |
| Sanake | Eubanks |
| Claudine | Francis |
| Herman | Goulbourne |
| Jamar | Gunter |
| Audrey | Hanson |
| Garfield | Harris |
| Valentine | Heath |
| Chrisie | Hemmings |
| Devene | Henry |
| Damian. | Henry |
| Harvey | Henry |
| Glenda | Hunter |
| Kerene | Hunter |
| Cahunda | James |
| Rene | Lawrence |
| Ricardo | Livingston |
| Wayne | Livingston |
| Brenton | Nagheer |
| Garon | Ormsby |
| Anthony | Reid |
| Rupert | Richards |
| Chadwin | Robinson |
| Jenifer | Rose |
| Petula | Rose |
| Semone | Rottingham |
| Vecoth | Singh |
| Debbian | Taylor |
| Lafane | Taylor |
| Abigail | Taylor |
| Jodi-Kae | Williams |

CERTIFIED RESOLUTIONS ADOPTED BY BOARD OF DIRECTORS OF
MEDORA CORP.
A NEVADA CORPORATION

The undersigned hereby certifies that he is the duly elected, qualified and acting President of the above-named Corporation and in that capacity in charge of its official records including the minute book containing original minutes of meetings of its Board of Directors; and that on the 6TH day of June, 2011, a meeting of said Board of Directors was duly convened and held, with a quorum present throughout the proceedings thereof, at which the following resolutions were duly moved, seconded and carried, said resolutions remaining in full force and effect at the date of this certificate:

BE IT RESOLVED:  That EMPIRE STOCK TRANSFER INC., Transfer Agent for this corporation be, and it hereby is, directed to process the transfer request regarding the shareholders whose shares were registered through the S-1 and solely whose names are listed below in Appendix A, and this Board of Directors does hereby extend this corporation's irrevocable agreement to indemnify said Transfer Agent for all loss, liability or expense in carrying out the authority and direction herein contained on the terms herein set forth. The Transfer Agent shall maintain the right to uphold the transfer in the event of forgery.

IN WITNESS WHEREOF,  the undersigned has set his hand in his capacity above mentioned and affixed the seal of the above named corporation, all this 27th day of February, 2012.

By: _CRAIG MARIO MCKENZIE_
Craig McKenzie, President

SEE ATTACHED LIST in APPENDIX A

A0787

APPENDIX A

S-1 REGISTERED SHAREHOLDER LIST

**Name fo Subsriber**
**First**                    **Last**

| First | Last |
|-------|------|
| Craig | McKenzie |
| Randy | Bernard |
| Alciann | Boswell |
| Jason | Brackenridge |
| Noel | Brackenridge |
| Dwight | Brown |
| Dale | Brown |
| Thromo | Brown |
| Shane | Brown |
| Karen | Clarke |
| Teika | Crooks |
| Kenisha | Daye |
| Jermaine | Dickenson |
| Sanake | Eubanks |
| Claudine | Francis |
| Herman | Goulbourne |
| Jamar | Gunter |
| Audrey | Hanson |
| Garfield | Harris |
| Valentine | Heath |
| Chrisie | Hemmings |
| Devene | Henry |
| Damian | Henry |
| Harvey | Henry |
| Glenda | Hunter |
| Kerene | Hunter |
| Cahunda | James |
| Rene | Lawrence |
| Ricardo | Livingston |
| Wayne | Livingston |
| Brenton | Nagheer |
| Garon | Ormsby |
| Anthony | Reid |
| Rupert | Richards |
| Chadwin | Robinson |
| Jenifer | Rose |
| Petula | Rose |
| Semone | Rottingham |
| Vecoth | Singh |
| Debbian | Taylor |
| Lafane | Taylor |
| Abigail | Taylor |
| Jodi-Kae | Williams |