

UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
WASHINGTON, D.C. 20549

DIVISION OF
ENFORCEMENT

May 13, 2015

**BY ECF FILING**

The Honorable William H. Pauley III
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street, Room 1920
New York, New York 10007

      Re:    SEC v. Caledonian Bank Ltd., et al.
              Case No. 15-cv-894 (WHP)

Your Honor:

      By cover letter dated today, the Securities and Exchange Commission submitted to the Court on behalf of the parties a courtesy copy of the written report and discovery plan agreed to by the Securities and Exchange Commission and defendant Verdmont Capital, S.A. As directed by the Court, I also enclosed a courtesy copy of the pleadings filed by the SEC and Verdmont, including the Complaint filed by the SEC.

      As it reads the Complaint in preparation for the May 21, 2015 initial pretrial conference, the Court should note that the SEC made allegations to the effect that Defendants Caledonian Bank Ltd., Caledonian Securities Ltd., Clear Water Securities, Inc., Legacy Global Markets, S.A. and/or Verdmont Capital S.A. sold all of *their* shares of Swingplane Ventures, Inc., Goff Corporation, Norstra Energy Inc. and/or Xumanii, Inc. and that such sales generated proceeds "*for* Caledonian, Clear Water, Legacy Global and Verdmont." (Complaint, ¶¶ 58, 59 (emphasis supplied); *see also* ¶¶ 74, 75, 89, 90) The factual basis for these allegations with respect to Caledonian Bank, Caledonian Securities and Verdmont was that: (1) these Defendants caused the deposit of Swingplane, Goff, Norstra and/or Xumanii securities into an account at BNY Mellon, where the securities were held for the credit of Caledonian Bank, Caledonian Securities or Verdmont; and (2) these Defendants sold Swingplane, Goff, Norstra and/or Xumanii securities through United States clearing broker accounts in their own names. Subsequent to the filing of the Complaint, the SEC was provided with evidence that Verdmont, at least, sold Goff, Norstra and/or Xumanii securities for the account of three Verdmont customers – international business corporations known as Lornex Financial Ltd., Nautilus Growth Fund, Inc. and/or Bartlett Trading Inc. – and that Verdmont credited the sale proceeds, minus commissions, to one or more of these three customers. In light of this evidence, the SEC does not contend that Verdmont sold Goff, Norstra or Xumanii securities for its own account or that Verdmont retains possession of the sale proceeds aside from commissions. Instead, the SEC contends that Verdmont sold Goff,

Norstra and Xumanii securities for the account of Lornex, Nautilus and Bartlett. However, Verdmont is still liable for violating Section 5 of the Securities Act because: (1) Verdmont sold the securities; (2) Verdmont did so in interstate commerce; (3) there was no registration statement in effect with respect to Verdmont's sales; and (4) Verdmont cannot meet its burden of proving an exemption from registration.

In a discussion with defense counsel on the morning of March 26, the SEC indicated that it was considering amending its Complaint to reflect this new evidence before Verdmont filed its Answer. However, Verdmont filed its Answer within two hours following this discussion. In advance of the upcoming pretrial conference, the SEC plans to offer defense counsel a draft stipulation based on these facts. In the alternative, and if the Court so directs, the SEC will seek leave to file an amended complaint.

                                        Respectfully,

                                        Richard E. Simpson
                                        Assistant Chief Litigation Counsel
                                        (202) 551-4492

cc:  Robert J.A. Zito
      Sigal P. Mandelker
      Margaret A. Dale
      (all by ECF)