Robert J.A. Zito
Mark R. Zancolli
Theodore Y. McDonough
Leonardo Trivigno
CARTER LEDYARD & MILBURN LLP
2 Wall Street
New York, New York 10005
Tel. (212) 732-3200
Fax: (212) 732-3232
*Attorneys for Verdmont Capital, S.A.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
SECURITIES AND EXCHANGE
COMMISSION

                        Plaintiff,

                v.

CALEDONIAN BANK LTD.,
CALEDONIAN SECURITIES LTD.,
CLEAR WATER SECURITIES, INC.,
LEGACY GLOBAL MARKETS S.A., and
VERDMONT CAPITAL, S.A.

                        Defendants.
---------------------------------------------------------------x

Civ. No. 15 CV 894 (WHP)

**DECLARATION OF**
**GLYNN FISHER**

      GLYNN FISHER, hereby declares, under penalty of perjury, that the following is true and correct:

      1.    I am the President of Verdmont Capital, S.A. ("Verdmont"), the last named defendant in the above-captioned action.

      2.    I respectfully submit this declaration in support of Verdmont's motion for judgment on the pleadings.

      3.    According to the Amended Complaint, Verdmont sold for the account of one or

more of three clients -- Lornex Financial Ltd. ("Lornex"), Bamfield Equities Ltd. f/k/a Bartlett Trading ("Bamfield" or "Bartlett") and Nautilus Growth Fund Ltd. ("Nautilus") -- unregistered securities of three public companies (Goff Corp. ("Goff"), Norstra Energy, Inc. ("Norstra") and Xumanii, Inc. f/k/a Medora Corporation ("Xumanii")), and therefore, violated Section 5(a) and (c) of the Securities Act of 1933 (the "Securities Act") (15 U.S.C. § 77e(a) and (c)) because no valid registration statement was in effect at the time. Amended Complaint at ¶¶ 1, 2, 63, 80 and 96. Lornex and Nautilus are no longer clients of Vermont. Their accounts were closed on October 16, 2014 and October 10, 2014, respectively.

4. Bamfield is currently a client of Verdmont.

5. While the Amended Complaint also suggests that Mariposa Acosiados S.A. ("Mariposa") (Amended Complaint, ¶ 71) is or was a client of Verdmont, a review of Verdmont's records demonstrates that Mariposa is not and never has been a Verdmont client.

6. The purpose of this declaration is to explain, with regard to the Section 4(a)(3) dealer exemption to the provisions of Section 5 of the Securities Act, the dates when the registration statements for the securities at issue were declared effective by the SEC, the dates when each of those securities was first purchased by a Verdmont client, and the dates when Verdmont first effected a sale of each of those securities on behalf of one of its clients.

7. With regard to Goff: (1) the Form S-1 registration statement (as amended on November 2, 2011) was declared effective by the SEC on November 10, 2011 (see Exhibit A, SEC Notice of Effectiveness, dated November 10, 2011, for Goff, and amended Form S-1 registration statement for Goff filed on November 2, 2011; (2) Verdmont's client (Lornex) purchased 560,000 shares of Goff from selling shareholders (Norris and Crowley) under the registration statement on August 8, 2012 (see Exhibit B, Stock Purchase Agreements, dated

August 8, 2012, that Lornex entered into with Norris and Crowley; Exhibit C, Stock Powers, dated August 8, 2012, authorizing the transfer of Norris's and Crowley's Goff shares to Lornex; and Exhibit D, stock certificate, dated September 25, 2012, issued to Lornex for 560,000 shares of Goff stock); and (3) the first sale of Goff stock effected by Verdmont on behalf of any of its clients took place on March 18, 2013 (i.e., more than forty days after the effective date of the registration statement, and more than forty days after the Goff stock was purchased by Verdmont's client (Lornex) and came to rest with the public) (see Exhibit E, Spreadsheet of trades in Goff stock effected by Verdmont on behalf of its clients).  Also, attached hereto as Exhibit F are copies of Goff stock certificates, dated December 21, 2011, in Norris's and Crowley's names.

