Robert J.A. Zito
Mark R. Zancolli
Theodore Y. McDonough
Leonardo Trivigno
CARTER LEDYARD & MILBURN LLP
2 Wall Street
New York, New York 10005
Tel. (212) 732-3200
Fax: (212) 732-3232
*Attorneys for Verdmont Capital, S.A.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------- x

SECURITIES AND EXCHANGE
COMMISSION

            Plaintiff,

            v.

CALEDONIAN BANK LTD.,
CALEDONIAN SECURITIES LTD.,
CLEAR WATER SECURITIES, INC.,
LEGACY GLOBAL MARKETS S.A., and
VERDMONT CAPITAL, S.A.,

            Defendants.
--------------------------------------------------------x

Civ. No. 15 CV 894 (WHP) (JLC)

**ANSWER TO AMENDED
COMPLAINT,
AND DEFENSES**

Defendant Verdmont Capital, S.A. ("Verdmont"), by and through its attorneys Carter Ledyard & Milburn LLP, answers the amended complaint of the Securities and Exchange Commission ("Plaintiff") dated and filed June 5, 2015 (the "Amended Complaint") as follows:

1.      Paragraph 1 of the Amended Complaint contains legal conclusions and Plaintiff's characterization of the case as to which no response is required. To the extent a response is required, Verdmont denies the allegations contained in paragraph 1 of the Amended Complaint,

except denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 1 as to defendants Caledonian Bank Ltd. ("Caledonian Bank"), Caledonian Securities Ltd. ("Caledonian Securities"), Clear Water Securities, Inc. ("Clear Water"), and Legacy Global Markets, S.A. ("Legacy", together with Caledonian Bank, Caledonian Securities and Clear Water, the "Other Defendants") and respectfully refers to the registration statements on Form S-1 and the stock certificates referenced in paragraph 1 for a complete and accurate statement of their contents. Verdmont further states that it effected sales of one or more of the following three securities – Goff Corp. ("Goff"), Norstra Energy Inc. ("Norstra") and Xumanii, Inc. ("Xumanii") -- on behalf of one or more of the following three clients of Verdmont – Lornex Financial Ltd. ("Lornex"), Bamfield Equities f/k/a Bartlett Trading ("Bamfield" or "Bartlett") and Nautilus Growth Fund Ltd. ("Nautilus"), and that Verdmont received $228,665.52 in net commissions from those trades. Also, Verdmont states that it was not in the business of buying or selling the securities of the issuers, except for one day trade, and that Verdmont merely effected unsolicited trades on behalf of its clients.

2.    Paragraph 2 of the Amended Complaint contains legal conclusions as to which no response is required. To the extent a response is required, Verdmont denies the allegations contained in paragraph 2, except denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the Amended Complaint as to the Other Defendants.

3.    Paragraph 3 of the Amended Complaint contains legal conclusions and requests for relief as to which no response is required. To the extent a response is required, Verdmont denies the allegations contained in paragraph 3, except denies knowledge and information

2

sufficient to form a belief as to the truth of the allegations in paragraph 3 of the Amended Complaint as to the Other Defendants.

      4.     Paragraph 4 of the Amended Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Verdmont denies the allegations contained in paragraph 4, except denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the Amended Complaint as to the Other Defendants.

      5.     Paragraph 5 of the Amended Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Verdmont denies the allegations contained in paragraph 5, except denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the Amended Complaint as to the Other Defendants.

      6.     Paragraph 6 of the Amended Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Verdmont denies the allegations contained in paragraph 6, except denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the Amended Complaint as to the Other Defendants and admits that the Securities and Exchange Commission is the plaintiff in this case.

      7.     Verdmont denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the Amended Complaint.

      8.     Verdmont denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the Amended Complaint.

      9.     Verdmont denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Amended Complaint.

10.     Verdmont denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Amended Complaint.

11.     Verdmont denies the allegations contained in paragraph 11 of the Amended Complaint, except admits that it is a corporation duly organized under the laws of the Republic of Panama and duly licensed as a broker-dealer in Panama.

12.     Paragraph 12 of the Amended Complaint contains legal conclusions to which no response is required.   To the extent a response is required, Verdmont denies the allegations contained in paragraph 12 of the Amended Complaint, and respectfully refers to applicable law and/or regulations for a complete and accurate statement of their provisions and requirements.

