F648SECC

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

U.S. SECURITIES AND EXCHANGE
COMMISSION,

              Plaintiff,

        v.                              15 Cv. 894 (WHP)

CALEDONIAN BANK, et al.,

              Defendants.
------------------------------x
                                        June 4, 2015
                                        11:35 a.m.
Before:

                    HON. WILLIAM H. PAULEY

                                        District Judge

                         APPEARANCES

U.S. SECURITIES AND EXCHANGE COMMISSION
     Attorney for Plaintiff
BY:  RICHARD E. SIMPSON
     DAVID STOELTING

PROSKAUER ROSE LLP
     Attorneys for Defendant Caledonian
BY:  SIGAL P. MANDELKER

CARTER LEDYARD & MILBURN LLP
     Attorneys for Defendant Verdmont Capital
BY:  ROBERT J.A. ZITO
     MARK R. ZANCOLLI
     THEODORE Y. McDONOUGH
```

1           (In chambers; phone conference)

2           THE COURT:  Good morning.  This is District Judge
3    William Pauley.  You're on a speakerphone in my robing room and
4    a court reporter is present recording what is being said.  We
5    have your appearances and so I would only ask that you identify
6    yourself each time you speak.

7           I set this matter down for a quick telephone status
8    conference to determine where we are with respect to
9    scheduling.

10          Earlier this week I signed off on the stipulated
11   preliminary injunction between the SEC and Verdmont, and so I
12   ask both Verdmont and the SEC whether in their respective views
13   there is any need for the evidentiary hearing that is scheduled
14   to start next Monday.

15          MR. ZITO:  On behalf of Verdmont, we do not believe
16   that an evidentiary hearing is necessary on the preliminary
17   injunction.  However, in reviewing our opposition to the SEC's
18   motion to amend its pleading, the thrust of our opposition is
19   basically the futility of the amendment, that is to say that
20   the SEC has no case.  And what we would like the Court's
21   permission to do is to couch our papers in terms of not just
22   opposing an amendment, but also asking for judgment on the
23   pleading and adjusting a briefing schedule as follows.

24          Our papers are due today.  We would like one
25   additional day to re-couch our papers to serve a notice of

1  motion, to give the SEC a week to respond to our motion on the
2  pleadings, and then give us a few days to reply, and then,
3  based on what is before the Court, perhaps we could set an
4  evidentiary hearing on the judgment on the pleadings motion.
5          THE COURT:  Why would we need an evidentiary hearing
6  on a motion for judgment on the pleadings?  Isn't really what
7  you are asking for an oral argument on that motion?
8          MR. ZITO:  We would, your Honor.  The only reason why
9  I suggest -- only suggest -- an evidentiary hearing is because
10 under 12(c) and 12(d), matters outside of the pleadings may be
11 presented to the Court, and the Court may want to conduct a
12 hearing.  I don't think it will be necessary because, quite
13 frankly, I think that the reason why we believe the case should
14 be dismissed is a matter of undisputed fact.  So we are not
15 seeing that, but we are suggesting that the Court may want to
16 do that.
17         THE COURT:  Mr. Simpson.
18         MR. SIMPSON:  Yes, your Honor. We believe that there
19 is no need to have an evidentiary hearing on the preliminary
20 injunction on Monday.  Therefore, we agree with Mr. Zito.
21         We are prepared to brief a motion for judgment on the
22 pleadings, but we don't believe that there would have to be an
23 evidentiary hearing on that motion, but maybe the Court could
24 decide that after all of the papers are before the Court.  We
25 think primarily the issue that Mr. Zito has raised with the SEC

F648SECC

1   are legal issues, and I don't believe there is an issue of fact
2   with regard to those issues.
3         THE COURT:  All right.
4         Well, first, does Caledonian wish to be heard, Ms.
5   Mandelker?
6         MS. MANDELKER:  On this point we do not.  You may
7   recall our case is presently stayed until June 25, and we are
8   in discussions with the SEC regarding our case.  So right now
9   we don't have anything to add.
10        THE COURT:  Mr. Zito, I am prepared to accept the
11  schedule that you have proposed to permit you to style your
12  opposition on the motion to amend as also a motion for judgment
