# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SECURITIES AND EXCHANGE COMMISSION,

                        Plaintiff,

                    v.                    Case No. 15-cv-894 (WHP)(JLC)

CALEDONIAN BANK LTD.,
CALEDONIAN SECURITIES LTD.,
CLEAR WATER SECURITIES, INC.,
LEGACY GLOBAL MARKETS S.A., and
VERDMONT CAPITAL, S.A.

                        Defendants.

---

## FINAL JUDGMENT AGAINST CLEAR WATER SECURITIES, INC. AND LEGACY GLOBAL MARKETS S.A.

The Securities and Exchange Commission having filed a Complaint and an Amended Complaint in this action and having served these on Defendants Clear Water Securities, Inc. and Legacy Global Markets S.A. (collectively, the "Defendants"), the Defendants having failed to answer the Complaint and Amended Complaint, and the Clerk of Court having entered a Certificate of Default (ECF No. 125) against them, and upon the papers submitted in support of the Commission's motion for default judgment, the docketed entries and all submissions in this action, and the findings of the Court,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

I.

Final Judgment is hereby ENTERED in favor of Plaintiff Securities and Exchange Commission and against Defendants Clear Water Securities, Inc. and Legacy Global Markets S.A.

II.

Defendants Clear Water Securities, Inc. and Legacy Global Markets S.A. are permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly:

(a) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell a security through the use or medium of any prospectus or otherwise, unless a registration statement is in effect as to such security or the sale is made pursuant to an applicable exemption from registration;

(b) Carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any security for the purpose of sale or for delivery after sale, unless a registration statement is in effect as to such security or the sale is made pursuant to an applicable exemption from registration; or

(c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h], unless the transaction offered is to be made pursuant to an applicable exemption.

As provided in Rule 65(d)(2) of the Federal Rules of Civil Procedure, the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) the Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with the Defendants or with anyone described in clause (a).

III.

Defendants Clear Water Securities, Inc. and Legacy Global Markets S.A. are permanently barred from participating in any offering of a penny stock, including engaging in activities with a broker, dealer or issuer for purposes of issuing, trading or inducing or attempting to induce the purchase or sale of any penny stock.  A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Securities Exchange Act of 1934 [17 C.F.R. § 240.3a51-1].

IV.

Defendant Clear Water Securities, Inc. shall pay disgorgement in the amount of $11,441,552, representing profits gained as a result of the conduct alleged in the Complaint and Amended Complaint, together with prejudgment interest thereon in the amount of $858,067, for a total of $12,299,619.  Defendant Clear Water Securities, Inc. shall satisfy this obligation by paying $12,299,619 within fourteen days after entry of this Final Judgment.

V.

Defendant Legacy Global Markets S.A. shall pay disgorgement in the amount of $11,756,208, representing profits gained as a result of the conduct alleged in the Complaint and Amended Complaint, together with prejudgment interest thereon in the amount of $881,665, for

3

a total of $12,637,873. Defendant Legacy Global Markets S.A. shall satisfy this obligation by paying $12,637,873 within fourteen days after entry of this Final Judgment.

VI.

Defendant Clear Water Securities, Inc. shall pay a civil monetary penalty in the amount of $5,085,000. Defendant Clear Water Securities, Inc. shall satisfy this obligation by paying $5,085,000 within fourteen days after entry of this Final Judgment.

VII.

Defendant Legacy Global Markets S.A. shall pay a civil monetary penalty in the amount of $2,290,000. Defendant Legacy Global Markets S.A. shall satisfy this obligation by paying $2,290,000 within fourteen days after entry of this Final Judgment.

VIII.

Defendants Clear Water Securities, Inc. and Legacy Global Markets S.A. may transmit payment of the disgorgement, prejudgment interest and civil monetary penalties ordered in this Final Judgment electronically to the Commission, which will provide detailed ACH/Fedwire instructions upon request. Payment may also be made directly from a bank account via pay.gov through the Commission's website at http://www.sec.gov/about/offices/ofm.htm. The Defendants may also pay by certified check, bank check or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to:

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, Oklahoma 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court, setting forth the name of the Defendant in question as a Defendant in this action, and specifying that payment is made pursuant to this Final Judgment. The Defendant in question

shall simultaneously transmit photocopies of evidence of payment and case-identifying information to the Commission's counsel in this action.

IX.

By making the payments ordered in this Final Judgment, Defendants Clear Water Securities, Inc. and Legacy Global Markets S.A. relinquish all legal and equitable right, title and interest in such funds, and no part of such funds shall be returned to the Defendants.

X.

The Commission may enforce the disgorgement and prejudgment interest provisions of this Final Judgment by moving for civil contempt, and through other collection procedures authorized by law, at any time after fourteen days following entry of this Final Judgment. Defendants Clear Water Securities, Inc. and Legacy Global Markets S.A. shall pay post-judgment interest on any delinquent amount pursuant to 28 U.S.C. § 1961.

XI.

This Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

XII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk of Court is ordered to enter this Final Judgment forthwith and without further notice.

DONE AND ORDERED in Chambers at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, New York, this ___th day of _____, 2015.

 

_____
HON. WILLIAM H. PAULEY
UNITED STATES DISTRICT JUDGE