Pauley, W.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/11/15
```

———————————————————————

SECURITIES AND EXCHANGE COMMISSION,

:

                          Plaintiff,

:

                  v.

:  Civ. No.  15 CV 894
:  (WHP)(JLC)

CALEDONIAN BANK LTD.,
CALEDONIAN SECURITIES LTD.,
CLEAR WATER SECURITIES, INC.,
LEGACY GLOBAL MARKETS S.A., and
VERDMONT CAPITAL, S.A.

:

                      Defendants.

:

———————————————————————

### STIPULATION AND ORDER EXTENDING
### DEFENDANTS CALEDONIAN BANK LTD. AND
### CALEDONIAN SECURITIES LTD. TIME TO ANSWER,
### MOVE OR OTHERWISE RESPOND TO THE AMENDED COMPLAINT

IT IS HEREBY STIPULATED AND AGREED, by and between Plaintiff Securities and

Exchange Commission (the "SEC" or "Commission") and Defendants Caledonian Bank Limited

("CBL") and Caledonian Securities Limited ("CSL") (collectively, "Caledonian"), through their

respective counsel, and subject to the approval of the Court that:

WHEREAS, on February 6, 2015, the Commission filed the Complaint in the above-

captioned action against the Defendants and the Court entered *ex parte* a Temporary Restraining

Order Freezing Assets, Repatriating Assets, Expediting Discovery and Requiring An Accounting

(the "TRO") against the Defendants;

WHEREAS by Stipulated Orders dated February 8, 2015 and February 9, 2015, the

Commission and Caledonian modified the TRO in certain respects;

53229037v1

WHEREAS, on February 17, 2015, the Commission and Caledonian agreed to the entry of a Superseding Stipulated Order Extending Modified Temporary Restraining Order and Addressing Scheduling Matters Concerning the Caledonian Defendants (the "Superseding Stipulated Order"), including the deadline for Caledonian to answer or otherwise respond to the Complaint as modified by the Superseding Stipulated Order, which was set for March 27, 2015 and which was "so ordered" by the Court;

WHEREAS, on February 27, 2015, the SEC and Caledonian consolidated all of the stipulated modifications into a Temporary Restraining Order and Stipulated Modifications as to Defendants Caledonian Bank Ltd. and Caledonian Securities Ltd. (the "Superseding TRO"), which was "so ordered" by the Court;

WHEREAS, on March 20, 2015, the SEC and Caledonian agreed to the entry of a "Preliminary Injunction Consented and Stipulated to by the Securities and Exchange Commission and Defendants Caledonian Bank, Ltd. and Caledonian Securities Ltd." ("Stipulated Preliminary Injunction"), which was "so ordered" by the Court on March 23, 2015;

WHEREAS, on March 24, 2015, the SEC and Caledonian stipulated to an extension of Caledonian's time to answer, move or otherwise respond to the Complaint until June 25, 2015, which was "so ordered" by the Court on March 26, 2015;

WHEREAS, on June 5, 2015, the SEC filed an Amended Complaint in this action;

WHEREAS, on June 25, 2015, the SEC and Caledonian stipulated to an extension of Caledonian's time to answer, move or otherwise respond to the Amended Complaint until August 24, 2015, which was "so ordered" by the Court on June 25, 2015;

WHEREAS, on August 21, 2015, the SEC and Caledonian stipulated to a further extension of Caledonian's time to answer, move or otherwise respond to the Amended Complaint until October 30, 2015, which was "so ordered" by the Court on August 25, 2015;

WHEREAS, on October 29, 2015, the SEC and Caledonian stipulated to a further extension of Caledonian's time to answer, move or otherwise respond to the Amended Complaint until December 11, 2015, which was "so ordered" by the Court on October 29, 2015;

WHEREAS, on February 10, 2015, the Cayman Islands Monetary Authority ("CIMA") appointed Mr. Keiran Hutchison and Ms. Claire Loebell of Ernst & Young Ltd., as Caledonian's Joint Controllers (the "Joint Controllers") pursuant to the laws of the Cayman Islands;

