```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/30/15
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

SECURITIES AND EXCHANGE COMMISSION, :

                Plaintiff,           :

       -against-                 :

CALEDONIAN BANK LTD., *et al.*,      :

               Defendants.       :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

15cv894

ORDER

WILLIAM H. PAULEY III, District Judge:

        The parties' revised 26(f) Report (ECF No. 156) suggests a failure to appreciate the requirement that the Federal Rules of Civil Procedure be "construed, administered, and employed <u>by the court and the parties</u> to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1 (emphasis added). The intent of the Rule, which was recently amended, is to "emphasize" that the parties share this responsibility with the Court, and that "[e]ffective advocacy is consistent with—and indeed depends upon—cooperative and proportional use of procedure." Fed. R. Civ. P. 1 advisory committee's note to 2015 amendment. The revised 26(f) Report demonstrates the parties have not taken this provision to heart.

        Their divergent views about the time needed for discovery are not plausible. While discovery was stayed from August 12 to November 10, 2015, it is clear from the revised 26(f) Report that the parties continued to spar over numerous discovery disputes, several of which were pending well before the stay. (<u>See</u> ECF No. 130.) It is also apparent that more than a month after the discovery stay was lifted, the parties have done little to resolve the issues or

present them to this Court for resolution.  (See, e.g., Fed. R. Civ. P. 37(a); Local Civil Rule 37.2; Individual Practices III(A)(iv).)

That the Commission believes it needs fifteen months to complete fact discovery in an action filed ten months ago is remarkable.  So too, its suggestion that summary judgment motions be filed on May 31, 2017 suggests a fundamental misunderstanding of the practices in this Court.  And Verdmont's view that discovery can be segmented and completed by March 31, 2016 without any agreement to submit Verdmont's principals to depositions may be zealous advocacy, but it is not reality.

Accordingly, the parties are directed to submit a joint letter, not exceeding ten pages, summarizing any unresolved discovery disputes, by January 15, 2016.  To aid the parties in formulating any joint submission, this Court advises them that it is fixing an April 30, 2016 fact discovery cut-off.  Any expert discovery will be completed by May 30, 2016.

The parties shall appear for a status conference on January 21, 2016 at 12:15 p.m.  Until that time, the parties shall proceed with discovery and attempt to resolve any disputes expeditiously.

Dated: December 30, 2015
       New York, New York

SO ORDERED:

_____  12/30/15
WILLIAM H. PAULEY III
U.S.D.J.

*All Counsel of Record via ECF.*