KASOWITZ, BENSON, TORRES & FRIEDMAN LLP

1633 BROADWAY

NEW YORK, NEW YORK 10019-6799

212-506-1700

FACSIMILE: 212-506-1800

MARC E. KASOWITZ
DIRECT DIAL: 212-506-1710
MKASOWITZ@KASOWITZ.COM

ATLANTA
HOUSTON
LOS ANGELES
MIAMI
NEWARK
SAN FRANCISCO
SILICON VALLEY
WASHINGTON, DC

February 12, 2016

The Hon. William H. Pauley III
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St., Room 2210
New York, New York 10007

    Re:    <u>*SEC v. Caledonian, et al.,* Civil Docket No. 15-cv-894</u>

Dear Judge Pauley:

    We represent proposed intervenor Sentinel Trust Services Limited ("Sentinel"), the owner of all of the equity of defendants Caledonian Bank, Ltd. and Caledonian Securities, Ltd. (together, "Caledonian"). Pursuant to Your Honor's Individual Practice III.A., we write to request a pre-motion conference concerning Sentinel's proposed motion to intervene in this action to object to the proposed settlement between the SEC and Caledonian, which the SEC submitted for the Court's approval on February 9, 2016 (Dkt. Nos. 170 & 171).

I.    <u>**The Freeze Order Destroyed Caledonian**</u>

    As the Court is aware, the SEC obtained an *ex parte* temporary restraining order freezing Caledonian's assets based on representations to the Court that the SEC knew or should have known were false. The freeze order, as the Court found, "precipitated significant collateral damage, including the collapse of [Caledonian]." (Opinion and Order, filed on November 10, 2015, Dkt. No. 34 [the "Opinion"]). As a direct result of the SEC's sanctionable conduct, that collateral damage included the destruction of Sentinel's equity interest in Caledonian, which is now in liquidation in the Cayman Islands.

    The SEC obtained the freeze order based on its "unequivocal" representation to the Court that Caledonian "owned the securities [at issue], sold them to the public, and lined [its] pockets with the proceeds." Opinion at 2. That representation "bore directly on the propriety and magnitude of the *ex parte* relief [the SEC] sought." *Id*. at 16. As the SEC knew or should have known, that representation was false. Indeed, the SEC "apparent[ly] fail[ed] to pose the appropriate inquiries to financial institutions before seeking crippling *ex parte* asset freezes." *Id*. at 15. In any event, Caledonian immediately informed the SEC that the freeze order was premised on a falsehood because Caledonian had "acted as a broker, not a principal, in the transactions." *Id*. at 4. Nevertheless, as the Court held, the SEC compounded its recklessness in

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP

The Hon. William H. Pauley III
February 12, 2016
Page 2 of 3

obtaining the freeze order by failing "to come forward with information that undermined the allegations in the Complaint and its TRO application as soon as it learned of it." *Id.* at 16.

There is no question that the SEC's wrongful injunction destroyed Caledonian's business and Sentinel's equity interest in that business. The freeze order and the attendant publicity concerning Caledonian's alleged involvement in a "pump and dump" scheme caused a "run on the bank" by Caledonian's depositors. *Id.* at 5. Within days, Caledonian was placed in controllership and, shortly thereafter, liquidation. *Id.* at 7. The SEC has admitted that its misconduct caused the destruction of Caledonian's business. *See* Transcript of May 21, 2015 Status Conference at 5-6 ("THE COURT: The bank collapsed because of your actions, didn't it? [THE SEC]: Yes, your Honor.").

