# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

SECURITIES AND EXCHANGE COMMISSION,

                                     Plaintiff,

                               v.                              Case No.  15-cv-894
                                                               (WHP)(DLC)

CALEDONIAN BANK LTD.,
CALEDONIAN SECURITIES LTD.,
CLEAR WATER SECURITIES, INC.,
LEGACY GLOBAL MARKETS S.A., and
VERDMONT CAPITAL, S.A.

                                     Defendants.
_____

**THE SEC'S SECOND SET OF REQUESTS FOR THE**
**PRODUCTION OF DOCUMENTS TO VERDMONT**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, plaintiff Securities and Exchange Commission hereby demands that defendant Verdmont Capital, S.A., within thirty (30) days of service hereof, produce all documents requested herein, for inspection and copying at the offices of the Securities and Exchange Commission, 100 F Street, N.E., Washington, D.C., or at such place and time as is mutually agreed upon by the parties acting through their counsel.

Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, this second set of requests for the production of documents is continuing and shall be supplemented when necessary to reflect events that occur and information that becomes available subsequent to Verdmont's service of responses to this second set of requests for the production of documents, in order to ensure that Verdmont's production is complete.

## **DEFINITIONS AND INSTRUCTIONS**

1.  The word "communication" is defined to be synonymous in meaning and equal in scope to usage of the term "communication" in Rule 26.3(c)(1) of the Local Civil Rules.

2.  The word "concerning" is defined to be synonymous in meaning and equal in scope to the usage of the term "concerning" in Rule 26.3(c)(7) of the Local Civil Rules.

3.  The words "document" or "documents" are defined to be synonymous in meaning and equal in scope to the usage of the term "document" in Rule 26.3(c)(2) of the Local Civil Rules of the United States District Court for the Southern District of New York.

4.  The word "person" is defined to be synonymous in meaning and equal in scope to the usage of the term "person" in Rule 26.3(c)(6) of the Local Civil Rules.

5.  The words "Verdmont," "you" or "your" are defined to mean, individually and collectively, Defendant Verdmont Capital, S.A., its affiliates, agents, associates, controlling shareholders, directors, employees, general or limited partners, independent contractors, officers, owners, parents, predecessors, principals, subsidiaries, successors, persons acting on its behalf, and any aliases, code names, or trade or business names used by any of the foregoing.

6.  The word "Goff" is defined to mean, individually and collectively, Goff, Corp., its securities, affiliates, agents, associates, controlling shareholders, directors, employees, general or limited partners, independent contractors, officers, owners, parents, predecessors, principals, subsidiaries, successors, persons acting on its behalf, and any aliases, code names, or trade or business names used by any of the foregoing.

7.  The word "Norstra" is defined to mean, individually and collectively, Norstra Energy Inc., its securities, affiliates, agents, associates, controlling shareholders, directors, employees, general or limited partners, independent contractors, officers, owners, parents, predecessors,

principals, subsidiaries, successors, persons acting on its behalf, and any aliases, code names, or trade or business names used by any of the foregoing.

      8.  The word "Xumanii" is defined to mean, individually and collectively, Xumanii, Inc., its securities, affiliates, agents, associates, controlling shareholders, directors, employees, general or limited partners, independent contractors, officers, owners, parents, predecessors, principals, subsidiaries, successors, persons acting on its behalf, and any aliases, code names, or trade or business names used by any of the foregoing.

      9.  The word "Lornex" is defined to mean, individually and collectively, Lornex Financial, Ltd., its affiliates, agents, associates, controlling shareholders, directors, general or limited partners, officers, independent contractors, owners, parents, predecessors, principals, securities, subsidiaries, successors, persons acting on its behalf, and any aliases, code names, or trade or business names used by any of the foregoing.

      10.  The word "Nautilus" is defined to mean, individually and collectively, Nautilus Growth Fund, Inc., its affiliates, agents, associates, controlling shareholders, directors, general or limited partners, officers, independent contractors, owners, parents, predecessors, principals, securities, subsidiaries, successors, persons acting on its behalf, and any aliases, code names, or trade or business names used by any of the foregoing.

      11.  The word "Bartlett" is defined to mean, individually and collectively, Bartlett Trading Inc., its affiliates, agents, associates, controlling shareholders, directors, general or limited partners, officers, independent contractors, owners, parents, predecessors, principals, securities, subsidiaries, successors, persons acting on its behalf, and any aliases, code names, or trade or business names used by any of the foregoing.

12.  If any document requested in any document request was but is no longer in your present possession or subject to your control or is no longer in existence, in addition to all of the above information of which you have knowledge, identify such document and state whether the document is or has been:

(a) missing or lost;

(b) destroyed;

(c) transferred to others; or

(d) otherwise disposed of.

In any such instance, describe the surrounding circumstances and any authorization for such disposition, state the approximate date of the disposition and, if known, the present location and custodian of such document.

13.  All documents withheld on the grounds of privilege or pursuant to the work product doctrine shall be listed on a separate page of your responses setting forth its date, the author, all recipients, the general subject matter, the names of any attorneys who received or sent the document and the reason for the claimed privilege or exemption.  Pursuant to Rule 26.2(c) of the Local Civil Rules, when asserting privilege on the same basis with respect to multiple documents, it is presumptively proper to provide the information required by group or category.

14.  Unless stated otherwise, the relevant time period for each discovery request is from January 1, 2008 to date.

## REQUESTS FOR DOCUMENTS

Produce all of the following documents:

1. All communications between persons at Verdmont and persons at Lornex, Nautilus or Bartlett concerning Goff, Norstra or Xumanii or their securities including, but not limited to, communications concerning the sale of such securities.

2. All internal communications between persons within Verdmont concerning Goff, Norstra or Xumanii or their securities including, but not limited to, communications concerning the sale of such securities.

3. All external communications involving persons at Verdmont concerning Goff, Norstra or Xumanii or their securities including, but not limited to, communications concerning the sale of such securities.

4. All communications between persons at Verdmont and persons at Celtic Consultants LLC or Empire Stock Transfer.

5. All account statements for Verdmont's brokerage accounts at Knight Capital Americas LLC; Merrill Lynch, Pierce, Fenner & Smith; RBC Dexia; RBC Investor Services; Sunrise Securities; and UBS Securities LLC.

6. All documents concerning the persons to whom proceeds of sales of securities in Goff, Norstra or Xumanii were remitted.

Dated:  Washington, D.C.
           April 20, 2015

/s/ *Richard E. Simpson*
Richard E. Simpson
A. David Williams
Ernesto G. Amparo
Attorneys for Plaintiff
Securities and Exchange Commission
100 F. Street, N.E.
Washington, D.C. 20549
(202) 551-4492
simpsonr@sec.gov

5

## **CERTIFICATE OF SERVICE**

I certify that on April 20, 2015, I caused to be served the foregoing SEC'S SECOND SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS TO VERDMONT by sending a copy by e-mail and by overnight express, to:

| | |
|---|---|
| Robert J.A. Zito | Sigal P. Mandelker |
| Carter Ledyard Milburn LLP | Margaret A. Dale |
| Two Wall Street | Proskauer Rose LLP |
| New York, New York 10005 | Eleven Times Square |
| | New York, New York 10036 |

/s/ *Richard E. Simpson*
Richard E. Simpson