# EXHIBIT C

CARTER LEDYARD & MILBURN LLP
Robert J.A. Zito
Theodore Y. McDonough
2 Wall Street
New York, NY 10005
Tel: (212) 732-3200
Fax: (212) 732-3232
*Attorneys for Verdmont Capital, S.A.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SECURITIES AND EXCHANGE
COMMISSION                                              :
                                                        :    Civ. No. 15 CV 894 (WHP)
                    Plaintiff,                          :
                                                        :
            v.                                          :
                                                        :
CALEDONIAN BANK LTD.,                                   :
CALEDONIAN SECURITIES LTD.,                             :
CLEAR WATER SECURITIES, INC.,                           :
LEGACY GLOBAL MARKETS S.A., and                         :
VERDMONT CAPITAL, S.A.                                  :
                                                        :
                    Defendants.                         :
                                                        :
------------------------------------------------------------X

### OBJECTIONS AND RESPONSES OF VERDMONT CAPITAL, S.A. TO PLAINTIFF'S FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant Verdmont Capital, S.A. ("Verdmont") hereby objects and responds to Plaintiff's First Set of Requests for the Production of Documents (each a "Request" and, collectively, the "Requests"), dated February 12, 2015, as follows:

### GENERAL STATEMENTS AND OBJECTIONS

The following statements and objections apply to and are expressly incorporated into all of Verdmont's responses to the Requests regardless of whether specific reference to any of these general statements and objections is made in response to a particular Request:

7583740.3

A.   Verdmont objects to the Subpoena to the extent that it purports to seek disclosure of information or documents protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity from discovery. The inadvertent production of any privileged information or document shall not be deemed a waiver of any applicable privilege.

B.   Vermont objects to the Subpoena to the extent that it seeks disclosure of documents beyond those required to be disclosed, or purports to impose obligations beyond those imposed, by the Federal Rules of Civil Procedure, applicable Local Civil Rules or Individual Rules of a particular District Court Judge.

C.   Verdmont objects to the Requests to the extent that they seek information that is unreasonably cumulative or duplicative of information or documents already produced to the Plaintiff or received from the Plaintiff from other parties or sources.

D.   Verdmont objects to the Requests to the extent that they seek documents or confidential information that Verdmont is contractually or statutorily restricted from disclosing.

E.   Verdmont objects to the Subpoena to the extent that it seeks disclosure of electronically stored information from sources that are not reasonably accessible because of undue burden or cost.

F.   Verdmont objects to the form requested for the production of electronic documents to the extent that production using such form is not feasible, not practical, or unreasonably burdensome.

G.   Verdmont objects to the time period applicable to the Requests as overbroad and unreasonable.

H.  A response by Verdmont to the effect that it will produce documents responsive to any Request does not indicate that such documents exist or can be located, or that such documents are or ever were in Verdmont's possession, custody or control.

I.  Verdmont reserves all objections at any hearing or trial or on any motion to the use or admissibility of any documents identified or disclosed. The identification or disclosure of any documents does not constitute an admission by Verdmont that such documents are relevant to the action or admissible in evidence.

J.  These Objections and Responses are subject to and without the waiver of: (i) the right to object to other discovery directed to the subject matter of the Requests; (ii) the right to make additional or supplemental objections; and (iii) the right to modify, amend, correct, supplement or clarify any of the responses.

## SPECIFIC OBJECTIONS

1.  Verdmont objects to the Request to the extent that it seeks information that is not relevant to the subject matter of the litigation and/or is not reasonably calculated to lead to the discovery of admissible evidence.

2.  Verdmont objects to the Request to the extent that it is overly broad, unreasonably burdensome, duplicative, annoying, oppressive, harassing, or will engender unreasonable expense or effort.

3.  Verdmont objects to the Request on the grounds that it is vague, ambiguous, unintelligible, or otherwise not susceptible to a response in their present form.

