# EXHIBIT D

CARTER LEDYARD & MILBURN LLP
Robert J.A. Zito
Mark R. Zancolli
Leonardo Trivigno
Theodore Y. McDonough
2 Wall Street
New York, NY 10005
Tel: (212) 732-3200
Fax: (212) 732-3232
*Attorneys for Verdmont Capital, S.A.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SECURITIES AND EXCHANGE
COMMISSION                                                                    :     Civ. No. 15 CV 894 (WHP)
                                                                                         :
                                            Plaintiff,                          :
                                                                                         :
                        v.                                                       :
                                                                                         :
CALEDONIAN BANK LTD.,                                           :
CALEDONIAN SECURITIES LTD.,                              :
CLEAR WATER SECURITIES, INC.,                           :
LEGACY GLOBAL MARKETS S.A., and               :
VERDMONT CAPITAL, S.A.                                       :
                                                                                         :
                                            Defendants.                     :
                                                                                         :
------------------------------------------------------------X

**OBJECTIONS AND RESPONSES OF VERDMONT CAPITAL, S.A. TO PLAINTIFF'S SECOND SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant Verdmont Capital, S.A. ("Verdmont") hereby objects and responds to Plaintiff's Second Set of Requests for the Production of Documents (each a "Request" and, collectively, the "Requests"), dated April 20, 2015, as follows:

7583740.3

-2-

## GENERAL STATEMENTS AND OBJECTIONS

The following statements and objections apply to and are expressly incorporated into all of Verdmont's responses to the Requests regardless of whether specific reference to any of these general statements and objections is made in response to a particular Request:

A.   Verdmont objects to the Requests to the extent that they purport to seek disclosure of information or documents protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity from discovery. The inadvertent production of any privileged information or document shall not be deemed a waiver of any applicable privilege.

B.   Verdmont objects to the Requests to the extent that they seek disclosure of documents beyond those required to be disclosed, or purport to impose obligations beyond those imposed, by the Federal Rules of Civil Procedure, applicable Local Civil Rules or Individual Rules of this Court.

C.   Verdmont objects to the Requests to the extent that they seek information that is unreasonably cumulative or duplicative of information or documents already produced to the Plaintiff or received from the Plaintiff from other parties or sources.

D.   Verdmont objects to the Requests to the extent that they seek documents or confidential information that Verdmont is contractually or statutorily restricted from disclosing.

E.   Verdmont objects to the Requests to the extent that they seek disclosure of electronically stored information from sources that are not reasonably accessible because of undue burden or cost.

7583740.3

F.  Verdmont objects to the form requested for the production of electronic documents to the extent that production using such form is not feasible, not practical, or unreasonably burdensome.

G.  Verdmont objects to the time period applicable to the Requests as overbroad and unreasonable.

H.  Verdmont objects to the Requests to the extent that they call for production of documents that have already been produced by Verdmont in response to the Plaintiff's First Set of Requests for the Production of Documents dated February 12, 2015 (the "First Document Request"). Verdmont will not produce documents to any requests to the extent Verdmont has already produced such documents.

I.  A response by Verdmont to the effect that it will produce documents responsive to any Request does not indicate that such documents exist or can be located, or that such documents are or ever were in Verdmont's possession, custody or control.

J.  Verdmont reserves all objections at any hearing or trial or on any motion to the use or admissibility of any documents identified or disclosed. The identification or disclosure of any documents does not constitute an admission by Verdmont that such documents are relevant to the action or admissible in evidence.

K.  These Objections and Responses are subject to and without the waiver of: (i) the right to object to other discovery directed to the subject matter of the Requests; (ii) the right to make additional or supplemental objections; and (iii) the right to modify, amend, correct, supplement or clarify any of the responses.

## SPECIFIC OBJECTIONS

-3-

1.  Verdmont objects to the Request to the extent that it seeks information that is not relevant to the subject matter of the litigation and/or is not reasonably calculated to lead to the discovery of admissible evidence.

