# Exhibit A

IN THE GRAND COURT OF THE CAYMAN ISLANDS
FINANCIAL SERVICES DIVISION

CAUSE NO. FSD 22 OF 2015 (ASCJ)

In Open Court
12 February 2015
Before the Honourable Chief Justice Smellie QC

IN THE MATTER OF THE COMPANIES LAW (2013 REVISION)

AND IN THE MATTER OF CALEDONIAN BANK LIMITED (IN VOLUNTARY LIQUIDATION)

### ORDER

**UPON** the oral application of Keiran Hutchison and Claire Loebell of Ernst & Young Ltd., the controllers of Caledonian Bank Limited (in voluntary liquidation) ("**the Company**") ("**the Controllers**"), to confirm their powers under section 18 of the Banks and Trust Companies Law (2013 Revision) ("**the BTC Law**")

**AND UPON** reading the First Affidavit of Eleanor Fisher, the First Affidavit of Barry McQuain (as amended), each sworn on 11 February 2015 and the First Affidavit of Cindy Scotland sworn 12 February 2015, and in each case the exhibits thereto

**AND UPON** hearing Counsel for the Cayman Islands Monetary Authority ("**the Authority**") and Counsel for the Controllers

**IT IS ORDERED THAT:**

1. Pursuant to, but without limiting, the powers granted to the Controllers under section 18(1)(v) of the BTC Law and section 18 of the Bankruptcy Law (as amended), the Controllers, as agents of the Company, be authorised to exercise the following powers, without further sanction of the Court:

    (a) to discover and recover all debts due to the Company;

    (b) to prove, rank, claim and draw dividend in the bankruptcy, liquidation, administration, insolvency or similar proceeding of any person (including, but not limited to, any body corporate) indebted to the Company or otherwise in respect of any debt due to the Company;

(c) to take such steps as the Controllers may consider appropriate in respect of the following legal proceedings, either in their own name for and on behalf of the Company, or in the name of the Company on its behalf:

 (i) to defend in the name of the Company the proceedings entitled "*Securities and Exchange Commission v Caledonian Bank Ltd and others; 15 CV 00894*" proceeding in the United States District Court for the Southern District of New York;

 (ii) to commence proceedings under Chapter 15 of the United States Bankruptcy Code or such other bankruptcy proceeding in the United States as the Controllers may consider necessary and appropriate; and

 (iii) to commence any other winding up, bankruptcy and/or recognition proceedings in the United Kingdom, Australia, Switzerland and any other jurisdiction where the Company has assets as the Controllers may consider necessary and appropriate;

(d) after consultation with the Authority;

 (i) to bring, institute or defend any other action or legal proceedings relating to the property of the Company;

 (ii) to refer any dispute to arbitration, compromise any debts, claims and liabilities, whether present or future, certain or contingent, liquidated or unliquidated, subsisting or supposed to subsist between the Company and any person who may have incurred any liability to the Company, upon the receipt of such sums payable at such times and generally upon such terms as may be agreed upon;

 (iii) to make such compromise or other arrangement as may be thought expedient with creditors, or persons claiming to be creditors, of the Company, in respect of any debts of the Company including, without limitation, the proposal of a scheme of arrangement pursuant to the Companies Law;



Case 1:15-cv-00894-WHP-JLC   Document 185-1   Filed 02/25/16   Page 4 of 7
15-10324-mg   Doc 3-2   Filed 02/16/15   Entered 02/16/15 11:52:49   Exhibit B-
Evidence of Cayman Proceeding   Pg 4 of 7

(iv) to make such compromise or other arrangement as may be thought expedient with respect to any claim arising out of or incidental to the property of the Company, made or capable of being made by any person;

(e) to assume control of, collect and get all property or assets of whatever nature to which the Company is or appears to be entitled;

(f) to safeguard the interests of the Company's depositors and creditors and prepare an inventory of assets and liabilities of the Company as necessary;

(g) to carry on the business of the Company so far as may be necessary or expedient, subject to any order and/or direction made by the Authority;

