UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SECURITIES AND EXCHANGE COMMISSION,

                         Plaintiff,

                    v.                              Civ. No. 15 CV 894 (WHP)(JLC)

CALEDONIAN BANK LTD.,
CALEDONIAN SECURITIES LTD.,
CLEAR WATER SECURITIES, INC.,
LEGACY GLOBAL MARKETS S.A., and
VERDMONT CAPITAL,

                         Defendants.

---

**MEMORANDUM OF CALEDONIAN BANK LTD.
AND CALEDONIAN SECURITIES LTD. IN FURTHER
<u>SUPPORT OF THE PROPOSED SETTLEMENT WITH THE SEC</u>**

Defendants Caledonian Bank Ltd. ("CBL") and Caledonian Securities Ltd. ("CSL") (collectively, "Caledonian"), respectfully submit this brief memorandum and the accompanying Declaration of Keiran Hutchison, one of the Joint Official Liquidators ("JOLs") of Caledonian,[1] in support of the motion filed by the Securities and Exchange Commission (the "SEC") for approval of the proposed settlement between the SEC and Caledonian.

When the JOLs were appointed by the Grand Court of the Cayman Islands (the "Cayman Court") on February 23, 2015, to be the JOLs of Caledonian, the Cayman Court granted them certain powers, including:

> to bring or defend any action or other legal proceeding in the name and on behalf of [Caledonian] *including the taking of such steps as the [JOLs] may consider appropriate in respect of the following legal proceedings*, either in their own

---

[1] One of the JOLs, Keiran Hutchison, is a partner at Ernst & Young, Ltd. and the second, Claire Loebell, is an Executive Director at Ernst & Young, Ltd.

> name for and on behalf of [Caledonian], or in the name of [Caledonian] on its behalf:…
>
> to defend in the name of [Caledonian] the proceedings entitled 'Securities and Exchange Commission v Caledonian Bank Ltd and others, 15 CV 00894' proceeding in the United States District Court for the Southern District of New York….

Exhibits B-C to the Declaration of Keiran Hutchison, sworn on February 25, 2016 ("Hutchison Decl.") (emphasis added).  In exercising their powers, the JOLs are required to act in the best interest of the Caledonian stakeholders (including creditors).  Pursuant to this authority, the JOLs engaged in settlement discussions and reached the proposed settlement with the SEC.  *See* Hutchison Decl. at ¶ 16.

The JOLs believe that the proposed settlement is in the best interest of the Caledonian stakeholders because, *inter alia*, Caledonian will suffer no 'out of pocket' liability and will put an end to this litigation, thereby ending the further dissipation of the liquidation estate assets through litigation costs and expenses.  *Id.*  Further, the settlement provides for the release of the $7 million that is subject to the Stipulated Preliminary Injunction and is currently being held at CBL's Morgan Stanley account so that CBL may pay additional dividends to CBL's creditors.  *Id.*  In addition, the JOLs were authorized to enter into the settlement by the Cayman Court after a hearing and objections to the proposed settlement were considered (and rejected).  *Id.* at ¶ 21.  Caledonian will neither admit nor deny the allegations of the SEC's Amended Complaint.[2]

---

[2] For completeness, Caledonian provides clarification on two factual points made by the SEC in its memorandum of law.  First, in several places, the SEC asserts that "as part of the settlement" Caledonian or the JOLs turned over to the SEC "voluminous records" and documents.  SEC's Memorandum of Law in Support of the Proposed Settlement, February 8, 2016 (Dkt. 169) (hereinafter the "SEC Mem.") at 1; *see also id.* at 6-7.  Caledonian did not produce documents pursuant to the settlement process, but rather pursuant to an information production request received from the Cayman Islands Monetary Authority ("CIMA"), which CIMA has the power to make following receipt of an inter-agency request made by the SEC to CIMA.  Caledonian

For the reasons set forth herein, in the Hutchison Declaration and the SEC's memorandum of law, Caledonian respectfully requests that this Court approve the settlement reached between the SEC and Caledonian, and enter Final Judgment.

Dated: New York, NY
February 26, 2016

Respectfully submitted,

PROSKAUER ROSE LLP

/s/ Margaret A. Dale
Margaret A. Dale
Sigal P. Mandelker

Eleven Times Square
New York, New York 10036
(212) 969-3360
mdale@proskauer.com
smandelker@proskauer.com

*Attorneys for Defendants Caledonian Bank Ltd. and Caledonian Securities Ltd.*

---

subsequently produced documents to CIMA – not the SEC – prior to the time the proposed settlement was reached with the SEC. After production of the documents to CIMA, Caledonian was not involved in the process by which CIMA produced documents to the SEC and therefore has no knowledge of what documents were produced by CIMA to the SEC or when the production was made. Second, the SEC indicates that it has agreed to forgo payment of any disgorgement amount "because it does not appear that Caledonian will have any funds remaining after it satisfies the claims of its priority creditors." *Id.* at 3. To clarify, under Cayman Islands law, "priority" creditors of CBL are those depositors with a claim of CI$20,000 or less plus employees, and to the extent that these depositors and employees have satisfied any conditions for payment, they already have been fully paid. *See* Hutchison Decl. at ¶ 23. The other creditors of CBL (including depositors with a claim of more than CI$20,000) are not considered "priority" creditors and, as detailed in the Hutchison Declaration, it is not anticipated that they will be paid in full as there are not enough assets to satisfy these creditors. *Id.*