```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/3/16
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SECURITIES AND EXCHANGE            :
COMMISSION,                        :
                                   :   15-CV-894 (WHP) (JLC)
            Plaintiff,             :
                                   :   ORDER
      -v-                          :
                                   :
CALEDONIAN BANK LTD. *et al.*,     :
                                   :
            Defendants.            :
------------------------------------------------------------X

**JAMES L. COTT, United States Magistrate Judge.**

The Court will hold a conference on **March 16, 2016** at **3:00 p.m.** in Courtroom 21D, United States Courthouse, 500 Pearl Street, New York, New York to address the pending discovery dispute. (Dkt. Nos. 163, 175, 180). In advance of the conference, the parties are directed to submit letter briefs by **5:00 p.m.** on **March 9, 2016** addressing the following questions:

> 1) If the Court were to order Verdmont to produce anonymized data regarding other clients that traded in Goff, Norstra, or Xumanii, how would the lack of the client's identity frustrate the SEC's goals in its document requests given the claims and defenses in this case?
>
> 2) Would producing such anonymized data (mindful of the fact that the exact parameters of such a hypothetical production are undetermined) run afoul of Panamanian law?
>
> 3) Why does the stipulation entered on February 27, 2015 not govern this dispute? (Dkt. No. 59). Specifically, the SEC agreed that Verdmont had to comply with its requests "to the full extent authorized by Panamanian law." *Id*. at 4. If the Court were to determine that Panamanian law bars this production (putting aside the comity analysis), why would the stipulation not foreclose the discovery sought by the SEC?
>
> 4) If the Court were to conclude that the documents at issue are only relevant to disgorgement, is there any rationale for their production <u>prior</u> to the adjudication of Verdmont's anticipated summary judgment motion? Additionally, why is Verdmont's relationship with customers other than those identified in the Amended Complaint relevant to the disgorgement analysis?

5) What additional information, if any, can the parties provide as to how long it would take to determine whether the requested documents could be obtained from the Panamanian securities regulator?

6) As to the documents Verdmont has already produced, what is the nature of, and basis for, Verdmont's redactions?

7) Does the fact that Verdmont is in liquidation impact the proportionality analysis regarding the production of the discovery in dispute?

**SO ORDERED.**

Dated: New York, New York
       March 3, 2016

JAMES L. COTT
United States Magistrate Judge

2