USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  __3/17/2016____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
SECURITIES AND EXCHANGE         :     **ORDER**
COMMISSION,                           :
                                  :     15-CV-894 (WHP) (JLC)
              Plaintiff,     :
                                  :
     -v-                         :
                                  :
CALEDONIAN BANK LTD. *et al.*,     :
                                :
             Defendants.    :
-------------------------------------------------------------X

**JAMES L. COTT, United States Magistrate Judge.**

Currently pending before the Court is a discovery dispute regarding whether Verdmont must produce certain documents (the "Documents") to the SEC that Verdmont contends, *inter alia*, Panamanian law prohibits it from producing.  Verdmont has moved for a protective order and the SEC has moved to compel the production of the Documents.  (Dkt. Nos. 175, 180).  Since the dispute first arose, the SEC has sought to obtain the Documents from the Panamanian securities regulator.  If the SEC were to obtain the Documents from the Panamanian regulator, both parties agree it would obviate the need for the Court to adjudicate this dispute.  The Court held a conference yesterday to consider the motions in light of these developments.

For the reasons discussed at the conference, the pending motions are both denied without prejudice to renewal, and the current discovery deadline of April 30, 2016 remains in place (with the caveat described below).  Subject to Verdmont requesting a pre-motion conference with Judge Pauley and his amenability to the following schedule, Verdmont's motion for summary judgment will be due by **May 31, 2016**.  The SEC's opposition will be due by **June 30, 2016**, and Verdmont's reply will be due by **July 14, 2016**.

Though discovery otherwise closes on April 30, if the Panamanian securities regulator elects to produce the Documents after April 30 (and if Verdmont submits a sworn declaration

signed by its principals that attests the production is complete), the parties will not be precluded from relying upon them in their summary judgment papers or for any other purpose thereafter.  If the Panamanian regulator either fails to produce the Documents or the production is incomplete, then the SEC may renew this issue with the Court at a status conference that will be held before me on **June 3, 2016** at **10:00 a.m** in Courtroom 21D, United States Courthouse, 500 Pearl Street, New York, New York.  At that time, the parties can make whatever application to the Court they deem appropriate given the circumstances.  In the interim between now and June 3, the parties are directed to keep the Court (both Judge Pauley and me) fully apprised of any developments regarding the status of the production from the Panamanian securities regulator and should, at a minimum, provide a letter to the Court no later than June 1, 2016 advising it of the status of the SEC's requests.

The Clerk of Court is directed to close docket entries 175 and 180.

**SO ORDERED.**

Dated: New York, New York
       March 17, 2016

_____
JAMES L. COTT
United States Magistrate Judge

2