# CARTER LEDYARD & MILBURN LLP
*Counselors at Law*

**Robert J.A. Zito**
Partner

Direct Dial: 212-238-8768
E-mail: zito@clm.com

2 Wall Street
New York, NY 10005-2072

Tel (212) 732-3200
Fax (212) 732-3232

570 Lexington Avenue
New York, NY 10022-6856
(212) 371-2720

May 3, 2016

**VIA ECF AND HAND DELIVERY**
The Honorable William H. Pauley III
United States District Judge
United States Courthouse
500 Pearl Street, Room 2210
New York, NY 10007

        Re:    SEC v. Caledonian Bank Ltd., et al
                  15 Civ. 894 (WHP) (JLC)

Dear Judge Pauley:

We represent Verdmont Capital, S.A. ("Verdmont"), the last named defendant in the above-referenced action.

We write to respectfully request an order directing the SEC:

(i) to produce copies of the deposition transcripts of Messrs. Fisher and Housser; and

(ii) to reimburse Verdmont and its counsel for the expenses incurred in connection with the depositions of Messrs. Fisher and Housser in London.

In the event the Court requires a formal motion for the relief sought herein, we respectfully request that this letter serve as Verdmont's request for a pre-motion conference.

**The Depositions**

Verdmont is in liquidation. Verdmont has less than $187,087.17 in cash, which is quickly being depleted by the liquidation process.

The SEC sought to have Verdmont produce for a deposition Messrs. Fisher and Housser, who resigned their positions at Verdmont as a result of the pending liquidation. Messrs. Fisher and Housser are Canadian citizens residing in Panama. Verdmont's Liquidator, Shamima Bhana, has no control over Messrs. Fisher and Housser. Also, the SEC failed to obtain or even seek letters rogatory to take the testimony of Messrs. Fisher and Housser. Accordingly, the SEC had no right to compel the testimony of Messrs. Fisher and Housser.

7795732.3

        Nevertheless, in the spirit of cooperation, Messrs. Fisher and Housser agreed to have their testimony taken in London, United Kingdom based upon the SEC's repeated representations to this Court and to Verdmont that the SEC would pay for *all* expenses incurred.

**Representations to the Court by SEC Attorneys**

        On January 21, 2016, the SEC attorneys represented to this Court the following:

> MR. COSTELLO: . . . That goes back to the question of inconvenience or burden, and neither one of those factors is at issue here because *the government is going to be picking up the tab for the travel.* . . . Because as we all know, an in-person deposition is much more meaningful than one in videotape. *And all of the attendant burdens that goes with that erased here.*
>
> THE COURT: Because the SEC is going to bear it.
>
> MR. COSTELLO: Correct, your Honor.
>
>         \* \* \*
>
> THE COURT: . . .*[If] the SEC is willing to bear all the attendant expenses for them to appear for depositions outside of the United States,* they should pick a place and advise the SEC in the next week as to place. . . .

January 21, 2016 Transcript at 17:2-5, 17:13-17 and 18:25-19:5 (emphasis added).

        On January 29, 2016, counsel for the SEC and Verdmont submitted a joint letter to the Court, again stating, in relevant part:

> The depositions will take place in-person in London, United Kingdom, at dates and times to be agreed upon by counsel, and *at the cost and expense of the Commission.*

Doc. No. 165, a copy of which is attached (emphasis added).

        On April 6 and 7, Messrs. Fisher and Housser and I appeared in London for the depositions as agreed. The depositions were conducted and completed. But, as will be seen, the SEC has refused to produce a copy of the deposition transcripts and failed to pay for Verdmont's travel expenses.

**The Deposition Transcripts**

        Verdmont is currently preparing its motion for summary judgment, which is scheduled to be filed on May 16, 2016. On April 28, 2016, my colleagues, Mark Zancolli and Ted McDonough, each made a request to Mr. Costello that the SEC produce a copy of the transcripts of the depositions of Messrs. Fisher and Housser. Despite Mr. Costello's previous

representations to the Court that the SEC would pay for "*all* of the attendant burdens" associated with the depositions, Mr. Costello refused to produce the transcripts and stated that Verdmont had to purchase copies of the transcripts.

The SEC should be ordered to produce copies of the deposition transcripts for two reasons. First, the SEC obligated itself to pay for "all" expenses associated with the depositions. Second, the transcripts are required to be produced under Verdmont's Rule 34 notices that call for the production of "[a]ll documents relating to the allegations in the Complaint" and "[a]ll documents relating to the denials and defenses in Verdmont's Answer to the Complaint".

**Travel Expenses**

On April 19, I sent a letter to Mr. Costello requesting reimbursement from the SEC for the travel expenses incurred by Messrs. Fisher and Housser and me and enclosing all receipts of the expenses incurred, a copy of which is enclosed. Mr. Costello has now disavowed all responsibility relating to this reimbursement and has referred my firm to a SEC administrator who, in turn, has presented us with additional bureaucratic paperwork and who has additionally advised us that the SEC has a limited reimbursement policy. Also, the SEC forms ask for personal information regarding Messrs. Fisher and Housser, which they are unwilling to divulge.

Mr. Costello's representation to the Court that the SEC would assume "*all* of the attendant burdens" of the depositions was not qualified in any way. It was not subject to the SEC's guidelines, policies or burdensome paperwork.

**Conclusion**

For the foregoing reasons, we respectfully request an order directing the SEC (i) to produce copies of the deposition transcripts of Messrs. Fisher and Housser, and (ii) to reimburse Verdmont and its counsel for the expenses incurred in connection with the London depositions.

Respectfully submitted,

Robert J.A. Zito

RJAZ:mz
Enclosures
cc: All Counsel (via ECF)

7795732.3