```
                                                                     1
    G1LTSECC


1   UNITED STATES DISTRICT COURT
    SOUTHERN DISTRICT OF NEW YORK
2   ------------------------------x

3   SECURITIES AND EXCHANGE
    COMMISSION,
4
                 Plaintiff,
5
            v.                              15 CV 894 (WHP)
6
    CALEDONIAN BANK, LTD., et al.,
7
                 Defendants.
8
    ------------------------------x
9                                           New York, N.Y.
                                            January 21, 2016
10                                          12:30 p.m.

11  Before:

12                  HON. WILLIAM H. PAULEY III,

13                                          District Judge

14                         APPEARANCES

15  SECURITIES AND EXCHANGE COMMISSION
         Attorneys for Plaintiff
16  BY:  PATRICK COSTELLO
         DAVID STOELTING
17       BRIDGET FITZPATRICK
         DEREK BENTSEN
18
    PROSKAUER ROSE
19       Attorneys for Defendant Caledonia Bank
    BY:  MARGARET DALE
20       MASSIEL PEDREIRA-BETHENCOURT

21  CARTER, LEDYARD & MILBURN
         Attorneys for Defendant Verdmont Capital
22  BY:  ROBERT ZITO
         MARK ZANCOLLI
23

24

25


                  SOUTHERN DISTRICT REPORTERS, P.C.
```

                    G1LTSECC                                          16

1    this litigation?
2              MR. COSTELLO:  No, I don't believe that happened, your
3    Honor.  And with respect to --
4              THE COURT:  Was it Caledonian then?
5              MR. COSTELLO:  That probably wouldn't have been in
6    Panama, that would be in the Cayman Islands, but all I can do
7    is represent to the Court what the subject matter experts at
8    the Office of International Affairs told me, and that that is a
9    deposition cannot legally take place not only under letters
10   rogatory but also apparently Panamanian law without the letter
11   rogatory process.  So unfortunately, your Honor, our hands are
12   tied here.
13             THE COURT:  But Verdmont is willing to stipulate all
14   of that away.
15             MR. COSTELLO:  Well, I understand that Verdmont may be
16   willing to do that, but this is not a question of what Verdmont
17   is wanting to do, this is a question of legally can we take
18   this deposition in Panama without offending Panamanian law, and
19   our Office of International Affairs said we cannot.
20             With respect to videotape or non-videotape, I have
21   heard of a number of arguments from Verdmont's counsel, either
22   Mr. Fisher and Mr. Housser know nothing about the case, in
23   which case it doesn't matter how we do a deposition, videotape
24   or in person, or they do know something.  And if they do know
25   something about the case and they are willing to appear on

                        SOUTHERN DISTRICT REPORTERS, P.C.

GILTSECC                                                            17

1   videotape, they should be willing to appear in person.
2           That goes back to the question of inconvenience or
3   burden, and neither one of those factors is at issue here
4   because the government is going to be picking up the tab for
5   the travel. And if they're concerned about coming to the
6   United States for whatever reason, we would be willing to do
7   that in Canada, and again, be more of a homecoming for them, as
8   I said before.
9           So either they want to be deposed because they know
10  something, or they don't. I'm not sure I understand what
11  Verdmont's counsel is getting at, but if they are willing to
12  appear on a videotape, then they should be willing to appear in
13  person. Because as we all know, an in-person deposition is
14  much more meaningful than one on videotape. And all of the
15  attendant burdens that goes with that erased here.
16          THE COURT: Because the SEC is going to bear it.
17          MR. COSTELLO: Correct, your Honor.
18          THE COURT: Mr. Zito, I think you should take up with
19  them where they would like their depositions to be conducted.
20          MR. ZITO: They would like to have it in Panama, your
21  Honor.
22          THE COURT: It's not going to be in Panama in the next
23  three months. The litigation will keep going through letters
24  rogatory, something that none of them want, I would think, they
25  would want to get this resolved.

SOUTHERN DISTRICT REPORTERS, P.C.

```
                                                                    18
        G1LTSECC
```

1            MR. ZITO:  Your Honor, I don't know what is going to
2    happen with this litigation, quite frankly.  I don't know how
3    much I'm going to be able to participate in this litigation.
4            THE COURT:  I understand that.  But they can pick a
5    place where they want to be deposed where it's not subject to
6    the constraints under the Hague Convention.  London is such a
7    place, Toronto is such a place.  There's probably a lot of
8    other places, as long as they don't pick some place like
9    Tahiti.
10           MR. ZITO:  That might be a good alternative.
11           THE COURT:  Actually it's winter there now, but even
12   winter in Tahiti isn't bad, although it's rainy.
13           MR. ZITO:  I will discuss it with them.  This is the
14   first I'm hearing that the SEC was prepared to proceed in
15   anyplace outside the United States.  So I am happy to discuss
16   that with them.  And I think that if Toronto is amenable to the
17   SEC, as the SEC has represented to this Court that it is, I
18   would have no problems in proposing that to them, your Honor,
19   and I could report back to the Court shortly.
20           THE COURT:  And it could be any major city in Canada
21   depending upon where they reside, Vancouver, Edmonton,
22   Montreal.
23           MR. ZITO:  How about the Bahamas, your Honor?
24           THE COURT:  I don't know what the Hague Convention
25   rules are in the Bahamas.  I think if they're willing to appear

                      SOUTHERN DISTRICT REPORTERS, P.C.

G1LTSECC                                                                          19

1   by videotape they and there are legal restraints on that in
2   Panama, and the SEC is willing to bear all the attendant
3   expenses for them to appear for depositions outside of the
4   United States, they should pick a place and advise the SEC in
5   the next week as to place. Alternatively, in the absence of
6   such a selection, I may well order a place and then everybody
7   can run to another court and see whether I got it right.
8           MR. ZITO: I will be happy, in the spirit of
9   cooperation, to speak with them. I do want to reiterate the
10  fact that the liquidator has no control over these individuals,
11  and this would be on a purely a voluntary basis. They are not
12  officers or directors, and this is in the spirit -- solely the
13  spirit of cooperation.
14          THE COURT: I appreciate that, but I also think it's
15  in their interest to --
16          MR. ZITO: I think it is, too.
17          THE COURT: -- to give a deposition, and I'm sure you
18  do, too, because otherwise you wouldn't be advising them to
19  come up with --
20          MR. ZITO: I wouldn't be here, your Honor.
21          THE COURT: All right. Now there are a number of
22  document issues here and questions involving Panamanian bank
23  secrecy.
24          MR. ZITO: Your Honor, if I could put a -- there are
25  certain privacy laws in Panama which makes it illegal as a

SOUTHERN DISTRICT REPORTERS, P.C.