PATRICK R. COSTELLO
DEREK S. BENTSEN
BRIDGET M. FITZPATRICK
ERNESTO G. AMPARO
SECURITIES AND EXCHANGE COMMISSION
100 F Street N.E.
Washington, DC 20549
(202) 551-3982  telephone (Costello)
(202) 772-9245  facsimile
costellop@sec.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____
                                                  :
SECURITIES AND EXCHANGE COMMISSION,               :
                                                  :
                                    Plaintiff,    :
                                                  :
                        v.                        :  Case No. 15-cv-894
                                                  :  (WHP)(JLC)
CALEDONIAN BANK LTD.,                              :
CALEDONIAN SECURITIES LTD.,                        :
CLEAR WATER SECURITIES, INC.,                      :
LEGACY GLOBAL MARKETS S.A., and                   :
VERDMONT CAPITAL, S.A.                             :
                                                  :
                                    Defendants.   :
_____:


**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO
SENTINEL TRUST SERVICES LIMITED'S MOTION TO INTERVENE**

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ...................................................................................................... ii

BACKGROUND ..................................................................................................................... 2

ARGUMENT .......................................................................................................................... 3

    I.    Section 21(g) of the Securities Exchange Act Precludes Sentinel
          from Intervening in this Action ................................................................... 3

    II.   Sentinel Does Not Meet the Standards for Intervention Of Right
          Under Rule 24(a) ......................................................................................... 5

         A.  Sentinel's Proposed Challenge to the Asset Freeze is Untimely ........................... 6

         B.   Sentinel Has Not Alleged a Sufficient Interest Under Rule 24(a). ..................... 7

         C.   Sentinel's Interest Are Not Sufficient And Will Not Be Impaired
             Without Intervention ........................................................................... 11

         D.  Sentinel's Interests Are Adequately Represented In This Litigation ................. 14

    III.  Sentinel Does Not Meet the Standards for Permissive Intervention
          Under Rule 24(b) ....................................................................................... 16

    IV.  Conclusion ................................................................................................... 17

# TABLE OF AUTHORITIES

**CASES**                                                                    *Page(s)*

*Alleghany Corp v. Kirby*
    344 F.2d 571, 574 (2d Cir. 1965)...................................................................... 14

*Alston v. Coughlin*
    109 F.R.D. 609, 613 (S.D.N.Y 1986) ........................................................................6

*Amalgamated Sugar Co. v. NL Indus., Inc.*
    825 F.2d 634, 640-41 (2d Cir. 1987) ....................................................................14

*Ashwander v. Tennessee Valley Auth.*
    297 U.S. 288, 343-44 (1936) ...............................................................................11

*Atlanta Laundries v. Nat'l Linen Serv. Corp.*
    81 F.Supp. 650, 651 (N.D. Ga. 1948) ....................................................................16

*Bernstein v. Mediobanca Banca di Credito Finanziario-Societa Per Azioni*
    69 F.R.D. 592 (S.D.N.Y. 1974) ............................................................................12

*Bus. Guides, Inc. v Chromatic Commc'ns Enterprises, Inc.*
    498 U.S. 533 (1991)...............................................................................................10

*Butler, Fitzgerald & Potter v. Sequa Corp.*
    250 F.3d 171, 176, 182 (2d Cir. 2001) ...........................................................5, 7, 13

*Canada S. Ry. Co. v. Gebhard*
    109 U.S. 527, 537 (1883) ......................................................................................14

*CFTC v. Efrosman*
    No. 05 CIV 8422 (KMW), 2012 WL 2510338, at *4 (S.D.N.Y. June 26, 2012)...........6

*Cunard S.S. Co. Ltd. v. Salen Reefer Servs. AB*
    773 F.2d 452, 458-59 (2d Cir. 1985) ....................................................................14

*Deutsche Bank Nat. Trust Co. v. F.D.I.C*
    717 F.3d 189, 195 (D.C. Cir. 2013) .........................................................................8

*Elliott v. M/V LOIS B.*
    980 F.2d 1001, 1008 (5th Cir. 1993) ....................................................................10

*Floyd v. City of New York*
    770 F.3d 1051, 1057 (2d Cir. 2014) .........................................................................5

*Flying J, Inc. v. Van Hollen*
  578 F.3d 569, 571 (7th Cir. 2009) ..........................................................................8

*Haft v. Dart Grp. Corp.*
  No. 13736, 1994 WL 705194, at *2 (Del. Ch. Dec. 8, 1994) ..............................16

*In re Holocaust Victim Assets Litig.*
  225 F.3d 191, 198-99 (2d Cir. 2000) ......................................................................7

*In re Pennie & Edmonds LLP*
  323 F.3d 86, 89 (2d Cir. 2003).............................................................................10

*Lawrence v. Richman Grp. Of CT LLC*
  620 F.3d 153, 156 (2d Cir. 2010).........................................................................10

*Med. Liab. Mut. Ins. Co. v. Alan Curtis LLC*
  485 F.3d 1006, 1008-09 (8th Cir. 2007) ................................................................8

*Mt. Hawley Ins. Co. v. Sandy Lake Properties, Inc.*
  425 F.3d 1308, 1311 (11th Cir. 2005) ...................................................................8

*New York News, Inc. v. Kheel*
  972 F.2d 482, 486 (2d Cir. 1992).........................................................................10

*Parklane Hosiery Co. v. Shore*
  439 U.S. 322, 332 n. 17 (1979)...............................................................................4

*Peterson v. Islamic Republic of Iran*
  290 F.R.D. 54 (S.D.N.Y. 2013) .......................................................................8 n. 4

