Robert J.A. Zito
Mark R. Zancolli
Theodore Y. McDonough
CARTER LEDYARD & MILBURN LLP
2 Wall Street
New York, New York 10005
Tel. (212) 732-3200
Fax: (212) 732-3232
*Attorneys for Verdmont Capital, S.A.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x

SECURITIES AND EXCHANGE
COMMISSION

                                 Plaintiff,

                        v.

CALEDONIAN BANK LTD.,
CALEDONIAN SECURITIES LTD.,
CLEAR WATER SECURITIES, INC.,
LEGACY GLOBAL MARKETS S.A., and
VERDMONT CAPITAL, S.A.

                            Defendants.

------------------------------------------------------------ x

Civ. No. 15 CV 894 (WHP) (JLC)

**DECLARATION OF
ROBERT J.A. ZITO IN SUPPORT
OF DEFENDANT VERDMONT
CAPITAL, S.A.'s MOTION FOR
SUMMARY JUDGMENT**

ROBERT J.A. ZITO, declares under penalty of perjury follows:

1.     I am an attorney duly licensed to practice law in the State of New York and am admitted to this Court. I am a member of Carter Ledyard & Milburn LLP, attorneys for defendant Verdmont Capital, S.A. ("Verdmont") in the above-captioned action.

2.     I respectfully submit this declaration in support of Verdmont's motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

3.     Attached hereto as Exhibit 1 is a true and correct copy of the SEC's Amended Complaint, dated June 10, 2015 [Doc. No. 110].

4.      Attached hereto as Exhibit 2 is a true and correct copy of Verdmont's Answer to the Amended Complaint, dated June 11, 2015 [Doc. No. 112].

5.      Attached hereto as Exhibit 3 is a true and correct copy of excerpts from the transcript of the April 28, 2016 deposition of Michael Modeski ("Modeski"), President of OTC Link ATS, which is a wholly owned subsidiary of OTC Markets Group.

6.      Attached hereto as Exhibit 4 is a true and correct copy of the Certification of FINRA Business Records, sworn to on April 27, 2016 by Marcia Asquith, Senior Vice President and Corporate Secretary of FINRA (the "4/27/16 FINRA Certification").

7.      Attached hereto as Exhibit 5 is a true and correct copy of the first page of the printout of OTC Markets Group's quotation records from OTC Link (formerly known as Pink Sheets) for Goff Corp. ("Goff"), which was identified as OTC Exhibit 3 at the deposition of Modeski.

8.      Attached hereto as Exhibit 6 is a true and correct copy of the first page of the printout of OTC Markets Group's quotation records from OTC Link (formerly known as Pink Sheets) for Norstra Energy, Inc. ("Norstra"), which was identified as OTC Exhibit 5 at the deposition of Modeski.

9.      Attached hereto as Exhibit 7 is a true and correct copy of the first page of the printout of OTC Markets Group's quotation records from OTC Link (formerly known as Pink Sheets) for Xumanii, Inc. f/k/a Medora Corporation ("Xumanii"), which was identified as OTC Exhibit 4 at the deposition of Modeski.

10.      Attached hereto as Exhibit 8 is a true and correct copy of a printout of FINRA's OTC Bulletin Board quote data for Goff identified in Item 13 of paragraph 2 of the 4/27/16 FINRA Certification, and attached hereto as Exhibit 9 is a true and correct copy of the first page

of a printout of FINRA's OTC Bulletin Board quote data for Goff identified in Item 14 of paragraph 2 of the 4/27/16 FINRA Certification.

11.      Attached hereto as Exhibit 10 is a true and correct copy of a printout of FINRA's OTC Bulletin Board quote data for Norstra identified in Item 5 of paragraph 2 of the 4/27/16 FINRA Certification, and attached hereto as Exhibit 11 is a true and correct copy of the first page of a printout of FINRA's OTC Bulletin Board quote data for Norstra identified in Item 7 of paragraph 2 of the 4/27/16 FINRA Certification.

