Robert J.A. Zito
Mark R. Zancolli
Theodore Y. McDonough
CARTER LEDYARD & MILBURN LLP
2 Wall Street
New York, New York 10005
Tel. (212) 732-3200
Fax: (212) 732-3232
*Attorneys for Verdmont Capital, S.A.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
SECURITIES AND EXCHANGE                     :
COMMISSION                                  :
                                            :    Civ. No. 15 CV 894 (WHP) (JLC)
            Plaintiff,                      :
                                            :
      v.                                    :
                                            :
CALEDONIAN BANK LTD.,                       :
CALEDONIAN SECURITIES LTD.,                 :
CLEAR WATER SECURITIES, INC.,               :
LEGACY GLOBAL MARKETS S.A., and             :
VERDMONT CAPITAL, S.A.,                     :
                                            :
                                            :
            Defendants.                     :
--------------------------------------------------------------x

## MEMORANDUM OF LAW OF DEFENDANT VERDMONT CAPITAL, S.A. IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT PURSUANT TO FED. R. CIV. P. 56

7798853.4

## TABLE OF CONTENTS

PAGE(S)

TABLE OF AUTHORITIES ........................................................................................................ ii

PRELIMINARY STATEMENT ................................................................................................. 1

STATEMENT OF FACTS .......................................................................................................... 1

ARGUMENT ................................................................................................................................ 3

    THE SUBJECT TRANSACTIONS WERE EXEMPT UNDER THE
    DEALER EXEMPTION, AND THEREFORE VERDMONT IS
    ENTITLED TO SUMMARY JUDGMENT ................................................................... 3

CONCLUSION ............................................................................................................................ 6

## TABLE OF AUTHORITIES

Page(s)

**FEDERAL CASES**

*Anderson v. Liberty Lobby, Inc.*,
  477 U.S. 242 (1986) .......................................................................................................... 3

*Ballenger v. Applied Digital Sols., Inc.*,
  189 F. Supp. 2d 196 (D. Del. 2002) ................................................................................. 5

*Celotex Corp. v. Catrett*,
  477 U.S. 317 (1986) .......................................................................................................... 3

*D'amico v. City of New York*,
  132 F.3d 145 (2d Cir. 1998) ............................................................................................. 3

*Finkel v. Stratton Corp.*
  962 F.2d 169 (2d Cir. 1992) ............................................................................................. 4

*Griffin v. PaineWebber Inc.*,
  84 F. Supp. 2d 508 (S.D.N.Y. 2000) ............................................................................... 4

*In re Biozoom, Inc. Securities Litigation*,
  No. 1:14-CV-01087, 2015 WL 5017018 (N.D. Ohio Aug. 20, 2015) ........................... 5

*In re Laser Arms Corp. Sec. Litig.*,
  794 F. Supp. 475 (S.D.N.Y. 1989) .................................................................................. 5

*Kubik v. Goldfield*,
  479 F.2d 472 (3d Cir. 1973) ............................................................................................. 5

*Perma Research & Dev. Co. v. Singer Co.*,
  410 F.2d 572 (2d Cir. 1969) ............................................................................................. 3

*Sowell v. Butcher & Singer, Inc.*,
  1987 WL 10712 (E.D.Pa. May 13, 1987) ....................................................................... 5

**FEDERAL STATUTES**

15 U.S.C. § 77b(a)(12) ........................................................................................................... 4

15 U.S.C. § 77d(a)(3)(B) ........................................................................................................ 4

**OTHER AUTHORITIES**

H.R. Rep. 83-1542 .................................................................................................................. 5

## PRELIMINARY STATEMENT

Defendant Verdmont Capital, S.A. ("Verdmont") respectfully submits this memorandum of law, and the accompanying Declaration of Robert J.A. Zito, dated May 16, 2016 (the "Zito Declaration") and Declaration of Shamima Bhana, dated May 16, 2016, in support of its motion for summary judgment, pursuant to Fed. R. Civ. P. 56.

The sole theory of this case is that Verdmont, as a broker-dealer, effected sales on behalf of its customers of securities that allegedly were not registered with the SEC, a violation of Section 5 of the Securities Act of 1933 (the "Securities Act"). However, Section 4(a)(3) of the Securities Act (the "Dealer Exemption") exempts the transactions as to Verdmont because they occurred more than 40 days after the securities were offered to the public.

