UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : |
| Plaintiff, | : |
| v. | : Case No. 15-cv-894 (WHP)(JLC) |
| CALEDONIAN BANK LTD., CALEDONIAN SECURITIES LTD., CLEAR WATER SECURITIES, INC., LEGACY GLOBAL MARKETS S.A., and VERDMONT CAPITAL, S.A. | : |
| Defendants. | : |

**FINAL JUDGMENT AS TO DEFENDANTS**
**CALEDONIAN BANK LIMITED AND CALEDONIAN SECURITIES LIMITED**

WHEREAS, on February 6, 2015, the Securities and Exchange Commission (the "Commission") filed a Complaint in this action;

WHEREAS, on June 5, 2015, the Commission filed an Amended Complaint in this action;

WHEREAS, Defendants Caledonian Bank Limited ("Caledonian Bank") and Caledonian Securities Limited ("Caledonian Securities") (collectively, "Defendants") have entered a general appearance; consented to the Court's jurisdiction over Defendants solely for purposes of this action and consented to the Court's jurisdiction over the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Amended Complaint; waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment;

WHEREAS, on February 10, 2015, the Cayman Islands Monetary Authority ("CIMA") appointed Mr. Keiran Hutchison and Ms. Claire Loebell of Ernst & Young Ltd., as Defendants' Joint Controllers pursuant to the laws of the Cayman Islands;

WHEREAS, on February 10, 2015, Defendants were placed into voluntary liquidation;

WHEREAS, on February 17, 2015, CIMA filed winding up petitions with the Grand Court of the Cayman Islands (the "Cayman Court") seeking the liquidations of Caledonian Bank (the "Cayman Liquidation Proceeding") and Caledonian Securities (the "Caledonian Securities Proceeding");

WHEREAS, on February 23, 2015, the Cayman Court entered Winding Up Orders appointing the Joint Controllers as the Joint Liquidators (the "Joint Liquidators") of (i) Caledonian Bank in the Cayman Liquidation Proceeding; and (ii) Caledonian Securities in the Caledonian Securities Proceeding;

WHEREAS, on February 16, 2015, the Joint Liquidators filed a petition in the United States Bankruptcy Court for the Southern District of New York seeking an order recognizing the Cayman Liquidation Proceeding as a foreign main proceeding pursuant to Section 1517 of Title 11 of the United States Bankruptcy Code (*see* In re Caledonian Bank Limited, Case No. 15-10324-mg) (the "U.S. Bankruptcy Proceeding");

WHEREAS, on March 17, 2015, the United States Bankruptcy Court entered an order recognizing the Cayman Liquidation Proceeding as a foreign main proceeding pursuant to 11 U.S.C. § 1517(a) and (b) and further ordered that the automatic stay made applicable by 11 U.S.C. § 1520(a)(1) shall: (a) be subject to the Temporary Restraining Order entered on February 6, 2015, as modified on February 27, 2015, and as may be further modified in this action commenced by the Commission in the United States District Court for the Southern District of New York (Case No. 15-cv-894(WHP)); and (b) not enjoin a police or regulatory act of a governmental unit to the extent provided in 11 U.S.C. § 362(b)(4);

WHEREAS, on March 23, 2015, this Court entered a preliminary injunction consented and stipulated to by the Commission and Defendants;

WHEREAS, the Cayman Court has empowered the Joint Liquidators to take necessary actions to protect Defendants' assets and prevent any further diminution in value of the liquidation estates;

WHEREAS, the Cayman Court has authorized the Joint Liquidators to enter into the Consent accompanying this Judgment (the "Consent") on behalf of the Defendants; and

WHEREAS, the Joint Liquidators are authorized to execute the Consent on behalf of Defendants, are authorized to make representations on behalf of Defendants and, like Defendants, consent to this Court's exercise of subject matter jurisdiction and, solely for purposes of this action, personal jurisdiction over Defendants.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED as follows:

I.

Defendants Caledonian Bank and Caledonian Securities are permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly:

(a) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell a security through the use or medium of any prospectus or otherwise, unless a registration statement is in effect as to such security or the sale is made pursuant to an applicable exemption from registration;

(b) Carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any security for the purpose of sale or for delivery after sale, unless a registration statement is in effect as to such security or the sale is made pursuant to an applicable exemption from registration; or

  (c)  Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h], unless the transaction offered is to be made pursuant to an applicable exemption.

As provided in Rule 65(d)(2) of the Federal Rules of Civil Procedure, the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

## II.

Defendants Caledonian Bank and Caledonian Securities are permanently barred from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock. A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act [17 C.F.R. § 240.3a51-1].

## III.

Defendants Caledonian Bank and Caledonian Securities are jointly and severally liable for the amount of $25,000,000, which represents the approximate consolidated equity of Caledonian Bank and its subsidiaries at the time Caledonian Bank commenced its voluntary liquidation. However, the Court is not ordering Defendants to pay any amounts, and liability for any and all amounts in this Paragraph is waived based on the sworn representations of the Joint Liquidators

4

on behalf of the Defendants in their Statement of Financial Condition dated August 19, 2015 and other documents and information submitted to the Commission, and based on the commencement of the voluntary liquidations of the Defendants and the filings of the Cayman Liquidation Proceeding, the Caledonian Securities Proceeding and the U.S. Bankruptcy Proceeding. The determination not to impose a civil penalty or require the payment of any amounts is based upon the accuracy and completeness of the sworn representations of the Joint Liquidators on behalf of the Defendants in their Statement of Financial Condition dated August 19, 2015, the commencement of the voluntary liquidations of the Defendants and on the filing of the Cayman Liquidation Proceeding, the Caledonian Securities Proceeding and the U.S. Bankruptcy Proceeding. Additionally, the determination not to impose a civil penalty is based on Defendants' cooperation with CIMA in connection with CIMA's requests for documents and other information from Defendants, as contemplated by Paragraph 4 of the Consent.

IV.

The Consent is incorporated herein with the same force and effect as if fully set forth herein, and Defendants shall comply with all of the undertakings and agreements set forth therein.

V.

With the entry of this Final Judgment, the Preliminary Injunction entered as to Defendants on March 23, 2015 is terminated and is of no further effect, including that Caledonian Bank is no longer required to maintain a minimum balance in the amount of $7,000,000 in cash and/or securities in an account at Morgan Stanley Smith Barney LLC in New York, New York.

VI.

This Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

VII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: November 9, 2016

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.