UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————————

|  |  |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : |
|  | : |
| Plaintiff, | : |
|  | : |
| v. | : Case No. 15-cv-894 |
|  | : (WHP)(JLC) |
| CALEDONIAN BANK LTD., | : |
| CALEDONIAN SECURITIES LTD., | : |
| CLEAR WATER SECURITIES, INC., | : |
| LEGACY GLOBAL MARKETS S.A., and | : |
| VERDMONT CAPITAL, S.A. | : |
|  | : |
| Defendants. | : |

———————————————————————————

## FINAL JUDGMENT AGAINST DEFENDANT VERDMONT CAPITAL, S.A.

The Court having entered an Order (Dkt. No. ___) granting the Motion of Plaintiff Securities and Exchange Commission ("SEC") for default judgment against Defendant Verdmont Capital, S.A. ("Verdmont"), IT IS HEREBY ORDERED AND ADJUDGED that Final Judgment be and is HEREBY ENTERED in favor of the SEC and against Verdmont as follows:

## I.

## SECTIONS 5(a) AND 5(c) OF THE SECURITIES ACT

Verdmont is permanently restrained and enjoined from violating Sections 5(a) and 5(c) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. §§ 77e(a), 77e(c), by, directly or indirectly, in the absence of any applicable exemption:

(a)     Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce

or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b)      Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c)      Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the SEC as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act, 15 U.S.C. § 77h.

As provided in Fed. R. Civ. P. 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Verdmont's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Verdmont or with anyone described in (a).

## II.

## <u>PENNY STOCK BAR</u>

Verdmont is permanently barred from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock. A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Securities Exchange Act of 1934, 17 C.F.R. § 240.3a51-1.

## III.

## <u>DISORGEMENT AND CIVIL PENALTY</u>

Verdmont is liable for disgorgement of $17,664,205, representing profits gained as a result of the conduct alleged in the Amended Complaint, together with prejudgment interest thereon in the amount of $1,589,778, and a civil penalty in the amount of $_____ pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d).  Verdmont shall satisfy this obligation by paying $_____ to the SEC within 14 days after entry of this Final Judgment.

Verdmont may transmit payment electronically to the SEC, which will provide detailed ACH transfer/Fedwire instructions upon request.  Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Verdmont may also pay by certified check, bank cashier's check, or United States postal money order payable to the "Securities and Exchange Commission," which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Verdmont as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Verdmont shall simultaneously transmit photocopies of evidence of payment and case identifying information to the SEC's counsel in this action.  By making this payment, Verdmont relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Verdmont. The SEC shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

3

The SEC may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment.  Verdmont shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

## IV.

## **RETENTION OF JURISDICTION**

This Court shall retain jurisdiction over this matter and over Verdmont for the purposes of enforcing the terms of this Final Judgment.

## V.

## **RULE 54(b) CERTIFICATION**

There being no just reason for delay, pursuant to Fed. R. Civ. P. 54(b), the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: New York, New York
_____ \_\_\_, 2017

_____
HON. WILLIAM H. PAULEY III
UNITED STATES DISTRICT JUDGE

cc:     All Counsel of Record via CM-ECF.

Verdmont Capital, S.A., *pro se*
c/o Shamima Bhana, Liquidator
Edificio Verdmont, Ave. Aquilino de la Guardia No. 18
Ciudad de Panama, Republica de Panama