UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SECURITIES AND EXCHANGE COMMISSION,

                       Plaintiff,

            v.

CALEDONIAN BANK LTD.,
CALEDONIAN SECURITIES LTD.,
CLEAR WATER SECURITIES, INC.,
LEGACY GLOBAL MARKETS S.A., and
VERDMONT CAPITAL, S.A.

                       Defendants.

Case No. 15-cv-894 (WHP)(JLC)

---

### DECLARATION OF PATRICK R. COSTELLO IN SUPPORT OF PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT VERDMONT CAPITAL, S.A.

Pursuant to 28 U.S.C. § 1746, the undersigned declares as follows:

1. I am counsel of record for Plaintiff Securities and Exchange Commission ("SEC") in this action. I make this declaration in support of the SEC's Motion for Default Judgment against Defendant Verdmont Capital, S.A. ("Verdmont"). I also make this declaration pursuant to Rule VII of the Court's Individual Practices. The facts in this declaration are based upon my own knowledge, information and belief, and if called upon to do so, I could and would testify competently thereto.

2. This Court has subject matter jurisdiction over this action by federal question pursuant to 28 U.S.C. § 1331 because this action arises under the laws of the United States, specifically Sections 20(b), 20(d) and 22(a) of the Securities Act of 1933, 15 U.S.C. §§ 77t(b), 77t(d) and 77v(a).

3. This Court has personal jurisdiction over Verdmont because Verdmont made use of the means and instruments of interstate commerce in connection with the acts, transactions and practices alleged in the operative Amended Complaint (Dkt. No. 110), some of which occurred in the Southern District of New York. Among other things, Verdmont offered and sold securities in the United States through its executing broker; and maintained the proceeds from the securities transactions in United States omnibus bank accounts. In engaging in the acts, transactions and practices, Verdmont violated the federal securities laws.[1]

4. Verdmont is not an infant or an incompetent.

5. In place of a certificate of default from the Clerk in accordance with Rule VII(A)(v) of this Court's Individual Practices, the SEC is submitting a proposed Order for the Court that directs the Clerk to strike Verdmont's Answer and Defenses to the Amended Complaint (Dkt. No. 112.)

6. The SEC has served Verdmont with copies of the Motion for Default Judgment and supporting materials, including this declaration. Accordingly, Verdmont has notice of the SEC's application for default.

7. The SEC is not seeking attorneys' fees against Verdmont.

8. No part of the judgment sought against Verdmont has been paid.

9. Attached hereto as **Exhibit 1** is a true and correct excerpted copy of Verdmont's Objections and Responses to the SEC's Second Set of Interrogatories.

10. Attached hereto as **Exhibit 2** is a true and correct copy of the Expert Report of Robert W. Lowry dated May 26, 2016. The SEC retained Mr. Lowry as an expert witness in this

---

[1] As noted in the SEC's companion memorandum of law submitted with the motion, by virtue of default Verdmont has admitted all allegations in the Amended Complaint except those relating to damages. This would include the SEC's allegations concerning the Court's jurisdiction and proper venue in this District. (*See* Amended Complaint, ¶¶ 4-5.)

case. We served Verdmont with a copy of Mr. Lowry's report prior to the close of expert discovery as required by the Order the Court entered on December 30, 2015 (Dkt. No. 157).

11. Attached hereto as **Exhibit 3** is a true and correct copy of relevant excerpts from the transcript of the Fed. R. Civ. P. 30(b)(6) Deposition of Alejandro Abood, Verdmont's corporate representative, taken on February 27, 2015.

12. Attached hereto as **Exhibit 4** is a true and correct copy of relevant excerpts from the transcript of the Deposition of Taylor Housser taken on April 7, 2016.

13. As detailed in the SEC's Motion for Default Judgment and as demanded in the Amended Complaint (Dkt. No. 110, Prayer for Relief § 4), we seek a principal sum against Verdmont on our claim for disgorgement in the amount of $17,664,205. This sum represents the total proceeds raised in the unregistered offering of the subject securities in which Verdmont participated, including the commissions Verdmont earned on brokering the purchase and sale of the securities on behalf of its customers.

14. Attached hereto as **Exhibit 5** is a calculation I performed of prejudgment interest owed on the principal disgorgement amount of $17,664,205. The calculation is based on the delinquent tax rate established by the Internal Revenue Service, 26 U.S.C. § 6621(a)(2), and assessed on a quarterly basis, beginning on August 8, 2013. This is the latest date on which the unregistered offering of the subject securities took place. (*See* Dkt. No. 80, ¶¶ 11, 17, 21.) Applying that formula, the amount of $2,063,820 would be owed as prejudgment interest. This amount is approximately 11.7% of the principal.

15. Pursuant to Rule VII(B)(iv) of the Court's Individual Practices, however, because the prejudgment interest amount exceeds 9% of the principal disgorgement, the SEC will cap the

interest rate at 9%. Accordingly, the revised final amount of $1,589,778 is owed as prejudgment interest.

16. Attached hereto as **Exhibit 6** is a calculation I performed of prejudgment interest owed on the commissions of $473,573 that Verdmont made on sales of the subject securities for its clients Lornex, Bartlett and Nautilus. (*See* Dkt. No. 250-1; Dkt. No. 45-10 at 9.) The calculation is based on the delinquent tax rate established by the Internal Revenue Service, 26 U.S.C. § 6621(a)(2), and assessed on a quarterly basis, beginning on August 8, 2013. This is the latest date on which the unregistered offering of the subject securities took place. (*See* Dkt. No. 80, ¶¶ 11, 17, 21.) Applying that formula, the amount of $55,330.51 would be owed as prejudgment interest. This amount is approximately 11.7% of the principal. As with the calculation in Paragraph 15 above, capping the interest rate at 9% of the principal in accordance with Rule VII(B)(iv) of the Court's Individual Practices yields a revised prejudgment interest amount of $42,622.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed on February 16, 2017
Washington, D.C.

_____
PATRICK R. COSTELLO

4

## CERTIFICATE OF SERVICE

I certify that on February 16, 2017, I caused to be served the foregoing DECLARATION OF PATRICK R. COSTELLO IN SUPPORT OF PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT VERDMONT CAPITAL, S.A. by international overnight mail addressed to Defendant Verdmont Capital, S.A. as follows:

Verdmont Capital, S.A., *pro se*
c/o Shamima Bhana, Liquidator
Edificio Verdmont, Ave. Aquilino de la Guardia No. 18
Ciudad de Panama, Republica de Panama

/s/ Patrick R. Costello
Patrick R. Costello