8. With regard to Norstra: (1) the Form S-1 registration statement (as amended on July 12, 2012) was declared effective by the SEC on July 12, 2012 (see Exhibit G, SEC Notice of Effectiveness, dated July 12, 2012, for Norstra, and amended Form S-1 registration statement for Norstra filed on July 12, 2012; (2) Verdmont's client (Lornex) purchased 3,687,000 shares of Norstra stock on February 5, 2013 from shareholders (Garpenfeldt, Sanchez and Palmer) who purchased and were issued shares under the registration statement on September 7, 2012 (see Exhibit H, Stock Purchase Agreements, dated February 5, 2013, that Lornex entered into with Garpenfeldt, Sanchez and Palmer; Exhibit I, Stock Power, dated February 5, 2013, authorizing the transfer of Garpenfeldt's, Sanchez's and Palmer's Norstra stock to Lornex; and Exhibit J, stock certificate, dated February 7, 2013, for 3,687,000 shares of Norstra stock issued to Lornex); and (3) the first sale of Norstra stock effected by Verdmont on behalf of any of its clients took place on April 1, 2013 (i.e., more than forty days after the effective date of the registration statement, and more than forty days after the Norstra stock was issued to

Garpenfeldt, Sanchez and Palmer, purchased by Verdmont's client (Lornex), and came to rest with the public) (see Exhibit K, Spreadsheet of trades in Norstra stock by Verdmont on behalf of its clients). Also, attached hereto as Exhibit L are copies of Norstra stock certificates, dated September 7, 2012, in Garpenfeldt's, Sanchez's and Palmer's names.

9. With regard to Xumanii: (1) the Form S-1 registration statement (as amended on March 14, 2011) for Medora (Xumanii) was declared effective by the SEC on March 14, 2011 (see Exhibit M, Notice of Effectiveness, dated March 14, 2011, for Medora (Xumanii), and amended Form S-1 registration statement for Medora (Xumanii) filed on March 14, 2011; (2) Verdmont's client (Lornex) purchased 3,100,000 shares of Medora (Xumanii) stock from selling shareholders (Lawrence, Nagheer, Reid, Rose and Brown) under the registration statement on February 22, 2012 (see Exhibit N, Stock Purchase Agreements, dated February 22, 2012, that Lornex entered into with Lawrence, Nagheer, Reid, Rose and Brown); Exhibit O, Powers of Attorney, dated February 22, 2012, authorizing the transfer of Lawrence's, Nagheer's, Reid's, Rose's and Brown's Medora (Xumanii) shares to Lornex; and Exhibit P, stock certificate, dated March 1, 2012, for 3,100,000 shares of Medora (Xumanii) that was issued to Lornex); and (3) the first sale of Medora (Xumanii) stock effected by Verdmont on behalf of any of its clients took place on May 1, 2013 (i.e., more than forty days after the effective date of the registration statement, and more than forty days after the Medora (Xumanii) stock was purchased by Verdmont's client (Lornex) and came to rest with the public) (see Exhibit Q, Spreadsheet of trades in Medora (Xumanii) stock by Verdmont on behalf of its clients). Also, attached hereto as Exhibit R are copies of Medora (Xumanii) stock certificates, dated May 4, 2011, in Lawrence's, Nagheer's, Reid's, Rose's and Brown's names.

11. Additionally, the transactions at issue effected by Verdmont were not of

securities constituting an unsold allotment to or subscription by Verdmont as a participant in the distribution of the securities.

12.  Further, with regard to the transactions that Verdmont effected on behalf of its clients that are the subject of the Amended Complaint, Verdmont's profits from those transactions consisted solely of commissions, as Verdmont received only commissions and not proceeds from those transactions. Verdmont is not affiliated with its clients, and Verdmont has no relationship with them other than as broker.

WHEREFORE, Verdmont respectfully requests that the Court grant judgment on the pleadings in favor of Verdmont.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on June 9, 2015

_____
Glynn Fisher