13.     Paragraph 13 of the Amended Complaint contains legal conclusions to which no response is required.   To the extent a response is required, Verdmont denies the allegations contained in paragraph 13 of the Amended Complaint, and respectfully refers to applicable law and/or regulations for a complete and accurate statement of their provisions and requirements.

14.     Paragraph 14 of the Amended Complaint contains legal conclusions to which no response is required.   To the extent a response is required, Verdmont denies the allegations contained in paragraph 14 of the Amended Complaint, and respectfully refers to applicable law and/or regulations for a complete and accurate statement of their provisions and requirements.

15.     Paragraph 15 of the Amended Complaint contains legal conclusions to which no response is required.   To the extent a response is required, Verdmont denies the allegations contained in paragraph 15 of the Amended Complaint, and respectfully refers to applicable law and/or regulations for a complete and accurate statement of their provisions and requirements.

16.     Verdmont denies the allegations contained in paragraph 16 of the Amended Complaint, except admits the allegation in the first sentence of paragraph 16 of the Amended

4

Complaint that "Lornex Financial Ltd. ('Lornex'), Nautilus Growth Fund Inc. ('Nautilus'), and Bartlett Trading Inc. ('Bartlett'), all of which were customers of Verdmont, deposited stock certificates into accounts that they maintained at Verdmont," and admits upon information and belief the allegations contained in the second, third, fifth, sixth, seventh, eighth and ninth sentences of paragraph 16 of the Amended Complaint. Verdmont further states that omnibus accounts are common in the broker-dealer industry, and that an omnibus account contains assets owned by a broker-dealer's clients. Also, Verdmont states that, to the extent that Verdmont's clients seek to trade securities in the United States, Verdmont engages broker-dealers that are registered in the United States and that are familiar with the federal securities laws as its agents to execute said trades. Verdmont further states that the allegations of paragraph 16 of the Amended Complaint which Verdmont denies are immaterial to plaintiff's claims and to Verdmont's defenses.

17.    Verdmont denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Amended Complaint.

18.    Paragraph 18 of the Amended Complaint contains legal conclusions to which no response is required. To the extent a response is required, Verdmont denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the Amended Complaint.[1]

19.    Verdmont denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the Amended Complaint.

---

[1] The heading preceding paragraph 18 of the Amended Complaint contains legal conclusions as to which no response is required. To the extent a response is required, Verdmont denies the allegations in the heading preceding paragraph 18 of the Amended Complaint, except denies knowledge and information sufficient to form a belief as to the truth of the allegations in the heading preceding paragraph 18 of the Amended Complaint as to the Other Defendants.

20.     Verdmont denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the Amended Complaint.

21.     Verdmont denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the Amended Complaint.

22.     Verdmont denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 22 of the Amended Complaint.

23.     Verdmont denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 23 of the Amended Complaint.

24.     Verdmont denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 24 of the Amended Complaint.

25.     Paragraph 25 of the Amended Complaint contains legal conclusions as to which no response is required.  To the extent a response is required, Verdmont denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 25.

26.     Verdmont denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 26 of the Amended Complaint.

27.     Verdmont denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 27 of the Amended Complaint.

28.     Verdmont denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 28 of the Amended Complaint.

29.     Verdmont denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 29 of the Amended Complaint.

30.     Verdmont denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 30 of the Amended Complaint.

31.     Verdmont denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 31 of the Amended Complaint.

32.     Verdmont denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 32 of the Amended Complaint.

33.     Verdmont denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 33 of the Amended Complaint.

34.     Paragraph 34 of the Amended Complaint contains legal conclusions to which no response is required.   To the extent a response is required, Verdmont denies the allegations contained in paragraph 34 of the Amended Complaint.

35.     Verdmont admits upon information and belief the allegations in paragraph 35 of the Amended Complaint.

36.     Verdmont denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 36 of the Amended Complaint.

37.     Verdmont denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 37 of the Amended Complaint.

38.     Verdmont denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 38 of the Amended Complaint.

39.     Verdmont denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 39 of the Amended Complaint.

40.     Verdmont denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 40 of the Amended Complaint.

41.     Verdmont denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 41 of the Amended Complaint.

42.     Verdmont denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 42 of the Amended Complaint.

43.     Verdmont denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 43 of the Amended Complaint.

44.     Paragraph 44 of the Amended Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Verdmont denies the allegations in paragraph 44 of the Amended Complaint, except denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 44 of the Amended Complaint as to the Other Defendants.