13  on the pleadings.
14        I take it that essentially your view would be that you
15  would permit the SEC to amend and then be moving for judgment
16  on the pleadings?
17        MR. ZITO:  Currently, your Honor, the papers are
18  couched that any amendment would be futile.  So it sort of
19  dovetails.  But we would have no opposition to an amendment of
20  the pleadings as long as we could re-couch the papers and style
21  them as a motion for dismissal of the pleadings or judgment on
22  the pleadings.
23        THE COURT:  Well, I am prepared to give you a few days
24  to straighten that out if you would like.
25        MR. ZITO:  Very well, your Honor.  If we could have

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

1    until Monday, and if we could extend our page limitations to 30
2    pages instead of 25 pages, that would be helpful.
3             THE COURT:  Your application is granted in part.  I am
4    extending your time till Tuesday, June 9, because the notion of
5    people spending the weekend working on everything is not
6    particularly attractive to me.  So you can have a 30-page
7    brief.  You will file your motion by June 9.
8             Mr. Simpson, how much time would the SEC like to
9    respond to the motion?
10            MR. SIMPSON:  Your Honor, would it be possible for us
11   to have two weeks?
12            THE COURT:  I will give you till the 23rd.
13            MR. SIMPSON:  Thank you, your Honor.
14            THE COURT:  Mr. Zito, in terms of a reply, what would
15   you like?
16            MR. ZITO:  A week, your Honor.
17            THE COURT:  Fine.  June 30.
18            I will put the matter down on July 8 for an argument.
19   Would that be convenient for counsel?
20            MR. ZITO:  I usually take off that week because it's
21   my wedding anniversary.  Can we skip it to the 15th?
22            THE COURT:  How about Wednesday, July 1, could we do
23   it then in the afternoon?
24            MR. ZITO:  Yes, your Honor.
25            THE COURT:  Mr. Simpson, will that work for you?

1              MR. SIMPSON:  Yes, your Honor.
2              Let me just backtrack a little bit.  Would it be
3     possible for the SEC to also have a 30-page limit on its
4     length?
5              THE COURT:  Under the goose/gander rule, I will permit
6     that.
7              MR. SIMPSON:  Thank you, your Honor.
8              THE COURT:  So I will set it down for oral argument on
9     July 1 at 2:30.
10             Now, are there any other matters that counsel for any
11    of the parties wish to bring to the Court's attention at this
12    time?
13             MR. SIMPSON:  Not from the SEC, your Honor.
14             MR. ZITO:  Not from Verdmont.
15             MS. MANDELKER:  Not from Caledonian.
16             THE COURT:  With respect to the status of discovery,
17    the SEC and Verdmont had proposed a discovery cutoff of July
18    31.  Are we on track to do that?
19             MR. ZITO:  No, your Honor.
20             THE COURT:  All right.  Is discovery under way?
21             MR. ZITO:  Discovery is under way, but we are
22    basically getting stonewalled from all sides.  Perhaps it may
23    make some sense to refer the discovery disputes to a magistrate
24    judge, although we feel hopeful, I won't say confident, but
25    very hopeful that perhaps discovery won't be necessary in light

F648SECC

1    of our motion.
2            THE COURT:  I will tell you what.  Let me see how this
3    motion tees itself up before I make any decision about a
4    reference to Magistrate Cott for discovery.  So I will just
5    hold that in abeyance at this time.
6            MR. SIMPSON:  Your Honor, I believe my memory of that
7    is the matter has already been referred to Magistrate Cott.
8            THE COURT:  That was only for a deposition, wasn't it?
9            MR. ZITO:  That's correct, your Honor.
10           MR. SIMPSON:  Sorry.
11           THE COURT:  Anything else?
12           MR. ZITO:  Nothing from Verdmont.
13           MR. SIMPSON:  No, your Honor.
14           THE COURT:  All right.  Thank you all.
15           Mr. Simpson, the SEC should make arrangements to
16   obtain a copy of this transcript so it can be docketed.  All
17   right?
18           MR. SIMPSON:  We will do so, your Honor.
19           THE COURT:  Thank you.  Have a good afternoon,
20   everyone.  I will just enter a short scheduling order
21   memorializing the dates here.
22           (Adjourned)
23
24
25