WHEREAS, on February 12, the Grand Court of the Cayman Islands (the "Cayman Court") granted the Joint Controllers' application to confirm their powers over Caledonian, and empowered the Joint Controllers to take necessary actions to protect Caledonian's assets;

WHEREAS, on February 16, 2015, on behalf of CBL, the Joint Controllers filed a petition in the United States Bankruptcy Court for the Southern District of New York seeking an order recognizing the Cayman Liquidation Proceeding as a foreign main proceeding pursuant to Section 1517 of Title 11 of the United States Bankruptcy Code (*see* In re Caledonian Bank Ltd., Case No. 15-10324-mg) (the "U.S. Bankruptcy Proceeding");

WHEREAS, on February 17, 2015, CIMA filed a winding up petition with the Cayman Court seeking, among other relief, the appointment of the Joint Controllers (Mr. Keiran Hutchison and Ms. Claire Loebell of Ernst & Young Ltd.) as Joint Official Liquidators of Caledonian ("Joint Liquidators"), who would control the court-supervised liquidation of Caledonian (the "Cayman Liquidation Proceeding");

3

WHEREAS, on February 23, 2015, the Cayman Court entered an Order appointing the Joint Controllers as Joint Liquidators in the Cayman Liquidation Proceeding;

WHEREAS, on March 17, 2015, the United States Bankruptcy Court entered an order recognizing the Cayman Liquidation Proceeding as a foreign main proceeding pursuant to 11 U.S.C. § 1517(a) and (b) and further ordered that the automatic stay made applicable by 11 U.S.C. § 1520(a)(1) shall:  (a) be subject to the Temporary Restraining Order entered on February 6, 2015, as modified on February 27, 2015, and as may be further modified in this action commenced by the SEC in the United States District Court for the Southern District of New York (Case No. 15-cv-894(WHP)); and (b) not enjoin a police or regulatory act of a governmental unit to the extent provided in 11 U.S.C. § 362(b)(4);

WHEREAS, the Cayman Court has empowered the Joint Liquidators to take necessary actions to protect Caledonian's assets and prevent any further diminution in value of Caledonian's assets;

WHEREAS, the Joint Liquidators are seeking to minimize costs so as to protect the amount of funds available as distributions to depositors unrelated to this action;

WHEREAS, the parties have reached an agreement in principle on settlement terms that the staff of the Division of Enforcement recommended for approval to the Commission, and that the Commission has now approved;

WHEREAS, the Joint Liquidators of Caledonian have made an application to the Grand Court of the Cayman Islands, which is overseeing the liquidation of Caledonian, seeking authorization to enter into the settlement approved by the Commission.

53229037v1

WHEREAS, in seeking to finalize the settlement while minimizing legal fees and expenses, the parties request an additional stay on the time for Caledonian to answer, move or otherwise respond to the Amended Complaint.

IT IS HEREBY ORDERED AS FOLLOWS:

The deadline for Caledonian to answer, move or otherwise respond to the Amended Complaint shall be extended from December 11, 2015 to March 11, 2016.

The undersigned parties will promptly apprise the Court of the status of the proposed settlement once the Grand Court of the Cayman Islands decides whether or not to authorize the proposed settlement to be submitted to this Court.

Dated:  December 9, 2015

Respectfully submitted,

Margaret A. Dale
Sigal P. Mandelker
Proskauer Rose LLP
Eleven Times Square
New York, New York 10036
(212) 969-3360
mdale@proskauer.com
smandelker@proskauer.com

*Attorneys for Defendants Caledonian
Bank Ltd. and Caledonian Securities Ltd.*

Patrick Costello
Securities and Exchange
Commission
100 F. Street, N.E.
Washington, D.C. 20549
(202) 551-3982
costellop@SEC.GOV

*Attorney for Plaintiff Securities
and Exchange Commission*

SO ORDERED.

DATE: 12/11/15

HON. WILLIAM H. PAULEY III
UNITED STATES DISTRICT JUDGE

5

53229037v1