The SEC, like any other litigant, should be held responsible for the damages caused by an injunction procured based on false representations to the Court. Sovereign immunity cannot shield the SEC from the consequences of its misconduct as a litigant. *See Hutto v. Finney*, 437 U.S. 678, 696 (1978) ("A federal court's interest in orderly, expeditious proceedings 'justifies [it] in treating the state just as any other litigant and in imposing costs upon it' when an award is called for.'"); *Mattingly v. U.S.*, 939 F. 2d 816, 818 (9th Cir. 1991) ("there is no justification for exempting the United States government from Rule 11 on the ground of sovereign immunity"). The only practical avenue for Sentinel to recover for the destruction of its equity in Caledonian is to seek damages from and sanctions against the SEC.

II. **The SEC's Proposed Settlement**

The SEC seeks this Court's approval of the proposed settlement, even though it did not submit a copy of it to the Court. Based on the SEC's cursory description (Dkt. No. 171), the proposed settlement ignores and makes no provision for the damages caused by the SEC's misconduct. While Caledonian's liquidators have recovered the vast majority of the assets owing to Caledonian's creditors, "it does not appear," as the SEC acknowledges, "that Caledonian will have any funds remaining after it satisfies the claims of its priority creditors." *Id.* at 3. In other words, the SEC's misconduct has completely wiped out Sentinel's equity interest in Caledonian. Given the egregious nature of the SEC's conduct, and its draconian impact on Sentinel, the proposed settlement -- which would sweep the SEC's misconduct under the rug -- is anything but "fair and reasonable." *United States SEC v. Citigroup Global Mkts.*, 752 F.3d 285, 293 (2d Cir. 2014) (citation omitted).

III. **Sentinel's Proposed Motion**

Under Rule 24(a), an intervenor "must (1) file a timely motion; (2) claim an interest relating to the property or transaction that is the subject of the action; (3) be so situated that without intervention the disposition of the action may impair that interest; and (4) show that the interest is not already adequately represented by existing parties." *Butler, Fitzgerald & Potter v. Sequa Corp.*, 250 F.3d 171, 176 (2d Cir. 2001). The "test is a flexible and discretionary one, and courts generally look at all four factors as a whole rather than focusing narrowly on any one of the criteria." *Compagnie Noga d'Importation et d'Exportation S.A. v. Russian Fed'n*, 2005 U.S.

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP

The Hon. William H. Pauley III
February 12, 2016
Page 3 of 3

Dist. LEXIS 14432, at *10-11 (S.D.N.Y. July 20, 2005) (WHP) (citations and quotations omitted).

  Sentinel satisfies each of the four requirements to intervene as a matter of right. First, Sentinel's proposed motion to intervene to object to the SEC's proposed settlement would be timely given that the SEC only filed its motion for approval this week. Second, as the 100% equity owner of Caledonian, Sentinel has a direct and substantial interest in the outcome of this action. *See Hooker Chems. & Plastics Corp.*, 749 F.2d at 992, n.21 (the Second Circuit applies a "flexible" approach); Fed. R. Civ. P. 24 advisory committee note ("If an absentee would be substantially affected in a practical sense by the determination made in the action, he should, as a general rule, be entitled to intervene. . ."). Third, Sentinel is so situated that, without intervention, the disposition of this action may impair its interests inasmuch as the proposed settlement ignores and makes no provision for the damages caused by the SEC's misconduct. Fourth, there is no genuine dispute that Sentinel's interests are not adequately represented. Caledonian's liquidators have refused to seek sanctions against or compensation from the SEC, notwithstanding the compelling basis to do so.

  In the alternative, the Court should exercise its discretion to grant Sentinel permission to intervene under Rule 24(b). Sentinel's claims share the same questions of law and fact already at issue in this action and intervention will not prejudice the existing parties or delay the proceedings materially. To the contrary, Sentinel's participation will "significantly contribute to full development of the underlying factual issues in the suit" -- which Caledonian's liquidators and their counsel have failed to do -- "and to the just and equitable adjudication of the legal questions presented." *Compagnie Noga*, 2005 U.S. Dist. LEXIS 14432, at *17 (citation and quotations omitted).

Respectfully,

Marc E. Kasowitz

cc: Counsel of Record (by ECF)