4.  Verdmont objects to the Request to the extent that it seeks documents that are available to Plaintiff from other sources with equivalent ease and expense, and/or are more appropriately, more efficiently, or less expensively discovered through some other means or some other source.

-3-

7583740.3

5.      Verdmont objects to the Request to the extent that it seeks documents that Plaintiff or Caledonian Bank Ltd., Caledonian Securities Ltd., Clear Water Securities, Inc. or Legacy Global Markets, S.A. (collectively, "Co-Defendants") would have in their possession, custody, or control; that Plaintiff or Co-Defendants would have equal or better access to; and/or are of the type that another party or third party would have in its possession, custody, or control.

## OBJECTIONS AND RESPONSES TO INDIVIDUAL REQUESTS

**Request No. 1:**   All documents concerning Goff,[1] including, but not limited to:

a.      For each account maintained at Verdmont and which bought, sold, held, owned, or transferred Goff stock and/or share certificates, provide all customer records, account opening documents, "know-your-customer" documents, discretionary authority documents, trading authority documents, beneficial owner information, contracts, share transfer and other agreements, understandings or proposals to buy or sell, client requests, monthly account statements, withdrawals or deposits, credit card statements, documents reflecting anyone who received funds from the accounts, and/or all historical client contact information;

b.      All trading records, Bloomberg messages, BRASS reports or records, SOES reports or records, Uptix reports or records, Verdmont vault reports or records, any document reflecting an order to buy or sell Goff, recommendations to buy or sell Goff, instructions to buy or sell Goff, the names of customers, brokers and traders involved, due diligence efforts, share certificates, trade blotters, share transfer instructions, wire transfer instructions, and/or any other instructions concerning Goff.

**Response:**   Subject to and without waiving the foregoing General Objections and Specific Objections including, without limitation, Specific Objections numbered 2, 4 and 5, Verdmont will produce responsive, non-privileged documents in its possession, custody or control.

**Request No. 2:**   All documents concerning Norstra, including, but not limited to:

a.      For each account maintained at Verdmont and which bought, sold, held, owned, or transferred Norstra stock and/or share certificates, provide all customer records, account opening documents, "know-your-customer" documents, discretionary authority documents, trading authority documents, beneficial owner information, contracts, share transfer and other agreements, understandings or proposals to buy or sell, client requests, monthly account

---

[1] Capitalized terms not defined herein have the meaning given to them in the Requests.

-4-

statements, withdrawals or deposits, credit card statements, documents reflecting anyone who received funds from the accounts, and/or all historical client contact information;

      b.    All trading records, Bloomberg messages, BRASS reports or records, SOES reports or records, Uptix reports or records, Verdmont vault reports or records, any document reflecting an order to buy or sell Norstra, recommendations to buy or sell Norstra, instructions to buy or sell Norstra, the names of customers, brokers and traders involved, due diligence efforts, share certificates, trade blotters, share transfer instructions, wire transfer instructions, and/or any other instructions concerning Norstra.

**Response:**   Subject to and without waiving the foregoing General Objections and Specific Objections including, without limitation, Specific Objections numbered 2, 4 and 5, Verdmont will produce responsive, non-privileged documents in its possession, custody or control.

**Request No. 3:**   All documents concerning Xumanii, including, but not limited to:

      a.    For each account maintained at Verdmont and which bought, sold, held, owned, or transferred Xumanii stock and/or share certificates, provide all customer records, account opening documents, "know-your-customer" documents, discretionary authority documents, trading authority documents, beneficial owner information, contracts, share transfer and other agreements, understandings or proposals to buy or sell, client requests, monthly account statements, withdrawals or deposits, credit card statements, documents reflecting anyone who received funds from the accounts, and/or all historical client contact information;

      b.    All trading records, Bloomberg messages, BRASS reports or records, SOES reports or records, Uptix reports or records, Verdmont vault reports or records, any document reflecting an order to buy or sell Xumanii, recommendations to buy or sell Xumanii, instructions to buy or sell Xumanii, the names of customers, brokers and traders involved, due diligence efforts, share certificates, trade blotters, share transfer instructions, wire transfer instructions, and/or any other instructions concerning Xumanii.