2.  Verdmont objects to the Request to the extent that it is overly broad, unreasonably burdensome, duplicative, annoying, oppressive, harassing, or will engender unreasonable expense or effort.

3.  Verdmont objects to the Request on the grounds that it is vague, ambiguous, unintelligible, or otherwise not susceptible to a response in its present form.

4.  Verdmont objects to the Request to the extent that it seeks documents that are available to Plaintiff from other sources with equivalent ease and expense, and/or are more appropriately, more efficiently, or less expensively discovered through some other means or some other source.

5.  Verdmont objects to the Request to the extent that it seeks documents that Plaintiff or Caledonian Bank Ltd., Caledonian Securities Ltd., Clear Water Securities, Inc. or Legacy Global Markets, S.A. (collectively, "Co-Defendants") would have in their possession, custody, or control; that Plaintiff or Co-Defendants would have equal or better access to; and/or are of the type that another party or third party would have in its possession, custody, or control.

## OBJECTIONS AND RESPONSES TO INDIVIDUAL REQUESTS

**Request No. 1:**  All communications between persons at Verdmont and persons at Lornex, Nautilus or Bartlett concerning Goff, Norstra or Xumanii or their securities including, but not limited to, communications concerning the sale of such securities.

**Response:**  Subject to and without waiving the foregoing General Objections and Specific Objections numbered 1, 2, 4 and 5, Verdmont states that other than documents produced in response to the First Document Requests, Verdmont has no documents responsive to this request.

**Request No. 2:** All internal communications between persons within Verdmont concerning Goff, Norstra or Xumanii or their securities including, but not limited to, communications concerning the sale of such securities.

**Response:** Subject to and without waiving the foregoing General Objections and Specific Objections numbered 1 and 2, Verdmont states that it has no documents responsive to this request.

**Request No. 3:** All external communications involving persons at Verdmont concerning Goff, Nostra or Xumanii or their securities including, but not limited to, communications concerning the sale of such securities.

**Response:** Subject to and without waiving the foregoing General Objections and Specific Objections numbered 1, 2, 4 and 5, Verdmont states that it has no documents responsive to this request.

**Request No. 4:** All communications between persons at Verdmont and persons at Celtic Consultants LLC or Empire Stock Transfer.

**Response:** Subject to and without waiving the foregoing General Objections and, Specific Objections numbered 1, 2, 4 and 5, Verdmont states that other than documents produced in response to the First Document Request, Verdmont has no documents responsive to this request.

**Request No. 5:** All account statements for Verdmont's brokerage accounts at Knight Capital Americas LLC; Merrill Lynch, Pierce, Fenner & Smith; RBC Dexia; RBC Investor Services; Sunrise Securities; and UBS Securities LLC.

**Response:** Verdmont objects to this Request because it is overly broad and unduly burdensome and seeks irrelevant information because it seeks account statements that long-predate the subject transactions from six brokerage accounts, including from brokerage accounts that are unrelated to the transactions at issue. Production of documents responsive to this Request would total thousands of pages at significant cost to Verdmont. To the extent this Request may seek relevant documents, i.e., account statements from brokerage accounts which

-5-

7583740.3

affected the subject transactions during the period in which the subject transactions took place, they have already been produced in response to the First Document Request.

**Request No. 6:** All documents concerning the persons to whom proceeds of sales of securities in Goff, Norstra or Xumanii were remitted.

**Response:** Subject to and without waiving the foregoing General Objections and Specific Objections, Verdmont states that it has no documents responsive to this request.

Dated: May 26, 2015

CARTER LEDYARD & MILBURN LLP

By: *[signature]*
Robert J.A. Zito
Mark R. Zancolli
Leonardo Trivigno
Theodore Y. McDonough
2 Wall Street
New York, New York  10005
(212) 732-3200
*Attorneys for Verdmont Capital, S.A.*