(h) to take possession or make copies of the books, records and other documents pertaining to the affairs of the Company (including, but not limited to, any documents in the possession or custody of any current and/or former service provider to the Company) to enable a proper accounting of the current financial position of the Company or otherwise;

(i) with the approval of the Authority, to appoint one or more agents whether in the Cayman Islands or elsewhere as they may consider necessary to do any business which the Controllers are unable to do themselves or which may be more conveniently be done by such agent(s);

(j) to enter into discussions and negotiations with any person in the Cayman Islands or elsewhere as necessary to arrive at a prompt and orderly resolution of the Company's financial problems;

(k) to employ, appoint or instruct, upon such terms as they may think fit, legal representatives or other professional persons or agents, whether in the Cayman Islands or elsewhere, as they may consider necessary to advise and assist the Controllers in the performance of their duties and functions;

(l) to refer to the Authority all matters of a legal and banking supervisory nature pertaining to the Company;

(m) at any time, to apply to the Court for directions concerning the above powers or with regard to any matters arising out of the management or conduct of the affairs of the Company;

(n) to incur and pay all reasonable running expenses and disbursements in connection with the running, administration and management of the Company's records and affairs and offices;

(o) to be at liberty to pay the remuneration, costs, charges and expenses of their agents, employees, legal representatives and whomsoever else they may appoint, employ or instruct, and, for the avoidance of doubt, all such payments shall be made as and when they fall due out of the assets of the Company; and

(p) to execute on behalf of the Company any power of attorney or other deed, contract, instrument, agreement or other document that may, in the opinion of the Controllers, be necessary for the conduct of any of the affairs or business of the Company or for the exercise of any of the powers set out in this Order and to take any and all necessary steps to register or howsoever effect or have recognised the power of attorney whether in the Cayman Islands or elsewhere.

2. The actions taken by the Controllers pursuant to their appointment prior to the making of this Order shall be deemed to be pursuant to the powers granted to them under the BTC Law by virtue of their appointment as Controllers and/or pursuant to this Order.

3. The Controllers are authorised to remunerate themselves and their staff for their professional fees at their usual hourly rates and payment of the Controllers' professional fees and costs (including, as set out above, all remuneration, costs, charges and expenses of their agents, employees, legal representatives and whomsoever else they may appoint, employ or instruct including, for the avoidance of doubt, any managers, accountants, actuaries, auctioneers) shall be made out of the assets of the Company and in priority to other liabilities.

4. The Controllers, their agents, employees, legal representatives and whomsoever else they may appoint, employ or instruct in the performance of their duties hereunder shall be granted indemnity from the assets of the Company for their reasonable fees, expenses and actions taken in such performance, including the indemnity for any

litigation or other claims, actions or demands whatsoever in respect of any debts, costs, claims, liabilities, acts, matters, or things done or due to be done or omitted by the Controller, their agents, employees, legal representatives and whomsoever else they may appoint, employ or instruct except where there is a finding by the Court of gross negligence in the performance of them and/or of their respective powers and/or duties.

5. Any act required or authorised to be done by the Controllers may be done by any one or both of them.

6. The Controllers shall prepare a report in respect of the affairs of the Company which shall be delivered to the Authority, and filed in Court, within 7 days of this Order.

7. The Controllers shall have liberty to apply.

DATED the 12th day of February 2015
FILED the 13rd day of February 2015

_____
The Honourable Chief Justice Smellie QC
Judge of the Grand Court

This Order is filed by Walkers, Attorneys at Law, 190 Elgin Avenue, George Town, Grand Cayman KY1-9001, for the Controllers whose address for service is care of their said Attorneys at Law.

AMER_Docs 12524349.1 E0900.131329

Approved as to form and content:

_[signature]_

**Andre Mon Desir**
Attorney for the Cayman Islands Monetary Authority

Approved as to form and content:

_Walkers_

**Walkers**
Attorneys for the Controllers

AMER_Docs 12524349.1 E0900.131329