*R Best Produce, Inc. v. Shulman-Rabin Mktg. Corp.*
  467 F.3d 238, 240 (2d Cir. 2006).........................................................................16

*Reliastar Life Ins. Co. v. MKP Investments*
  565 F. App'x 369, 373 (6th Cir. 2014) ..................................................................8

*Restor-A-Dent Dental Labs., Inc. v. Certified Alloy Products, Inc.*
  725 F.2d 871, 874-75 (2d Cir. 1984) ...................................................................11

*SEC v. Bear, Stearns & Co. Inc.*
  No. 03 CIV. 2937 (WHP), 2003 WL 22000340, at *3 (S.D.N.Y. Aug. 25, 2003).............6

*SEC v. Canadian Javelin Ltd.*
  64 F.R.D. 648, 650 (S.D.N.Y. 1974) ......................................................................6

iii

*SEC v. Citigroup Glob. Markets, Inc.*
    752 F.3d 285 (2d Cir. 2014)...............................................................................12, 13


*SEC v. Credit Bancorp, Ltd.*
    194 F.R.D. 457, 468 (S.D.N.Y. 2000) ...................................................................6

*SEC v. Egan*
    821 F.Supp. 1274, 1276 (N.D. Ill. 1993) ..............................................................4

*SEC v. Everest Mgmt. Corp.*
    475 F.2d 1236, 1238, 1240 (2d Cir. 1972)....................................................4, 6, 16

*SEC v. Flight Transp. Corp.*
    699 F.2d 943 (8th Cir. 1983) ...........................................................................4, 5

*SEC v. Lorin*
    No. 90 CIV. 7461 (PNL), 1991 WL 155767, at *1 (S.D.N.Y. Aug. 7, 1991)...............4

*SEC v. Qualified Pensions, Inc.*
    No. CIV. A. 95-1746-LFO, 1998 WL 29496 (D.D.C. Jan. 16, 1998)................4, 5 n. 2

*SEC v. Sprecher*
    No. CIV. A. 92-2860 LFO, 1993 WL 544306, at *3 (D.D.C. Dec. 16, 1993),
    *aff'd*, 81 F.3d 1147 (D.C. Cir. 1996), *cert. denied*, 519 U.S. 965 (1996) .....................4

*SEC v. Thrasher*
    No. 92 CIV. 6987 (JFK), 1995 U.S. Dist. LEXIS 10775 (S.D.N.Y. 1995)........................4

*SEC v. Wang*
    944 F.2d 85 (2d Cir. 1991)..................................................................................13

*SEC v. Wozniak*
    No. 92 C 4691, 1993 WL 34702, at *1 (N.D. Ill. Feb. 8, 1993)..........................3, 5

*Stadin v. Union Elec. Co.*
    309 F.2d 912, 919 (8th Cir. 1962) .......................................................................15

*United States v. Alisal Water Corp.*
    370 F.3d 915, 920 (9th Cir. 2004) ....................................................................8, 9

*Universitas Educ., LLC v. Nova Grp., Inc.*
    784 F.3d 99,104 (2d Cir. 2015).............................................................................10

*Washington Elec. Co-op., Inc. v. Massachusetts Mun. Wholesale Elec. Co.*
    922 F.2d 92, 96-98 (2d Cir. 1990) ..................................................................11, 16

*Weinstein v. Islamic Republic of Iran*
    609 F.3d 43, 48 (2d Cir. 2010)...............................................................................5


STATUTES AND RULES


    SECURITIES EXCHANGE ACT OF 1934

    Section 21(g)    [15 U.S.C. § 78u (g)]……………………………….................3


    Fed. R. Civ. P. 24(b)(3)……… …………….... …….…………………………….16


MISCELLANEOUS

    S. Rep. No. 75, 94th Cong., 1st Sess. 74 (1975),
        *reprinted in* 1975 U.S. Code Cong. & Admin. News 179, at 254 ....................3 n.1

Sentinel Trust Services, Ltd.'s motion to intervene demonstrates why Congress and the courts generally prohibit and/or disfavor intervention in government enforcement actions. This case has been pending for more than a year. The Securities and Exchange Commission ("SEC") and Caledonian Bank Ltd. and Caledonian Securities Ltd. (collectively, "Caledonian") have reached a settlement that has been approved by the Commission and the Cayman Court overseeing Caledonian's liquidation. Sentinel now seeks to hijack this action and prevent its resolution. Fortunately, Section 21(g) of the Securities Exchange Act of 1934 prohibits the exact relief that Sentinel is seeking.

Sentinel also fails to satisfy the standard for intervention as of right or permissive intervention under Federal Rule of Civil Procedure 24 ("Rule 24"). This is largely due to Sentinel's failure to identify any specific relief that would necessitate intervention. Sentinel claims to seek intervention so it may object to the proposed settlement. But Sentinel has already voiced its objections to this Court and, previously, to a Cayman court. It does not need to intervene to be heard on this point. Moreover, Sentinel's analysis of the proposed settlement is fundamentally flawed because it completely ignores the substantial evidence of Caledonian's misconduct. Sentinel also seeks intervention to challenge the preliminary injunction restraining Caledonian's assets (hereinafter, "the asset freeze"). But the asset freeze has been modified several times, rendering the majority of Sentinel's objections moot, and would dissolve upon entry of the proposed settlement.

At bottom, Sentinel's interest in this action is too attenuated to justify intervention. Sentinel identifies itself as "the ultimate equity owner" of Caledonian. However, a distinct corporate entity – Caledonian Global Financial Services, Inc. ("CGFSI") — owns Caledonian. And CGFSI is itself in liquidation. Sentinel's proposed complaint-in-intervention nevertheless

seeks to pursue damages on Caledonian's behalf.  There is no reason that Sentinel should be permitted to ignore the corporate layers it chose to place between itself and Caledonian.  Thus, for the reasons set forth below, Sentinel's motion to intervene should be denied.