12.      Attached hereto as Exhibit 12 is a true and correct copy of a printout of FINRA's OTC Bulletin Board quote data for Xumanii identified in Item 9 of paragraph 2 of the 4/27/16 FINRA Certification, and attached hereto as Exhibit 13 is a true and correct copy of the first page of a printout of FINRA's OTC Bulletin Board quote data for Xumanii identified in Item 11 of paragraph 2 of the 4/27/16 FINRA Certification.

13.      Attached hereto as Exhibit 14 is a true and correct copy of an April 22, 2016 email string between Bart N. Krezalek of OTC Markets Group and Robert Nesbitt and Derek Bentsen of the SEC, which was identified as OTC Exhibit 6 at the deposition of Modeski.

14.      Attached hereto as Exhibit 15 is a true and correct copy of a FINRA Form 211, dated December 6, 2011, filed with FINRA by Spartan Securities Group Ltd. ("Spartan"), requesting a quotation on the OTC Bulletin Board and Pink Quote for Goff.

15.      Attached hereto as Exhibit 16 is a true and correct copy of a February 14, 2012 letter from Steven D. Genegaban, Compliance Examiner of FINRA, to David Lopez of Spartan, with a cc to OTC Link, LLC, stating in part as follows:   "This letter will confirm that on February 14, 2012, acting in reliance upon the information contained in the filing, we have

cleared Spartan's request for an unpriced quotation on the OTC Bulletin Board and OTC Link for GOFF."

16.     Attached hereto as Exhibit 17 is a true and correct copy of a FINRA Form 211, dated September 10, 2012, filed with FINRA by Glendale Securities, Inc. ("Glendale"), requesting a quotation on the OTC Bulletin Board and Pink Quote for Norstra.

17.     Attached hereto as Exhibit 18 is a true and correct copy of an October 31, 2012 letter from Mario C. Martins Jr., Compliance Examiner of FINRA, to George Castillo of Glendale, with a cc to OTC Link, LLC, stating in part as follows:  "This letter will confirm that on October 31, 2012, acting in reliance upon the information contained in the filing, we have cleared Glendale's request for an unpriced quotation on the OTC Bulletin Board and in OTC Link for NORX."

18.     Attached hereto as Exhibit 19 is a true and correct copy of a FINRA Form 211, dated February 23, 2011, filed with FINRA by Capital Path Sec. ("Capital"), requesting a quotation on the OTC Bulletin Board and Pink Quote for Medora (Xumanii).

19.     Attached hereto as Exhibit 20 is a true and correct copy of a May 3, 2011 letter from Steven D. Genegaban, Compliance Examiner of FINRA, to William Davis of Capital, with a cc to OTC Link, LLC, stating in part as follows:  "This letter will confirm that on May 3, 2011, acting in reliance upon the information contained in the filing, we have cleared Capital's request for an unpriced quotation on the OTC Bulletin Board and in OTC Link for MORA."

20.     Attached hereto as Exhibit 21 is a true and correct copy of a Private Placement Subscription Agreement dated December 16, 2010 pursuant to which Kevin Crowley agreed to purchase 350,000 shares of Goff stock for $1,050, as well as a copy of a check dated December 16, 2010 payable to Goff in the amount of $1,050.

4

21.     Attached hereto as Exhibit 22 is a true and correct copy of a Private Placement Subscription Agreement dated January 19, 2011 pursuant to which Colm Norris agreed to purchase 250,000 shares of Goff stock for $750, as well as a copy of a check dated January 19, 2011 payable to Goff in the amount of $750.

22.     Attached hereto as Exhibit 23 is a true and correct copy of an affidavit of Gary O'Flynn, President of Goff, dated November 23, 2011, stating in part that none of the Shareholders of Goff:  (1) "have the ability to control or influence the decisions or day to day operations of the Company [Goff]"; (2) "are an underwriter"; (3) "are an affiliate of the Company"; (4) "are nominees for any other person or persons"; and (5) "are controlled by, or has given control to, any other person or entity, including providing control to the Company or its officers and/or affiliates."

23.     Attached hereto as Exhibit 24 is a true and correct copy of a Subscription Agreement dated July 14, 2012 pursuant to which Maria Garpenfeldt agreed to purchase 2,000,000 shares of Norstra stock for $2,000, as well as a true and correct copy of a check dated July 14, 2012 payable to Norstra in the amount of $2,000.