This motion is purely a matter of arithmetic. The undisputed and undisputable facts necessary to prove the Dealer Exemption are, as follows: (i) each issuer of the securities duly filed a Form S-1 registration statement with the SEC to offer its securities for sale to the general public, (ii) the SEC declared each registration statement effective, (iii) the securities were duly quoted on the OTC Bulletin Board and on OTC Link, and (iv) all of the sales in question took place more than 40 days after the securities were quoted on the OTC Bulletin Board and on OTC Link. For this reason, the transactions were exempt from registration and the Amended Complaint must be dismissed as a result.

## STATEMENT OF FACTS

According to the Amended Complaint, Verdmont violated Section 5 by facilitating the sale of securities (the "Securities") by three Verdmont customers of three securities issuers without a valid registration statement being in effect at the time. The three securities are: Goff Corp. ("Goff"), Norstra Energy Inc. ("Norstra"), and Xumanii, Inc. f/k/a Medora Corporation ("Xumanii") (each an "Issuer"). The three Verdmont customers are:

7798853.4

Lornex Financial Ltd. ("Lornex"), Bamfield Equities Ltd. f/k/a Bartlett Trading ("Bamfield" or "Bartlett") and Nautilus Growth Fund Ltd. ("Nautilus").  Zito Decl., Exh. 1, Amended Complaint at ¶¶ 1, 2, 63, 80 and 96.

Verdmont's Answer asserts, among other defenses, that the transactions were exempt from registration under the Dealer Exemption and the Broker Exemption under Sections 4(a)(3) and 4(a)(4), respectively, of the Securities Act. 15 U.S.C. § 77d.  Zito Decl., Exh. 2, Verdmont's Answer at ¶ 100 and Second Defense.

It is undisputed and undisputable that the transactions in question all occurred more than 40 days after the securities were listed on the OTC Bulletin Board and on OTC Link:

| Security | Date Form S-1 Filed | Date Amended Form S-1 Filed | Date of SEC Notice of Effectiveness of Form S-1 | Date Security was first listed on the OTC Bulletin Board and on OTC Link | Date of First Sale of the Security Effected by Verdmont on behalf of a Client |
|---|---|---|---|---|---|
| Goff | 8/26/11 | 11/2/11[1] | 11/10/11[2] | 2/15/12[3] | 3/18/13[4] |
| Norstra | 4/30/12 | 7/11/12[5] | 7/12/12[6] | 11/1/12[7] | 4/1/13[8] |
| Xumanii | 9/9/10 | 3/14/11[9] | 3/14/11[10] | 5/4/11[11] | 5/1/13[12] |

---

[1] Bhana Decl., ¶ 12 and Exh. 2, SEC Notice of Effectiveness, dated November 10, 2011, for Goff, and amended Form S-1 registration statement for Goff filed on November 2, 2011.
[2] Bhana Decl., ¶ 12 and Exh. 2, SEC Notice of Effectiveness, dated November 10, 2011, for Goff, and amended Form S-1 registration statement for Goff filed on November 2, 2011.
[3] Zito Decl., Exh. 3, Modeski Dep. Tr. at 23:5-24:5; Zito Decl., Exh. 5, OTC Link quotation records for Goff (first page); Zito Decl., Exhs. 8 and 9, FINRA OTC Bulletin Board quote data for Goff; Zito Decl., Exh. 4, Certification of FINRA Business Records, ¶¶ 2(13) and 2(14); Zito Decl., Exh. 14, April 22, 2016 email string between Bart Krezalek of OTC Markets Group and Robert Nesbitt and Derek Bentsen of the SEC (Bates No. OTC-00002).
[4] Bhana Decl., ¶ 14 and Exh. 6, Spreadsheet of the trades in Goff stock effected by Verdmont on behalf of its clients.
[5] Bhana Decl., ¶ 15 and Exh. 7, SEC Notice of Effectiveness, dated July 12, 2012, for Norstra, and amended Form S-1 registration statement for Norstra filed on July 12, 2012.
[6] Bhana Decl., ¶ 15 and Exh. 7, SEC Notice of Effectiveness, dated July 12, 2012, for Norstra, and amended Form S-1 registration statement for Norstra filed on July 12, 2012.
[7] Zito Decl., Exh. 3, Modeski Dep. Tr. at 26:2-15; Zito Decl., Exh. 6, OTC Link quotation records for Norstra (first page); Zito Decl., Exhs. 10 and 11, FINRA OTC Bulletin Board quote data for Norstra; Zito Decl., Exh. 4, Certification of FINRA Business Records, ¶¶ 2(5) and 2(7); Zito Decl., Exh. 14, April 22, 2016 email string between Bart Krezalek of OTC Markets Group and Robert Nesbitt and Derek Bentsen of the SEC (Bates Nos. OTC-00002-3).
[8] Bhana Decl., ¶ 17 and Exh. 11, Spreadsheet of the trades in Norstra stock effected by Verdmont on behalf of its clients.