45.     Paragraph 45 of the Amended Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Verdmont denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 45, except Verdmont denies the allegations in paragraph 45 of the Amended Complaint that are directed to Verdmont and respectfully refers to applicable law and/or regulations for a complete and accurate statement of their provisions and requirements.[2]

46.     Verdmont denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 46 of the Amended Complaint, and respectfully refers to the Form S-1 referenced in paragraph 46 for a complete and accurate statement of its contents.

47.     Verdmont denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 47 of the Amended Complaint, and respectfully refers to the Form S-1 referenced in paragraph 47 for a complete and accurate statement of its contents.

---

[2] The heading preceding paragraph 45 of the Amended Complaint contains legal conclusions as to which no response is required.  To the extent a response is required, Verdmont denies the allegations in the heading preceding paragraph 45 of the Amended Complaint, except denies knowledge and information sufficient to form a belief as to the truth of the allegations in the heading preceding paragraph 45 of the Amended Complaint as to the Other Defendants.

48.     Verdmont denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 48 of the Amended Complaint, and respectfully refers to the Form S-1 referenced in paragraph 48 for a complete and accurate statement of its contents.

49.     Paragraph 49 of the Amended Complaint contains legal conclusions to which no response is required.   To the extent a response is required, Verdmont denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph, and respectfully refers to the Form S-1 and stock certificates referenced in paragraph 49 for a complete and accurate statement of their contents.

50.     Verdmont denies knowledge and information sufficient to form a belief as to the truth of allegations in paragraph 50 of the Amended Complaint, except Verdmont admits that: (1) the SEC issued a Notice of Effectiveness, dated November 10, 2011, for Goff, declaring the Form S-1 registration statement for Goff (as amended on November 2, 2011) effective; (2) Verdmont's client (Lornex) purchased 560,000 shares of Goff from selling shareholders (Norris and Crowley) under the Form S-1 registration statement on August 8, 2012, as evidenced by Stock Purchase Agreements dated August 8, 2012 that Lornex entered into with Norris and Crowley, Stock Powers dated August 8, 2012 authorizing the transfer of Norris's and Crowley's Goff shares to Lornex, and a stock certificate dated September 25, 2012 issued to Lornex for 560,000 shares of Goff stock; and (3) these 560,000 shares of Goff stock owned by Lornex were deposited in Verdmont's omnibus account at RBC.

51.     Verdmont denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 51 of the Amended Complaint.

52.     Verdmont denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 52 of the Amended Complaint.

9

53.    Verdmont denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 53 of the Amended Complaint.

54.    Verdmont denies the allegations contained in paragraph 54 of the Amended Complaint, except denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 54 of the Amended Complaint as to the Other Defendants and admits, upon information and belief, that in January 2013, Goff effected a 25-for-1 forward split of its stock and that the 560,000 pre-split shares of Lornex's Goff stock deposited into Verdmont's account at RBC became 14,000,000 post-split shares.

55.    Verdmont denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 55 of the Amended Complaint, and respectfully refers to the stock power, stock certificate, and memorandum referenced in paragraph 55 for a complete and accurate statement of their contents.

56.    Paragraph 56 of the Amended Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Verdmont denies the allegations contained in paragraph 56 of the Amended Complaint.

57.    Verdmont denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 57 of the Amended Complaint, and respectfully refers to the Report on Form 8-K referenced in paragraph 57 for a complete and accurate statement of its contents.

58.    Paragraph 58 of the Amended Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Verdmont denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph, and

respectfully refers to the Report on Form 8-K referenced in paragraph 58 for a complete and accurate statement of its contents.

59.     Paragraph 59 of the Amended Complaint contains legal conclusions to which no response is required.   To the extent a response is required, Verdmont denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 59, and respectfully refers to the press releases referenced in paragraph 59 for a complete and accurate statement of their contents.

60.     Verdmont denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 60 of the Amended Complaint, and respectfully refers to the newsletter referenced in paragraph 60 for a complete and accurate statement of its contents.

61.     Paragraph 61 of the Amended Complaint contains legal conclusions to which no response is required.   To the extent a response is required, Verdmont denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 61 of the Amended Complaint.

62.     Verdmont denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 62 of the Amended Complaint, and respectfully refers to the press release referenced in paragraph 62 for a complete and accurate statement of its contents.