**Response:**   Subject to and without waiving the foregoing General Objections and Specific Objections including, without limitation, Specific Objections numbered 2, 4 and 5, Verdmont will produce responsive, non-privileged documents in its possession, custody or control.

**Request No. 4:** All documents concerning any Verdmont proprietary account that held, purchased, sold, transferred, or conducted other transactions concerning Goff, Norstra or Xumanii securities, including, but not limited to: the names of the customers, brokers and traders involved; contracts; share transfer and other agreements; Bloomberg messages; understandings or proposals; securities; payments; services; correspondence and email; account opening documents; "know-your-customer" documents; discretionary authority documents; trading authority documents; documents reflecting any beneficial owners; monthly account statements; share transfer instructions; wire transfer instructions; withdrawals or deposits; credit card statements; documents reflecting anyone who received funds from the accounts; order instructions and executed or unexecuted order records; and all notes, minutes or memoranda concerning meetings or any other communications about Goff, Norstra and/or Xumanii.

**Response:** Subject to and without waiving the foregoing General Objections and Specific Objections including, without limitation, Specific Objections numbered 2, 4 and 5, Verdmont will produce responsive, non-privileged documents in its possession, custody or control.

**Request No. 5:** All documents concerning orders (whether executed, unexecuted, cancelled, or modified) or instructions to buy, sell, hold, transfer or otherwise control (as defined) shares of Goff, Norstra or Xumanii, including, but not limited to: electronic or written communications; Bloomberg messages; information from any order tracking systems; and/or metadata concerning these order documents including any deletions or modifications to orders after they were created or inputted into the system.

**Response:** Subject to and without waiving the foregoing General Objections and Specific Objections including, without limitation, Specific Objection number 2, Verdmont will produce responsive, non-privileged documents in its possession, custody or control.

**Request No. 6:** All phone recordings of Verdmont concerning Goff, Norstra or Xumanii securities.

**Response:** Subject to and without waiving the foregoing General Objections and Specific Objections including, without limitation, Specific Objection number 2, Verdmont will produce responsive, non-privileged documents in its possession, custody or control.

**Request No. 7:** All documents concerning Verdmont's policies, procedures, and compliance manuals that were or are in effect from January 1, 2012 to date.

**Response:** Subject to and without waiving the foregoing General Objections and Specific Objections including, without limitation, Specific Objection numbered 1, 2, and 3, Verdmont will produce responsive, non-privileged documents in its possession, custody or control.

**Request No. 8:** All documents concerning the reasonable inquiry that Verdmont conducted to determine whether sales of Goff, Norstra or Xumanii by any of Verdmont's clients were in compliance with the United States securities laws and, in particular, in compliance with Section 5 of the Securities Act of 1933.

**Response:** Subject to and without waiving the foregoing General Objections and Specific Objections including, without limitation, Specific Objection number 2, Verdmont will produce responsive, non-privileged documents in its possession, custody or control.

**Request No. 9:** All documents concerning the reasonable inquiry that Verdmont conducted into Lornex, Nautilus and Bartlett Trading, or any other sellers of Goff, Norstra and Xumanii, at the time of account opening and thereafter to determine the identities of the person in control of Lornex, Nautilus and Bartlett Trading and, at the time securities in Goff, Norstra and Xumanii were sold, whether such persons controlled the "free-trading" float in those securities.

**Response:** Subject to and without waiving the foregoing General Objections and Specific Objections including, without limitation, Specific Objection number 2, Verdmont will produce responsive, non-privileged documents in its possession, custody or control.