## BACKGROUND

On February 6, 2015, the SEC filed a civil enforcement action against Caledonian and three other defendants alleging that they sold without registration securities issued by four shell companies simultaneously with aggressive stock promotions.  Each of the shell companies was a development stage, start-up company with no assets or operations.  Yet the sales by Caledonian netted more than $30 million in proceeds before the four shell companies lost substantially all of their value.  As part of the enforcement action, the SEC obtained an initial asset freeze that has been modified several times by agreement of the parties.  (Dkt. Nos. 5, 6, 31, 58, 67, 226).  The most recent modification lowered the amount restrained to $1.3 million.  (Dkt. No. 226).

Caledonian and the SEC reached a settlement agreement that would resolve the SEC's claims against Caledonian.  Both the Commission and the Cayman Court overseeing Caledonian's liquidation approved the terms of the proposed settlement before submitting an executed consent and proposed final judgment to this Court on February 9, 2016.  The proposed settlement agreement lifts the minimum balance requirements that have been placed on Caledonian's assets in the United States.

Sentinel filed a motion to intervene, claiming to be the sole shareholder of CGFSI which, in turn, is the sole shareholder of Caledonian.  Sentinel provided this Court with no actual proof in support of this assertion and its Rule 7.1 Statement was recently modified to reveal that Sentinel itself has several corporate parents that are not before this Court.  (Dkt. No. 227).  Sentinel attached a copy of its complaint-in-intervention to its motion.  The complaint accuses

the SEC of causing almost $100 million in damages to Sentinel.  The origin of this number –

particularly given that Caledonian's net equity was only slightly more than $25 million – is

extremely unclear.  Regardless, Sentinel's Complaint only asserts two claims, asking the Court to

(1) vacate the asset freeze or reduce the assets subject to the freeze to an amount that corresponds

to Caledonian's maximum possible liability, and (2) reject the proposed settlement.  Sentinel

then asserts that it is entitled to these forms of relief as well as unspecified "damages."  (Dkt. No.

281-1 at 10-11).

## ARGUMENT

I.      **Section 21(g) of the Securities Exchange Act Precludes Sentinel From Intervening in this Action.**

Sentinel is precluded from intervening by statute.   Section 21(g) of the Securities

Exchange Act of 1934 ("Section 21(g)") provides:

> Notwithstanding the provisions of section 1407(a) of Title 28, or
> any other provision of law, no action for equitable relief instituted
> by the Commission pursuant to the securities laws shall be
> consolidated or coordinated with other actions not brought by the
> Commission, even though such other actions may involve common
> questions of fact, unless such consolidation is consented to by the
> Commission.

15 U.S.C. § 78u (g).  Given the purpose of this legislation – to prevent government enforcement

actions from being taken over by private litigants – the general terms "consolidated" and

"coordinated" should be construed broadly.[1]   Several courts have therefore ruled that the plain

language of Section 21(g) bars intervention, as well as other types of actions, including cross-

claims, counterclaims, and third-party claims.  *See SEC v. Wozniak,* No. 92 C 4691, 1993 WL

---

[1]      *See* S. Rep. No. 75, 94th Cong., 1st Sess. 74 (1975), *reprinted in* 1975 U.S. Code Cong. &
Admin. News 179, at 254 ("Private actions for damages seek to adjudicate a private controversy
between citizens; the Commission's action for civil injunction is a vital part of the
Congressionally mandated scheme of law enforcement in the securities area.").

34702 (N.D. Ill. Feb 8, 1993) (denying motion to intervene because Section 21(g) is "an impenetrable wall"); *SEC v. Egan*, 821 F. Supp. 1274, 1276 (N.D. Ill. 1993) (defendants could not overcome the "absolute prohibition imposed by Section 21(g)" against filing a third-party complaint in a Commission enforcement action); *SEC v. Qualified Pensions Inc.*, Civ. A. No. 95-1746-LFO, 1998 WL 29496 (D.D.C. 1998) (defendants' motion to intervene was squarely contrary to Section 21(g) since they were already plaintiffs in another lawsuit); *SEC v. Sprecher*, Civ. A. No. 92-2860 LFO, 1993 WL 544306, at *3 (D.D.C. 1993), *aff'd,* 81 F.3d 1147 (D.C. Cir. 1996), *cert. denied*, 519 U.S. 965 (1996) (dismissing defendant's counterclaim because Section 21(g) "bars any counterclaim in this proceeding"); *SEC v. Thrasher*, No. 92 Civ. 6987 (JFK), 1995 U.S. Dist. LEXIS 10775 (S.D.N.Y. 1995) (Section 21(g) bars third-party claims in SEC actions seeking both equitable relief and civil penalties); *SEC v. Lorin*, No. 90 Civ. 7461 (PNL), 1991 WL 155767, at *1 (S.D.N.Y. Aug. 7, 1991) ("the language of [Section 21(g)] is broad enough to bar counterclaims").