24.     Attached hereto as Exhibit 25 is a true and correct copy of a Subscription Agreement dated August 3, 2012 pursuant to which Katherine Sanchez agreed to purchase 1,000,000 shares of Norstra stock for $1,000, as well as a true and correct copy of a check dated August 3, 2012 payable to Norstra in the amount of $1,000.

25.     Attached hereto as Exhibit 26 is a true and correct copy of a Subscription Agreement dated September 1, 2012 pursuant to which Bleixen Palmer agreed to purchase 1,000,000 shares of Norstra stock for $1,000, as well as a true and correct copy of a check dated September 1, 2012 payable to Norstra in the amount of $1,000.

26.     Attached hereto as Exhibit 27 is a true and correct copy of a letter dated September 24, 2012 from Dallas Kerkenezov, President and Chief Executive Officer of Norstra, to Mario C. Marlins Jr., Compliance Examoner of FINRA, stating in part:  "This will additionally confirm that to the knowledge of the Company [Norstra], no person or entity has control, written or otherwise, of the sale, transfer, disposition, voting or any other aspect of the shares listed on the shareholder list other than the person or entity identified as the shareholder. To the knowledge of the Company, no arrangement existed, presently exists or is planned for any person or entity to obtain such control."

27.     Attached hereto as Exhibit 28 is a true and correct copy of a Subscription Agreement dated July 23, 2010 pursuant to which Rene Lawrence agreed to purchase 650,000 shares of Medora (Xumanii) stock for $.0015 per share.

28.      Attached hereto as Exhibit 29 is a true and correct copy of a Subscription Agreement dated July 30, 2010 pursuant to which Brenton Nagheer agreed to purchase 650,000 shares of Medora (Xumanii) stock for $.0015 per share, as well as a true and correct copy of an Outgoing Payment Transfer dated July 30, 2010 from Brenton Nagheer in the amount of $975.

29.     Attached hereto as Exhibit 30 is a true and correct copy of a Subscription Agreement dated July 21, 2010 pursuant to which Anthony Reid agreed to purchase 650,000 shares of Medora (Xumanii) stock for $.0015 per share, as well as a true and correct copy of an Outgoing Payment Transfer dated July 21, 2010 from Anthony Reid in the amount of $975.

30.     Attached hereto as Exhibit 31 is a true and correct copy of a Subscription Agreement dated July 21, 2010 pursuant to which Jenifer Rose agreed to purchase 650,000 shares of Medora (Xumanii) stock for $.0015 per share, as well as a true and correct copy of a wire transfer form dated July 21, 2010 from Jenifer Rose in the amount of $975.

6

31.     Attached hereto as Exhibit 32 is a true and correct copy of a Subscription Agreement dated July 20, 2010 pursuant to which Dwight Brown agreed to purchase 633,333 shares of Medora (Xumanii) stock for $.0015 per share, as well as a true and correct copy of an Outgoing Payment Transfer dated July 20, 2010 from Dwight Brown in the amount of $950.

32.     Attached hereto as Exhibit 33 is a true and correct copy of a letter dated March 23, 2011 from William Davis of Capital Path Securities LLC to Mr. Genegaban of FINRA, and March 21, 2011 letter from Craig McKenzie, President and CEO of Medora (Xumanii), stating in "Answer to Comment #9" as follows: "The Issuer confirms that there are no persons, or entities which have control, written or otherwise, of the sale, transfer disposition, voting or any other aspect of the shares listed in the S-1 other than the person or entity identified as the shareholders. There are no past, present or future agreements."

33.     The documents attached as Exhibits 15 through 33 were produced by FINRA and received by Verdmont's counsel on May 3, 2016 in response to Verdmont's subpoena to FINRA. Attached hereto as Exhibit 34 is a true and correct copy of the Certification of FINRA Business Records, sworn to on May 12, 2016 by Marcia Asquith, Senior Vice President and Corporate Secretary of FINRA (the "5/12/16 FINRA Certification"), with regard to the documents that were produced by FINRA and received by Verdmont's counsel on May 3, 2016 in response to Verdmont's subpoena to FINRA.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 16, 2016

_____
Robert J.A. Zito

7