*Argument*

## THE SUBJECT TRANSACTIONS WERE EXEMPT UNDER THE DEALER EXEMPTION, AND THEREFORE VERDMONT IS ENTITLED TO SUMMARY JUDGMENT

Fed. R. Civ. P. 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *See also Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986) ("Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."). When opposing a motion for summary judgment, "[t]he non-moving party may not rely on mere conclusory allegations nor speculation, but instead must offer some hard evidence showing that its version of the events is not wholly fanciful." *D'amico v. City of New York,* 132 F.3d 145, 149 (2d Cir. 1998) (collecting authority). *See also Perma Research & Dev. Co. v. Singer Co.,* 410 F.2d 572, 578 (2d Cir. 1969) ("summary judgment cannot be defeated by the vague hope that something may turn up at trial"). As will be seen, none of the material facts are disputed and application of the law warrants a dismissal of the Amended Complaint.

---

[9] Bhana Decl., ¶ 18 and Exh. 12, SEC Notice of Effectiveness, dated March 14, 2011, for Medora (Xumanii), and amended Form S-1 registration statement for Medora (Xumanii) filed on March 14, 2011.

[10] Bhana Decl., ¶ 18 and Exh. 12, SEC Notice of Effectiveness, dated March 14, 2011, for Medora (Xumanii), and amended Form S-1 registration statement for Medora (Xumanii) filed on March 14, 2011.

[11] Zito Decl., Exh. 3, Modeski Dep. Tr. at 24:20-25:14; Zito Decl., Exh. 7, OTC Link quotation records for Xumanii (first page); Zito Decl., Exh. 12, FINRA OTC Bulletin Board quote data for Medora (Xumanii); Zito Decl., Exh. 4, Certification of FINRA Business Records, ¶ 2(9); Zito Decl., Exh. 14, April 22, 2016 email string between Bart Krezalek of OTC Markets Group and Robert Nesbitt and Derek Bentsen of the SEC (Bates No. OTC-00003).

[12] Bhana Decl., ¶ 20 and Exh. 16, Spreadsheet of the trades in Medora (Xumanii) stock effected by Verdmont on behalf of its clients.

Section 4(a)(3) of the Securities Act (the "Dealer Exemption") exempts *all* transactions by a dealer[13] from the registration requirement of Section 5. The exemption does not protect dealers who transact securities shortly after the public offering. Dealers are not exempt if the transaction took place (1) "prior to the expiration of forty days after the effective date of [the] registration statement" or (2) "prior to the expiration of forty days after the first date upon which the security was bona fide offered to the public by the issuer or by or through an underwriter," "whichever is later." 15 U.S.C. § 77d(a)(3)(B).

"[O]rdinarily a security is 'bona fide offered to the public' at the effective date of the registration statement." *Finkel v. Stratton Corp.* 962 F.2d 169, 173 (2d Cir. 1992); *see also Griffin v. PaineWebber Inc.,* 84 F. Supp. 2d 508, 512 (S.D.N.Y. 2000) ("[A] security is bona fide offered to the public at the effective date of the registration statement").

However, Congress recognized that there may be circumstances when the offering is delayed by the issuer or underwriters such that the securities are not offered to the public until some later point in time:

> [D]ealers who are merely trading and are not participants in the distribution will be subject to the provisions of section 5 of the Securities Act only during the 40-day period. Under the revision of section 5, the offering of a registered security may commence as soon as the registration statement has been filed, but it will continue to be within the power of the registrant or the underwriters to delay the offering until some later date in the waiting period or even to some date after the registration statement has become effective. The amendment, therefore, is so worded as to make dealers subject to the provisions of section 5 for 40 days after whichever is the later of the 2 events; i.e., the effective date of the registration statement or the date the public offering in fact commences.