63.     Paragraph 63 of the Amended Complaint contains legal conclusions to which no response is required.   To the extent a response is required, Verdmont denies the allegations contained in paragraph 63 that are directed to Verdmont and denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 63 of the Amended Complaint as to the Other Defendants, except admits that: (1) Verdmont effected sales through licensed US broker-dealers of Goff stock on behalf of Lornex and received commissions

11

on the sales; and (2) the first sale of Goff stock effected by Verdmont through licensed US broker-dealers on behalf of any of its clients took place on March 18, 2013 (i.e., more than forty days after the effective date of the Form S-1 registration statement, and more than forty days after the Goff stock was purchased by Verdmont's client (Lornex) and came to rest with the public). Verdmont further states that the sales of the Goff stock at issue effected by Verdmont were not of securities constituting an unsold allotment to or subscription by Verdmont as a participant in the distribution of the securities.

64.     Paragraph 64 of the Amended Complaint contains legal conclusions to which no response is required. To the extent a response is required, Verdmont denies the allegations contained in paragraph 64 of the Amended Complaint, except denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 64 as to the Other Defendants.

65.     Paragraph 65 of the Amended Complaint contains legal conclusions to which no response is required. To the extent a response is required, Verdmont denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 65, and respectfully refers to the Form S-1 referenced in paragraph 65 for a complete and accurate statement of its contents.[3]

66.     Verdmont denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 66 of the Amended Complaint, and respectfully refers to the Form S-1 referenced in paragraph 66 for a complete and accurate statement of its contents.

---

[3] The heading preceding paragraph 65 of the Amended Complaint contains legal conclusions as to which no response is required. To the extent a response is required, Verdmont denies the allegations in the heading preceding paragraph 65 of the Amended Complaint, except denies knowledge and information sufficient to form a belief as to the truth of the allegations in the heading preceding paragraph 65 of the Amended Complaint as to the Other Defendants.

7635992.5

67.     Paragraph 67 of the Amended Complaint contains legal conclusions to which no response is required.   To the extent a response is required, Verdmont denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 67 of the Amended Complaint.

68.     Verdmont denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 68 of the Amended Complaint, and respectfully refers to the filings with the Commission and stock certificates referenced in paragraph 68 for a complete and accurate statement of their contents.

69.     Verdmont denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 69 of the Amended Complaint, and respectfully refers to the stock certificate, stock powers, board of directors resolution and FedEx label referenced in paragraph 69 for a complete and accurate statement of their contents.   Verdmont further states that:  (1) the SEC issued a Notice of Effectiveness, dated July 12, 2012, for Norstra, declaring the Form S-1 registration statement for Norstra (as amended on July 11, 2012) effective; and (2) Verdmont's client (Lornex) purchased 3,687,000 shares of Norstra stock on February 5, 2013 from shareholders (Garpenfeldt, Sanchez and Palmer) who purchased and were issued shares under the registration statement on September 7, 2012, as evidenced by Stock Purchase Agreements dated February 5, 2013 that Lornex entered into with Garpenfeldt, Sanchez and Palmer, Stock Powers dated February 5, 2013 authorizing the transfer of Garpenfeldt's, Sanchez's and Palmer's Norstra stock to Lornex, and a stock certificate dated February 7, 2013 for 3,687,000 shares of Norstra stock issued to Lornex.

70.     Verdmont denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 70 of the Amended Complaint, except admits that on May

13

31, 2013 1,857,000 shares of Norstra stock were deposited in Verdmont's omnibus account at RBC for the benefit of Bartlett, and further states that Verdmont's records show that Tamarind Investments sold 1,857,000 shares of Norstra stock to Bartlett Trading.

71.   Verdmont denies the allegations contained in paragraph 71 of the Amended Complaint, except denies knowledge and information sufficient to form a belief as to the truth of the allegation that "Mariposa Acosiados, S.A. is a foreign entity with its headquarters in Belize," and admits that:  (1) on or after March 28, 2013, 1,850,000 Norstra shares in the name of Bartlett Trading, 1,840,000 Norstra shares in the name of Lornex, and 1,840,000 Norstra shares in the name of Nautilus were deposited in Verdmont's omnibus account at RBC; (2) on May 7, 2013 1,000,000 shares of Norstra were deposited in Verdmont's omnibus account at BNY Mellon for the benefit of Nautilus, and on May 24, 2013 1,315,000 shares of Norstra were deposited in Verdmont's omnibus account at BNY Mellon for the benefit of Nautilus; and (3) the deposits described in paragraphs 70 and 71 of the Amended Complaint add up to 9,702,000 shares of Norstra stock.  Verdmont further states that Mariposa Acosiados S.A. is not and never has been a Verdmont client and that, upon information and belief, the 1,315,000 shares of Norstra stock that were deposited in Verdmont's omnibus account at BNY Mellon for the benefit of Nautilus on May 24, 2013 had been purchased by Nautilus from Mariposa Acosiados S.A.