**Request No. 10:** All documents concerning whether the numbers of shares sold in Goff, Norstra and Xumanii raised red flags with Verdmont that the sales may have constituted distributions of those shares.

**Response:** Subject to and without waiving the foregoing General Objections and Specific Objections including, without limitation, Specific Objections numbered 2 and 3, Verdmont will produce responsive, non-privileged documents in its possession, custody or control.

**Request No. 11:** All public market data in Verdmont's possession pertaining to Goff, Norstra or Xumanii.

**Response:** Subject to and without waiving the foregoing General Objections and Specific Objections including, without limitation, Specific Objections numbered 3, 4 and 5, Verdmont will produce responsive, non-privileged documents in its possession, custody or control.

**Request No. 12:** All Form S-1 registration statements, press releases and materials from penny stock websites pertaining to Goff, Norstra or Xumanii.

**Response:** Subject to and without waiving the foregoing General Objections and Specific Objections including, without limitation, Specific Objections numbered 3, 4 and 5, Verdmont will produce responsive, non-privileged documents in its possession, custody or control.

**Request No. 13:** All documents concerning the status or origin of the Goff, Norstra and Xumanii securities at all times prior to Verdmont's sales.

**Response:** Subject to and without waiving the foregoing General Objections and Specific Objections including, without limitation, Specific Objections numbered 3, 4 and 5, Verdmont will produce responsive, non-privileged documents in its possession, custody or control.

**Request No. 14:** All documents concerning any reverse merger, forward stock split, name change or change in business effected by Goff, Norstra or Xumanii.

**Response:** Subject to and without waiving the foregoing General Objections and Specific Objections including, without limitation, Specific Objections numbered 4 and 5, Verdmont will produce responsive, non-privileged documents in its possession, custody or control.

**Request No. 15:**  All documents concerning any sales of penny stocks that Verdmont executed on behalf of Lornex, Nautilus or Bartlett Trading at any time prior to Verdmont's first sale of Goff stock, which took place on or about March 18, 2013.

**Response:**  Subject to and without waiving the foregoing General Objections and Specific Objections including, without limitation, Specific Objections numbered 1, 2, 4 and 5, Verdmont will produce responsive, non-privileged documents in its possession, custody or control.

**Request No. 16:**  All documents concerning any stock alerts or news alerts that Verdmont received pertaining to Goff, Norstra or Xumanii.

**Response:**  Subject to and without waiving the foregoing General Objections and Specific Objections including, without limitation, Specific Objection number 2, Verdmont will produce responsive, non-privileged documents in its possession, custody or control.

**Request No. 17:**  All documents concerning any bank or brokerage accounts in Verdmont's name or for its benefit in the United States, other than those at Interactive Brokers and Morgan Stanley.

**Response:**  Subject to and without waiving the foregoing General Objections and Specific Objections including, without limitation, Specific Objections numbered 2, 4 and 5, Verdmont will produce responsive, non-privileged documents in its possession, custody or control.

Dated: February 17, 2015

CARTER LEDYARD & MILBURN LLP

By: _____
    Robert J.A. Zito
    Theodore Y. McDonough
2 Wall Street
New York, New York  10005
(212) 732-3200
*Attorneys for Verdmont Capital, S.A.*

## Certificate of Service

I hereby certify that on Febuary 17, 2015, I transmitted via email and overnight express mail Defendant Verdmont Capital, S.A.'s Objections and Responses to Plaintiff's First Set of Requests for the Production of Documents to the following:

Richard E. Simpson
Securities and Exchange Commission
100 F. Street, N.E.
Washington, D.C. 20549
simpsonr@sec.gov

Sigal P. Mandelker
Margaret A. Dale
Proskauer Rose LLP
11 Times Square
New York, NY  10036
smandelker@proskauer.com
mdale@proskauer.com
Attorneys for Defendants Caledonian
Bank Ltd. and Caledonian Securities Ltd.

Theodore Y. McDonough