Indeed, even the Supreme Court has recognized that "consolidation of a private action with one brought by the SEC without its consent is prohibited by statute. 15 U.S.C. § 78u(g)." *Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 332 n. 17 (1979). The Supreme Court further cited *SEC v. Everest Mgmt. Corp*., 475 F.2d 1236, 1240 (2d Cir. 1972), for the proposition that the "complicating effect of the additional issues and the additional parties outweighs any advantage of a single disposition of the common issues." *Id.*

Ignoring this authority, Sentinel cites an Eighth Circuit decision and two district court opinions for the proposition that Section 21(g) does not apply to intervention. (Dkt. No. 217 at 19). These decisions should not govern this Court's analysis because they misread Section 21(g). In *SEC v. Flight Transp. Corp.*, 699 F.2d 943 (8th Cir. 1983), for example, the court

noted that Section 21(g) "does not mention Fed. R. Civ. P. 24, nor dues Rule 24 contain any clause giving special privileges to the SEC." *Id*. at 950.  The *Flight Transportation* court did not address, however, that Section 21(g) applies "notwithstanding . . . any other provision of law." As the Second Circuit has noted, when the operative language of a statute begins with "notwithstanding any other provision of law," it is "plain that the force of the section extends everywhere." *Weinstein v. Islamic Republic of Iran*, 609 F.3d 43, 48 (2d Cir. 2010).  By its own terms, then, the "force of section [21(g)] extends everywhere" *(id.),* and Sentinel is "blocked from entering this lawsuit by an impenetrable wall." *Wozniak*, 1993 WL 34702, at *1.[2]

## II.     Sentinel Does Not Meet The Standard For Intervention Of Right Under Rule 24(a).

Sentinel's motion also fails to meet the standard for intervention as of right pursuant to Rule 24(a). Courts construe Rule 24 to require the following four factors in order to intervene as of right: "(1) file a timely motion; (2) claim an interest relating to the property or transaction that is the subject of the action; (3) be so situated that without intervention the disposition of the action may impair that interest; and (4) show that the interest is not already represented by existing parties." *Butler, Fitzgerald & Potter v. Sequa Corp.*, 250 F.3d 171, 176 (2d Cir. 2001). Failure to meet any one of the four requirements is sufficient to deny intervention. *Floyd v. City*

---

[2]     Sentinel's proposed intervention is additionally problematic because Sentinel is a party to the continuing court proceedings regarding the Caledonian entities in the Grand Court of the Cayman Islands.  Indeed, as Sentinel acknowledges, it raised the same issues regarding the settlement in a proceeding by the liquidators of Caledonian seeking court approval of the proposed settlement.  Sentinel's efforts to intervene here are thus an effort to "coordinate" the two cases in contravention of Section 21(g).  At least one Court has found that Section 21(g) prohibits intervention in such a circumstance.  *See SEC v. Qualified Pensions, Inc*., 1998 WL 29496, at *3 (D.D.C. Jan. 16, 1998) ("To grant the motion to intervene and entertain their opposition to the [liquidator's] motion for approval of the settlement would effectively 'coordinate []' this action with the [proceedings in the Cayman Islands], as expressly forbidden by section 21(g).").

*of New York*, 770 F.3d 1051, 1057 (2d Cir. 2014).  And it is Sentinel's burden to show its right to intervene.  *Alston v. Coughlin*, 109 F.R.D. 609, 613 (S.D.N.Y. 1986).

The application of these factors should be particularly rigorous in a government enforcement action.  "Courts are reluctant to allow private parties to intervene in government enforcement actions . . . because it places undue costs and burdens on the government, including increasing the complexity of cases and slowing litigation."  *CFTC v. Efrosman*, No. 05 CIV 8422 (KMW), 2012 WL 2510338, at *4 (S.D.N.Y. June 26, 2012).  Thus, "intervention has been traditionally disfavored, given courts' hesitation to allow scores of investors and other interested persons from becoming full-fledged parties to governmental enforcement actions."  *SEC v. Bear, Stearns & Co. Inc.*, No. 03 CIV2937 (WHP), 2003 WL 22000340, at *3 (S.D.N.Y. Aug. 25, 2003) (quoting *SEC v. Credit Bancorp, Ltd*., 194 F.R.D. 457, 468 (S.D.N.Y. 2000)); *see also SEC v. Canadian Javelin, Ltd.*, 64 F.R.D. 648, 650 (S.D.N.Y. 1974) ("intervention as of right by victims of alleged securities frauds in an SEC enforcement action is inappropriate").  Moreover, the Second Circuit has noted that the "intervention of a private plaintiff might tend to discourage or at least to complicate [the SEC's] efforts to obtain a consent decree" and thus held that "the complicating effect of the additional issues and the additional parties outweighs any advantage of a single disposition of the common issues."  *Everest Mgmt. Corp.*, 475 F.2d at 1238.

As set forth in more detail below, Sentinel's proposed intervention would give rise to many of these problems while accomplishing very little.  Moreover, Sentinel fails to establish the four required factors and therefore cannot intervene as of right.

**A.  Sentinel's Proposed Challenge to the Asset Freeze is Untimely.**

Sentinel's Complaint has two claims: one challenging the asset freeze and the other challenging the proposed settlement.  Sentinel's challenge to the asset freeze is untimely and thus

fails to satisfy the first factor under Rule 24.  The allegations in Sentinel's Complaint concern conduct that occurred approximately a year before Sentinel filed its pre-motion letter.  Since that time, the parties have – with this Court's approval – modified the relevant order by agreement on three occasions.  (Dkt. Nos. 58, 67, 226).  Further, over the course of the year, the parties moved this case forward and worked to resolve it while Sentinel failed to act.  This delay is fatal to Sentinel's motion to intervene to object to the asset freeze.  *See Butler, Fitzgerald & Potter*, 250 F.3d at 182 (one year delay untimely); *In re Holocaust Victim Assets Litig.*, 225 F.3d 191, 198-99 (2d Cir. 2000) (eight month delay untimely).