H.R. Rep. 83-1542.

---

[13] The Securities Act defines a "dealer" as "any person who engages either for all or part of his time, directly or indirectly, as agent, broker, or principal, in the business of offering, buying, selling, or otherwise dealing or trading in securities issued by another person." 15 U.S.C. §77b(a)(12).

4

It is well-settled that securities are considered bona fide offered to the public once the security is quoted on an exchange or the other-the-counter market. In *Kubik v. Goldfield*, 479 F.2d 472 (3d Cir. 1973), the Third Circuit sustained the dismissal of a Section 5 claim based upon the Dealers Exemption because the transactions occurred more than 40 days after the securities first appeared in the "pink sheets":

> The district court correctly ruled that for the purposes of determining a dealer exemption under Section 4(3) of the Securities Act of 1933, a "bona fide" offer to the public may occur when a stock first appears in the "pink sheets," even though the stock may be "illegally" unregistered. *Securities and Exchange Commission v. North American Research & Development Corp.*, 280 F.Supp. 106, 125 (S.D.N.Y. 1968), aff'd in part, vacated in part, 424 F.2d 63, 81 n. 14 (2nd Cir. 1970); H.R. Rep. No. 1542, 83d Cong., 2d Sess. (1954), reported in U.S.Code Cong. & Admin.News, pp. 2973, 2995 (§ 6, ¶ 2) (1954).

*Id.* at 475. *See also In re Laser Arms Corp. Sec. Litig.*, 794 F. Supp. 475, 483 (S.D.N.Y. 1989) ("bona fide" offering date of an unregistered security is the date on which the security was first quoted in the pink sheets); *Ballenger v. Applied Digital Sols., Inc.*, 189 F. Supp. 2d 196, 199 (D. Del. 2002) ("stock is bona fide offered to the public when it is listed for trading on the over-the-counter market"); *Sowell v. Butcher & Singer, Inc.*, 1987 WL 10712, at *8 (E.D.Pa. May 13, 1987) (listing in "pink sheets" constitutes bona fide offer); *In re Biozoom, Inc. Securities Litigation*, No. 1:14-CV-01087, 2015 WL 5017018 at *4 (N.D. Ohio Aug. 20, 2015) (granting summary judgment based on the Dealers Exemption where the transactions occurred more than 40 days after the securities were listed on the OTC Bulletin Board).

Here, it is undisputed and undisputable that the transactions in question all occurred more than 40 days after the securities were listed on the OTC Bulletin Board and on OTC Link, as demonstrated by the following table:

5

| Security | Date Form S-1 Filed | Date Amended Form S-1 Filed | Date of SEC Notice of Effectiveness of Form S-1 | Date Security was first listed on the OTC Bulletin Board and on OTC Link | Date of First Sale of the Security Effected by Verdmont on behalf of a Client |
|---|---|---|---|---|---|
| Goff | 8/26/11 | 11/2/11 | 11/10/11 | 2/15/12 | 3/18/13 |
| Norstra | 4/30/12 | 7/11/12 | 7/12/12 | 11/1/12 | 4/1/13 |
| Xumanii | 9/9/10 | 3/14/11 | 3/14/11 | 5/4/11 | 5/1/13 |

In short, because all of the sales occurred well after 40 days after the date on the which the registration statements were declared effective as well as 40 days after the date the securities were listed on the OTC Bulletin Board and on OTC Link, the transactions were exempt under the Dealer Exemption. Therefore, Verdmont is entitled to judgment dismissing the Amended Complaint.

## CONCLUSION

For the reasons explained above, Verdmont respectfully requests that the Court grant Verdmont summary judgment dismissing the Amended Complaint.

Dated: New York, New York
       May 16, 2016

Respectfully submitted,

**CARTER LEDYARD & MILBURN LLP**

By _____
   Robert J. A. Zito
   Mark R. Zancolli
   Theodore Y. McDonough
Two Wall Street
New York, New York 10005
Telephone: (212) 732-3200
Facsimile: (212) 732-3232
Email: zito@clm.com

*Attorneys for Defendant Verdmont Capital, S.A.*