72.   Verdmont denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 72 of the Amended Complaint, and respectfully refers to the Report on Form 8-K referenced in paragraph 72 for a complete and accurate statement of its contents.

73.   Paragraph 73 of the Amended Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Verdmont denies knowledge and

14

information sufficient to form a belief as to the truth of the allegations in paragraph 73, and respectfully refers to the Report on Form 8-K referenced in paragraph 73 for a complete and accurate statement of its contents.

74.     Verdmont denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 74 of the Amended Complaint.

75.     Paragraph 75 of the Amended Complaint contains legal conclusions to which no response is required.   To the extent a response is required, Verdmont denies the allegations contained in paragraph 75 of the Amended Complaint.

76.     Verdmont denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 76 of the Amended Complaint, and respectfully refers to the press releases referenced in paragraph 76 for a complete and accurate statement of their contents.

77.     Verdmont denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 77 of the Amended Complaint, and respectfully refers to the newsletter referenced in paragraph 77 for a complete and accurate statement of its contents.

78.     Verdmont denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 78 of the Amended Complaint.

79.     Verdmont denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 79 of the Amended Complaint, and respectfully refers to the press release referenced in paragraph 79 for a complete and accurate statement of its contents.

80.     Verdmont denies the allegations in paragraph 80 of the Amended Complaint that are directed to Verdmont and denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 80 of the Amended Complaint as to the Other Defendants, except admits that:  (1) Verdmont effected sales through licensed US broker-dealers

of Norstra stock on behalf of Lornex, Bamfield and Nautilus and received commissions on the sales; and (2) the first sale of Norstra stock effected by Verdmont through licensed US broker-dealers on behalf of any of its clients took place on April 1, 2013 (i.e., more than forty days after the effective date of the Form S-1 registration statement, and more than forty days after the Norstra stock was purchased by Verdmont's client (Lornex) and came to rest with the public). Verdmont further states that the sales of the Norstra stock at issue effected by Verdmont were not of securities constituting an unsold allotment to or subscription by Verdmont as a participant in the distribution of the securities.

81.    Paragraph 81 of the Amended Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Verdmont denies the allegations contained in paragraph 81, except denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 81 as to the Other Defendants.

82.    Paragraph 82 of the Amended Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Verdmont denies knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 82 of the Amended Complaint, except Verdmont denies the allegations in paragraph 82 of the Amended Complaint that are directed to Verdmont and respectfully refers to the Form S-1 referenced in paragraph 82 for a complete and accurate statement of its contents.[4]

83.    Verdmont denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 83 of the Amended Complaint, and respectfully refers to the Form S-1 referenced in paragraph 83 for a complete and accurate statement of its contents.

---

[4] The heading preceding paragraph 82 of the Amended Complaint contains legal conclusions as to which no response is required.  To the extent a response is required, Verdmont denies the allegations in the heading preceding paragraph 82 of the Amended Complaint, except denies knowledge and information sufficient to form a belief as to the truth of the allegations in the heading preceding paragraph 82 of the Amended Complaint as to the Other Defendants.

84.    Verdmont denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 84 of the Amended Complaint, and respectfully refers to the Form S-1 referenced in paragraph 84 for a complete and accurate statement of its contents.

85.    Verdmont denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 85 of the Amended Complaint, and respectfully refers to the Form S-1 and stock certificates referenced in paragraph 85 for a complete and accurate statement of their contents.

86.    Verdmont denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 86 of the Amended Complaint, except admits that: (1) the SEC issued a Notice of Effectiveness, dated March 14, 2011, for Medora (Xumanii), declaring the Form S-1 registration statement for Medora (Xumanii) (as amended on November 14, 2011) effective; (2) Verdmont's client (Lornex) purchased 3,100,000 shares of Medora (Xumanii) from selling shareholders (Lawrence, Nagheer, Reid, Rose and Brown) under the Form S-1 registration statement on February 22, 2012, as evidenced by Stock Purchase Agreements dated February 22, 2012 that Lornex entered into with Lawrence, Nagheer, Reid, Rose and Brown, Powers of Attorney dated February 22, 2012 authorizing the transfer of Lawrence's, Nagheer's Reid's, Rose's and Brown's Medora (Xumanii) shares to Lornex, and a stock certificate dated March 1, 2012 for 3,100,000 shares of Medora (Xumanii) that was issued to Lornex; and (3) those 3,100,000 shares of Medora (Xumanii) stock owned by Lornex were deposited into Verdmont's account at RBC.