Indeed, Sentinel's delay has been so long as to render its objection to the asset freeze moot.  While Sentinel did nothing, the parties agreed to a settlement that would dissolve the order Sentinel plans to challenge.  Moreover, in light of the ongoing liquidation proceeding, the parties have repeatedly lowered the amount restrained.  The asset freeze sets Caledonian's minimum balance requirement at $1.3 million.  Sentinel's own submission acknowledges that Caledonian received this amount in commissions as a result of the relevant transactions.  (Dkt. No. 218-2 at ¶ 6).  The SEC still contends that Caledonian should be liable for a far greater amount of disgorgement and penalty.  But Sentinel's proposed challenge to that contention has been rendered moot by the realities of the ongoing liquidation proceeding and stipulated changes to the asset freeze.

### B.  Sentinel Has Not Alleged a Sufficient Interest Under Rule 24(a).

Rule 24(a) also requires that an intervenor claim an interest relating to the property or transaction that is the subject of the action.  *Butler, Fitzgerald & Potter*, 250 F.3d at 176.  Sentinel endeavors to do this by asserting (at 12) that it is the ultimate equity owner of

Caledonian and claiming (at 13) that it has an interest in "seeking damages from the SEC." Neither purported interest supports intervention in this case.[3]

First, to the extent Sentinel has a property interest as the ultimate equity holder of Caledonian, Sentinel is effectively seeking to intervene to protect or enlarge the funds of Caledonian so that it may recover those funds in the liquidation process. However, "circuits have generally concluded that a party may not intervene . . . solely to protect judgment funds that the party wishes to recover itself."[4] *Deutsche Bank Nat. Trust Co. v. F.D.I.C.*, 717 F.3d 189, 195 (D.C. Cir. 2013) (citing *Med. Liab. Mut. Ins. Co. v. Alan Curtis LLC*, 485 F.3d 1006, 1008-09 (8th Cir. 2007)); *see also Mt. Hawley Ins. Co. v. Sandy Lake Properties, Inc.*, 425 F.3d 1308, 1311 (11th Cir. 2005); *United States v. Alisal Water Corp.*, 370 F.3d 915, 920 (9th Cir. 2004); *Flying J, Inc. v. Van Hollen*, 578 F.3d 569, 571 (7th Cir. 2009) ("Cases say for example that a mere 'economic interest' is not enough."); *Reliastar Life Ins. Co. v. MKP Investments*, 565 F.App'x 369, 373 (6th Cir. 2014) ("Rule 24(a) does not entitle creditors to intervene in unrelated litigation merely to protect the assets of those who owe them debts . . . .").

---

[3]   In its Complaint, Sentinel seeks the release of assets subject to the preliminary injunction. (Dkt. No. 218-1). But Sentinel also contends that the assets subject to the injunction belong to Caledonian's clients, not to Caledonian and as such Caledonian "only has a custodial interest" in the assets. *Id.* Sentinel does not claim or endeavor to explain how an equity interest in an entity that only has a "custodial interest" in certain funds constitutes a sufficient property interest to support intervention pursuant to Rule 24(a).

[4]   Sentinel relies on *Peterson v. Islamic Republic of Iran*, 290 F.R.D. 54 (S.D.N.Y. 2013), to argue that its subordinated interest in Caledonian is sufficient to meet the standards of Rule 24(a). However, *Peterson* did not involve entities that were in liquidation proceedings where priorities were being set between creditors and equity holders. To the contrary, in *Peterson*, the plaintiffs held unsatisfied judgments against Iran and were seeking relief from assets frozen in the Southern District of New York. *Id.* at 55. The proposed intervenors also held unsatisfied judgments against Iran. Since those judgments entitled the intervenors to relief, and were "not contingent upon any sequence of future events," their interest was "virtually identical to that of the existing plaintiffs." *Id.* at 59. In contrast, here, Sentinel's claims are wholly contingent on a multitude of events that are extremely unlikely to occur, such as Caledonian and CGFSI both having more than enough assets to satisfy their creditors and make distributions to equity holders.

The Ninth Circuit's decision in *Alisal Water* is instructive on this point.  In that case, a judgment creditor moved to intervene in a government environmental enforcement action on the basis that the government's action could impair the defendant's ability to pay an outstanding judgment.  370 F.3d at 917.  The Ninth Circuit rejected the application to intervene, finding that – to allow intervention – the interest asserted "must be related to the underlying subject matter of the litigation."  *Id*. at 920.  The Court held that the "prospective collectability of a debt" was "several degrees removed from the public health and environmental policies of th[e] litigation." *Id.*  The Court further recognized that an alternative rule would "create an open invitation for virtually any creditor of a defendant to intervene in a lawsuit where damages might be awarded." *Id.*  Sentinel's equity position in Caledonian represents less of a property interest than that of a direct creditor.  Here, Sentinel would only recover once the creditors of Caledonian had been fully satisfied in a liquidation proceeding, the remaining funds were distributed to CGFSI, the creditors of CGFSI were fully satisfied, and there were remaining assets to distribute to CGFSI's equity holders.  This connection to Caledonian's assets is too attenuated to warrant intervention when courts have routinely refused to grant intervention to direct creditors.