87.    Paragraph 87 of the Amended Complaint contains legal conclusions to which no response is required.   To the extent a response is required, Verdmont denies the allegations contained in paragraph 87 of the Amended Complaint.

88.     Verdmont denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 88 of the Amended Complaint, and respectfully refers to the Report on Form 8-K, resume, and Pre-14C filing referenced in paragraph 88 for a complete and accurate statement of their contents.

89.     Verdmont denies the allegations in paragraph 89 of the Amended Complaint, except admits, upon information and belief, that on or about January 9, 2013, Xumanii effected a 5.5-for-1 forward stock split, and that the 3,100,000 pre-split shares of Lornex's Xumanii stock deposited in Verdmont's account at RBC became 17,050,000 post-split shares.

90.     Verdmont denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 90 of the Amended Complaint.

91.     Verdmont denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 91 of the Amended Complaint, and respectfully refers to the Report on Form 8-K referenced in paragraph 91 for a complete and accurate statement of its contents.

92.     Verdmont denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 92 of the Amended Complaint, and respectfully refers to the press releases referenced in paragraph 92 for a complete and accurate statement of their contents.

93.     Verdmont denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 93 of the Amended Complaint, and respectfully refers to the newsletters referenced in paragraph 93 for a complete and accurate statement of their contents.

94.     Verdmont denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 94 of the Amended Complaint, and respectfully refers to the

Report on Form 10-K and Report on Form 10-Q referenced in paragraph 94 for a complete and accurate statement of their contents.

95.     Verdmont denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 95 of the Amended Complaint, and respectfully refers to the Report on Form 8-K referenced in paragraph 95 for a complete and accurate statement of its contents.

96.     Verdmont denies the allegations in paragraph 96 of the Amended Complaint that are directed to Verdmont and denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 96 of the Amended Complaint as to the Other Defendants, except admits that:  (1) Verdmont effected sales through licensed US broker-dealers of Xumanii stock on behalf of Lornex and received commissions on the sales; and (2) the first sale of Xumanii stock effected by Verdmont through licensed US broker-dealers on behalf of any of its clients took place on May 1, 2013 (i.e., more than forty days after the Medora (Xumanii) stock was purchased by Verdmont's client (Lornex) and came to rest with the public).  Verdmont further states that the sales of the Xumanii stock at issue effected by Verdmont were not of securities constituting an unsold allotment to or subscription by Verdmont as a participant in the distribution of securities.

97.     Paragraph 97 of the Amended Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Verdmont denies the allegations contained in paragraph 97 of the Amended Complaint, except denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 97 of the Amended Complaint as to the Other Defendants.

98.     Verdmont repeats and reiterates each and every response to Plaintiff's allegations contained in paragraphs 1 through 97 above as if fully set forth herein.

99.     Verdmont denies the allegations contained in paragraph 99 of the Amended Complaint, except denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 99 as to the Other Defendants.

100.    Verdmont denies the allegations contained in paragraph 100 of the Amended Complaint, except denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 100 as to the Other Defendants.  Verdmont further states that Form S-1 registration statements were filed with regard to each of the securities (i.e., Goff, Norstra and Medora (Xumanii)) that the Amended Complaint alleges that Verdmont sold on behalf of its customers, those registration statements (as amended) were declared effective by the SEC, and the SEC never issued a stop order to preclude trading in those securities.  Even if the "sham" registration statement theory alleged by the SEC in the Amended Complaint could give rise to Section 5 liability – and it cannot – and even if the SEC had any evidence to prove that the registration statements were a "sham"– and it does not – the transactions at issue effected by Verdmont were nevertheless exempt from Section 5 of the Securities Act.