Second, Sentinel's references to the damages it plans to seek from the SEC also fail to support intervention as of right.  Rule 24(c) requires that a motion for intervention be "accompanied by a pleading that sets out the claim or defense for which intervention is sought." Sentinel specifically pleads two "claims," which seek the dissolution of the asset freeze and the rejection of the proposed settlement.  (Dkt. No. 218-1 at 10).  In its Prayer for Relief, Sentinel seeks an order awarding Caledonian damages but that request is not connected to a plead claim. The closest that Sentinel comes to actually asserting a claim for damages is by way of citation to cases involving Rule 11.  (Dkt. No. 217 at 13 n.10).  However, filing a motion for Rule 11

sanctions is not an appropriate basis for intervention.  First, the Second Circuit has flatly held that "Rule 11 sanctions are an inappropriate interest in support of intervention as of right."  *New York News, Inc. v. Kheel*, 972 F.2d 482, 486 (2d Cir. 1992).  Second, the time to seek sanctions for conduct connected with the initial asset freeze has lapsed.  Even if Sentinel were a party to this action, to seek sanctions it would be required to provide a motion to the SEC and the SEC would have 21 days to withdraw or appropriately correct the challenged conduct.  Sentinel points to no allegations or statements in any operative pleading to support its claim for damages (its complaint-in-intervention looks solely to the initial complaint and initial temporary restraining order).  Because there is now an Amended Complaint and several subsequent stipulated restraining orders, no party could seek sanctions.  *See Lawrence v. Richman Grp of CT, LLC*, 620 F.3d 153, 156 (2d Cir. 2010); *In re Pennie & Edmonds LLP*, 323 F.3d 86, 89 (2d Cir. 2003) (explaining that the safe harbor provision "functions as a practical time limit").  Simply put, Sentinel points to no pleading that could be used to make a Rule 11 motion at this time.

At bottom, many of Sentinel's arguments are an attempt to use this action and Rule 11 to bring an affirmative claim against the SEC because it is concerned that the proposed settlement will weaken any planned action.  This is not an appropriate use of Rule 11.  As the Supreme Court noted, "[t]he main objective of the Rule is not to reward parties who are victimized by litigation."  *Bus. Guides, Inc. v. Chromatic Commc'ns Enterprises, Inc.*, 498 U.S. 533, 553 (1991).  The Supreme Court has thus rejected parties' attempts to "use sanctions as substitutes for tort damages."  *Id.*; *see also Universitas Educ., LLC v. Nova Grp., Inc.*, 784 F.3d 99, 104 (2d Cir. 2015) (relying on cases "barring the use of sanctions as a substitute for tort damages"); *Elliot v. M/V LOIS B.*, 980 F.2d 1001, 1008 (5th Cir. 1993).  Rule 11 cannot afford Sentinel the relief it seeks and provides no avenue for intervention.

If Sentinel believes that the SEC's conduct in this case gives it a cognizable cause of action, it is free to file a complaint in a separate case and litigate the cause of action there. But Sentinel's vague, conclusory, speculative and contingent arguments regarding such undetermined claims cannot support its attempt to intervene in this case.

### C.    Sentinel's Interests Are Not Sufficient And Will Not Be Impaired Without Intervention.

Sentinel claims (at 13) that its interests will be impaired without intervention because the Consent Judgment "may, in effect, release any claims asserted by it or on its behalf against the SEC." Sentinel therefore seeks to intervene to object to the proposed settlement, claiming it is not fair and reasonable because it "releases any claims by Caledonian against the SEC." (Dkt. No. 217 at 13). This claim fails for several reasons not the least of which is that the proposed settlement contains no release. Indeed, Sentinel only argues that the proposed settlement "may" release its unspecified claims (which are actually *Caledonian*'s claims, to the extent they exist, not Sentinel's). *Id.*

Moreover, Sentinel's purported claims are the type of speculative and contingent interest that does not support intervention. *Restor-A-Dent Dental Labs., Inc. v. Certified Alloy Products., Inc.*, 725 F.2d 871, 874-75 (2d Cir. 1984); *Wash. Elec. Co-op., Inc. v. Massachusetts Mun. Wholesale Elec. Co.*, 922 F.2d 92, 96-97 (2d Cir. 1990). Sentinel does not explain how the proposed settlement interferes with Caledonian's alleged claim against the SEC. Nor does Sentinel identify the basis of its proposed claim for damages so that the parties and the Court could evaluate whether it is an appropriate basis for intervention. And, of course, Sentinel does not explain how it would force Caledonian to bring its proposed (and likely legally insufficient) claim. *See Ashwander v. Tennessee. Valley Auth.*, 297 U.S. 288, 343-44 (1936) (Brandeis, J., concurring) ("[Stockholders] cannot secure the aid of a court to correct what appears to them to

- 11 -

be mistakes of judgment on the part of officers . . . This rule applies whether the mistake is due to error of fact or of law, or merely to bad business judgment.  It applies . . . where the mistake alleged is the refusal to assert a seemingly clear cause of action."); *Bernstein v. Mediobanca Banca di Credito Finanziario-Societa Per Azioni*, 69 F.R.D. 592, 597 (S.D.N.Y. 1974) ("Plaintiff suggests that the board of directors of a corporation is obligated to pursue any and all causes of action which accrue in favor of the corporation and its failure to do so provides the basis for a derivative suit. We reject any such notion. The decision to forego a legally enforceable right may involve more than a consideration of the legal principles involved. Such decisions, like all management decisions, require a delicate balancing of complex business interests and relations.").  As a result, Sentinel's claim is contingent on multiple events that are unlikely to occur and provides no basis for permitting intervention and delaying the resolution of this action.