Section 4(a)(1) of the Securities Act [15 U.S.C. § 77d(a)(1)] creates an exemption "for transactions by any person other than an issuer, underwriter, or dealer."  Verdmont states that it was not in the business of buying or selling the securities of the issuers in question, except for one day trade, and merely effected unsolicited trades on behalf of its clients.  Even assuming Verdmont was a dealer for purposes of Section 4(a)(1), the transactions at issue effected by Verdmont were nevertheless exempt from Section 5 of the Securities Act under the dealer exemption (the "Dealer Exemption") in Section 4(a)(3) of the Securities Act [15 U.S.C. §

77d(a)(3)].  The Dealer Exemption exempts all "transactions by a dealer" from Section 5 of the Securities Act, except under three limited circumstances in Sections 4(a)(3)(A), 4(a)(3)(B) and 4(a)(3)(C) that are not applicable here.  The first two exceptions to the Dealer Exemption (Sections 4(a)(3)(A) and 4(a)(3)(B)) do not apply because none of the transactions at issue effected by Verdmont took place prior to the expiration of forty days after the first date upon which the security was offered to the public, or prior to the expiration of forty days after the effective date of the registration statement.  The third exception (Section 4(a)(3)(C)) to the Dealer Exemption is also inapplicable here because the transactions at issue effected by Verdmont did not concern securities constituting an unsold allotment to or subscription by Verdmont as a participant in the distribution of the securities.

Even assuming that the SEC's "sham" registration theory is valid and provable – and it is not –Vermont is also entitled to the broker exemption (the "Broker Exemption") under Section 4(a)(4) of the Securities Act [15 U.S.C. § 77d(a)(4)] because Verdmont merely performed "brokers' transactions executed upon customers' orders on any exchange or in the over-the-counter market but not the solicitation of such orders."  All of the transactions at issue that Verdmont effected were executed upon legitimate customer orders from Lornex, Bartlett, and Nautilus.  The Broker Exemption may be claimed where a broker conducts a reasonable inquiry into the circumstances of a transaction.  Verdmont, as is its standard practice, conducted a comprehensive and thorough inquiry into all material aspects of the transactions at issue.  In particular, at the time the Goff, Norstra, and Medora (Xumanii) certificates were deposited, Verdmont: examined them to ensure no legend or registration was in place; obtained documentation concerning how the shares were acquired by the client, including requesting copies of subscription agreements and purchase/sale agreements; researched how shares were

21

registered with the SEC; contacted transfer agents by email concerning shares privately acquired by customers from third parties for confirmation that the shares were valid and free trading without stops or restrictions; performed Bloomberg research to ensure the company was current with its filings and that customer shareholders did not exceed 5% of outstanding shares; and confirmed that the customer was not an affiliate of the company.

101.    Verdmont denies the allegations contained in paragraph 101 of the Amended Complaint, except denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 101 as to the Other Defendants.

102.    Verdmont denies the allegations contained in paragraph 102 of the Amended Complaint, except denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 102 as to the Other Defendants.

103.    Verdmont denies the allegations contained in paragraph 103 of the Amended Complaint, except denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 103 as to the Other Defendants.

104.    Verdmont denies the allegations contained in paragraph 104 of the Amended Complaint, except denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 104 as to the Other Defendants.

105.    Verdmont denies the allegations contained in paragraph 105 of the Amended Complaint, except denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 105 as to the Other Defendants.

## **PRAYER FOR RELIEF**

The "Prayer for Relief" in the Amended Complaint contains requests for relief as to which no response is required.  To the extent a response is required, Verdmont denies the

7635992.5

allegations contained in the Prayer for Relief in the Amended Complaint.  Verdmont further

states that Plaintiff cannot seek disgorgement of the proceeds generated by the transactions at

issue effected by Verdmont since Verdmont's profits from those transactions consisted solely of

commissions, as Verdmont received only commissions and not proceeds from those transactions.

FIRST DEFENSE

The Amended Complaint fails to state a cause of action.

SECOND DEFENSE

Verdmont's actions are exempt from the registration requirement of the Securities Act of

1933, 15 U.S.C. §77b *et seq.*

THIRD DEFENSE

Plaintiff's claims are barred by the doctrines of estoppel and laches.

FOURTH DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands.

Dated: New York, New York
        June 9, 2015

**CARTER LEDYARD & MILBURN LLP**

By: _____
    Robert J. A. Zito
    Mark R. Zancolli
    Theodore Y. McDonough
    Leonardo Trivigno
    Two Wall Street
    New York, New York 10005
    Telephone: (212) 732-3200
    Facsimile: (212) 732-3232
    Email: zito@clm.com
    *Attorneys for Defendant*
    *Verdmont Capital, S.A.*

7635992.4