Nevertheless, Sentinel would have this Court reject the proposed settlement, resulting in both Caledonian and the SEC expending additional resources in litigation, so that Sentinel's unspecified claim for damages against the SEC would not be impaired by unspecified language in the proposed Judgment.   Sentinel just assumes (at 3) that this action would be in the "public interest" because it would prevent a Consent Judgment that allegedly "whitewash[es] the SEC's misconduct."  The predicate assumptions of this argument – that there were both misconduct and an attempt to somehow whitewash it – are false.  Moreover, Sentinel's use of the phrase "public interest" finds no support in the relevant case law.  The public interest addressed by the Court in *SEC v. Citigroup Glob. Markets, Inc.,* 752 F.3d 285 (2d Cir. 2014), was not an interest in giving non-litigants with tangential connections to the defendant a platform from which to criticize the SEC.  Rather, the Second Circuit instructed that "[t]he job of determining whether the proposed

SEC consent decree best serves the public interest … rests squarely with the SEC and its decision merits significant deference." *Id.* at 296.  That is because the SEC "is the entity charged with representing the victims [of securities violations], and is politically liable if it fails to adequately perform its duties." *Id.* at 294.  Here, the SEC has made a judgment that the proposed settlement is fair and reasonable and that the public interest would not be disserved by entry of the proposed Judgment.  *See id.* (clarifying standard for evaluating propriety of SEC consent decrees).  The SEC has submitted fulsome briefing on the basis for that judgment and the factual predicate for the proposed settlement.  (Dkt. No. 171).

There is a "'strong federal policy favoring the approval and enforcement of consent decrees.'"  *Id.* at 293 (citing *SEC v. Wang*, 944 F.2d 85 (2d Cir. 1991)).  If Sentinel believes it has a cause of action against the SEC, it can file a complaint and the validity of that complaint will be tested in a separate litigation.  There is no reason to delay the resolution of this action indefinitely so that a non-party will not be disadvantaged in litigation that it has yet to file. Indeed, the haphazard nature of the proposal demonstrates why courts disfavor intervention in government enforcement actions.

Finally, there is no need for Sentinel to intervene to present its objections regarding the proposed settlement to the Court.  Indeed, it has done so in its previous argument to this Court and in its briefing on this motion to intervene.[5]  Sentinel's concerns with the settlement are now

---

[5]     Sentinel's claim that there is no factual predicate for the proposed settlement is highly suspect.  The SEC submitted 1,963 pages of evidence with its initial application for a temporary restraining order that clearly demonstrated Caledonian's sale of unregistered securities for the four shell companies.  (Dkt. Nos.75, 76, 77, 80).  Sentinel assumes – with no proof of actual diligence – that Caledonian would be entitled to the broker's exemption (while not actually pleading that defense).  But the extensive communications between Caledonian's employees and the relevant client rebut that claim.  Many of these communications were attached to the SEC's memorandum in support of the proposed settlement.  (Dkt. No. 171).  Sentinel endeavors to put an innocent gloss on one of these communications by attaching a declaration by a former

a matter of public record.  There is no need for it to become a party to this action so it may

reiterate those same concerns.  As Sentinel itself recognized, the "Court must adjudicate whether

the decree is 'fair and reasonable,' 'in the public interest,' and has a 'factual basis,' ***whether or***

***not Sentinel is permitted to intervene*****.**"  (Dkt. No. 217 at 18) (emphasis added).  The SEC,

Caledonian, *and Sentinel* have now all submitted voluminous argument on that subject.

### D.    Sentinel's Interests Are Adequately Represented In This Litigation.

Sentinel has failed to establish the fourth factor for intervention under Rule 24(a) because

it has not shown that its interests are not adequately represented.  *Butler,* 250 F.3d at 176.  The

Second Circuit has explained that when evaluating whether a shareholders' interests are

adequately represented, courts look to whether the shareholders' "interests were fully and fairly

considered" in making the relevant litigation decision.  *Alleghany Corp. v. Kirby*, 344 F.2d 571,

574 (2d Cir. 1965).  The decision does not turn on whether the "particular decision is adverse to

certain interests." *Id*.  Based on this reasoning, in *Alleghany Corp.,* the Second Circuit affirmed

the rejection of an attempt by shareholders to intervene to continue litigation that the board "in

the exercise of sound business judgment" had decided to not pursue further.  *Id.* at 573;

*Amalgamated Sugar Co. v. NL Indus., Inc.*, 825 F.2d 634, 640-41 (2d Cir. 1987) (describing

*Alleghany Corp.*).

The situation presented here is analogous to the one confronted by the Second Circuit in

*Alleghany Corp*.  Sentinel's position was considered by Caledonian's court-appointed liquidators

who exercised their judgment and chose a different path in the litigation.  Although Sentinel

quoted a portion of the liquidator's affidavit to the Cayman court considering the settlement, the

---

Caledonian employee.  But that employee's explanation is undermined by the sheer volume of
highly problematic communications between himself and the client whose sales netted millions
of dollars in four consecutive pump and dumps.

next paragraph (which, of course, Sentinel omitted) explained that the liquidator did consider Sentinel's views and determined them to be imprudent:

> Furthermore, the concerns expressed by Sentinel have been raised by other stakeholders in both liquidations. As such, and in order to enable the JOLs to reach an informed decision, we sought legal advice. The JOLs considered the advice and determined that pursuing any actions against the SEC would not be in the best interest of the creditors of the Companies. The finality achieved by the settlement with the SEC, without having to make any payment, and the ability to access the Withheld Sum and return additional dividends to creditors clearly supports the JOLs determination to enter into the settlement now.

The liquidators, contrary to Sentinel's assertion, considered Sentinel's views and determined that its proposals were not in Caledonian's best interest. This decision was ratified by the Grand Court of the Cayman Islands. Even if there were allegations of fraud or collusion, which there are not, the fact that a foreign court concurred and approved the agreement controls as federal courts give comity to the decisions of foreign bankruptcy proceedings. *See Cunard S.S. Co. Ltd. v. Salen Reefer Servs. AB*, 773 F.2d 452, 458-59 (2d Cir. 1985) ("The granting of comity to a foreign bankruptcy proceeding enables the assets of a debtor to be dispersed in an equitable, orderly, and systematic manner, rather than in a haphazard, erratic or piecemeal fashion. Consequently, American courts have consistently recognized the interest of foreign courts in liquidating or winding up the affairs of their own domestic business entities."); *Canada S. Ry. Co. Gebhard*, 109 U.S. 527, 537 (1883) ("Such being the law, it follows that every person who deals with a foreign corporation impliedly subjects himself to such laws of the foreign government, affecting the powers and obligations of the corporation with which he voluntarily contracts, as the known and established policy of that government authorizes."). The mere fact that Sentinel would prefer to take a different course in this and other litigation does not justify intervention. *See Stadin v. Union Elec. Co*, 309 F.2d 912, 919 (8th Cir. 1962) ("mere difference

of opinion among attorneys" on how to conduct litigation is not sufficient); *Haft v. Dart Grp. Corp.*, No. 13736, 1994 WL 705194, at *2 (Del. Ch.  Dec. 8, 1994) ("there is no right for the stockholders to insist that their lawyers rather than the lawyers hired by the directors should control or contribute to the adjudication of the companies obligations").

Sentinel is adequately represented and to conclude otherwise would improperly invade a foreign bankruptcy proceeding.  Given the adversarial litigation surrounding the selection of a liquidator for Caledonian in the Cayman Islands, Sentinel's motion is not truly a motion to intervene "but one to take over the [defense of Caledonian's] case without showing any adequate reason therefor."  *Atlanta Laundries v. Nat'l Linen Serv. Corp.*, 81 F. Supp. 650, 651 (N.D. Ga. 1948).  As such, it should be denied.

### III.   Sentinel Does Not Meet the Standards for Permissive Intervention Under Rule 24(b).

To intervene under Rule 24(b), Sentinel must show that it "has a claim or defense that shares with the main action a common question of law or fact."  Permissive intervention is a matter within the Court's discretion.  In exercising that discretion, the Court "must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights."  FED. R. CIV. P. 24(b)(3); *see also Washington Elec. Co-op., Inc. v. Massachusetts. Mun. Wholesale Elec. Co.*, 922 F.2d 92, 98 (2d Cir. 1990) (affirming denial of permissive intervention based on finding that it would unduly complicate and delay litigation).  To make this determination, courts consider "substantially the same factors" as for intervention as of right. *See R Best Produce, Inc. v. Shulman-Rabin Mktg., Corp.*, 467 F.3d 238, 240 (2d Cir. 2006).  As discussed above, none of those factors warrant intervention here.

The Second Circuit has noted that "already complicated securities cases would become more confused and complex" if private parties intervened—and that is certainly the case here.

*Everest Mgmt. Corp.*, 475 F.2d at 1240.  If Sentinel were to be permitted to intervene every creditor who has a different view of how this litigation should proceed would also be entitled to intervene and attempt to litigate the case in their preferred manner.  The Court should deny Sentinel's request for permissive intervention.  If Sentinel has a cause of action it is free to bring it in a separate case.  If it believes the liquidators are not acting in the best interests of the company, it can raise that with the Cayman court (which it has done).  But Sentinel should not be permitted to commandeer this enforcement action to pursue its own interests and indefinitely delay the resolution of the SEC's claims.

## IV.    Conclusion.

For the reasons set forth above, the SEC respectfully submits that Sentinel's motion to intervene should be denied.

Dated: Washington, D.C.
         May 11, 2016

Respectfully submitted,

/s/ Bridget Fitzpatrick
Patrick R. Costello
Derek S. Bentsen
Bridget M. Fitzpatrick
Ernesto G. Amparo

Local Counsel:

David Stoelting
Securities and Exchange Commission
Brookfield Place, 200 Vesey Street
New York, New York 20181
(212) 336-0174  telephone
(212) 336-1323  facsimile
stoeltingd@sec.gov

Securities and Exchange Commission
100 F Street, N.E.
Washington, D.C. 20549-5985
(202) 551-3982  telephone (Costello)
(202) 772-9245  facsimile
costellop@sec.gov

**CERTIFICATE OF SERVICE**

I certify that on May 11, 2016, I electronically filed the foregoing PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO SENTINEL TRUST SERVICES's MOTION TO INTERVENE using the CM/ECF system, which will send notification of such filing to counsel for Defendants Caledonian Bank Ltd., Caledonian Securities Ltd. and Verdmont Capital, S.A., and counsel for Sentinel Trust Services, Ltd., at the following addresses:

Robert J.A. Zito
Carter Ledyard Milburn LLP
Two Wall Street
New York, New York 10005
zito@clm.com
Attorneys for Defendant
Verdmont Capital, S.A.

Sigal P. Mandelker
Margaret A. Dale
Proskauer Rose LLP
Eleven Times Square
New York, New York 10036
smandelker@proskauer.com
mdale@proskauer.com
Attorneys for Defendants Caledonian Bank Ltd. and Caledonian Securities Ltd.

Marc. E. Kasowitz
Andrew K. Glenn
Trevor J. Welch
Kasowitz, Benson, Torres & Friedman LLP
mkasowitz@kasowitz.com
aglenn@kasowitz.com
twelch@kasowitz.com
1633 Broadway
New York, New York 10019
Attorney for Proposed Intervenor
Sentinel Trust Services, Ltd.

/s/ Bridget Fitzpatrick
Bridget Fitzpatrick